# Morris, Nichols, Arsht & Tunnell

1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19899-1347

302 658 9200
302 658 3989 Fax

Maryellen Noreika
302 575 7278
302 425 3011 Fax
mnoreika@mnat.com

March 11, 2005

**BY HAND DELIVERY**

The Honorable Joseph J. Farnan, Jr.
United States District Court
844 King Street
Wilmington, DE  19801

> Re:    Affymetrix, Inc. v. Illumina Inc.
>        C.A. No. 04-CV-901 JJF

Dear Judge Farnan:

I write to request a conference in the above-referenced action.  The case was filed in July, 2004, but no schedule has been entered.  The parties had agreed to participate in discovery in order to move the case along, but that effort has now stalled because no protective order has been entered.

Illumina has served 180 pages of interrogatory responses, and has marked every page confidential – even those relating to non-confidential information such as the identity of persons knowledgeable about its accused products, the dates on which it became aware of the patents in suit, the dates when the accused products were first publicly sold, and the prior art that Illumina contends supports its invalidity case.  Illumina will allow Morris, Nichols to view this information, but will not allow our co-counsel, Affymetrix's independent, stand-alone Litigation Unit attorneys, to have access to that material.  Morris, Nichols, however, is acting as local counsel in this case, and is not positioned to evaluate the complex technical documents and contentions being produced.  Thus, currently Affymetrix's counsel of choice – its Litigation Unit – has no ability to participate in discovery.  Illumina's counsel of choice, on the other hand, has full access to the documents and discovery responses provided by Affymetrix.

Such one-way discovery is manifestly unfair and prejudicial to Affymetrix, particularly given Illumina's overuse of the confidentiality designation.  We have attempted to reach an interim compromise with Illumina (Exh. A), but have been unsuccessful (Exh. B).  We therefore

The Honorable Joseph J. Farnan, Jr.
March 11, 2005
Page 2


request that the court set a conference as early as possible to address the schedule in this case and the entry of an appropriate protective order.


Respectfully,

Maryellen Noreika

MN:pab

cc:    Peter T. Dalleo, Clerk (By Hand Delivery)
       Richard K. Herrmann, Esquire (By Hand Delivery)
       Marcus E. Sernel, Esquire (By Fax)

# EXHIBIT

# A

# MORRIS, NICHOLS, ARSHT & TUNNELL

1201 NORTH MARKET STREET
P.O. Box 1347
WILMINGTON, DELAWARE 19899-1347

302 658 9200
302 658 3989 FAX

MARYELLEN NOREIKA
302 575 7278
302 425 3011 FAX
mnoreika@mnat.com

February 21, 2005

**BY HAND DELIVERY**

Richard K. Herrmann, Esquire
Blank Rome LLP
1201 North Market Street
Suite 800
Wilmington, DE 19801

> Re:  Affymetrix, Inc. v. Illumina Inc.
>      C.A. No. 04-CV-901 JJF

Dear Richard:

Your February 15 letter to the Court states that the pending decision on the cross motions for entry of a protective order "should not hold up any discovery that has begun" because counsel at Morris, Nichols ("or any other law firm Affymetrix chooses to retain and have file an appearance") may have access to Illumina's confidential information. Morris, Nichols is acting as local counsel in this matter, and is not in a position to evaluate the technical and other contention information we expect will be produced. Thus, the scenario proposed in your letter is unworkable. Moreover, your suggestion that Affymetrix should retain additional counsel underscores the point that Affymetrix is being denied its choice of trial counsel by Illumina's positions.

Furthermore, Local Rule 26.2 was not enacted to make discovery a one-way street, i.e., to allow Illumina's trial counsel at Kirkland & Ellis unfettered access to Affymetrix's confidential information, while at the same time precluding Affymetrix's chosen trial counsel -- its Litigation Unit -- from participating in discovery. With respect to the discovery responses due in early March, and the documents that will soon be produced, please let us know whether Illumina will allow Affymetrix's Litigation Unit any access to confidential information on a interim basis until the Court rules on the motions for a protective order. If not, will Illumina agree that access to any Affymetrix confidential information will be limited to its local counsel at Blank, Rome?

Sincerely,

Maryellen Noreika

# EXHIBIT
# B

# MORRIS, JAMES, HITCHENS & WILLIAMS LLP

222 Delaware Avenue, 10th Floor
Wilmington, Delaware 19801-1621
(302) 888-6800
Facsimile (302) 571-1751
www.morrisjames.com

Richard K. Herrmann
(302) 888-6816
rherrmann@morrisjames.com

Mailing Address
P.O. Box 2306
Wilmington, DE 19899-2306

March 1, 2005

**VIA HAND DELIVERY**

MaryEllen Noreika, Esq.
Morris Nichols Arsht & Tunnell
1201 Market Street
Wilmington, DE  19801

Re:     *Affymetrix, Inc. v. Illumina, Inc.*, Civil Action No. 04-901 JJF

MaryEllen:

I write in response to your letter of February 21, 2005 regarding the above-titled case.

For reasons we have outlined in our briefing, Illumina will not agree to allow Affymetrix' so-called Litigation Unit access to Illumina confidential information on any basis unless and until the Court rules in Affymetrix' favor on the pending motions for a protective order.  We will likewise not agree to limit access to Affymetrix confidential information to our firm, as Kirkland & Ellis is an outside law firm that has filed an appearance in this case and has a right to review such information as well.

We do not presume to instruct Affymetrix or its outside counsel how to handle this case.  But we must note that whatever predicament that Affymetrix and its counsel may find themselves in regarding review of Illumina confidential information is entirely the result of Affymetrix seeking the unusual situation of having a team of in-house lawyers handle this case.  In your letter, you refer to the provisions of Local Rule 26.2.  As you know, the very purpose of Rule 26.2 is to avoid delays in discovery due to disputes over the protective order.  Affymetrix' failure to retain outside trial counsel is not grounds for Affymetrix to now claim prejudice.

MORRIS, JAMES, HITCHENS & WILLIAMS LLP

MaryEllen Noreika, Esq.
March 1, 2005
Page 2


Please confirm that Affymetrix will comply with Local Rule 26.2 and not share Illumina confidential information with any in-house lawyers prior to a ruling from the Court on the pending protective order motions.

Yours,

Richard K. Herrmann