# MORRIS, JAMES, HITCHENS & WILLIAMS LLP

222 Delaware Avenue, 10th Floor
Wilmington, Delaware 19801-1621
(302) 888-6800
Facsimile (302) 571-1751
www.morrisjames.com

Richard K. Herrmann
(302) 888-6816
rherrmann@morrisjames.com

Mailing Address
P.O. Box 2306
Wilmington, DE 19899-2306

June 13, 2005

**VIA ELECTRONIC FILING**

The Honorable Joseph J. Farnan, Jr.
United States District Court
 District of Delaware
844 King Street
Wilmington, DE  19801

> **Re:**    *Affymetrix, Inc. v. Illumina, Inc.,* **D. Del., C.A. No. 04-901-JJF**

Your Honor:

I write pursuant to the Court's letter of May 24, 2005 and in response to the letter from Affymetrix' counsel dated June 9, 2005.

We have conferred with Affymetrix' counsel in an attempt to reach agreement on a joint proposed scheduling order, but these efforts have been unsuccessful. We also suggested filing a joint proposal offering the alternative dates of each party in a single document, but Affymetrix apparently preferred to file separate documents and filed its proposed schedule last Friday. Thus, Illumina submits its own proposed Rule 16 Scheduling Order for consideration.

Illumina's proposal reflects the fact that this is a complex case involving six patents, more than fifty asserted claims, and unfair competition counterclaims, and that these claims implicate many different areas of technology. More importantly, Illumina's proposal -- unlike Affymetrix' -- accommodates for the fact that this case has been pending for nearly a year without a scheduling order or significant progress in discovery. In light of this reality, Illumina proposes a trial date that is 16 months from the present.[1]

---

[1]    The schedule presently submitted by Illumina has dates that are all three months later than the schedule Illumina presented to the Court four months ago in February. Since that time, the parties have served only initial written discovery, and Affymetrix has only produced a small quantity of mostly non-confidential documents (e.g. patents, file histories, publications, etc.). The schedule for this case thus must be extended from both parties' initial proposals to reflect this limited progress to date.

MORRIS, JAMES, HITCHENS & WILLIAMS LLP

The Hon. Joseph J. Farnan, Jr.
June 13, 2005
Page 2


Aside from the trial date, Illumina's proposal differs from Affymetrix' in the following key ways:

> (1) Illumina's proposal has case dispositive motion briefing completed in advance of the *Markman* Hearing, whereas Affymetrix' proposal sets the case dispositive motion deadline five days after the *Markman* Hearing;

> (2) Illumina seeks to expand the discovery limits to 50 interrogatories, 100 requests for admission, and 200 hours of deposition to accommodate the complexity of the case, whereas Affymetrix proposes only 25 interrogatories, 25 requests for admission, and 150 hours of deposition;

> (3) Illumina stands by the parties' prior agreement to limit all depositions to 7 hours pursuant to the Federal Rules, with the exception being a limit of 14 hours for inventor depositions, whereas Affymetrix proposes that all depositions be permitted to last up to 14 hours;

> (4) Affymetrix' proposal provides for expert disclosures only from "retained experts," apparently leaving open the possibility of using an employee or "unretained" expert without providing the required disclosure. Illumina's proposal requires expert disclosures from all experts.

Affymetrix' proposed schedule, requiring document discovery to be complete in less than two months and then setting subsequent dates corresponding to that deadline, is simply unrealistic in light of the very limited progress to date. Though Affymetrix seeks to blame this limited progress on the pending protective order dispute, it does acknowledge in its letter that "full blown discovery" has yet to even begin. Illumina's schedule is thus reasonable in light of the realities of this case and should be adopted.

**MORRIS, JAMES, HITCHENS & WILLIAMS LLP**

The Hon. Joseph J. Farnan, Jr.
June 13, 2005
Page 3

We thank the Court for its consideration of this matter.

Respectfully,

*/s/ Richard K. Herrmann*

Richard K. Herrmann, I.D. No. 405
rherrmann@morrisjames.com

cc: Dr. Peter T. Dalleo, Clerk of the Court (via electronic filing)
MaryEllen Noreika, Esq. (via electronic filing)
Michael J. Malecek, Esq. (via facsimile)

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on the 13th day of June, 2005, I electronically filed the

foregoing document, **LETTER TO THE HONORABLE JOSEPH J. FARNAN, JR.**, with the

Clerk of the Court using CM/ECF which will send notification of such filing to the following:


MaryEllen Noreika, Esq.
Morris Nichols Arsht & Tunnell
1201 Market Street
Wilmington, DE  19801


Additionally, I hereby certify that on the 13th day of June, 2005, the foregoing document

was served via facsimile on the following non-registered participants:

Daniel R. Reed, Esq.
George C. Yu, Esq.
Michael J. Malecek, Esq.
Affymetrix, Inc.
6550 Vallejo Street, Suite 100
Emeryville, CA  94608
Fax 510.428.8583


                              */s/ Richard K. Herrmann*
                              Richard K. Herrmann (No. 405)
                              MORRIS, JAMES, HITCHENS & WILLIAMS LLP
                              222 Delaware Avenue, 10th Floor
                              Wilmington, Delaware 19801
                              302.888.6800
                              rherrmann@morrisjames.com

                              Attorneys for Defendant
                              ILLUMINA, INC.