IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

AFFYMETRIX, INC.,                      :
                                       :
                Plaintiff,             :
                                       :
            v.                         :       Civil Action No. 04-901-JJF
                                       :
ILLUMINA, INC.,                        :
                                       :
                Defendant.             :
                                       :

---

Jack B. Blumenfeld, Esquire and Maryellen Noreika, Esquire of
MORRIS, NICHOLS, ARSHT & TUNNELL, Wilmington, Delaware.
Of Counsel:  Michael J. Malecek, Esquire, Daniel R. Reed,
Esquire, George C. Yu, Esquire and Andrea L. Gross, Esquire of
AFFYMETRIX, INC., Emeryville, California.
Of Counsel for Amicus Filing:  Susan Hackett, Esquire of the
ASSOCIATION OF CORPORATE COUNSEL, Washington, D.C.
Attorneys for Plaintiff Affymetrix, Inc. and Third-Party The
Association Of Corporate Counsel.

Richard K. Herrmann, Esquire of BLANK ROME LLP, Wilmington,
Delaware.
Of Counsel:  Robert G. Krupka, P.C. of KIRKLAND & ELLIS LLP, Los
Angeles, California.
Mark A. Pals, Esquire and Marcus E. Sernel, Esquire of KIRKLAND &
ELLIS LLP, Chicago, Illinois.
Attorneys for Illumina, Inc.

---

**O P I N I O N**

July 28, 2005
Wilmington, Delaware

**Farnan, District Judge.**

Presently before the Court is a Motion For Entry Of A Protective Order (D.I. 23) filed by Defendant, Illumina, Inc. ("Illumina"), and a Cross-Motion For Entry Of A Protective Order (D.I. 26) filed by Affymetrix, Inc. ("Affymetrix"). For the reasons discussed, the Court will grant the Cross-Motion For Entry Of A Protective Order filed by Affymetrix and enter the protective order proposed by Affymetrix. The Court will grant Illumina's Motion to the extent it seeks entry of a protective order, but deny the Motion to the extent that it seeks entry of Illumina's proposed order.

**I.  PARTIES' CONTENTIONS**

Both Illumina and Affymetrix agree that a protective order is required in this case. The parties' dispute centers on the degree of access which should be afforded to both parties' in-house counsel.[1]

By its Motion, Illumina contends that the Court should deny access to highly confidential and sensitive documents to Affymetrix's team of four in-house lawyers known as the

---

[1]    The Association of Corporate Counsel ("ACC") has filed a Motion For Leave To File The Attached Amicus Submission In Connection With The Motions For Entry Of A Protective Order (D.I. 32).  The ACC acknowledges that it does not know about or wish to become entangled in the factual arguments of the parties before the Court.  However, the ACC writes to express its views against the disparate treatment of in-house litigators.  No opposition has been filed to ACC's motion, and therefore, the Court will grant the Motion of ACC to file its amicus brief.

"Litigation Unit."   Illumina contends that disclosure to these
lawyers is inappropriate because Affymetrix and Illumina are
direct competitors.   Illumina points out that Affymetrix's in-
house attorneys report to Affymetrix's General Counsel, who is a
"pipeline to management," and that at least one attorney is a
registered patent lawyer who could prosecute patents on behalf of
Affymetrix.   According to Illumina, these circumstances present a
risk that Illumina's confidential information could be used to
cause it competitive harm.   In addition, Illumina contends that
the location of the Litigation Unit among other Affymetrix
employees heightens the risk for inadvertent disclosure of highly
sensitive information to people who are not authorized to receive
that information under the protective order.   Based on these
circumstances, Illumina requests the Court to enter a protective
order which is modeled after one Affymetrix agreed to when it was
a defendant in prior litigation before the Court.[2]

In response, Affymetrix contends that Illumina's proposed
protective order deprives Affymetrix of its counsel of choice.
Affymetrix contends that it has selected its Litigation Unit to
serve as trial counsel in this case and that Morris, Nichols,
Arsht and Tunnel has only been retained as its local counsel.
Affymetrix contends that it has incurred significant expense in

---

[2]   The template Illumina uses for its proposed protective
order is one entered by the Court in OGT v. Affymetrixd, Inc.,
C.A. 99-348-JJF.

