IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AFFYMETRIX, INC., | : |
|       Plaintiff, | : |
| v. | : Civil Action No. 04-901 JJF |
| ILLUMINA, INC., | : |
|       Defendant. | : |

<u>MEMORANDUM ORDER</u>

Pending before the Court is Plaintiff/Counter-Defendant Affymetrix, Inc.'s Motion To Dismiss Portions Of Counts II And V Of Defendant/Counter-Plaintiff Illumina, Inc.'s Counterclaims And Motion To Strike (D.I. 17). For the reasons set forth below, the Court will deny the Motion.

BACKGROUND

Plaintiff Affymetrix, Inc. ("Affymetrix") brought this action against Defendant Illumina, Inc. ("Illumina") on July 27, 2004, alleging infringement of six U.S. patents including U.S. Patent Nos. 5,795,716 ("the '716 patent") and 6,607,887 ("the '887 patent"). (D.I. 1.) Both of those patents are titled "Computer-aided Visualization and Analysis System for Sequence Evaluation" and relate to computer systems for analyzing nucleic acid sequences in DNA microarray technology.

Illumina filed its Answer And Counterclaims (D.I. 10) on September 16, 2004. Count II of Illumina's Counterclaims alleges

invalidity of the '716 patent. (Id. at 13.) Count V alleges invalidity of the '887 patent. (Id. at 15.) Illumina's Third Affirmative Defense states Illumina's contention that it will be able to demonstrate that one or more of the six patents-in-suit is invalid. (Id. at 11.)

Affymetrix filed the instant Motion on October 7, 2004. By its Motion, Affymetrix requests the Court to dismiss Counts II and V of Illumina's Counterclaims to the extent that those claims seek a declaration of invalidity the '716 and '887 patents, and to strike Illumina's Third Affirmative Defense to the extent that it challenges the validity of those two patents. Affymetrix also filed a Request For Judicial Notice In Support Of Motion To Dismiss And Motion To Strike (D.I. 14), requesting the Court to take judicial notice of various documents. These include: an Illumina filing with the Securities and Exchange Commission, six documents described as correspondence with the Patent & Trademark Office, and six issued United States patents.

**PARTIES' CONTENTIONS**

Affymetrix contends that the Court should dismiss Counts II and V of Illumina's Counterclaims pursuant to Federal Rule of Civil Procedure 12(b)(6) and should strike Illumina's Third Affirmative Defense pursuant to Federal Rule of Civil Procedure 12(f). With regard to both of these contentions, Affymetrix

2

argues that the Court should apply the equitable doctrine of assignor estoppel to prevent Illumina from challenging the validity of the '716 and '887 patents. (D.I. 17.) Affymetrix contends that Dr. Mark S. Chee, the inventor and assignor of the inventions claimed in the '716 and '887 patents, is in privity with Illumina, thus Illumina, as well as Dr. Chee, should be estopped from challenging the validity of those patents.

In response, Illumina contends that Affymetrix's Motion is procedurally flawed because it is premature to decide the issue of assignor estoppel in the context of a motion under Rule 12(b)(6) or Rule 12(f) and because Affymetrix improperly relies on documents and facts outside the pleadings. Illumina further contends that Dr. Chee's relationship with Illumina and his involvement in the development of Illumina's allegedly infringing technology were insufficient to establish privity for purposes of assignor estoppel.

## LEGAL STANDARDS

I. **Federal Rule of Civil Procedure 12(b)(6)**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court may dismiss a counterclaim for failure to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). The purpose of a motion to dismiss is to test the sufficiency of a counterclaim, not to resolve disputed facts or decide the merits

of the case. <u>Kost v. Kozakiewicz</u>, 1 F.3d 176, 183 (3d Cir. 1993). When considering a motion to dismiss, a court must accept as true all allegations in the counterclaim and must draw all reasonable factual inferences in the light most favorable to the non-moving party. <u>Neitzke v. Williams</u>, 490 U.S. 319, 326 (1989); <u>Piecknick v. Pennsylvania</u>, 36 F.3d 1250, 1255 (3d Cir. 1994). The Court is "not required to accept legal conclusions either alleged or inferred from the pleaded facts." <u>Kost</u>, 1 F.3d at 183. Dismissal is only appropriate when "it appears beyond doubt that the [non-moving party] can prove no set of facts in support of his claims which would entitle him to relief." <u>Conley v. Gibson</u>, 355 U.S. 41, 45 (1957). The burden of demonstrating that the counterclaimant has failed to state a claim upon which relief may be granted rests on the movant. <u>Young v. West Coast Industrial Relations Assoc., Inc.</u>, 763 F.Supp. 64, 67 (D. Del. 1991) (citations omitted).

