IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AFFYMETRIX, INC., a Delaware corporation, ) | |
| ) | |
| Plaintiff/Counter-Defendant, ) | |
| ) | |
| v. ) | Civil Action No. 04-901-JJF |
| ) | |
| ILLUMINA, INC., a Delaware corporation, ) | JURY TRIAL DEMANDED |
| ) | |
| Defendant/Counter-Plaintiff. ) | |

## ILLUMINA'S MOTION TO COMPEL DOCUMENTS FROM RELATED LITIGATIONS

Richard K. Herrmann #405
Mary B. Matterer #2696
MORRIS JAMES HITCHENS &
WILLIAMS LLP
222 Delaware Avenue, 10th Floor
Wilmington, DE 19801
(302) 888-6800

Robert G. Krupka, P.C.
KIRKLAND & ELLIS LLP
777 South Figueroa Street
Los Angeles, CA 90017
(213) 680-8400

Mark A. Pals, P.C.
Marcus E. Sernel
KIRKLAND & ELLIS LLP
200 East Randolph Drive
Chicago, IL 60601
(312) 861-2000

*Counsel for Illumina, Inc.*

Defendant Illumina moves to compel Plaintiff Affymetrix to produce documents from two prior litigations that involved issues that are directly relevant to the patent infringement allegations made by Affymetrix in this case. The first litigation involved Affymetrix and Incyte[1] ("the *Incyte* litigation"), and centered on Affymetrix' assertion of patents against Incyte that derive from the same priority applications, and thus involve much of the same claimed technology, as the patents asserted in this case. The second litigation involved Affymetrix and Oxford Gene Technology[2] ("the *OGT* litigation"), and was a case tried in this Court in November 2000. The OGT patent that Affymetrix was found to infringe in that case is cited prior art to several of the patents-in-suit in this case. In addition, Affymetrix cited the same priority applications and work that underlie the patents-in-suit in this case as allegedly invalidating prior art to the OGT patent at issue in that case. The overlaps of these litigations are numerous and extensive, including the fact that many (if not most) of the inventors of the patents-in-suit in this case were deposed in both the *Incyte* and *OGT* litigations. Illumina thus seeks an order requesting Affymetrix to produce all pleadings, depositions and deposition exhibits, expert reports and other materials relating to both the *Incyte* and *OGT* litigations.

Illumina's document request seeking materials from Affymetrix's prior related litigations reads in pertinent in part as follows:

> All pleadings, transcripts, depositions of Affymetrix's witnesses, expert reports, and documents produced by Affymetrix to the opposing party(ies) in all actions identified in the Response to

---

[1]   *Affymetrix, Inc. v. Synteni, Inc. and Incyte Pharmaceuticals, Inc.*, US District Court for the Northern District of California, San Francisco Division, Civil Action Nos. C98-4508 FMS and C00-3210JF, and related cases.

[2]   *Oxford Gene Technology Ltd. v. Affymetrix, Inc.*, US District Court for the District of Delaware, Civil Action No. 99-348-JJF.

>Interrogatory No. 6, including but not limited to actions involving the following parties:
>
>a.  Oxford Gene Technology Ltd. v. Affymetrix Inc.
>
>b.  Affymetrix, Inc. v. Synteni, Inc. and Incyte Pharmaceuticals Inc.

(Ex. A, Request No. 2).  Affymetrix has refused to produce the documents, arguing that they are irrelevant.  See Ex. B.  Specifically, Affymetrix asserted in correspondence that "we are not convinced that either the *Incyte* or *OGT* litigation material is relevant to this case…," and maintained this position through the meet and confer process.  Federal Rule of Civil Procedure 26 has been applied to order production of documents from other related litigations.  *See, e.g., Scripps Clinic and Research Foundation v. Baxter Travenol Labs., Inc.*, CIV.A. No. 87-140-CMW, 1988 WL 70013, at *3 (D. Del June 21, 1988).

**I.      Documents From The *Incyte* Litigation Are Relevant To This Case**

Documents from the *Incyte* litigation are highly relevant to this case.  Affymetrix asserted patents in that case -- *e.g.* U.S. Patent Nos. 5,445,934 and 5,744,305 -- that derive from the same priority patent applications as the patents asserted in this case.  Thus, the same inventors deposed in the *Incyte* case will also be deposed as inventors in this case.  The same invalidity issues in the *Incyte* case -- enablement, prior art invalidity, etc. -- will be implicated in this case.

If there is any doubt, the relevance of the *Incyte* litigation is further confirmed by the fact that Affymetrix specifically culled out the *Incyte* litigation as relevant during prosecution of one of the patents-in-suit.  On September 25, 2000, in an Information Disclosure Statement filed with the PTO during prosecution of the patents-in-suit, Affymetrix identified the *Incyte* case as particularly relevant, noting that it involved "allegations of invalidity over prior art, lack of enablement, lack of support and inequitable conduct."  (Ex. C at 4)  The *Incyte* documents are discoverable and must be produced.

