# Morris, Nichols, Arsht & Tunnell

1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19899-1347

302 658 9200
302 658 3989 Fax

Maryellen Noreika
302 575 7278
302 425 3011 Fax
mnoreika@mnat.com

October 18, 2005

**BY E-FILING**

The Honorable Joseph J. Farnan, Jr.
United States District Court
844 King Street
Wilmington, DE  19801

      Re:   <u>Affymetrix, Inc. v. Illumina Inc., C.A. No. 04-CV-901 JJF</u>

Dear Judge Farnan:

      In advance of the October 20, 2005 Status Conference, Plaintiff Affymetrix, Inc. ("Affymetrix") submits this letter outlining outstanding discovery and scheduling disputes that we would like to address at the conference.

## Background and Status of the Case

      On July 26, 2004, Affymetrix filed a complaint against Illumina, Inc. ("Illumina"), alleging infringement of six patents (U.S. Patent Nos. 5,545,531, 5,795,716, 6,355,432, 6,399,365, 6,607,887, and 6,646,243, collectively the "patents-in-suit"). Affymetrix has accused Illumina's nucleic acid microarrays and associated instrumentation and software of infringing these patents. The parties have exchanged written discovery and produced documents, but have not yet begun depositions. As discussed below, several discovery disputes have arisen that the parties have not been able to resolve. Affymetrix seeks the Court's assistance with respect to these issues:

## Document Disputes

      1. <u>Laboratory Notebooks</u>

      Affymetrix requested "all documents relating to the design and development of all BeadArray Arrays, BeadArray Instruments, BeadArray Software, and related services made or sold by Illumina, including, without limitation, all laboratory notebooks." The design and development of the accused products and processes, as reflected in laboratory notebooks, are relevant to the issues in this case, including infringement, validity, damages and willfulness. Illumina, however, has refused to produce most of the requested laboratory notebooks.

The Honorable Joseph J. Farnan
October 18, 2005
Page 2

Initially, Illumina produced *some* of the notebooks of six scientists, and placed the burden on Affymetrix to identify additional scientists from whom it sought notebooks. Affymetrix complied and sent Illumina a list of several dozen individuals who, based on review of Illumina's documents, appeared to be directly involved in the research and development of the accused products. Illumina refused to produce the notebooks of these scientists. While, after numerous meet and confer sessions, Illumina agreed to produce the notebooks for each of the scientists specifically identified in written discovery responses, this is insufficient because there were *dozens* of Illumina scientists involved in research and development of the accused products who were not specifically identified in written discovery responses.[1]

Illumina's laboratory notebooks, detailing the development and design of the accused products are relevant. *See, e.g., SmithKline Beecham Corp. v. Apotex Corp.*, No. 98 C 3952, 1999 WL 311697, at *8 (N.D. Ill. May 13, 1999) (ordering accused infringer to produce its scientists' laboratory notebooks in a patent infringement action). Moreover, production of laboratory notebooks is not unduly burdensome – they are issued and tracked sequentially within Illumina and are to be given to the Legal Department upon completion. (See IAFP0051625-26). Therefore, Affymetrix asks that the Court order Illumina to produce all of its laboratory notebooks related to the research, development, and design of the accused products.

2. Damages Documents

Illumina largely has failed to produce documents related to the damages issues. When Affymetrix raised this deficiency, Illumina pointed to 11 pages of summary information in its production. While that is a start, it is insufficient to satisfy Illumina's discovery obligations or for Affymetrix's experts to opine regarding damages. Illumina has not produced, for example, detailed information underlying the summary spreadsheets. Nor has it produced detailed profit and loss statements, financial audits, sale prices and costs, invoice ledgers, or customer lists. Affymetrix asks the Court to order Illumina to produce these damages-related documents.

3. Documents From Other Litigations

Each party has requested pleadings and transcripts from some of the other party's prior litigations. Affymetrix agreed to make pleadings and transcripts from several of its prior litigations available to Illumina, including the only litigation which involved one of the patents-in-suit (*Hyseq*), as well as documents from several patent oppositions that did not involve the patents-in-suit. Affymetrix did not, however, produce documents from two other cases – *Incyte* and *OGT* (neither of which involved the patents-in-suit).[2]

Illumina, in contrast, refused to produce documents from any of its prior litigations, including those that involved the same technology and issues here. For example, Illumina's

---

[1] Affymetrix, by contrast, has produced all of the laboratory notebooks for each of the thirteen inventors on the patents-in-suit. Affymetrix has offered to produce all of its notebooks from 1995 and earlier in exchange for Illumina's production of its notebooks through 2004 related to the accused products. Illumina rejected this offer.

