# MORRIS, JAMES, HITCHENS & WILLIAMS LLP

222 Delaware Avenue, 10th Floor
Wilmington, Delaware 19801-1621
(302) 888-6800
Facsimile (302) 571-1751
www.morrisjames.com

Richard K. Herrmann
(302) 888-6816
rherrmann@morrisjames.com

Mailing Address
P.O. Box 2306
Wilmington, DE 19899-2306

October 19, 2005

**VIA ELECTRONIC FILING**
The Honorable Joseph J. Farnan, Jr.
United States District Court
 District of Delaware
844 King Street
Wilmington, DE 19801

Re: *Affymetrix, Inc. v. Illumina, Inc.*, D. Del., C.A. No. 04-901-JJF

Your Honor:

I write in response to the letter of October 18, 2005 sent to you by counsel for Affymetrix, and also to highlight the issues that Illumina would like to raise at the status hearing tomorrow.

**Illumina's Motions to Compel**

A. Motion To Compel Documents From Other Related Litigations (*Incyte* and *OGT*)

Last week Illumina filed a motion to compel documents from other Affymetrix litigations involving *Incyte* and *OGT* that are directly related to the issues in this case. Illumina has set forth its arguments in support of its motion and will be prepared to discuss this issue at tomorrow's hearing if necessary.

B. Motion to Compel Documents Relating to Non-Enablement and Reduction to Practice

Illumina is filing today a motion to compel documents relating to the non-enablement of Affymetrix' patents-in-suit, including efforts to reduce the alleged inventions of these patents-in-suit to practice. As further discussed in the discussion of laboratory notebooks below, Affymetrix is withholding information from over 15 employees or former employees that were directly involved with the development of the technology underlying the patents-in-suit. And this is not just Illumina's contention -- Affymetrix is already on record in prior cases that the work of these individuals is relevant to the development of the technology underlying the ***patents asserted in this case***. Moreover, Illumina has obtained publicly-available documentation underscoring the extreme relevance of at least one of these persons -- Ann Pease -- who is

MORRIS, JAMES, HITCHENS & WILLIAMS LLP

The Hon. Joseph J. Farnan, Jr.
October 19, 2005
Page 2

reported as having acknowledged the non-enablement of Affymetrix' technology *after* the patent applications to which Affymetrix is claiming priority in this case. Documents relating to the development of Affymetrix' technology underlying the patents-in-suit are highly relevant and must be produced.

**Other Disputes**

C. Confidentiality Designations

Illumina would like the Court to require Affymetrix to comply with both the spirit and letter of the Court's Protective Order. This Protective Order allows four in-house Affymetrix lawyers access to all of Illumina's most confidential information, while permitting Illumina no in-house access whatsoever to any Affymetrix confidential information. While Illumina will abide by the Court's decision on this issue, Affymetrix has sought to take advantage of it by marking nearly every document and discovery response in the case as containing confidential information. Affymetrix has even gone so far as to claim that its infringement contentions against Illumina's products -- clearly implicating only Illumina confidential information -- could not be reviewed by Illumina personnel. Affymetrix is abusing its advantage created by the Protective Order in this case, and Illumina requests the Court to admonish Affymetrix to comply with its obligations to designate materials pursuant to this Order in good faith.

**Responses to Issues Raised in Affymetrix' October 18 Letter**

Illumina provides the following brief responses to each of the issues raised in Affymetrix' letter to the Court of yesterday. Illumina will be prepared to discuss these issues in more detail as appropriate at the hearing tomorrow.

1. Laboratory Notebooks

Affymetrix has taken a completely unreasonable position with respect to notebooks. As an initial matter, Illumina is hard-pressed to determine why its research and development notebooks -- as opposed to information relating to the allegedly infringing commercial products -- are relevant at all to this case. In any event, Illumina has now agreed to produce notebooks for all persons identified in either parties' initial disclosures or interrogatory responses, or any witness that has been noticed for a deposition. This list of people covers those persons primarily responsible for the development of the technology underlying the products now accused of infringement.

Still not satisfied with Illumina's effort to compromise, Affymetrix persists in seeking *every single laboratory notebook generated in Illumina's history*. This additional request would span at least 500 additional notebooks, and would impose a huge burden on Illumina to collect, review for privilege, and produce all of these notebooks. Illumina has indicated its

willingness to entertain *targeted* requests for notebooks from additional persons that are relevant to the issues in this case. A request for "all" notebooks, without any specific claim of relevance, is not reasonable.

