IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AFFYMETRIX, INC., a Delaware corporation, | )<br>)<br>) |
| Plaintiff/Counter-Defendant, | )<br>) |
| v. | ) Civil Action No.: 04-901 JJF<br>) |
| ILLUMINA, INC., a Delaware corporation, | ) **PUBLIC VERSION**<br>) |
| Defendant/Counter-Plaintiff. | )<br>) |

## ILLUMINA, INC.'S MOTION TO COMPEL DOCUMENTS RELATING TO NON-ENABLEMENT AND REDUCTION TO PRACTICE

Richard K. Herrmann (#405)
MORRIS, JAMES, HITCHENS
& WILLIAMS LLP
222 Delaware Avenue, 10th floor
Wilmington, Delaware 19801
(302) 888-6800
rherrmann@morrisjames.com

Robert G. Krupka, P.C.
KIRKLAND & ELLIS LLP
777 South Figueroa Street
Los Angeles, California 90017
(213) 680-8400

Mark A. Pals
Marcus E. Sernel
KIRKLAND & ELLIS LLP
200 East Randolph Drive
Chicago, Illinois 60601
(312) 861-2000

*Attorneys for Illumina, Inc.*

Originally filed: October 19, 2005
Public version filed October 25, 2005

Defendant Illumina moves to compel Plaintiff Affymetrix to produce documents relating to the non-enablement and reduction to practice of the alleged inventions underlying the patents-in-suit. Affymetrix has withheld documents from production from persons that *Affymetrix* has previously stated have information relevant to the "development of the invention underlying '716 Patent" -- a patent asserted in this case. Moreover, Affymetrix has withheld all documents relating to the work of Ann Pease and other researchers that were involved with the early development of the Affymetrix technology. The work of Dr. Pease is especially relevant because she is quoted as saying Affymetrix' technology was *not* enabled at a time after Affymetrix is contending in this case it had fully described and enabled its priority patent applications. Affymetrix' CEO has previously filed a declaration stating that "Dr. Pease performed experiments to optimize and implement the use of the DNA chip technology, and did critical research relating to the use and improvement of the DNA chips, and their analysis." There can be no real debate that this information is relevant to the enablement of the patents-in-suit -- indeed, Affymetrix has previously admitted as much in other contexts -- and thus Illumina requests an order compelling production of these documents.[1]

---

[1] Illumina's motion is predicated on the following document requests:

> All documents and things relating to any research, development and testing of any of the Affymetrix products and/or processes that Affymetrix contends practice, embody or incorporate the alleged invention(s) claimed in the Affymetrix Patents.

> All documents and things relating to (a) conception, (b) reduction to practice, and (c) diligence toward reduction to practice of any alleged invention(s) described and/or claimed in the Affymetrix Patents and/or any Related Patents, including, but not limited to inventor notebooks, diaries, calendars, work records, invention disclosures and summaries.

(Ex. A, Request No. 4 and No. 8).

### A. Research Work On Affymetrix' DNA Array Technology, Including the Work Of Ann Pease, Is Relevant To This Case

There can be no real debate that research work underlying the technology discussed and claimed in the patents-in-suit is relevant to this case. Affymetrix seeks to limit its production to merely the inventor's notebooks and nothing else. But there was work by several researchers at Affymetrix (and its predecessor-in-interest, Affymax) that struggled for *years* to get the concepts disclosed in the patents to actually work. And this is not just Illumina's speculation; there are publicly-available documents, by way of European Opposition Proceedings against a related Affymetrix patent, that prove without a doubt the relevance of the work of these other researchers. *See e.g.* Ex. B, p. 1 "Ron Davis in a private conversation with me acknowledged that the lithographic technology that has worked well for the production of peptides has not been equally effective with oligonucleotides."; Ex. C., p. 1 "Ann Pease stated directly and emphatically to the small group clustered around her that the process was still a concept and that the process was not working yet."[2] Affymetrix should not be able to produce only its "good" documents while withholding the documents showing that its alleged inventions did not work.

### B. Research Work Of Persons Identified As Having Knowledge Of The Development Of The Invention of Patents-In-Suit Is Relevant

Affymetrix has also withheld documents and information from its own employees that

---

[2] A declaration filed by Affymetrix CEO Stephen Fodor in the *Hyseq* litigation underscored Dr. Pease's intimate involvement with the development of the technology underlying the patents-in-suit:

> From 1990 to 1992, Dr. Ann Pease worked under my supervision at Affymax and in the Affymetrix division after that division was created in 1991. Dr. Pease performed research on the use and implementation of DNA chips using chip technology. Dr. Pease's work took place at the early stages of the use of DNA chips at Affymax, not long after the invention of the technology at issue in this case. Dr. Pease performed experiments to optimize and implement the use of the DNA chip technology, and did critical research relating to the use and improvement of the DNA chips, and their analysis.

(Ex. D).

it has previously stated have discoverable information on United States Patent No. 5,795,716 (the "'716 patent"). The '716 patent has been asserted by Affymetrix in this case. But it was also asserted in a prior case by Affymetrix against Hyseq, and information recently learned by Illumina about the *Hyseq* case reveals that Affymetrix is attempting to hide very important discovery related to the '716 patent.

