IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AFFYMETRIX, INC., a Delaware corporation, <br><br> Plaintiff/Counter-Defendant, <br><br> vs. <br><br> ILLUMINA, INC., a Delaware corporation, <br><br> Defendant/Counter-Plaintiff. | Civil Action No. 04-901-JJF |

**DEFENDANT ILLUMINA, INC.'S NOTICE OF SUBPOENA
UNDER FEDERAL RULES OF CIVIL PROCEDURE 45(b)(1)**

NOTICE IS HEREBY GIVEN that in accordance with Rule 45 of the Federal Rules of Civil Procedure, defendant Illumina, Inc. ("Illumina") intends to serve the Public Health Research Institute with a Subpoena in a Civil Case for production of documents:

The above-referenced subpoena is attached to this notice as Exhibit A.

Dated: December 1, 2005

By: */s/ Richard K. Herrmann*
Richard K. Herrmann #405
Mary B. Matterer #2626
MORRIS, JAMES, HITCHENS &
WILLIAMS LLP
222 Delaware Avenue, 10th Floor
Wilmington, Delaware 19801
(302) 888-6800
rherrmann@morrisjames.com

Robert G. Krupka
KIRKLAND & ELLIS LLP
777 South Figueroa Street
Los Angeles, California 90017
(213) 680-8400

Mark A. Pals
KIRKLAND & ELLIS LLP
200 East Randolph Drive
Chicago, IL 60601
(312) 861-2000

***Counsel for Illumina, Inc.***

# EXHIBIT A

AO 88 (Rev. 1/94) Subpoena in a Civil Case - SDNY WEB 4/99

# Issued by the
## UNITED STATES DISTRICT COURT

**DISTRICT OF NEW JERSEY**

AFFYMETRIX, INC.

V.

ILLUMINA, INC.

**SUBPOENA IN A CIVIL CASE**

CASE NUMBER: [1] 04-901-JJF
(District of Delaware)

TO: The Public Health Research Institute c/o Fred R. Kramer, Ph. D.
225 Warren Street
Newark, NJ 07103

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

Please see Schedule A attached hereto.

| PLACE | DATE AND TIME |
|---|---|
| Kirkland & Ellis LLP c/o Laura Kadetsky, 153 E. 53rd Street, New York, NY 10022 | Dec. 8, 2005, 10:00 am |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)
*Serena J. Gondek* Counsel for defendant

DATE: November 30, 2005

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Serena J. Gondek, 312-861-2203, Kirkland & Ellis LLP, 200 East Randolph Drive, Chicago, IL 60601-6636

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

[1] If action is pending in district other than district of issuance, state district under case number.

AO 88 (Rev. 1/94) Subpoena in a Civil Case - SDNY WEB 4/99

## PROOF OF SERVICE

| DATE | PLACE |
|------|-------|
|      |       |

SERVED

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|------------------------|-------------------|
|                        |                   |

| SERVED BY (PRINT NAME) | TITLE |
|------------------------|-------|
|                        |       |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
         DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

**SCHEDULE A**

Definitions and Instructions

1. As used herein, "Affymetrix" shall mean Affymetrix, Inc. and all of its corporate parents, corporate predecessors and past or present subsidiaries, affiliates, divisions, departments, officers, directors, principals, agents and employees.

2. As used herein, "document" shall have the full meaning ascribed to it by the Federal Rules of Civil Procedure, and shall include any means for retaining information.

3. As used herein, "communication" shall mean any transmission of information by one or more persons and/or between two or more persons by any means, including telephone conversations, letters, telegrams, teletypes, telexes, telecopies, electronic mail, other computer link-ups, written memoranda and face-to-face conversations.

4. As used herein, "and" and "or" shall be construed conjunctively or disjunctively as necessary to make the request inclusive rather than exclusive; use of a singular noun shall be construed to include the plural noun and use of a plural noun shall be construed to include the singular noun; the use of a verb in any tense shall be construed as the use of that verb in all other tenses whenever necessary to bring within the scope of the requested documents that which might otherwise be construed to be outside its scope.

5. As used herein, "any" and "all" shall each be construed to mean "each and every," so as to acquire the broadest meaning possible.

6. As used herein, "include" and "including" shall be construed to mean "without limitation," so as to acquire the broadest meaning possible.

7. All requested documents shall be produced in the same file or other organizational environment in which they are kept by you, including any labels, files, folders and/or containers in which such documents are located in or associated with. For example, a document that is part of a file, docket or other grouping should be physically produced together with all other documents from said file, docket or grouping responsive to said request, in the same order or manner of arrangement as the original. Additionally, a document should be produced stapled, clipped or otherwise bound or connected in the same manner as the original.

8. As used herein, "person" shall mean any natural person or any business, legal, or governmental entity or association.

9. The requests herein shall be deemed to include any and all relevant documents within your possession, custody or control, including documents located in the personal files of any and all of your past and present managers, agents, representatives, employees, attorneys, consultants and accountants.

## **REQUESTS FOR PRODUCTION OF DOCUMENTS**

1. All documents relating to the underlying inventions disclosed in U.S. Patent Application 07/838,607 and all continuations, continuations-in-part, abandoned, and international applications and issued patents that claim the benefit of 07/838,607, including U.S. Patent Applications 08/247,530; 08/473,010; 09/164,249; 10/331,780; and 11/088,979; PCT/US93/01552 (published as WO 93/17126); and U.S. Patents 6,103,463 and 6,322,971 (all references included in this request hereinafter referred to as "Oligo Array Patents and Patent Applications").

2. All documents referring or relating to communications with Affymetrix regarding the Oligo Array Patents and Patent Applications.

3. All presentations, posters, seminars, notes and any other documents relating to the work underlying the Oligo Array Patents and Patent Applications.

4. All documents relating to licensing and negotiations with Affymetrix regarding the Oligo Array Patents and Patent Applications, including documents relating to the requirements and restrictions of such licenses such as payments, royalties, and consulting arrangements.

5. All other licenses and business agreements with Affymetrix.

## CERTIFICATE OF SERVICE

I hereby certify that on the 1st day of December, 2005, I caused to be electronically filed the foregoing document, **DEFENDANT ILLUMINA, INC.'S NOTICE OF SUBPOENA UNDER FEDERAL RULES OF CIVIL PROCEDURE 45(b)(1)**, with the Clerk of the Court using CM/ECF which will send notification of such filing to the following:

Jack B. Blumenfeld, Esq.
Mary Ellen Noreika, Esq.
Morris Nichols Arsht & Tunnell
1201 Market Street
Wilmington, DE 19801

Additionally, I hereby certify that on the 1st day of December, 2005, the foregoing document was served via facsimile on the following non-registered participants:

Daniel R. Reed, Esq.
Affymetrix, Inc.
6550 Vallejo Street, Suite 100
Emeryville, CA 94618
Facsimile: 510-428-8583

By: /s/ Richard K. Herrmann
    Richard K. Herrmann #405
    Mary B. Matterer #2626
    MORRIS, JAMES, HITCHENS &
    WILLIAMS LLP
    PNC Bank Center, 10th Floor
    222 Delaware Avenue
    Wilmington, Delaware 19899-2306
    (302) 888-6800
    mmatterer@morrisjames.com