# MORRIS, JAMES, HITCHENS & WILLIAMS LLP

222 Delaware Avenue, 10th Floor
Wilmington, Delaware 19801-1621
(302) 888-6800
Facsimile (302) 571-1751
www.morrisjames.com

Richard K. Herrmann
(302) 888-6816
rherrmann@morrisjames.com

Mailing Address
P.O. Box 2306
Wilmington, DE 19899-2306

December 2, 2005

**VIA ELECTRONIC FILING**
The Honorable Joseph J. Farnan, Jr.
United States District Court
 District of Delaware
844 King Street
Wilmington, DE 19801

Re:    *Affymetrix, Inc. v. Illumina, Inc.*, D. Del., C.A. No. 04-901-JJF

Your Honor:

Pursuant to the Court's direction, Illumina submits the following update as to the discovery issues that it would like to raise to the Court's attention at the upcoming hearing on December 7, 2005.

**Outstanding Issues Raised In Advance of October Hearing**

Although the parties have been able to resolve some of the issues that were presented for the Court's consideration at the October hearing, several of these issues remain unresolved. The following is a list of the unresolved issues.

A.    Motion To Compel Documents From Other Related Litigations (*Incyte* and *OGT*)

Illumina has set forth its position on this issue in its previously-filed motion to compel. Illumina has identified the specific relevance of the documents from the *Incyte* and *OGT* cases in this motion, and Affymetrix has all but conceded that these documents are relevant. Unfortunately, Affymetrix continues to refuse to produce these documents. This is despite the fact that its own witnesses in this case have volunteered that their testimony in these prior cases relates to the "same questions" as raised in this case. (*See* Dennis Solas Dep. at 21).

As discussed in its letter of October 19, 2005 to the Court, Affymetrix is attempting to hold documents from the *Incyte* and *OGT* cases hostage until Illumina produces documents from **an employment discrimination lawsuit** filed by Anthony Czarnik. Illumina believes Affymetrix' request for documents from this employment litigation, which centered on the reason for termination of Dr. Czarnik's employment, is merely an effort to embark on a fishing expedition to burden Illumina. Illumina requests an order requiring Affymetrix to immediately produce all

MORRIS, JAMES, HITCHENS & WILLIAMS LLP

The Hon. Joseph J. Farnan, Jr.
December 2, 2005
Page 2

documents from the *Incyte* and *OGT* cases, and denying Affymetrix' request to condition such production on Illumina's production of documents from the Czarnik employment case.

B. Motion to Compel Documents Relating to Non-Enablement and Reduction to Practice

As set forth in Illumina's motion to compel on this issue, Affymetrix is withholding information from over 15 employees or former employees that were directly involved with the development of the technology underlying the patents-in-suit. And this is not just Illumina's contention -- Affymetrix is already on record in prior cases that the work of these individuals is relevant to the development of the technology underlying the **patents asserted in this case**. Moreover, Illumina has obtained publicly-available documentation underscoring the extreme relevance of at least one of these persons -- Ann Pease -- who is reported as having acknowledged the non-enablement of Affymetrix' technology **after** the patent applications to which Affymetrix is claiming priority in this case. Documents relating to the development of Affymetrix' technology underlying the patents-in-suit are highly relevant and must be produced.

C. Confidentiality Designations

Illumina would like the Court to require Affymetrix to comply with both the spirit and letter of the Court's Protective Order. This Protective Order allows four in-house Affymetrix lawyers access to all of Illumina's most confidential information, while permitting Illumina no in-house access whatsoever to any Affymetrix confidential information. While Illumina will abide by the Court's decision on this issue, Affymetrix has sought to take advantage of it by marking nearly every document and discovery response in the case as containing confidential information. *Affymetrix has even gone so far as to claim that its infringement contentions against Illumina's products -- clearly implicating only Illumina confidential information -- could not be reviewed by Illumina personnel.* Affymetrix is abusing its advantage created by the Protective Order in this case, and preventing Illumina from fully defending itself against Affymetrix' infringement contentions. Illumina requests the Court to admonish Affymetrix to comply with its obligations to designate materials pursuant to this Order in good faith, and to require Affymetrix to immediately remove any confidentiality designations *relating to* its infringement contentions.

**Additional Discovery Issues That Have Arisen Since The October Hearing**

The following issues have arisen since the October 20 Hearing, and Illumina would like to raise them for the Court's consideration at the hearing next week.

