IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AFFYMETRIX, INC., A DELAWARE CORPORATION,<br><br>　　　　Plaintiff/Counter-Defendant,<br><br>vs.<br><br>ILLUMINA, INC., A DELAWARE CORPORATION,<br><br>　　　　Defendant/Counter-Plaintiff. | Civil Action No. 04-901-JJF |

**DEFENDANT ILLUMINA, INC.'S NOTICE OF SUBPOENA
UNDER FEDERAL RULES OF CIVIL PROCEDURE 45(b)(1)**

NOTICE IS HEREBY GIVEN that in accordance with Rule 45 of the Federal Rules of Civil Procedure, defendant Illumina, Inc. ("Illumina") intends to serve William Smith with a Subpoena in a Civil Case for production of documents:

The above-referenced subpoena is attached to this notice as Exhibit A.

Dated: December 22, 2005

　　　　　　　　　　　　　　　　　　　By:*/s/ Mary B. Matterer*
　　　　　　　　　　　　　　　　　　　Richard K. Herrmann #405
　　　　　　　　　　　　　　　　　　　Mary B. Matterer #2626
　　　　　　　　　　　　　　　　　　　MORRIS, JAMES, HITCHENS & WILLIAMS LLP
　　　　　　　　　　　　　　　　　　　PNC Bank Center, 10th Floor
　　　　　　　　　　　　　　　　　　　222 Delaware Avenue
　　　　　　　　　　　　　　　　　　　Wilmington, Delaware 19801
　　　　　　　　　　　　　　　　　　　(302) 888-6800
　　　　　　　　　　　　　　　　　　　mmatterer@morrisjames.com

Robert G. Krupka
KIRKLAND & ELLIS LLP
777 South Figueroa Street
Los Angeles, California 90017
(213) 680-8400

Mark A. Pals
KIRKLAND & ELLIS LLP
200 East Randolph Drive
Chicago, IL  60601
(312) 861-2000

***Counsel for Illumina, Inc.***

AO 88 (Rev. 11/94) Subpoena in a Civil Case

Issued by the
# UNITED STATES DISTRICT COURT
Northern DISTRICT OF California

Affymetrix, Inc.

v.

Illumina, Inc.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] 04-901-JJF

TO: William Smith
379 Lytton Avenue
Palo Alto, CA 94301

[ ] YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

[X] YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Kirkland & Ellis LLP, 555 California Street San Francisco, CA 94104 | January 6, 2006 |

[X] YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):
See Attachment A

| PLACE | DATE AND TIME |
|---|---|
| Kirkland & Ellis LLP 555 California Street San Francisco, CA 94104 | January 4, 2006 |

[ ] YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| /s/ Russell S. Tonkovich Attorneys for Defendant Illumina, Inc | December 22, 2005 |

ISSUING OFFICER'S NAME ADDRESS AND TELEPHONE NUMBER
Russell S. Tonkovich, Bar No. 233280, Kirkland & Ellis LLP
555 California Street, San Francisco, CA 94104    (415) 439-1400

(See Rule 45, Federal Rules of Civil Procedure, parts C & D on reverse)

[1] If action is pending in district other than district of issuance, state district under case number.

AO-88

AO 88 (Rev. 11/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| **SERVED** | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

**(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.**

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or the demanding party to contest the claim.

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

**(d) DUTIES IN RESPONDING TO SUBPOENA.**

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## ATTACHMENT A

### REQUESTS FOR PRODUCTION OF DOCUMENTS

1. All documents referring or relating to Attorney Docket No. 11509-30[1].

2. All communications with Affymax Research Institute[2], Affymax Technologies N.V.[3], or Affymax[4] that refer or relate to Attorney Docket No. 11509-30.

3. All documents received from or provided to Affymax Research Institute, Affymax Technologies N.V., or Affymax that refer or relate to Attorney Docket No. 11509-30, the preparation and prosecution of U.S. Patent Application No. 07/624,114, or any of the concepts disclosed in U.S. Patent No. 6,355,432.

4. All communications with Affymax Research Institute, Affymax Technologies N.V., or Affymax that refer or relate to the preparation and prosecution of U.S. Patent Application No. 07/624,114, including but not limited to any communications with Steven Fodor, Dennis Solas, William Dower, and/or any attorneys representing Affymax Research Institute, Affymax Technologies N.V., or Affymax .

5. All documents referring or relating to the preparation and prosecution of U.S. Patent Application No. 07/624,114.

6. All attorney notes from any meetings or discussions with any employees of Affymax Research Institute, Affymax Technologies N.V., or Affymax that refer or relate to the preparation and prosecution of U.S. Patent Application No. 07/624,114, including but not limited to any meetings or discussions with Steven Fodor, Dennis Solas, William Dower, and/or any attorneys representing Affymax Research Institute, Affymax Technologies N.V., or Affymax .

---

[1] "Attorney Docket No. 11509-30" refers to file number 030 for client 11509, Affymax Research Institute.

[2] "Affymax Research Institute" shall mean Affymax Research Institute, including without limitation all corporate locations, and any predecessors, successors, subsidiaries, parent companies, affiliates, and all past or present agents, representatives, partners, employees, directors, officers, consultants, attorneys, entities acting in joint-venture or partnership relations with Affymax Research Institute, and persons purporting to act on the Affymax Research Institute's behalf.

[3] "Affymax Technologies N.V." shall mean Affymax Technologies N.V., including without limitation all corporate locations, and any predecessors, successors, subsidiaries, parent companies, affiliates, and all past or present agents, representatives, partners, employees, directors, officers, consultants, attorneys, entities acting in joint-venture or partnership relations with Affymax Technologies N.V., and persons purporting to act on the Affymax Technologies N.V.'s behalf.

[4] "Affymax" shall mean Affymax, Inc., including without limitation all corporate locations, and any predecessors, successors, subsidiaries, parent companies, affiliates, and all past or present agents, representatives, partners, employees, directors, officers, consultants, attorneys, entities acting in joint-venture or partnership relations with Affymax, and persons purporting to act on the Affymax's behalf.

# CERTIFICATE OF SERVICE

I hereby certify that on the 22nd day of December, 2005, I caused to be electronically filed the foregoing document, **DEFENDANT ILLUMINA, INC.'S NOTICE OF SUBPOENA UNDER FEDERAL RULES OF CIVIL PROCEDURE 45(b)(1),** with the Clerk of the Court using CM/ECF which will send notification of such filing to the following:

Jack B. Blumenfeld, Esq.
Mary Ellen Noreika, Esq.
Morris Nichols Arsht & Tunnell
1201 Market Street
Wilmington, DE  19801

Additionally, I hereby certify that on the 22nd day of December, 2005, the foregoing document was served via facsimile on the following non-registered participants:

Daniel R. Reed, Esq.
Affymetrix, Inc.
6550 Vallejo Street, Suite 100
Emeryville, CA 94618
Facsimile:  510-428-8583

By: /s/ Mary B. Matterer
    Richard K. Herrmann #405
    Mary B. Matterer #2626
    MORRIS, JAMES, HITCHENS &
    WILLIAMS LLP
    PNC Bank Center, 10th Floor
    222 Delaware Avenue
    Wilmington, Delaware  19801
    (302) 888-6800
    mmatterer@morrisjames.com