IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| AFFYMETRIX, INC., A DELAWARE CORPORATION, | ) ) ) ) |  |
| Plaintiff/Counter-Defendant, | ) ) | Civil Action No. 04-901-JJF |
| vs. | ) ) ) |  |
| ILLUMINA, INC., A DELAWARE CORPORATION, | ) ) ) |  |
| Defendant/Counter-Plaintiff. | ) ) |  |

## DEFENDANT ILLUMINA, INC.'S NOTICE OF SUBPOENA OF CHUNWEI WANG

PLEASE TAKE NOTICE that the Subpoena attached hereto as Exhibit 1 was served upon Chunwei Wang, 72 Middle Street, Lexington, MA 02421.

Dated: January 4, 2006

By:/s/ Richard K. Herrmann
Richard K. Herrmann #405
Mary B. Matterer #2626
MORRIS, JAMES, HITCHENS &
WILLIAMS LLP
PNC Bank Center, 10th Floor
222 Delaware Avenue
Wilmington, Delaware 19899-2306
(302) 888-6800
mmatterer@morrisjames.com

Robert G. Krupka, P.C.
KIRKLAND & ELLIS LLP
777 South Figueroa Street
Los Angeles, California 90017
(213) 680-8400

Mark A. Pals, P.C.
Marcus E. Sernel
KIRKLAND & ELLIS LLP
200 East Randolph Drive
Chicago, IL  60601
(312) 861-2000

***Counsel for Illumina, Inc.***

# EXHIBIT 1

AO88  (Rev. 1/94) Subpoena in a Civil Case

## Issued by the

# UNITED STATES DISTRICT COURT

DISTRICT OF                          Massachusetts

AFFYMETRIX, INC.

V.                                  **SUBPOENA IN A CIVIL CASE**

ILLUMINA, INC.

Case Number:[1]   04-901 JJF
                  (District of Delaware)

TO:   Chunwei Wang
      72 Middle Street
      Lexington, MA  02421

☐   YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to
    testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☒   YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition
    in the above case.

| PLACE OF DEPOSITION Boston Marriott Copley Place, 110 Huntington Avenue, Boston, MA  02116; See Ex. A | DATE AND TIME 1/23/06   9:00 a.m. |
|---|---|

☐   YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the
    place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|
| | |

☐   YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

    Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers,
directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated,
the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)          Attorney for Defendant | DATE 12/30/05 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Marcus E. Sernel, Kirkland & Ellis LLP, 200 E. Randolph Dr., Chicago, IL  60601, 312-861-2389

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 1/94) Subpoena in a Civil Case

---

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED |  |  |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

---

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                            DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend

trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the mmmdemanding party to contest the claim.

## EXHIBIT A

Pursuant to Rule 30 of the Federal Rules of Civil Procedure, Defendant Illumina, Inc. ("Illumina") by and through its attorneys, will take the deposition of Chunwei Wang by oral examination at Boston Marriott Copley Place, 110 Huntington Avenue, Boston, MA 02116. The deposition will be recorded stenographically, with the capacity to provide instant visual display or playback of the testimony, and by video by an officer authorized to administer oaths. All counsel are invited to attend and examine the witness.

There is a Protective Order in this action, a copy of which is attached hereto as Exhibit B. Paragraph 16 of the Protective Order provides that you may give testimony in this case subject to the Protective Order by using an appropriate designation.

# EXHIBIT B

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AFFYMETRIX, INC.,<br><br>           Plaintiff/Counter-<br>           Defendant,<br><br>    v.<br><br>ILLUMINA, INC.,<br><br>           Defendant/Counter-<br>           Plaintiff. | C. A. No.  04-901-JJF |

## PROTECTIVE ORDER

Whereas discovery in this action will require the disclosure of trade secrets or other confidential research, development, or commercial information of both parties and non-parties from whom discovery may be sought; and

Whereas the parties have in good faith conferred and have agreed upon the terms of a Protective Order and for good cause shown; therefore,

The parties stipulate, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure – subject to the approval of the Court – to the following Protective Order:

## 1.    Scope of Protection

1.1    This Protective Order shall govern any record of information, designated pursuant to paragraph 2 of this Protective Order, produced in this action, including all designated deposition testimony, all designated testimony taken at a hearing or other proceeding, interrogatory answers, documents and other discovery materials, whether produced informally or in response to interrogatories, requests for admission, requests for production of documents or other formal method of discovery.

