IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AFFYMETRIX, INC.,<br><br>      Plaintiff/Counter-<br>      Defendant,<br><br>    v.<br><br>ILLUMINA, INC.,<br><br>      Defendant/Counter-<br>      Plaintiff. | C.A. No. 04-901-JJF |

**AFFYMETRIX, INC.'S MOTION
FOR ENTRY OF A PROTECTIVE ORDER**

      Affymetrix, Inc., hereby moves pursuant to Rule 26(c) of the Federal Rules of Civil Procedure for a protective order preventing the deposition of Fred R. Kramer, Ph.D. from going forward.

      1.    Rule 45(b)(1) of the Federal Rules of Civil Procedure requires prior notice of a subpoena before service.  "The term 'prior notice' has been interpreted to mean notice prior to service of the subpoena on the nonparty rather than prior to document production." *McCurdy v. Wedgewood Capital Mgmt Co., Inc.*, 1998 WL 964185 E.D. Pa. Nov. 16, 1998) (citing *Biocore Med. Techs., Inc. v. Khosrowshahi*, 118 F.R.D. 660, 666-67 (D. Kan. 1998)).

      2.    Additionally, Local Rule 30.1 of the United States District Court for the District of Delaware requires written notice of deposition of not less than 5 business days before deposition.

      3.    On December 27, 2005, Illumina served a subpoena on Fred R. Kramer, Ph.D., seeking the deposition of Dr. Kramer on January 9, 2005.  Illumina did not give Affymetrix prior notice of that subpoena in violation of Fed. R. Civ. Pro. 45(b)(1).  In fact,

Illumina did not give Affymetrix any notice of the subpoena or the Kramer deposition until 7:11 pm on Wednesday, January 4, 2006 (more than a week after the subpoena was served on Dr. Kramer). Moreover, Illumina gave Affymetrix notice just three business days before the purported deposition date in violation of Local Rule 30.1.[1]

4. Illumina's failure to give Affymetrix proper notice of the Kramer deposition is inexplicable given that counsel for the parties have been in regular contact discussing scheduling issues, but the Kramer deposition was never mentioned. To the contrary, during discussions on January 3 and January 4, counsel for Illumina represented to counsel for Affymetrix that it would not be presenting any witnesses for depositions scheduled for the week of January 9, and, in fact, claimed that there would be no deposition on January 9.

5. Allowance of the January 9 deposition would be prejudicial to Affymetrix, Inc. and cause undue hardship. There are currently multiple depositions scheduled next week in locations including Boston, MA, Rochester, NY, San Diego, CA and there is a hearing set for January 12.

6. Preparing for the Kramer deposition on top of those other depositions will require review of more than 8000 pages of documents. Illumina apparently received these documents on December 20, 2005, but did not produce them to Affymetrix, Inc. until January 3, 2006.

---

[1] Illumina's violation of the prior notice provision of Rule 45 has been rather flagrant in this case, and has included subpoenas Illumina has served on third parties as well as *current Affymetrix employees* (who, had Illumina properly given notice, would have been produced without the expense and inconvenience of being served with a subpoena. Affymetrix does not even now know whether it has received notice of all subpoenas that Illumina has issued in connection with this case.

WHEREFORE, for the foregoing reasons, the Affymetrix, Inc. respectfully requests the entry of a protective order precluding the deposition of Fred R. Kramer, Ph.D. from going forward.

    MORRIS, NICHOLS, ARSHT & TUNNELL

    */s/ Maryellen Noreika (#3208)*
    _____
    Jack B. Blumenfeld (#1014)
    Maryellen Noreika (#3208)
    1201 N. Market Street
    P.O. Box 1347
    Wilmington, DE  19899-1347
    (302) 658-9200
      *Attorneys for Plaintiff/Counter-Defendant*
      *Affymetrix, Inc.*

OF COUNSEL:

Michael J. Malecek
Daniel R. Reed
George C. Yu
Andrea L. Gross
AFFYMETRIX, INC.
6550 Vallejo Street, Suite 100
Emeryville, CA  94608
(510) 428-8500

January 5, 2006

CERTIFICATE PURSUANT TO D. DEL. LR 7.1.1

I hereby certify, pursuant to D. Del. LR 7.1.1, that on January 4, 2006, I requested that Illumina's counsel confirm that the Kramer deposition would not go forward on January 9th. Illumina's counsel has not yet provided any such confirmation.

/s/ *Maryellen Noreika* (#3208)
Maryellen Noreika

CERTIFICATE OF SERVICE

I hereby certify that on January 5, 2006, I electronically filed the foregoing document using CM/ECF which will send notification of such filing(s) to the following:

Richard K. Herrmann
Morris, James, Hitchens & Williams LLP

I also certify that copies were caused to be served on January 5, 2006 upon the following in the manner indicated:

BY HAND

Richard K. Herrmann
Morris, James, Hitchens & Williams LLP
222 Delaware Avenue, 10th Floor
P.O. Box 2306
Wilmington, DE  19899-2306

BY FACSIMILE

Marcus E. Sernel
Kirkland & Ellis LLP
200 East Randolph Drive
Chicago, IL  60601

/s/ Maryellen Noreika
Maryellen Noreika (#3208)
1201 N. Market Street
P. O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200
mnoreika@mnat.com