IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AFFYMETRIX, INC., a Delaware corporation, | ) |
| Plaintiff/Counter-Defendant, | ) |
| v. | ) Civil Action No.: 04-901 JJF |
| ILLUMINA, INC., a Delaware corporation, | ) **PUBLIC VERSION** |
| Defendant/Counter-Plaintiff. | ) |

**MEMORANDUM IN SUPPORT OF ILLUMINA, INC.'S MOTION FOR LEAVE
TO FILE FIRST AMENDED ANSWER AND COUNTERCLAIMS**

Richard K. Herrmann (#405)
MORRIS, JAMES, HITCHENS
& WILLIAMS LLP
PNC Bank Center, 10th Floor
222 Delaware Avenue
Wilmington, Delaware 19801
(302) 888-6800
rherrmann@morrisjames.com

Robert G. Krupka, P.C.
KIRKLAND & ELLIS LLP
777 South Figueroa Street
Los Angeles, California 90017
(213) 680-8400

Mark A. Pals
Marcus E. Sernel
KIRKLAND & ELLIS LLP
200 East Randolph Drive
Chicago, Illinois 60601
(312) 861-2000

*Attorneys for Illumina, Inc.*

Original filed: January 7, 2006
Public version filed: January 7, 2006

Illumina moves the Court for leave to file an amended answer and counterclaims that adds the following allegations: (1) inequitable conduct with respect to all six asserted patents; (2) a violation of Section 2 of the Sherman Act based on assertion of patents procured by fraud and other anticompetitive activity; and (3) unclean hands. Despite the liberal standards that govern amendment of pleadings, and the fact that Illumina sought this amendment well in advance of the Court's January 15, 2006 deadline for such amendments, Affymetrix has declined to stipulate to this amendment. Affymetrix' opposition to this motion is based solely on its concern as to the merits of Illumina's new allegations, not on any sound legal basis.

Discovery to date has revealed that the six patents asserted by Affymetrix in this case are the product of intentional and egregious fraud. These are not boilerplate allegations of inequitable conduct -- the facts reveal Affymetrix inventors and prosecution counsel engaged in a continuing scheme to attempt to patent inventions they knew to have been previously invented by others, while concealing this extraordinarily material prior art from the United States Patent and Trademark Office (USPTO). For example:

- Affymetrix inventor and CEO Stephen Fodor learned of the concept of a "sequencing chip" -- employing the use of encoded beads placed on a chip substrate, as is claimed in the asserted '243 and '432 patents -- from conference presentations by Radoje Drmanac and Radomir Crkvenjakov that he and others associated with Affymetrix attended in 1989 and 1990. Only after learning of the "sequencing chip" concept from these conference presentations did Fodor attempt to describe or patent them, and Fodor did not disclose these presentations or his knowledge of them to the USPTO.

**REDACTED**

1

**REDACTED**

These inequitable conduct allegations have substantial merit, and are anything but futile. Moreover, Affymetrix has since engaged in efforts to bury all of this evidence and prior art by, among other things,     **REDACTED**

. This post-issuance conduct, along with the inequitable conduct committed during prosecution, fully supports an allegation and finding of unclean hands.

Illumina's allegation of a violation of Section 2 of the Sherman Act is also well-pled and fully supported by the evidence. Affymetrix is asserting patents in this case that have been procured as the result of fraud, and is seeking to maintain and further its monopoly in the nucleic acid array marketplace. Affymetrix has enjoyed a huge market share for many years, and it has engaged in many anti-competitive activities that have restricted the ability of others to compete in the marketplace.

Illumina brings these serious allegations only after substantial fact gathering has been completed. These allegations are interwoven with and a critical part of Illumina's

overall defense in this case. Illumina accordingly submits its First Amended Answer and Counterclaims as explicitly authorized by this Court's July 13, 2005 Scheduling Order.

## I. FACTUAL BACKGROUND.

On July 26, 2004, Affymetrix brought this case against Illumina seeking to enforce six patents related to DNA microarray technology. Since that time, Illumina has worked diligently to defend against Affymetrix's patent infringement allegations, and has recently unearthed evidence establishing that the asserted patents are not enforceable. More particularly, it has become clear that Affymetrix obtained each of the asserted patents fraudulently from the USPTO by concealing evidence that would establish that others -- not the named inventors of the asserted patents -- are the true inventors of the subject matter disclosed in these patents. Illumina's ongoing investigation has further revealed that Affymetrix has continued its efforts to conceal the identity of the true inventors of the subject matter of the asserted patents by seeking agreements with these individuals to prevent them from testifying about their inventive work.