setting up its Litigation Unit so that it would not have to
engage outside counsel to represent it in patent actions.
Affymetrix contends that its Litigation Unit is not involved in
competitive decision making and that it has extensive procedures
in place to minimize the risk of inadvertent disclosure of highly
sensitive information.  Specifically, Affymetrix points out that
its Litigation Unit is located in Emeryville, California, a
location physically separate form the rest of the Company's legal
department and management in Sunnyvale, California.  Affymetrix
also details a number of policies and procedures agreed to in
writing by the members of the Litigation Unit, including:  (1)
locking their office doors when they are not in their offices and
maintaining a locked document storage room, (2) maintaining
separate servers for the Litigation Unit's computers which are
not accessible by the rest of the Company; (3) maintaining an
electronic database, which only members of the Litigation Unit
have access, to store confidential electronic documents; (4)
prohibiting members of the Litigation Unit from participating in
competitive decision-making, including discussion involving
pricing, product design or patent prosecution strategy; (5)
requiring the Litigation Unit members to advise the Company
solely with regard to current or future litigation, and (6)
keeping confidential documents received from other parties during
litigation confidential so as to ensure that no one else at the

Company has access to those documents.  Affymetrix points out that its Litigation Unit has been a party to protective orders in various other cases, including cases in which Illumina's counsel, Kirkland & Ellis LLP, have participated.

The parties have also proposed various compromises to resolve this dispute, but these proposals have been rejected. Specifically, Illumina proposed limiting access to one, instead of four members of the Litigation Unit, and Affymetrix proposed allowing access to Illumina's sole in-house counsel, Ms. Espinosa, in exchange for access to Ms. Caulfield, Affymetrix's General Counsel.  Affymetrix contends that limiting access to only one of its attorneys is not sufficient and would hamper its ability to prosecute this action using its chosen counsel.  As for allowing access to Ms. Caulfield, Illumina contends that her role in the Company is intertwined with management, and therefore, she is not a proper party to have access to highly sensitive information.  Illumina also suggests that it offered to allow access to the entire Litigation Unit in exchange for permitting Ms. Espinosa to have access, but Affymetrix contends that no such offer was ever made.

## II.  DISCUSSION

Entry of a protective order is authorized by Federal Rule of Civil Procedure 26(c)(7).  The question of whether to allow in-house counsel access to materials under a protective order is

governed by the factual circumstances surrounding each individual
counsel's activities, association and relationship with a party,
and not the attorney's status as in-house or outside counsel.
U.S. Steel Corp. v. United States, 730 F.2d 1465, 1468 (Fed. Cir.
1984).  In determining whether in-house counsel should be
permitted to access confidential information under a protective
order, the court should consider whether the attorneys are
involved in competitive decision making of the company and should
examine the risks and safeguards surrounding inadvertent
disclosure of the protected information.  Id.

Although there is case law to support both parties'
positions, the Court is persuaded in the circumstances of this
case, that access under the protective order should be afforded
to Affymetrix's Litigation Unit.  Although the Litigation Unit
has an "in-house" label, Affymetrix has implemented numerous
safeguards to protect against inadvertent disclosure and to
ensure that the Litigation Unit does not assume a role in the
management or competitive decision-making activities of the
Company.[3]  See e.g. Boehringer Ingelheim Pharmaceuticals, Inc. v.
Hercon Laboratories Corp., 1990 WL 160666 (granting access under
protective order to six in-house counsel, where court was

---

[3]     Further, the Court understands that Affymetrix's
Litigation Unit is serving as its trial counsel and that an
outside firm, apart from the firm retained to serve as local
counsel, is not being retained to actually litigate this case.

confident that individuals were situated so that conflicting
assignments could be rerouted to others); <u>Carpenter Technology
Corp. v. Armco, Inc.</u>, 132 F.R.D. 24 (E.D. Pa. 1990) (granting
access under protective order to senior staff attorney for patent
licensee who had no involvement in competitive decision making of
company, but denying access to attorney who had some indirect
access to competitive decision making).  In contrast to
Affymetrix's Litigation Unit, Illumina's Ms. Espinosa has a role
that is linked to competitive decision-making.  In a letter to
Affymetrix, Illumina represented that Ms. Espinosa is part of
Illumina's management team and is involved with settling patent
litigation and licensing.  Based on her role at Illumina which
crosses over into the competitive-decision making at Illumina,
the Court concludes that Ms. Espinosa is not appropriately
included as a party to the protective order.  See <u>e.g.</u> <u>Carpenter
Technology</u>, 132 F.R.D. at 28.

## III. CONCLUSION

For the reasons discussed the Court will grant the Cross-
Motion For Entry Of A Protective Order filed by Affymetrix and
enter the protective order proposed by Affymetrix.  The Court
will grant Illumina's Motion to the extent it seeks entry of a
protective order, but deny the Motion to the extent that it seeks
entry of Illumina's proposed protective order.

An appropriate Order will be entered.

6