II. **Federal Rule of Civil Procedure 12(f)**

Pursuant to Federal Rule of Civil Procedure 12(f) the Court may order stricken from any pleading any insufficient defense. Fed. R. Civ. P. 12(f). When considering motions to strike an affirmative defense under Rule 12(f), the Court must construe all facts in favor of the non-moving party and grant the motion only if the defense is insufficient as a matter of law. <u>Procter &</u>

Gamble Co. v. Nabisco Brands, Inc., 697 F.Supp. 1360,1362 (D. Del. 1988). Moreover, such motions are not favored by courts and will not be granted unless it appears to a certainty that the plaintiff would succeed despite any state of facts that could be proved in support of the defense. William Z. Salcer, Panfeld, Edelman v. Envicon Equities Corp., 744 F.2d 935, 939 (2d Cir. 1984).

### III. The Doctrine of Assignor Estoppel

The doctrine of assignor estoppel bars one who has assigned the rights to a patent from later challenging the validity of that patent. Diamond Scientific Co., v. Ambico, Inc., 848 F.2d 1220, 1224 (Fed. Cir. 1988). Assignor estoppel may also bar another party in privity with an estopped assignor from challenging the patent's validity. Id. To determine whether an assignor is in privity with a party for the purpose of applying assignor estoppel, a court must balance the equities. Shamrock Technologies, Inc. v. Medical Sterilization, Inc., 903 F.2d 789, 793 (Fed. Cir. 1990). The outcome of that balancing will depend on the equities dictated by the relationship between the assignor and that party "in light of the act of infringement." Id. "The closer that relationship, the more the equities will favor applying the doctrine to [that party]." Id. "What is significant is whether the ultimate infringer availed itself of

the inventor's knowledge and assistance to conduct infringement." Intel Corp. v. United States Int'l Trade Comm'n, 946 F.2d 821, 838 (Fed. Cir. 1991)(internal quotation marks omitted).

## DISCUSSION

With regard to the instant Motion, the question is whether, at this stage of the proceedings, the Court can conclude that Dr. Chee is in privity with Illumina, such that assignor estoppel prevents Illumina from challenging the validity of the '716 and '887 patents. To decide the question of privity, the Court must balance the equities in light of the allegedly infringing act. Shamrock Technologies, 903 F.2d at 793. To do so, the Court must have before it a full and accurate account of the precise nature of Dr. Chee's relationship with Illumina and his involvement in the development of the allegedly infringing technology.

The Court finds, however, that there is a genuine dispute of material fact with regard to this point.[1] Compare (D.I. 13 at 9) (contending that Dr. Chee "was obviously closely involved in the development of Illumina's infringing BeadArray™ technology") with (D.I. 20 at 12) (contending that Dr. Chee "had no role whatsoever in the commercial development of the allegedly infringing computer analysis software"). Thus, it is premature to resolve

---

[1] This finding would not be altered by consideration of the documents exhibited in Affymetrix's Request For Judicial Notice. Accordingly, the Court denies that request.

6

the issue of assignor estoppel through Affymetrix's Motion under Rule 12(b)(6) or Rule 12(f). Both parties should have an opportunity to offer evidence and to fully develop their arguments on this issue.

NOW THEREFORE, IT IS HEREBY ORDERED that Plaintiff/Counter-Defendant Affymetrix, Inc.'s Motion To Dismiss Portions Of Counts II And V Of Defendant/Counter-Plaintiff Illumina, Inc.'s Counterclaims And Motion To Strike (D.I. 17) is **DENIED**.

September 16, 2005
DATE

_/s/ Joseph J. Tauro_
UNITED STATES DISTRICT JUDGE