## II. Documents From The OGT Litigation Are Relevant To This Case

The documents from the *OGT* litigation are similarly relevant. First, Illumina is relying on the same OGT patent and related publications as prior art to several of the patents-in-suit in this case. Second, the work leading up to and following Affymetrix' initial June 7, 1989 patent application, as well as attempts to practice what was described in that application, were at issue in the *OGT* litigation and will be at issue in this case. Affymetrix specifically relied in the *OGT* litigation on the priority patent applications and work that led to the patents-in-suit in this case as prior art. For example, Affymetrix' "Statement of Issues of Fact that Remain to be Litigated" attached as Exhibit 3 to the Pretrial Order in the *OGT* case (and Ex. D hereto), included as a remaining issue "Whether any or all of the following prior art ("prior art") contains every limitation of claim 1 of the '637 patent: … [including] Pirrung, *et al.*, U.S. Application Ser. No. 362901, June 7, 1989." Also attached to the Pretrial Order as Exhibit 10 (Ex. E hereto), "Oxford Gene Technology Ltd.'s Witness List" included a witness to address "Affymetrix's claim that it invented oligonucleotide arrays before Professor Southern." Indeed, two of the co-inventors of one of the patents-in-suit in this case -- Stephen Fodor and Leighton Read -- testified at the *OGT* trial about the early work underlying Affymetrix' patents. This topic was also front and center in the opening statement of Affymetrix' counsel.

Affymetrix has asserted two patents in this case that claim priority to its June 7, 1989 patent application that it put at issue in the *OGT* litigation. Illumina intends to prove in this case that the June 7, 1989 application -- as well as later applications and indeed the specifications of the patents-in-suit -- do not describe or enable the asserted claims of Affymetrix' patents. The discovery, admissions and positions of Affymetrix from the *OGT* litigation are directly relevant to these issues in this case.

3

### III. Illumina's Efforts To Compromise Have Been Rejected

Illumina has attempted to compromise on this issue, but has been unsuccessful. Illumina has offered that it would be willing to produce documents from two unrelated patent litigations -- adverse to Applied Biosystems and Dr. Anthony Czarnik -- in exchange for Affymetrix' production of documents from the *Incyte* and *OGT* litigations. This compromise has been rejected by Affymetrix. Instead, Affymetrix insists that Illumina also produce documents relating to an employment discrimination case involving Dr. Czarnik. Affymetrix' attempt to hold relevant documents hostage with this demand that documents from an employment discrimination case be first produced is not in good faith. Affymetrix merely wants a fishing expedition for "dirt" on Illumina; there is no possible relevant information contained in those employment litigation files that would not already have been produced.[3] Given Affymetrix' unreasonable position, Illumina is left with no choice but to seek the Court's assistance on this issue.

### CONCLUSION

For the foregoing reasons, Illumina respectfully requests that this Court order Affymetrix to compel immediate production of the documents (pleadings, transcripts, expert reports, depositions and exhibits, correspondence, production documents, etc.) from the *Incyte* and *OGT* litigations.

---

[3] If the Court is inclined to require Illumina to produce documents from the Czarnik employment case, then Illumina would request an opportunity to request all documents from all litigations of similar relevance from Affymetrix. Affymetrix has many other patent litigations and other cases that would be much more relevant to this case than the Czarnik employment case.

Dated: October 13, 2005

                        **By:**   */s/ Richard K. Herrmann*
                               Richard K. Herrmann #405
                               Mary B. Matterer #2696
                               MORRIS JAMES HITCHENS &
                               WILLIAMS LLP
                               222 Delaware Avenue, 10th Floor
                               Wilmington, DE  19801
                               (302) 888-6800
                               rherrmann@morrisjames.com

                               Robert G. Krupka, P.C.
                               KIRKLAND & ELLIS LLP
                               777 South Figueroa Street
                               Los Angeles, CA 90017
                               (213) 680-8400

                               Mark A. Pals, P.C.
                               Marcus E. Sernel
                               KIRKLAND & ELLIS LLP
                               200 East Randolph Drive
                               Chicago, IL 60601
                               (312) 861-2000

                               ***Counsel for Illumina, Inc.***

**RULE 7.1.1 CERTIFICATION**

Counsel for Defendant Illumina, Inc. hereby certifies that opposing counsel was contacted in an effort to resolve this issue to no avail.

    */s/ Richard K. Herrmann*
Richard K. Herrmann  #405
rherrmann@morrisjames.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 13th day of October, 2005, I caused to be electronically filed the foregoing document, **ILLUMINA'S MOTION TO COMPEL DOCUMENTS FROM RELATED LITIGATIONS**, with the Clerk of the Court using CM/ECF which will send notification of such filing to the following:

Jack B. Blumenfeld, Esq.
MaryEllen Noreika, Esq.
Morris Nichols Arsht & Tunnell
1201 Market Street
Wilmington, DE 19801

Additionally, I hereby certify that on the 13th day of October, 2005, the foregoing document was served via facsimile and via Federal Express on the following non-registered participants:

Daniel R. Reed, Esq.
Affymetrix, Inc.
6550 Vallejo Street, Suite 100
Emeryville, CA 94608
510.428.8500
Fax 510.428.8583

                                                                            */s/ Richard K. Herrmann*
Richard K. Herrmann (#405)
Mary B. Matterer (#2696)
MORRIS, JAMES, HITCHENS & WILLIAMS LLP
222 Delaware Avenue, 10th Floor
Wilmington, Delaware 19801
(302) 888-6800
rherrmann@morrisjames.com

Attorneys for Defendant
ILLUMINA, INC.