[2] Indeed, Affymetrix was the defendant in the *OGT* case; no Affymetrix patent was even at issue.

The Honorable Joseph J. Farnan
October 18, 2005
Page 3

litigation against Applera Corp. – including at least two court cases and an arbitration – centered on Illumina's assays and decoding strategy. The patents-in-suit cover these same assays and decoding processes. Additionally, many of the Illumina witnesses relevant to this case are likely to have been deposed in the *Applera* litigation, including about the products at issue here. Therefore, the pleadings and transcripts from those cases should be discoverable in this case.

In addition, Illumina has had several disputes with one of its founders, Dr. Anthony Czarnik. In the first case, Dr. Czarnik prevailed in an employment discrimination lawsuit against Illumina. That case implicated issues related to the founding of Illumina and the roles and contributions of Illumina scientists. Similar issues have been raised in this case in connection with Affymetrix's allegations of assignor estoppel. As detailed in Affymetrix's motion to dismiss (D.I. 17), Dr. Mark Chee, one of Illumina's founders, is an inventor on two patents-in-suit. In opposing Affymetrix's motion, Illumina submitted a declaration from its Senior Vice President of Operations, John Stuelpnagel (D.I. 20, Exh. A), minimizing Dr. Chee's contribution to the development of the infringing technology in order to overcome the privity between Illumina and Dr. Chee in the assignor estoppel analysis. Therefore, the positions that Illumina took regarding the founding of Illumina, contributions of various scientists, or related issues are directly relevant to this case. Those precise issues were addressed in the Czarnik employment case.

Earlier this year, Dr. Czarnik filed a second lawsuit against Illumina, alleging that Illumina improperly omitted him as an inventor on various patents. The technology at issue in that case is the same technology accused of infringement in this case. Therefore, the pleadings and transcripts from Czarnik's second lawsuit are relevant to the instant case.

In an attempt to resolve their disputes, Affymetrix offered to produce documents from the *Incyte* and *OGT* cases if Illumina would agree to produce documents from its relevant earlier litigations. Illumina rejected the proposal, and instead filed a motion to compel production of the *Incyte* and *OGT* documents, while continuing to withhold its own documents from prior litigations. We submit that it is unreasonable and unfair for Illumina to demand that Affymetrix produce documents from unrelated cases while, at the same time, refusing to produce documents from its own previous cases that involve the same infringing technology and issues at play in this case. Affymetrix, therefore, asks the Court to order Illumina to produce its pleadings and transcripts from its relevant prior litigations.[3]

4. Probe Sequence Information

Affymetrix requested documents regarding the probe sequence of the oligonucleotide probes included on Illumina's accused BeadArray Arrays. Probe sequence information is relevant to at least the claims of the '716 and '887 patents, which are directed to computer software programs and methods for identifying an unknown base in a sample nucleic acid

---

[3] Affymetrix's response to Illumina's motion to compel would be due on Thursday, October 20, the same date as this conference. Affymetrix hopes that the Court will help to resolve the issue at the conference, but should the Court desire a formal response, Affymetrix will file one.

The Honorable Joseph J. Farnan
October 18, 2005
Page 4

*e.g.*, '716 patent, cl. 1 ("each nucleic acid probe differing from each other by at least a single base"); '887 patent, cl. 7 ("nucleic acid probes that differ by a base at an interrogation position corresponding to the unknown base . . . a nucleic acid probe with an interrogation position corresponding to a position near the unknown base in the sample nucleic acid sequence").

While Illumina has produced some documents related to its probe sequences, those documents are insufficient. For example, Illumina has not produced probe sequence information for its genotyping products. Nor has it produced documents regarding its method for selecting probe sequences. Nor has it produced sufficient documents describing its use of control probes. Each of these types of documents is relevant to infringement of the '716 and '887 patents. Therefore, Affymetrix asks that Illumina be ordered to produce probe sequence information, including the specific categories outlined above.