In contrast to Illumina's efforts to compromise, Affymetrix continues to stonewall the production of notebooks from persons that *Affymetrix* has specifically identified as relevant. As discussed in more detail in Illumina's motion to compel discussed above, Affymetrix identified in its litigation with Hyseq the following persons as having discoverable information regarding the "development of the invention underlying [the] '716 Patent [*i.e.* one of the patents asserted in this case]": Dan Bartell, Derek Barnhardt, Anthony Berno, Joe Campman, Ghassan Ghandour, Luis Jevons, Kevin Kaster, Don Morris, Ron Sapolsky, John Sowatsky, Jennifer Tripp, Chunwei Wang, Eugene Wang, Teresa Webster, Catherine Wilson, Robert Yang. Affymetrix has withheld the notebooks of all of these people, and *did not even identify them on its initial disclosures list in this case*. Moreover, Affymetrix has failed to produce the notebooks of former employee Ann Pease, who Affymetrix' CEO is on record saying "performed experiments to optimize and implement the use of DNA chip technology, and did critical research relating to the use and improvement of the DNA chips, and their analysis." In addition, there are publicly-available documents reporting Ann Pease's statements in this early timeframe acknowledging that Affymetrix' technology was not enabled.

The bottom line on the inventor notebook issue is that Illumina has produced notebooks from the key persons with relevant information to the issues in this case, and Affymetrix refuses to produce notebooks from those persons that even Affymetrix has previously admitted are relevant to the patents and technology directly at issue in this case. The Court should reject Affymetrix' request to have "all" notebooks produced, and order Affymetrix to produce all notebooks from those persons identified above as well as any others noticed for deposition.

2. Damages Documents

Illumina believes this issue is now moot. As Illumina has previously agreed, Illumina will provide Affymetrix *all* of its raw sales information, in addition to the summary documentation already provided. These documents will be produced by the end of this week.

3. Documents From Other Litigations

Illumina has set forth its position on this issue in its previously-filed motion to compel. Illumina has identified the specific relevance of the documents from the *Incyte* and *OGT* cases in this motion, and Affymetrix has all but conceded that these documents are relevant. The dispute thus boils down to whether Illumina needs to produce, in addition to documents from its *Applera* litigation, documents from *an employment discrimination lawsuit* filed by Anthony Czarnik. Illumina believes Affymetrix' request for documents from this employment litigation, which centered on the reason for termination of Dr. Czarnik's employment, is merely an effort to

MORRIS, JAMES, HITCHENS & WILLIAMS LLP

The Hon. Joseph J. Farnan, Jr.
October 19, 2005
Page 4

embark on a fishing expedition to burden Illumina. Affymetrix' arguments for relevance are mere speculation that are not grounded in fact, and any relevant documents from that case should already have been produced in this case. And if Affymetrix' strained arguments for relevance are enough, then Illumina is undoubtedly entitled to all of Affymetrix' patent and other litigation files that would most certainly bear more relevance to the issues in this case than an employment discrimination case. Illumina respectfully requests the Court to grant its motion to compel and deny Affymetrix' informal request to require production of the Czarnik employment litigation documents.

4. Probe Sequence Information

Illumina believes this issue is now moot. While Affymetrix has previously demanded documents relating to the *method* by which Illumina's probe sequences are selected, it has retreated from that demand and is now requesting only the probe sequence information itself. Illumina has produced much of this probe sequence already, and agrees to produce additional information. Affymetrix has only recently identified the alleged deficiencies in Illumina's production of probe sequence information, and Illumina agrees to collect and produce additional probe sequence information as expeditiously as possible.

5. Deposition Disputes

The only deposition disputes that have arisen to date result from Affymetrix' premature attempts to start deposition discovery before document production was complete, in violation of the spirit (if not the letter) of the Court's scheduling order. Illumina has proposed dates for many of the depositions noticed by Affymetrix, and four of these are scheduled to take place over the next two weeks. To the contrary, Affymetrix has not yet offered a single date for any of Illumina's eight noticed depositions. In any event, Illumina is confident that the parties will be able to resolve any deposition scheduling issues.

As for the 30(b)(6) request on Illumina's efforts to collect and produce documents in this litigation, Illumina has objected to this notice on two primary grounds. First, the notice was grossly premature, in that it sought this information before Illumina had produced the bulk of its documents. Moreover, it was served based on Affymetrix' premature and incorrect notion that Illumina was not producing all relevant documents, which is incorrect. Illumina has produced **over 600,000 pages** of documents, more than five times the amount produced by Affymetrix. There is thus no basis upon which to believe Illumina is withholding relevant documents. Second, Illumina believes the requested topics largely seek privileged information, a position that *Affymetrix itself has taken in this litigation*. On September 7, 2005, counsel for Affymetrix sent counsel for Illumina an email requesting return of an inadvertently-produced privileged document that, based on the author, addressee and "re" line, pertained to attorney-directed collection and production efforts, which is what Affymetrix now seeks from Illumina by

MORRIS, JAMES, HITCHENS & WILLIAMS LLP

The Hon. Joseph J. Farnan, Jr.
October 19, 2005
Page 5

deposition.[1]  Affymetrix cannot have its cake and eat it too.  Illumina thus requests the Court to deny Affymetrix' request to have this 30(b)(6) deposition go forward.