Pleadings from the *Hyseq* case, which were just produced in the last week after months of stalling by Affymetrix, reveal that Affymetrix has withheld significant amounts of relevant discovery relating to the '716 patent from Illumina. Most notably, ***Affymetrix identified sixteen persons in their initial disclosures in the Hyseq case as having discoverable information about the "development of the invention underlying [the] '716 patent" that they did not identify in their initial disclosures in this case***: Dan Bartell, Derek Barnhardt, Anthony Berno, Joe Campman, Ghassan Ghandour, Luis Jevons, Kevin Kaster, Don Morris, Ron Sapolsky, John Sowatsky, Jennifer Tripp, Chunwei Wang, Eugene Wang, Teresa Webster, Catherine Wilson, and Robert Yang. (*See* Ex. E). According to Illumina's review of Affymetrix' production to date, Affymetrix has produced essentially no documents from any of these individuals -- no notebooks, no reports, nothing. This is extremely disturbing to Illumina, and confirms Illumina's long-standing suspicions that Affymetrix has been hiding extremely relevant documents.

Documents from all of these individuals, who by Affymetrix' own admission have relevant information, should be produced. Moreover, the Court should order Affymetrix to produce all other documents relating to the development of alleged inventions of Affymetrix' patents-in-suit as well. Just because Illumina has yet to find other smoking guns establishing the relevance of other documents from other researchers should not excuse Affymetrix from producing them.

3

### C.  The Types Of Documents Sought By Illumina Are Discoverable

Illumina seeks the types of documents from Affymetrix that are typically produced in cases like this one. Failed experiments are evidence of non-enablement. *Enzo Biochem, Inc. v. Calgene, Inc.*, 188 F.3d 1362, 1376 (Fed. Cir. 1999) (in which the court concluded that little weight should be given to the PTO's allowance of claims where evidence of failed attempts was not submitted to the PTO); *see also Bio-technology General Corp. v. Novo Nordisk Pharmaceuticals, Inc.*, No. Civ. 02-235-SLR, 2004 WL 1739722, at *24 (D. Del. 2004) (noting that the Federal Circuit has treated an inventor's failed attempts to practice an invention as evidence of non-enablement on more than one occasion) *citing A.K. Steel Corp. v. Sollac*, 344 F.3d 1234, 1244-45 (Fed. Cir. 2003) (in which the court held that plaintiff's own failures to make and use the claimed invention at the time of the application supports a finding of non-enablement) and *Genentech Inc. v. Novo Nordisk A/S*, 108 F.3d 1361, 1367 (holding that "[t]he failure of skilled scientists, who were supplied with the teachings that Genentech asserts were sufficient and who were clearly motivated to produce human proteins, indicates that producing hGH via cleavable fusion expression was not then within the skill of the art); *Enzo Biochem, Inc. v. Calgene, Inc.*, 188 F.3d 1362, 1372 (Fed. Cir. 1999) (holding that the district court did not err in relying on an inventor's failed attempts as evidence of non-enablement.) All notebooks and related documents from Affymetrix' researchers working on technology underlying the patents-in-suit must be produced.

### CONCLUSION

For the foregoing reasons, Illumina respectfully requests that this Court order Plaintiff Affymetrix to produce all documents relating to the non-enablement and reduction to practice of the patents-in-suit, including all inventor notebooks and other documents from the specific individuals identified above.

Dated: October 19, 2005

                                          /s/ Richard K. Herrmann
Richard K. Herrmann (#405)
MORRIS, JAMES, HITCHENS
& WILLIAMS LLP
222 Delaware Avenue, 10th floor
Wilmington, Delaware 19801
(302) 888-6800
rherrmann@morrisjames.com

Robert G. Krupka, P.C.
KIRKLAND & ELLIS LLP
777 South Figueroa Street
Los Angeles, California 90017
(213) 680-8400

Mark A. Pals
Marcus E. Sernel
KIRKLAND & ELLIS LLP
200 East Randolph Drive
Chicago, Illinois 60601
(312) 861-2000

*Attorneys for Illumina, Inc.*

**RULE 7.1.1 CERTIFICATION**

Counsel for Defendant Illumina, Inc. hereby certifies that opposing counsel was contacted in an effort to resolve this issue to no avail.

                                              */s/ Richard K. Herrmann*
                                        Richard K. Herrmann  #405
                                        rherrmann@morrisjames.com

**CERTIFICATE OF SERVICE**

I hereby certify that on the 25th day of October, 2005, I caused to be electronically filed the foregoing document, **PUBLIC VERSION OF ILLUMINA, INC.'S MOTION TO COMPEL DOCUMENTS RELATING TO NON-ENABLEMENT AND REDUCTION TO PRACTICE**, with the Clerk of the Court using CM/ECF which will send notification of such filing to the following:

Jack B. Blumenfeld, Esq.
MaryEllen Noreika, Esq.
Morris Nichols Arsht & Tunnell
1201 Market Street
Wilmington, DE 19801

Additionally, I hereby certify that on the 25th day of October, 2005, the foregoing document was served via Federal Express on the following non-registered participants:

Daniel R. Reed, Esq.
Affymetrix, Inc.
6550 Vallejo Street, Suite 100
Emeryville, CA 94608
510.428.8500
Fax 510.428.8583

                                                  /s/ Richard K. Herrmann
                                                  Richard K. Herrmann (#405)
                                                  Mary B. Matterer (#2696)
                                                  MORRIS, JAMES, HITCHENS & WILLIAMS LLP
                                                  222 Delaware Avenue, 10th Floor
                                                  Wilmington, Delaware 19801
                                                  (302) 888-6800
                                                  rherrmann@morrisjames.com

                                                  Attorneys for Defendant
                                                  ILLUMINA, INC.