1. Privilege Waiver With Respect To Conception Of '432 Patent

In order to establish a conception date for the asserted '432 patent prior to the earliest filing date to which Affymetrix can claim priority for this patent, Affymetrix has sought to selectively waive privilege with respect to several documents containing attorney-client communications that it contends help establish that conception. Affymetrix has produced to

Case 1:04-cv-00901-JJF    Document 119    Filed 12/02/2005    Page 3 of 4

MORRIS, JAMES, HITCHENS & WILLIAMS LLP

The Hon. Joseph J. Farnan, Jr.
December 2, 2005
Page 3

Illumina an invention disclosure form relating to the communication of the alleged patent invention to Affymetrix' patent attorneys, and the notes from a meeting with Affymetrix' counsel that Affymetrix asserts relate to the invention that led to the '432 patent. While Illumina disputes whether these documents do in fact prove conception, what should not be in dispute is that Illumina is now entitled to *all* privileged communications between the '432 patent inventors and their lawyers from the time of the alleged conception through (at least) the filing of the patent application. Illumina is entitled to these documents to show that the alleged conception does not meet the legal test of conception and, in any case, that there was a lack of diligence to reduce that particular "invention" to practice. It is well settled that Affymetrix cannot simply waive privilege with respect to the documents it perceives to help its case while continuing to claim privilege as to the rest. Illumina thus seeks an order requiring Affymetrix to produce all documents relating to the prosecution of the '432 patent, including all communications with its patent counsel.

2. <u>Affymetrix' Failure To Schedule Depositions</u>

Affymetrix has been less than cooperative in seeking to schedule dates for depositions that have been noticed by Illumina. To date, Affymetrix has taken 10 depositions, while Illumina has taken only 4. This disparity is due to the fact that Affymetrix has refused to provide deposition dates to Illumina in a timely fashion.

While it is premature to seek an extension of the discovery schedule at this time, Illumina does believe that it will not be possible to complete fact discovery by the deadline of February 3, 2006 if the current pace is maintained. There are currently 12 of Illumina's deposition notices outstanding, of which Affymetrix has provided possible dates for only 4 (which extend out past the New Year). Given that Illumina anticipates that it will be taking many more depositions than those currently noticed -- including many third party depositions that will be taken after completing the initial discovery of the inventors of the patents-in-suit -- it is imperative that Affymetrix be compelled to provide deposition dates in a more expedited fashion to give the parties any chance to complete discovery by the current deadline. Illumina is also amenable to extending the discovery schedule to accommodate the significant amount of discovery that remains.

3. <u>Affymetrix' Failure To Supplement Its Validity Contentions</u>

Illumina requests an order from the Court immediately requiring Affymetrix to supplement its response to Illumina's Interrogatory No. 16, which seeks Affymetrix' contentions as to why each of the prior art references cited by Illumina (and discussed in detail in Illumina's claim charts provided in response to Affymetrix' Interrogatory No. 10) do not invalidate the asserted claims of each patent. Illumina provided Affymetrix a supplemented response with additional prior art claim charts over a month and a half ago. Affymetrix has refused to date to supplement its response to Interrogatory No. 16 to explain why these prior art references do not invalidate the claims. Illumina believes that Affymetrix should either be required to supplement

MORRIS, JAMES, HITCHENS & WILLIAMS LLP

The Hon. Joseph J. Farnan, Jr.
December 2, 2005
Page 4

its interrogatory responses immediately or be precluded from offering evidence in response to Illumina's invalidity contentions.

    4.   <u>The Date By Which Illumina Must Decide On The Advice-Of-Counsel Defense</u>

At the October 20 Hearing, the Court indicated to the parties that it agreed with Illumina's position that it should not be required to make a decision about its advice-of-counsel defense until later in the discovery period, and at that time adopted December 30, 2005 as the date by which Illumina had to decide whether to rely on this defense. The Court indicated at this time that the fact discovery deadline of February 3, 2006 would not necessarily apply to discovery on the issue of willful infringement, and that it "may put it off well after February 5th." (Dkt. #107, 10/20/05 Hrg. at 13). Given the slow pace of discovery to date, Illumina is now facing the prospect of having to make its decision regarding the advice-of-counsel defense without having obtained much of the infringement- and validity-related discovery prior to the December 30 date, including depositions of many of the inventors of the patents-in-suit. This would put Illumina in exactly the same dilemma that the Court sought to avoid in setting the December 30 date in the first place, and require Illumina to prematurely make a decision that has broad ramifications on the overall litigation.

Illumina respectfully requests that the Court postpone the date by which Illumina must decide on the advice-of-counsel defense to January 30, 2006. Since the Court has already indicated that it will allow willfulness-related discovery to continue past the fact discovery deadline, this later date will allow Illumina to take case-critical discovery prior to making this important decision, yet still allow Affymetrix ample time to take willfulness discovery at an appropriate time.

Respectfully,<br><br>Richard K. Herrmann, I.D. No. 405<br>rherrmann@morrisjames.com

cc: Dr. Peter T. Dalleo, Clerk of the Court (via electronic filing)
    MaryEllen Noreika, Esq. (via electronic filing)
    Michael J. Malecek, Esq. (via facsimile)