1.2    This Protective Order also governs any designated record of information produced in this action pursuant to required disclosures under any federal procedural rule or District of Delaware local rule, and any supplementary disclosures thereto.

1.3    This Protective Order shall apply to the parties and any nonparty from whom discovery is sought and who desires the protection of this Protective Order.

## 2.    Designation

2.1    Each party shall have the right to designate as "Confidential" and subject to this Protective Order any information produced by it in this action which contains, reflects, or otherwise discloses confidential technical, business or financial information. This designation shall be made by stamping or otherwise labeling each page or thing containing Confidential information with the legend CONFIDENTIAL prior to its production or, if inadvertently produced without such legend, by furnishing written notice to the receiving party that the information shall be considered Confidential under this Protective Order. The parties will use reasonable care to avoid designating any documents or information Confidential that are generally available to the public.

2.2    Each party shall have the right to designate as "Attorneys' Eyes Only," restricted to review by Authorized Counsel's eyes only and subject to this Protective Order, any information produced in this action which contains, reflects, or otherwise discloses trade secrets, current research and development or competitively sensitive information. To the extent that

material is marked ATTORNEYS' EYES ONLY such material shall be revealed to or used only by Authorized Counsel and experts as provided for in paragraph 4 and shall not be communicated in any manner, either directly or indirectly, to any person or entity not permitted disclosure pursuant to this Protective Order. Any copies of such materials, abstracts, summaries or information derived there from, and any notes or other records regarding the contents thereof shall also be deemed for "Attorneys' Eyes Only" and the same terms regarding confidentiality of these materials shall apply as apply to the originals.

      2.3     With respect to all materials provided for inspection by a party's counsel, designation by stamping or labeling need not be made until copies of the materials are requested after inspection and selection by counsel. Making documents and things available for inspection shall not constitute a waiver of any claim of confidentiality, and all materials provided for inspection by a party's counsel shall be treated as though designated "Attorneys' Eyes Only" from the time of the inspection until otherwise designated pursuant to this Protective Order.

### 3.    Limit On Use And Disclosure Of Designated Information

      3.1     All recipients of Confidential or Attorneys' Eyes Only information pursuant to this Protective Order shall use any information or document governed by this Protective Order only in connection with the prosecution or defense of this action, except by consent of the parties or order of the Court. The prosecution and defense of this action does not include prosecution of patent applications, reissue applications, reexamination applications, interference proceedings, or opposition proceedings. No party or other person shall disclose or release to any person not authorized under this Protective Order any information or document governed by this Protective Order for any purpose, or to any person authorized under this Protective Order for any other purpose.

      3.2     While it is understood that counsel for a party may give advice and opinions to his or her clients regarding this litigation based on his or her evaluation of designated Confidential and Attorneys' Eyes Only information received by the party – provided that such rendering of

advice and opinions shall not reveal the content of such information except by prior written agreement with counsel for the producing party – counsel receiving Confidential or Attorneys' Eyes Only information under this Protective Order will not in any way use such information to provide advice or opinions to in any way facilitate prosecution of any patents or to otherwise attempt to secure valid patent claims (*e.g.*, reissue, reexamination, certificates of correction).

3.3    The attorneys of record for the parties and other persons receiving information governed by this Protective Order shall exercise reasonable care to ensure that the information and documents governed by this Protective Order are (a) used only for the purposes specified herein and (b) disclosed only to authorized persons.