These facts, among others, form the basis for Illumina's new allegations of inequitable conduct, unclean hands and antitrust violations, which it seeks to add in the attached amended pleading. Once it obtained knowledge regarding these facts, and conducted a thorough investigation to ensure that it had met its pre-filing obligations under the Federal Rules, Illumina has diligently sought to amend its Answer and Counterclaims. As an initial step, Illumina sent Affymetrix a draft of the amended pleading on December 27, 2005, informing Affymetrix that Illumina would like to file the amended pleading as soon as possible and that Affymetrix should inform Illumina whether it intended to oppose Illumina's motion for leave to amend. *See* Ex. A, 12/27/05 Letter from Sernel to Malecek. On January 4, 2006, after prodding from Illumina, Affymetrix responded, stating that it

intended to oppose Illumina's motion for leave to amend because the amendments were futile, although it provided no explanation as to how or why. *See* Ex. B, 1/4/06 Letter from Reed to Sernel, at 3. Illumina thus brings the instant Motion before the deadline that the Court set in its Scheduling Order for amending the pleadings. *See* D.I. #53, 7/13/05 Rule 16 Scheduling Order, at 3 ("All motions to amend the pleadings shall be filed on or before January 15, 2006.").

II. **THE PROPOSED AMENDMENT IS APPROPRIATE UNDER RULE 15(A) OF THE FEDERAL RULES OF CIVIL PROCEDURE.**

In pertinent part, Federal Rule of Civil Procedure 15(a) provides:

> [A] party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires.

The Supreme Court has interpreted Rule 15(a) to mean that leave to amend should be freely given in the absence of (a) undue delay, (b) bad faith or dilatory motive on the part of the movant, (c) repeated failure to cure deficiencies by amendments previously allowed, (d) undue prejudice to the opposing party by virtue of allowance of the amendment, or (e) futility of the amendment. *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *Lundy v. Adamar of New Jersey, Inc.*, 34 F.3d 1173 (3d Cir. 1994) (holding that absent undue or substantial prejudice, an amendment should be allowed unless "denial [can] be grounded in bad faith or dilatory motive, truly undue or unexplained delay, repeated failure to cure deficiency by amendments previously allowed or futility of amendment.").

The decision whether to grant leave to amend a complaint is "addressed to the sound discretion of the district court." *Cureton v. National Collegiate Athletic Ass'n*, 252 F.3d 267, 272 (3d Cir. 2000). The burden, however, is on the non-moving party to show that it would be prejudiced by the amendment. *Kiser v. General Elec. Corp.*, 831 F.2d

423, 427-28 (3d Cir. 1987). As Affymetrix cannot show undue delay or bad faith on the part of Illumina, or that the amendment would prejudice them or is futile, the Court should grant Illumina leave to file its First Amended Answer and Counterclaims.

### A. Illumina Did Not Unduly Delay In Seeking Leave to Amend the Pleadings.

The passage of time, without more, does not create "undue delay" that warrants denial of a motion for leave to amend. Rather, delay is undue when it places "an unwarranted burden on the court." *Cureton*, 252 F.3d at 273; *Adams v. Gould, Inc.*, 739 F.2d 858, 868 (3d Cir. 1984). Here, the claims that Illumina seeks to add in the amended pleading do not add an unwarranted burden on the Court because they derive from, and/or are related to, the patents and claims that are already asserted in this case. For example, the inequitable conduct allegations that Illumina seeks to add are directed towards the patents that Affymetrix has asserted against Illumina in this case, and relate primarily to prior art that has been in Illumina's invalidity contentions for months. Furthermore, the antitrust and unclean hands allegations derive from, for the most part, these same inequitable conduct claims related to the asserted patents, and/or the unfair competition claims that Illumina has already pled. Accordingly, because these new claims derive from, and/or are related to, patents and claims already at issue in this case, Illumina's amended pleading does not introduce any unwarranted burden on the Court.