**Deposition Disputes**

While deposition discovery has not begun, several disputes involving Illumina's refusal to produce witnesses have already arisen. On August 8, Affymetrix served a 30(b)(6) deposition notice concerning document production issues. Illumina refused to present a witness on August 25 (the noticed date), so Affymetrix moved the date to October 10. Shortly before that date, Illumina informed Affymetrix that it would not present a witness at all, claiming that the deposition notice sought privileged information. That however is not a proper basis to oppose the deposition. To the contrary, depositions regarding document retention, destruction, and production are routinely conducted. *See, e.g., Tulip Computers Int'l B.V. v. Dell Computer Corp.*, 2002 WL 818061, at *5-*8 (D. Del. April 30, 2002) (discussing a 30(b)(6) deposition on "issues relating to the production, retention, and destruction of documents"). As an example of permissible areas of inquiry, Illumina appears not to have produced documents from the files or electronic files of Dr. Mark Chee – a named inventor and central figure in this case.

Additionally, on September 20, Affymetrix served two 30(b)(6) deposition notices, requesting depositions on October 17 and 27 regarding various foundational issues, including the roles and responsibilities of Illumina scientists and certain facts concerning Illumina's unfair business practice counterclaims. Illumina has refused to present a witness on the requested dates and has so far only agreed to present a witness on one of the noticed topics. Affymetrix asks the Court to order Illumina to present a 30(b)(6) deponent on document production issues and other noticed topics promptly.

**Illumina's Failure To Confirm Reliance On Opinion Of Counsel**

Affymetrix has repeatedly requested, both through written discovery and during meet and confer sessions, that Illumina confirm whether it plans to rely on opinion of counsel as a defense to Affymetrix's willful infringement allegation. Illumina has refused to take a position on this issue. To date, Illumina has not produced any opinion of counsel or related documents, nor has it agreed to a reasonable date when it will provide that information. Affymetrix asks that Illumina make its determination whether it will rely on opinions as a defense to willfulness and, if so, to produce all documents within the scope of the waiver by November 30, 2005 so that Affymetrix will have an opportunity to conduct discovery prior to the deadline.

The Honorable Joseph J. Farnan
October 18, 2005
Page 5

produce all documents within the scope of the waiver by November 30, 2005 so that Affymetrix will have an opportunity to conduct discovery prior to the deadline.

**Representation of Dr. Mark Chee**

Dr. Mark Chee, a former Affymetrix employee, is an inventor on two of the patents-in-suit. After leaving Affymetrix, he co-founded Illumina and helped to develop the infringing microarray products. Dr. Chee left Illumina in 2004. Kirkland & Ellis ("K&E"), Illumina's counsel in this matter, has stated that it will represent Dr. Chee for this litigation.

On October 4, 2005, Affymetrix wrote to Illumina and expressed concern about K&E's representation of Affymetrix's former employee, Dr. Chee. During his employment with Affymetrix, Dr. Chee had many attorney-client privileged conversations with Affymetrix attorneys and received and reviewed privileged documents. He also was exposed to Affymetrix confidential information. Affymetrix expressed its concern that K&E's representation of Dr. Chee will not adequately protect the privileged and confidential information belonging to Affymetrix, and suggested that Dr. Chee retain independent counsel or, alternatively, that K&E describe the protections in place to ensure that Affymetrix's privileged and confidential information will not be disclosed to K&E or Illumina.

To date, Affymetrix has received no response and its concerns remain. Given the prior relationship between Affymetrix and Dr. Chee, Affymetrix requests that Illumina's attorneys not be permitted to represent Dr. Chee.

**Appointment Of A Special Master**

Given the number of discovery disputes that have already arisen in this case, Affymetrix proposed to Illumina that the parties agree to the appointment of a Special Master so that issues can be quickly resolved without unduly burdening the Court. Illumina did not agree to Affymetrix's proposal. Affymetrix would like to discuss the appointment of a Special Master to aid in resolving discovery disputes that are likely to arise in the future.

Respectfully,

/s/ Maryellen Noreika

Maryellen Noreika (I.D. #3208)
mnoreika@mnat.com

cc:  Peter T. Dalleo, Clerk (By Hand Delivery)
     Richard K. Herrmann, Esquire (By Hand Delivery)
     Marcus E. Sernel, Esquire (By Fax)