As for Affymetrix' other two 30(b)(6) notices, Illumina has agreed to produce witnesses in response to these notices.  Illumina has offered to make a witness available on several of the topics next week, and Affymetrix has yet to confirm whether it is proceeding with that deposition.  Many of the other topics are extremely broad and will require significant preparation time to produce a knowledgeable witness; thus, Illumina has suggested that these depositions be scheduled in the near future.  Illumina believes there is no need for the Court to become involved in these deposition scheduling issues.

6. Reliance On Advice Of Counsel Defense

As an effort to compromise, Illumina proposed to decide whether it would be relying on the advice-of-counsel defense, and to produce any relevant documents, at a yet-to-be-specified time later in the discovery period.  Given the inherent tension between relying on the advice of counsel and waiving the privilege associated with an opinion, Illumina believes this date should be set approximately one month before the close of fact discovery in this case.  This will permit discovery on the other issues in the case to proceed first and allow Illumina the opportunity to make an informed decision on this dilemma.  Thus, Illumina requests that the Court set December 30, 2005 -- which is more than four weeks before the February 3, 2006 close of fact discovery -- as the date by which Illumina must decide whether it is relying on the advice of counsel defense.

7. Representation of Mark Chee

Affymetrix' request to prevent counsel for Illumina from representing Dr. Chee is unfounded.  First, a person has the right to choose their own counsel, and Dr. Chee has chosen to be represented by counsel for Illumina.  Second, counsel for Illumina has taken safeguards to ensure Dr. Chee does not breach any of his remaining confidentiality obligations to Affymetrix.[2]  Dr. Chee is free to seek other counsel if he feels it necessary on Affymetrix-related or other issues.

Affymetrix made the strategic choice to assert two patents in this case that were allegedly invented by their former employee that, at the time the litigation was commenced, was employed

---

[1] Illumina returned this document as requested.
[2] It is unclear to Illumina what confidentiality obligations Dr. Chee would still owe to Affymetrix.  It has been eight years since he worked at Affymetrix, and it seems likely that any confidentiality obligations that Dr. Chee once owed to Affymetrix would now be lapsed.  Illumina has requested production of Dr. Chee's employment agreement with Affymetrix to assess what confidentiality obligations remain, but Affymetrix has refused to produce it to date.

MORRIS, JAMES, HITCHENS & WILLIAMS LLP

The Hon. Joseph J. Farnan, Jr.
October 19, 2005
Page 6

by Illumina. It should come as no surprise to Affymetrix that Dr. Chee believes he and Illumina have done nothing wrong, and that he would like to be represented by counsel for Illumina. Dr. Chee worked at Illumina for over six years -- Affymetrix' feigned concern that he will now reveal Affymetrix' confidential information is litigation-induced, and Affymetrix' unprecedented request that Dr. Chee be denied the counsel of his choice should be rejected.

8. Special Master

Illumina believes that the appointment of a Special Master is not warranted in this case. The case has been proceeding without a Special Master for over a year with relatively few discovery disputes. All outstanding discovery disputes should be addressed at the status hearing tomorrow, and this should largely resolve the bulk of the document-related disputes. This Court's Scheduling Order has scheduled an additional status hearing in three months to address any additional discovery disputes that may arise, and the parties are always free of course to move to compel information in the interim.

Illumina is concerned that the appointment of a Special Master will only encourage Affymetrix to create more discovery disputes, as opposed to working with Illumina to resolve these differences. One of Affymetrix' primary objectives in filing this case was to burden Illumina -- a relatively small company with limited resources -- with expensive litigation. Illumina believes that appointment of a Special Master will only increase the burden and expense on Illumina through more discovery disputes, and thus Illumina respectfully suggests that a Special Master not be appointed at this time.

Respectfully,

Richard K. Herrmann, I.D. No. 405
rherrmann@morrisjames.com

cc: Dr. Peter T. Dalleo, Clerk of the Court (via electronic filing)
    MaryEllen Noreika, Esq. (via electronic filing)
    Michael J. Malecek, Esq. (via facsimile)