### 4.    Disclosure of Designated Information

4.1    Documents or information designated Confidential shall be disclosed by the recipient thereof only to:

a.    all Authorized Counsel and such counsel's support staff, legal assistants, and clerical personnel who are working on this action and need to have access to such information for the purposes of this action only.  The term "Authorized Counsel" shall be limited to:  (i) Morris, Nichols, Arsht & Tunnell; (ii) the Affymetrix Litigation Unit; (iii) Blank Rome LLP; and (iv) Kirkland & Ellis LLP.  Although "Authorized Counsel" shall be limited to the above lawyers, the parties reserve the right to request permission to amend this Protective Order to include additional attorneys as "Authorized Counsel," and the parties agree that such permission shall not be unreasonably withheld;

b.    the Court and Court personnel;

c.    consultants or experts and their staffs retained by the parties or their attorneys for purposes of this action, subject to the procedures of paragraph 6, who are not employees or otherwise affiliated with any of the parties (except persons scheduled to be deposed by either of the parties pursuant to Rule 30(b)(6) of the Federal Rules of Civil

4

Procedure), and who first agree to be bound by the terms of this Protective Order by executing a Confidentiality Undertaking in the form attached as Exhibit A hereto;

        d.     up to two Affymetrix, Inc. employees not involved in the preparation or prosecution of patent applications, provided that each individual must first agree to be bound by the terms of this Protective Order;

        e.     up to two Illumina, Inc. employees not involved in the preparation or prosecution of patent applications, provided that each individual must first agree to be bound by the terms of this Protective Order;

        f.     court reporters employed in connection with this action;

        g.     outside copying and computer services necessary for document handling, and other litigation support personnel (*e.g.*, graphic designers and animators);

        h.     jury consultants and mock jurors, provided that all mock jurors agree not to discuss or disclose any protected information outside the context of the mock jury exercises, and that no materials bearing confidential information are left in the possession of the mock jurors after conclusion of the mock jury exercises.

Neither party shall disclose any Attorneys' Eyes Only information to any lawyer or other person who currently writes or prosecutes patent applications or who substantively reviews or provides substantive input to the drafting of patent application for either party or any third party.

        4.2     Documents or information designated Attorneys' Eyes Only shall be disclosed only to those categories of individuals listed in paragraph 4.1, excluding paragraphs 4.1(d) and 4.1 (e).

        4.3     No disclosure of Confidential or Attorneys' Eyes Only information shall be made to persons in paragraph 4.1(c) unless such person has executed a written Confidentiality Undertaking (in the form set forth in Exhibit A hereto) acknowledging and agreeing to be bound by the terms of this Protective Order. Copies of such Confidentiality Undertakings shall be promptly served on the producing party. Separate Confidentiality Undertakings shall not be required for staff members working under the supervision of an individual signing a

Confidentiality Undertaking. In any case, the provisions of paragraph 6 must be followed prior to any disclosure of Confidential or Attorneys' Eyes Only information to such individuals or their staff.

  4.4 Anyone who receives Attorneys' Eyes Only information shall not write or prosecute any patent applications for either party or any third party for a period of two years following final termination of this action.

  4.5 No disclosure of Confidential information shall be made to persons in paragraphs 4.1(d) or 4.1(e) unless such person has executed a written Confidentiality Undertaking (in the form set forth in Exhibit A hereto) acknowledging and agreeing to be bound by the terms of this Protective Order. Copies of such Confidentiality Undertaking shall be promptly served on the producing party. The producing party shall have five (5) business days from receipt of the Confidentiality Undertaking to object to the disclosure of Confidential material to the identified person. Objections shall not be made except where the objecting party has a good faith belief that it will be harmed by the disclosure of the party's information. The parties will endeavor to resolve informally any such objection promptly. If the parties do not reach resolution, the producing party may, within five (5) business days after serving the objection, move the court for an order disallowing the identified person from receiving Confidential information pursuant to this Protective Order. In the event an objection is made and not resolved informally and a motion is filed, disclosure of information to the identified person shall not be made except by Order of the Court (or to any limited extent upon which the parties may agree).