Furthermore, Illumina has not delayed in filing this motion for leave to amend. As an initial matter, Illumina filed the motion in advance of the January 15, 2006 deadline for such motions as set by this Court in its July 13, 2005 Scheduling Order. Furthermore, the facts that form the basis for the claims that Illumina seeks to add with its amended pleading were only discovered through discovery and investigations that Illumina

5

conducted after this litigation commenced. For instance, the deposition of Robert Lipshutz, who is an inventor on one of the asserted patents and is one of the sources of the evidence to support these new claims, was conducted in late November 2005. Before this discovery was taken and subsequent investigations conducted, Illumina was not in a position to allege these claims because it could not fully comply with its pre-filing obligations under the Federal Rules, or its Rule 9(b) "pleading with particularity" requirement for inequitable conduct allegations. *See Enzo Life Sciences, Inc. v. Digene Corp.*, 270 F. Supp.2d 484, 489 (D. Del. 2003) (Farnan, J.) (holding that leave to amend pleading to add inequitable conduct was not unduly delayed where party had only recently discovered facts that would allow them to meet "pleading with particularity" requirement of Rule 9(b)). Accordingly, Illumina has not unduly delayed in seeking to amend its pleadings to add these claims.

    **B.    Illumina Has Not Acted In Bad Faith In Seeking To Amend Its Complaint.**

Illumina has not acted with any bad faith in seeking to amend its pleading. As discussed above, Illumina did not delay in seeking to amend, and in fact, has brought this Motion within the time period set by the Court in its Scheduling Order for amending the pleadings. *See* July 13, 2005 Scheduling Order, DI #53. To the contrary, once it had collected facts sufficient to support these new allegations, Illumina moved diligently to seek leave to amend its pleadings to add these allegations, approaching Affymetrix on December 27, 2005, to determine whether they opposed Illumina's amendment, and filing this Motion only days after Affymetrix confirmed that it would. Under exactly these circumstances, courts have refused to find bad faith. *See, e.g., Trueposition, Inc. v. Allen Telecom, Inc.*, No. CIV.A.01-823 GMS, 2002 WL 1558531, at *2 (D. Del. July 16, 2002)

6

(holding that because the plaintiff filed its motion to amend in compliance with the deadline imposed by the court, there was no bad faith). Furthermore, these amendments do not materially add to the discovery burden already facing the parties, and Illumina does not anticipate any need to alter the October trial date in this case.

      **C.    Affymetrix Will Suffer No Undue Prejudice Through Illumina's Amended Complaint.**

Although generally "freely given," leave to amend a complaint may be denied if the amendment will prejudice the non-moving party. *Foman*, 371 U.S. at 182. An amendment is prejudicial when it places an undue burden on the non-moving party, such as additional costs that such party may incur and additional discovery it may need. *See Cureton*, 252 F.3d at 273; *Adams v. Gould, Inc.*, 739 F.2d 858, 868 (3d Cir. 1984).

Here, the new claims will not result in additional hardships for Affymetrix. As discussed above, the new claims that Illumina seeks to add are related to, and/or intertwined with, the patents and claims already asserted in this litigation. Accordingly, discovery for these new claims, for the most part, overlaps with the discovery that the parties have taken, or are scheduled to take, based on the existing claims and defenses in this case. Therefore, neither party will need to engage in substantial or expensive discovery based on these new claims alone.

Furthermore, this is not a situation where Illumina is seeking to add new parties that would require extensive additional discovery at the eleventh hour. Nor is it a situation where Illumina is seeking to add new claims that require extensive additional discovery such that there is a risk that trial will be delayed. To the contrary, Illumina seeks this amendment within the time frame that the Court set to add claims that are intertwined with those claims already at issue in this case.

It is important to note, however, that denying Illumina leave to amend the pleadings to add these claims would prejudice Illumina and would likely lead to greater burden on the parties. With respect to Illumina's claim that the asserted patents are unenforceable for inequitable conduct and unclean hands, these claims are compulsory. Therefore, if Illumina is unable to bring these claims in this litigation, it will lose them forever. Illumina cannot be denied the right to fully defend itself in this litigation, especially where it has complied with this Court's amendment deadline.

As for the antitrust counterclaim, denial of leave to amend would leave Illumina with the need to file another lawsuit to make these allegations against Affymetrix. Because the antitrust claims intertwine with the patent and unfair competition claims already asserted in this case, the parties will undoubtedly have to duplicate work if two cases are necessary. Clearly, the more efficient process for the Court and the parties is to address the antitrust claims in the context of this suit. Not only will Affymetrix not suffer any undue prejudice if the new claims are added, but it will actually benefit from the efficiencies attained by trying Illumina's antitrust claim in this case.