### 5. Withholding and Redaction

  Counsel for a party producing documents may withhold documents or mask ("redact") material deemed exempt from discovery because such documents or material are protected from disclosure under the attorney-client privilege or work product doctrine of Rule 26(b) of the Federal Rules of Civil Procedure. For withheld documents: the documents withheld, along with the protection claimed for the document and the basis for the protection, shall be reported on a

log to be provided within ninety (90) calendar days after the production of the files from which the withheld documents originate. For redacted documents: (i) the produced document must identify the area where redaction has occurred; and (ii) the identity of the redacted document, the protection claimed for the redacted portions, and the basis for the protection shall be reported on a log to be provided within ninety (90) calendar days after the production of the redacted document. In all cases, sufficient information must be provided to enable the other party to evaluate the legitimacy of the asserted privilege or immunity.

### 6.    Identification of Experts

6.1    If any party desires to disclose information designated Confidential or Attorneys' Eyes Only to any expert or consultant pursuant to paragraph 4 above, it must first identify in writing to the attorneys for the producing party each such expert or consultant. Such identification shall include the full name and professional address and/or affiliation of the proposed expert or consultant, a current curriculum vitae identifying at least all other present and prior employments or consultancies of the expert or consultant in the field, a list of the cases in which the expert or consultant has testified at a deposition or at trial or at a hearing within the last four years and all prior and/or present relationships between the expert or consultant and the parties in this case. Should any party have an expert or consultant who cannot disclose present or prior employments as called for above because of an existing confidentiality obligation, the party shall state such in making its disclosure. In this circumstance, the parties may, by mutual agreement, waive part or all of the requirements of disclosure listed in this paragraph. Absent such agreement or waiver, no Confidential or Attorneys' Eyes Only information of the producing party in this case shall be provided to such expert or consultant unless and until an order of the Court permits such disclosure.

6.2    The attorney for the producing party shall have five (5) business days from receipt of such notice to object to disclosure of such information to any of the experts or consultants so identified. Objections shall not be made except where the objecting party has a good faith belief

that it will be harmed by the disclosure of the party's information. Any objection made to an opposing party shall state in detail the basis for the objection and (i) identify the objecting party's Confidential or Attorneys' Eyes Only information that underlies the objection; (ii) identify how the party believes such information would be used to harm it; and (iii) state why the objecting party believes the protections already afforded by this Order would be inadequate to prevent the anticipated harm such that the objection is warranted.

6.3    The parties shall attempt to resolve any objections informally. If the objections cannot be resolved, the objecting party may move the Court for an Order preventing disclosure to the expert or consultant within ten (10) business days after the objection was made. If any such motion is made, the objecting party shall bear the burden of proof. If no such motion is made within said ten (10) business day period, the expert or consultant shall be permitted to receive Confidential or Attorneys' Eyes Only information pursuant to the terms of this Protective Order. In the event objections are made and not resolved informally and a motion is filed, disclosure of information to the expert or consultant shall not be made except by Order of the Court (or to any limited extent upon which the parties may agree).

### 7.    Related Documents

Information designated Confidential or Attorneys' Eyes Only shall include (a) all documents, copies, extracts, and complete or partial summaries prepared from or containing such information; (b) portions of briefs, memoranda, or any other papers filed with the Court and exhibits thereto which contain or reflect the content of any such documents, copies, extracts, or summaries; and (c) deposition testimony designated in accordance with paragraph 8.

### 8.    Designation Of Transcripts

8.1    Deposition transcripts, or portions thereof, may be designated as subject to this Protective Order either (a) at the time of such deposition, in which case the transcript of the designated testimony shall be marked by the reporter with the appropriate legend (*see* paragraphs

8

2.1 and 2.2) as the designating party may direct, or (b) within seven (7) business days after receipt of the official transcript of the deposition by providing written notice to the reporter and all counsel of record, in which case all counsel receiving such notice shall mark the copies or portions of the designated transcript in their possession or under their control as directed by the designating party.