**D.     Illumina's Amendments Are Not Futile.**

As discussed above, Affymetrix's only stated basis for refusing to stipulate to Illumina's amended pleading is its contention that the amendments are futile because it disputes the sufficiency of the new claims. By focusing on the likelihood of whether these new claims will be meritorious, Affymetrix, however, applies the wrong standard for assessing futility under Fed. R. Civ. P. 15(a). An amendment is only futile if it would not survive a motion to dismiss. *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000) ("'Futility' means that the complaint, as amended, would fail to state a claim upon which relief could be granted."); *see also Enzo Life Sciences*, 270 F. Supp.2d at 489 (holding that

8

an amendment to add inequitable conduct was not futile because "the Court cannot conclude with certainty, at this juncture, that [moving party] can '"prove no sets of facts in support of [its] claim which would entitle [it] to relief."). In other words, the inquiry is not whether the amended claims are likely to succeed, but whether they meet the pleading requirements under the Federal Rules of Civil Procedure. And here, Illumina's new amendments comply with such pleading standards, and therefore are not futile.

As an initial matter, Illumina has set forth more than sufficient detail regarding each of the new claims in its amended pleading to fully satisfy the specificity requirements for each of these claims, including the heightened specificity requirements for pleading an inequitable conduct claim under Federal Rule 9(b), and to demonstrate that each claim is supported by more than ample evidentiary support. In other words, Illumina's amended complaint clearly establishes that for each new claim there exist facts that support such claims to relief. Therefore, Affymetrix cannot argue that these claims are futile because they fail to set forth a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6).

Indeed, the new claims that Illumina sets forth are much more than just barebones allegations for which there is limited support. To the contrary, each of these new claims is supported by detailed allegations and competent evidence. With respect to the inequitable conduct allegations, Illumina pleads facts that evince an ongoing scheme by inventors and prosecution counsel for the asserted patents to conceal material prior art from the USPTO during prosecution. By way of example, the evidence that Illumina has obtained to date in discovery shows that the '243 and '432 patents are unenforceable for inequitable conduct because Fodor, one of the purported inventors of these patents, learned of the alleged

invention of the claims of these patents from conference presentations of Drs. Drmanac and Crkvenjakov before attempting to describe them in a patent application, and intentionally withheld the prior art work and publications of Drs. Drmanac and Crkvenjakov from the USPTO. Indisputably, this allegation is sufficient for purposes of pleading an inequitable conduct claim, and is not subject to dismissal under Fed. R. Civ. P 12(b)(6) for failure to state a claim. As a review of Illumina's amended pleading reveals, each of the inequitable conduct allegations are similarly detailed and supported, and thus satisfy all pleading requirements, including setting forth a claim upon which relief can be granted.

Furthermore, the same allegations that support each of Illumina's inequitable conduct claims fully support the allegation that the asserted patents are unenforceable under the doctrine of unclean hands. In addition to Affyemtrix's improper prosecution behavior, which alone would support a finding of unclean hands, Illumina has discovered evidence that Affymetrix has engaged in conduct after the issuance of the asserted patents to conceal the work of those who actually invented the invention of Affymetrix's patents. These bases clearly support an allegation of unclear hands.

Finally, Illumina's allegation of a violation of Section 2 of the Sherman Act is properly pled and sufficiently supported by facts such that it would not be subject to a motion to dismiss for failure to state a claim. Specifically, as discussed above and described in detail in the amended pleading, the patents that Affymetrix is attempting to enforce in this case were procured as the result of fraud, and such enforcement threatens to lessen competition in the commercial DNA microarray market in the United States and worldwide. Moreover, because Affymetrix's market share is huge, and it has maintained --

and has attempted to maintain -- this monopoly market share through various improper activities as alleged in the pleading, Illumina has stated sufficient grounds to plead this claim and survive a motion to dismiss.

Given the strength of the evidence that Illumina has amassed to this point in discovery, and the detail with which Illumina has pled its First Amended Answer and Counterclaims, it is no wonder that Affymetrix is unable or unwilling to specify alleged technical pleading "deficiencies" in Illumina's amended pleading. Illumina will address any such alleged deficiencies on reply, in the event Affymetrix identifies any in opposition to this Motion.