8.2     All deposition transcripts not previously designated shall be deemed to be, and shall be treated as, Attorneys' Eyes Only for a period of seven (7) business days after receipt of the official transcript of the deposition, and the transcript shall not be disclosed by a non-designating party to persons other than those persons named or approved according to paragraph 4 during that period. Any portions of such transcripts not designated within this time frame shall not be treated as Confidential or Attorneys' Eyes Only information, except by order of the Court.

8.3     The designating party shall have the right to exclude from a deposition, before the taking of testimony which the designating party designates Confidential or Attorneys' Eyes Only and subject to this Protective Order, all persons other than those persons previously qualified to receive such information pursuant to paragraph 4. The failure of such persons to leave a deposition whenever such a request is made under this paragraph shall justify counsel to instruct the witness that he or she shall not answer the question, if the counsel has a reasonable belief that the answer would disclose Confidential or Attorneys' Eyes Only information.

8.4     At any court hearing or proceeding, no party is prevented by this Order from moving the Court to close the hearing and designate all or portions of the transcript as Confidential or Attorneys' Eyes Only information.

9.     **Disclosure To Author Or Recipient**

Notwithstanding any other provisions of this Order, nothing herein shall prohibit counsel for a party from disclosing a document containing information designated Confidential or Attorneys' Eyes Only to any current employee of the producing party or to any person that the document clearly identifies as an author, addressee, or recipient of such document or who can be

shown by appropriate foundation (without disclosing the contents of the document) to have received the particular document. Regardless of the designation pursuant to this Order, if a document or testimony makes reference to the actual or alleged conduct or statements of a person who is a potential witness, counsel may discuss the subject matter of such conduct or statements with such witness without revealing any portion of the contents of the document or testimony, and such discussion shall not constitute disclosure in violation of this Protective Order.

10.    **Designation Of Documents Under Seal**

Any information designated Confidential or Attorneys' Eyes Only, if filed with the Court, shall be filed under seal and shall be made available only to the Court and to persons authorized by the terms of this Order. The party filing any paper which reflects, contains, or includes any other party's Confidential or Attorneys' Eyes Only information subject to this Order shall file such paper in a sealed envelope, or other appropriately sealed container, which indicates the title of the action, the party filing the materials, the nature of the materials filed, the appropriate legend (*see* paragraphs 2.1 and 2.2), and a statement substantially in the following form:

> **CONFIDENTIAL INFORMATION**
> **This envelope contains documents subject to a Protective Order of the Court dated _____. It should be opened only by the Court. Its contents should not be disclosed, revealed, or made public except in accordance with the terms of said Order or upon further order of the Court or written agreement of the parties.**

When filing papers under seal, counsel will deliver to the Clerk an original and one copy of the papers. A party may choose to file any document containing its own Confidential or Attorneys' Eyes Only designated information not under seal, in which case such information will be considered de-designated from its Confidential or Attorneys' Eyes Only status under this Order going forward.

11.     **Challenge To Confidentiality**

11.1     This Protective Order shall not preclude any party from seeking and obtaining, on an appropriate showing, such additional protection with respect to the confidentiality of documents or other discovery materials as that party may consider appropriate.  Nor shall any party be precluded from (a) claiming that any matter designated hereunder is not entitled to the protections of this Order, (b) applying to the Court for an order permitting the disclosure or use of information or documents otherwise prohibited by this Order, or (c) applying for a further order modifying this Order in any respect.  No party shall be obligated to challenge the propriety of any designation, and failure to do so shall not preclude a subsequent challenge to the propriety of such designation.