## CONCLUSION

For the foregoing reasons, Illumina respectfully requests that the Court grant its motion for leave to file an amended answer and counterclaims.

Dated: January 7, 2006

_____
Richard K. Hermann (#405)
MORRIS, JAMES, HITCHENS & WILLIAMS LLP
222 Delaware Avenue, 10th Floor
Wilmington, Delaware 19801
(302) 888-6800
rherrmann@morrisjames.com

Robert G. Krupka, P.C.
KIRKLAND & ELLIS LLP
777 South Figueroa Street
Los Angeles, California 90017
(213) 680-8400

Mark A. Pals, P.C.
Marcus E. Sernel
KIRKLAND & ELLIS LLP
200 East Randolph Drive
Chicago, Illinois 60601
(312) 861-2000

*Attorneys for Illumina, Inc.*

11

## CERTIFICATE OF SERVICE

I hereby certify that on the 7th day of January, 2006, I caused to be electronically filed the foregoing document, **PUBLIC VERSION OF MEMORANDUM IN SUPPORT OF ILLUMINA, INC.'S MOTION FOR LEAVE TO FILE FIRST AMENDED ANSWER AND COUNTERCLAIMS,** with the Clerk of the Court using CM/ECF which will send notification of such filing to the following:

Jack B. Blumenfeld, Esq.
Mary Ellen Noreika, Esq
Morris Nichols Arscht & Tunnell
1201 Market Street
Wilmington, DE 19801

Additionally, I hereby certify that on the 7th day of January, 2006, the foregoing document was served via facsimile on the following non-registered participants:

Daniel R. Reed, Esq.
Affymetrix, Inc.
6550 Vallejo Street, Suite 100
Emeryville, CA 94608
510.428.8500
Fax 510.428.8583

Richard K. Herrmann (#405)
MORRIS, JAMES, HITCHENS
& WILLIAMS LLP
PNC Bank Center, 10th Floor
222 Delaware Avenue
P.O. Box 2306
Wilmington, Delaware 19899-2306
(302) 888-6800
rherrmann@morrisjames.com

Attorneys for Defendant ILLUMINA, INC.

1

# EXHIBIT A

Case 1:04-cv-00901-JJF    Document 166    Filed 01/07/2006    Page 14 of 19

# KIRKLAND & ELLIS LLP
### AND AFFILIATED PARTNERSHIPS

200 East Randolph Drive
Chicago, Illinois 60601

Marcus E. Sernel
To Call Writer Directly:
312 861-2389
msernel@kirkland.com

312 861-2000

www.kirkland.com

Facsimile:
312 861-2200

December 27, 2005

VIA E-MAIL

Daniel R. Reed
Affymetrix, Inc.
6550 Vallejo Street
Suite 100
Emeryville, CA 94608

Re: *Affymetrix, Inc. v. Illumina, Inc.*, Civil Action No. 04-901 JJF

Dear Dan:

I attach for your review Illumina, Inc.'s First Amended Answer and Counterclaims, which we would like to file with the Court as soon as possible. Please let me know whether Affymetrix will oppose Illumina's motion for leave to file this amended pleading. Moreover, please advise whether you believe any of the allegations in this amended pleading are truly confidential, as we do not believe that any of the allegations merit redaction from the public record.

Please provide your response on this issue as soon as possible, and in no event later than Friday morning.

Very truly yours,

Marcus E. Sernel

# EXHIBIT B



Daniel R. Reed
Litigation Attorney
Direct Dial: 510.428.8520
E-Mail Address: Daniel_Reed@affymetrix.com

January 4, 2006

**VIA EMAIL**

Marcus Sernel
Kirkland & Ellis LLP
200 East Randolph Drive
Chicago, Illinois 60601

    Re: *Affymetrix, Inc. v. Illumina, Inc.*
         Civil Action No. 04-901-JJF

Dear Marc:

    I write regarding various outstanding issues.

    As we discussed, Illumina has failed to comply with Federal Rule of Civil Procedure 45 which requires that prior notice of all subpoenas be served on all parties. Prior notice means notice before the subpoena is served, as confirmed by the case law. Affymetrix is aware of several instances where it has only learned of the subpoena after it was served. We suspect there may have been other instances where this has occurred. Please remedy this by immediately faxing (or emailing) to us all copies of subpoenas that Illumina has issued that have not been previously filed with the District Court. Affymetrix confirms that every subpoena it has issued has been filed with the District Court.