11.2     On any motion challenging the designation of any information, the burden of proof shall lie with the producing party to establish that the information is, in fact, Confidential or Attorneys' Eyes Only information.  If a party seeks de-designation of particular items the following procedure shall be utilized:

a.     The party seeking such de-designation shall give counsel of record for the other party written notice thereof by facsimile or electronic mail specifying the designated information as to which such removal is sought and the reasons for the request; and

b.     If, after conferring, the parties cannot reach agreement concerning the matter within five (5) business days after the delivery and receipt of the notice, then the party requesting the de-designation of particular items may file and serve a motion for a further order of this Court directing that the designation shall be so removed.

12.     **Prior Or Public Knowledge**

This Protective Order shall not apply to information that, prior to disclosure, is public knowledge, and the restrictions contained in this Order shall not apply to information that is, or after disclosure becomes, public, was in the possession of the party to whom disclosure is made prior to disclosure, or is public knowledge other than by an act or omission of the party to whom

such disclosure is made, or that is legitimately and independently acquired from a source not subject to this Order.

### 13.    Limitation Of Protective Order

This Protective Order is not intended to address discovery objections to produce, answer, or respond on the grounds of attorney-client privilege or work product immunity, or to preclude any party from seeking further relief or protective orders from the Court as may be appropriate under the Federal Rules of Civil Procedure.

### 14.    Other Proceedings

14.1    By entering this Order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this Order who may be subject to a motion to disclose another party's Confidential or Attorneys' Eyes Only information pursuant to this Order shall promptly notify that party of the motion and provide that party with a copy of the motion so that it may have an opportunity to appear and be heard on whether such information should be disclosed.

14.2    Furthermore, any person or party subject to this Order who is subject to a subpoena to disclose another party's Confidential or Attorneys' Eyes Only information shall promptly notify that party of the existence of the subpoena and provide that party with a copy of the subpoena so that party may have an opportunity to appear and be heard on whether such information should be disclosed.

### 15.    Inadvertent Disclosure Of Work Product Or Privileged Information

15.1    The producing party shall promptly notify the receiving party in writing in the event of an inadvertent production of documents subject to work product immunity or the attorney-client privilege after the producing party learns of such inadvertent production. Upon

being notified by the producing party pursuant to this paragraph, counsel for the non-producing party shall use his or her best efforts to retrieve all copies of the documents at issue. The receiving party shall return or destroy all copies of such documents within three (3) business days of such notice and certify such return or destruction in writing to the producing party. Return or destruction of the document by the receiving party shall not constitute an admission or concession, or permit any inference, that the returned or destroyed document is, in fact, properly subject to a claim of attorney-client privilege or work product immunity. Within three (3) business days of such certification, the producing party shall provide a privilege log that provides the basis upon which protection is claimed for the returned or destroyed document. The receiving party shall not be in violation of this Order for disclosures made prior to receipt of notification.

      15.2    Within three (3) business days after production of the privilege log, the parties shall confer to determine whether the receiving party challenges the inadvertence of the production, whether the documents were in fact privileged, or claims waiver of the privilege or immunity. If, after conferring, the parties are unable to reach a satisfactory agreement, the producing party may move the Court regarding the matter within fifteen (15) business days after initial notification was provided. If, after conferring, the parties are unable to reach a satisfactory agreement and the producing party does not move the Court regarding the matter within the fifteen (15) day period, the producing party must produce the document to the receiving party, and will have waived any claim of inadvertence, attorney-client privilege, or work product protection.

      15.3    No receiving party shall disclose or make any use of any information in the document for which the claim of immunity or privilege is being made, except as provided in paragraph 12, to any person until the expiration of the fifteen (15) day period identified in paragraph 15.2, nor while any motion regarding the matter is pending.

16.    **Non-Party Material**

The terms of this Protective Order, as well as the terms of any protective order that may be entered into between a discovering party and third party for the production of information to the discovering party, are applicable to Confidential or Attorneys' Eyes Only information provided by a non-party. Information provided by a non-party in connection with this action and designated Confidential or Attorneys' Eyes Only, pursuant to the terms of this Order shall be protected by the remedies and relief provided by this Order.