    As we have noted on several occasions, when Dr. Chee joined Illumina, Illumina purchased the intellectual property of Dr. Chee's company, nGenetics. This includes grant applications filed by Dr. Chee as referenced in his employment agreement. It also would include lab notebooks and other technical information of nGenetics – work created by Dr. Chee and Steven Auger. These documents have not been produced. As we discussed today, please inform us immediately whether Illumina is in possession of these documents so that we may, if necessary, serve a subpoena on Dr. Chee. (In this regard, could you also provide Dr. Chee's new counsel's name and contact information?)

    We have not been able to locate in Illumina's production a copy of the original collaboration agreement with ABI nor a settlement agreement with ABI. Public announcements regarding the original agreement and the settlement indicated that they included licenses to

6550 Vallejo Street
Suite 100
Emeryville, CA 94608
Telephone 510 428 8500
Fax 510 428 8583
www.affymetrix.com

Marcus Sernel
January 4, 2006
Page 2

intellectual property. Please produce these agreements or indicate the bates range where they were previously produced.

We have sent several letters regarding deficiencies in Illumina's production, including failure to produce many responsive documents identified in depositions, problems with Illumina's privilege log, and unlogged and inappropriate redactions of documents. Please let us have your response to each of these issues by Friday, January 6, 2006, so that we may raise them with the Court if they cannot be resolved.

We also requested by letter dated November 14, 2005, that Illumina destroy or return certain inadvertently-produced privileged documents. We have had no response to that letter. Please immediately confirm that those documents have been destroyed or will be returned.

We confirm that we accept the following dates for depositions:

- Jorge Velarde on January 17
- John Steulpnagel on January 18
- Jay Flatley on January 24
- Christian Henry on February 3

We await dates for Dr. Chee, Dr. Kermani, Dr. McDaniel, and Ms. Espinosa, as well as our outstanding 30(b)(6) notices. Affymetrix did serve a subpoena on Dr. Oliphant on December 14th. Assuming that Kirkland & Ellis has not been able to contact him and does not represent him, we would like to attempt to contact him to confirm the January 11, 2006, deposition date. Please let us know your position on this by the close of business on January 5, 2006. In the absence of any response, we will assume that K&E does not represent him. In the meantime, until either of us learns otherwise, both parties should assume that the deposition will go forward on that date.

I also want to confirm that Affymetrix owes Illumina dates for Mr. Dance, Mr. Sherr, and Mr. Lane, but has otherwise provided dates for all outstanding personal notices, all of which have been confirmed by Illumina. As to Illumina's Fourth 30(b)(6) notice, Affymetrix designates Carl Raimond as the deponent on the following topics to the extent they are not objectionable: 1-4 and 13. Mr. Raimond will testify on these topics at his deposition on January 10. We are working on identifying designees for the remaining topics.

The deposition of Massachusetts Biomedical Initiatives will go forward at the time and place noticed on the face of the subpoena.

As we discussed on the phone, the Affymetrix Litigation Unit represents Don Besemer. He has no documents responsive to the subpoena. We confirm that the deposition will go forward on January 13 as noticed in the subpoena.

Please inform us of whether Illumina intends to call at trial any of the third party witnesses listed on Illumina's preliminary fact witness list and, if so, which witnesses it intends

Marcus Sernel
January 4, 2006
Page 3

to call. We will be serving a subpoena on Dr. Crkvenjakov later this week. Please confirm by Thursday, January 5, 2006, that Kirkland & Ellis will accept service on his behalf.

Please let us have your response to the software escrow proposal. As a modification of the proposal that may be easier to implement, we could agree to provide to each other a laptop of our choosing for loading of the source code. This would allow each party to choose a laptop that would meet their expert's preferences. We would like to reach agreement and deposit the source code by this Friday, January 6.

We oppose the filing of Illumina's proposed amended counterclaims. The new allegations are defective under the pleading standards for inequitable conduct and antitrust law and are, therefore, futile. If Illumina persists in seeking to file its defective amended complaint, it must be filed under seal as it contains Attorneys' Eyes Only information. Please make sure that no one at Illumina reviews the confidential information contained in the proposed amended complaint.

Sincerely,

Daniel R. Reed
Litigation Attorney