17.    **Return Of Designated Information**

Within ninety (90) calendar days of the final termination of this action by unappealable judgment, exhaustion of all appeals, or settlement, unless otherwise agreed to in writing by an attorney of record for the designating party, each party shall assemble and return, or certify destruction of, all materials containing information designated Confidential or Attorneys' Eyes Only, including all copies, extracts, and summaries thereof, to the party from whom the designated material was obtained, except that (a) any documents or copies which contain, constitute, or reflect attorneys' work product or attorney-client privilege communications and (b) archive copies of pleadings, motion papers, deposition, hearing and trial transcripts, correspondence, expert reports, and written discovery responses may be retained by Authorized Counsel. As to electronic reports, summaries, databases, or other documents that simply summarize or collect information from documents designated Confidential or Attorneys' Eyes Only, but do not contain other attorney work product or attorney-client communications, the receiving party shall delete all such electronic information.

18.    **Waiver Or Termination Of Order**

No part of the restrictions imposed by this Protective Order may be waived or terminated, except by written stipulation executed by Authorized Counsel for each designating party, or by

an Order of the Court for good cause shown. The restrictions provided for herein shall not terminate upon the conclusion of this action, but shall continue until further Order of this Court.

### 19.    Modification Of Order; Prior Agreements

This Protective Order may be modified, and any matter related to it may be resolved, by written stipulation of the parties without further Order of the Court. This Order supersedes any agreements between the parties regarding the confidentiality of particular information entered into before the date of this Order.

### 20.    Section Captions

The title captions for each section of this Protective Order are for convenience only and are not intended to affect or alter the text of the sections or the substance of the Order.

**IT IS SO ORDERED:**

Dated: _July 28, 2005_

UNITED STATES DISTRICT JUDGE

EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

AFFYMETRIX, INC.,

       Plaintiff/Counter-
       Defendant,

   v.

ILLUMINA, INC.,

       Defendant/Counter-
       Plaintiff.

C. A. No. 04-901-JJF

## CONFIDENTIALITY UNDERTAKING

    I have read the Protective Order concerning the confidentiality of information in the above-captioned litigation. I understand that the Protective Order is a Court Order designed to preserve the confidentiality of certain confidential information. I also understand that the Protective Order restricts the use, disclosure, and retention of such confidential information and also requires the safeguarding and return of documents and other materials containing confidential information.

    I agree to comply with all provisions of the Protective Order described above with respect to any information designated Confidential or Attorneys' Eyes Only that is furnished to me. I

hereby consent to the personal jurisdiction of the United States District Court, District of Delaware, for any proceedings involving the enforcement of that Order.

      EXECUTED this ___ day of _____, 2004

_____
Name

_____
Affiliation

_____
Street

_____
City, State, Zip Code

## CERTIFICATE OF SERVICE

I hereby certify that on the 4th day of January 2006, I caused to be electronically filed the foregoing document, DEFENDANT ILLUMINA, INC.'S NOTICE OF SUBPOENA OF CHUNWEI WANG, with the Clerk of the Court using CM/ECF which will send notification of such filing to the following:

        Jack B. Blumenfeld, Esq.
        Mary Ellen Noreika, Esq.
        Morris Nichols Arsht & Tunnell
        1201 Market Street
        Wilmington, DE  19801

Additionally, I hereby certify that on the 4th day of January 2006, the foregoing document was served via facsimile on the following non-registered participants:

        Daniel R. Reed, Esq.
        Affymetrix, Inc.
        6550 Vallejo Street, Suite 100
        Emeryville, CA 94618
        Facsimile:  (510) 428-8583

                    By:/s/ Richard K. Herrmann
                        Richard K. Herrmann #405
                        Mary B. Matterer #2626
                        MORRIS, JAMES, HITCHENS &
                        WILLIAMS LLP
                        PNC Bank Center, 10th Floor
                        222 Delaware Avenue
                        Wilmington, Delaware  19899-2306
                        (302) 888-6800
                        mmatterer@morrisjames.com