# MORRIS, JAMES, HITCHENS & WILLIAMS LLP

222 Delaware Avenue, 10th Floor
Wilmington, Delaware 19801-1621
(302) 888-6800
Facsimile (302) 571-1751
www.morrisjames.com

Richard K. Herrmann
(302) 888-6816
rherrmann@morrisjames.com

January 10, 2006

Mailing Address
P.O. Box 2306
Wilmington, DE 19899-2306

**VIA ELECTRONIC FILING**
The Honorable Joseph J. Farnan, Jr.
United States District Court
 District of Delaware
844 King Street
Wilmington, DE 19801

Re:    *Affymetrix, Inc. v. Illumina, Inc.*, D. Del., C.A. No. 04-901-JJF

Your Honor:

Illumina submits the following summary of the issues it would like to raise to the Court's attention at the upcoming hearing on January 12, 2006.

1. <u>Affymetrix' Refusal to Produce Key Prior Art Documents</u>

Affymetrix refuses to produce highly relevant prior art-related documents because Illumina's specific request for these documents "was served several months after the deadline for document discovery imposed in the Court's Rule 16 Scheduling Order." This is false, and in any event a gross misreading of the Court's Scheduling Order. Affymetrix cannot be allowed to unilaterally shut off legitimate document discovery and shield very important evidence from discovery.

Illumina served its third set of document requests on December 7, 2005, specifically requesting documents relating to, *inter alia*, the prior art work of Dr. Andrei Mirzabekov, Dr. Yuri Lysov, the Engelhardt Institute of Molecular Biology, Dr. Alexendar Chetverin, Dr. Fred Kramer, the Public Health Research Institute, Dr. Radoje Drmanac, Dr. Radomir Crkvenjakov, Dr. Robert Foote, Dr. Richard Sachleben, and the University of Tennessee. These persons or entities represent the key sources of prior art in this case, and Illumina requested documents from Affymetrix relating to their knowledge of and relationships with them. Illumina sent a cover letter along with these requests noting that its previous document requests (served 11 months ago) had generally sought this information -- *e.g.*, Document Request No. 27 sought all documents and things relating to the invalidity or unenforceability of the Affymetrix Patents -- but that it was serving these narrowly-tailored requests to leave no doubt that Illumina wanted and requested these documents. Affymetrix has refused to produce any of these documents.

Affymetrix' attempt to withhold highly relevant discovery, and then declare document discovery over after Illumina has independently unearthed the relevant information, is without any basis. As set forth in Illumina's pending motion for leave to file an amended answer and

The Hon. Joseph J. Farnan, Jr.  MORRIS, JAMES, HITCHENS & WILLIAMS LLP
January 10, 2006
Page 2

counterclaims, Illumina believes that Affymetrix possesses documents that show that Affymetrix knew of highly material prior art without citing it to the Patent Office. All of the requested documents were responsive to Illumina's document requests served months ago, but Affymetrix has not produced them. Simply because Illumina has clarified the exact scope of documents it now wants from its prior requests should not give Affymetrix a free-pass on this discovery.

In order for Illumina to be able to use these documents in the upcoming depositions of Affymetrix witnesses, Illumina respectfully requests that Affymetrix be ordered to produce all documents responsive to these requests by no later than January 16, 2006.

2. Affymetrix' Failure To Supplement Its Validity Contentions

Illumina requests an order from the Court immediately requiring Affymetrix to supplement its response to Illumina's Interrogatory No. 16, which seeks Affymetrix' contentions as to why each of the prior art references cited by Illumina (and discussed in detail in Illumina's claim charts provided in response to Affymetrix' Interrogatory No. 10) do not invalidate the asserted claims of each patent. Illumina provided Affymetrix a supplemented response with additional prior art claim charts nearly three months ago. Affymetrix has refused to date to supplement its response to Interrogatory No. 16 to explain why these prior art references do not invalidate the claims. Illumina believes that Affymetrix should either be required to supplement its interrogatory responses immediately or be precluded from offering evidence in response to Illumina's invalidity contentions.

3. Illumina's Motion for Leave To File an Amended Answer and Counterclaims

Last week Illumina filed its Motion for Leave to File an Amended Answer and Counterclaims, seeking to add allegations for (1) inequitable conduct with respect to all six asserted patents; (2) a violation of Section 2 of the Sherman Act based on assertion of patents procured by fraud and other anticompetitive activity; and (3) unclean hands. Illumina has timely brought this motion in advance of the Court's deadline for amending pleadings of January 15, 2006. Moreover, Illumina has pled ample facts to show the merit of these allegations -- which relate to very serious instances of inequitable conduct and fraud on the patent office, and antitrust violations for asserting these patents to maintain Affymetrix' monopoly -- and it is expected that they will form the centerpiece of Illumina's defense in this case. Illumina does not request any extension of discovery or the overall schedule based on this amendment, as the claims overlap in large part with the unfair competition claims and invalidity defenses already in the case. Thus, Illumina respectfully requests that the Court grant Illumina's motion and allow it to file its First Amended Answer and Counterclaims.

4. Prior Litigation Documents From OGT and Incyte Litigations

At the last status conference, the Court rejected Illumina's request to have all pleadings and documents produced from Affymetrix' prior litigations with OGT and Incyte. Because this

The Hon. Joseph J. Farnan, Jr.
January 10, 2006
Page 3

MORRIS, JAMES, HITCHENS & WILLIAMS LLP

ruling would require Illumina to recreate and redo much discovery that has already taken place in these prior litigations, Illumina respectfully asks that the Court reconsider this issue.

Although not its intent, the Court's prior ruling has made the discovery process much more, not less, burdensome on the parties. For at least one deposition -- the deposition of Ann Pease -- Illumina will agree to drop her deposition if it is permitted discovery of her deposition transcripts from the OGT and Incyte cases. For several other depositions, their length and complexity will be greatly reduced if Illumina can obtain the prior deposition transcripts and not have to re-plow ground that has already been covered. Moreover, there are expert reports from these prior cases that can short circuit a significant amount of the work that will otherwise have to be undertaken in this case.

Illumina respectfully suggests that it is not fair to allow Affymetrix to withhold very relevant deposition testimony and documents relating to the same patent disclosures and issues that are asserted in this case. If the Court is concerned about the scope of this prior litigation discovery, Illumina can narrowly tailor its request to cover only a limited number (*e.g.* 10) of the prior deposition transcripts and related deposition exhibits, and identify a specific number of pleadings or expert reports that will be produced. The Court should simply not allow Affymetrix to completely bury this highly relevant litigation material from discovery in this case.

5. The Date By Which Illumina Must Decide On The Advice-Of-Counsel Defense

Due to Affymetrix' continuing delays in scheduling inventor depositions, Illumina reluctantly asks (hopefully for the last time) to move the decision on the advice-of-counsel defense back by two weeks, to February 15, 2006. Right after the last hearing with the Court, at which the current date of January 30, 2006 was set, Affymetrix offered Dr. Stephen Fodor for deposition starting on January 31. Dr. Fodor is the key witness in the case, being an inventor on three of the six asserted patents and CEO of Affymetrix. When Illumina asked for the prior extension of the deadline, it was with the understanding that Dr. Fodor would be deposed in December (as noticed) or at the latest early January. Now that Affymetrix has strategically delayed Dr. Fodor's deposition until January 31, Illumina requests that the deadline for this decision be moved back to allow consideration of Dr. Fodor's and other testimony in making the critical decision of whether to rely on the advice of counsel defense.

Illumina's request to extend this deadline again is merely an effort to effectuate the Court's original reasoning in setting the deadline in the first place. The Court has previously agreed with Illumina's position that Illumina should not be required to make a decision about its advice-of-counsel defense until after significant discovery regarding the patent issues (infringement and defenses) has been completed. Moreover, the Court has also agreed with Affymetrix that willfulness-related discovery will be permitted past the fact discovery deadline, and there is ample time left to take this discovery prior to trial. Thus, Illumina respectfully requests that the Court reset the deadline by which Illumina must decide on the advice-of-counsel defense to February 15, 2006.

The Hon. Joseph J. Farnan, Jr.    **MORRIS, JAMES, HITCHENS & WILLIAMS LLP**
January 10, 2006
Page 4

6. <u>Modest Extension of Fact Discovery Deadline</u>

There are currently about 30 scheduled or outstanding deposition notices, and another 10 or so outstanding third party subpoenas for depositions. More importantly, Affymetrix has strategically scheduled Illumina's most important inventor depositions (of Dr. Stephen Fodor and Dr. Richard Rava) and Illumina's 30(b)(6) depositions for the final days of discovery, despite the fact that they were noticed for much earlier in the discovery process. Affymetrix' strategic gambit leaves Illumina no time to conduct any follow-up discovery that may flow from these depositions.

Given the current realities facing the parties and the Court, Illumina believes that a modest three-week extension of the current fact discovery deadline should be granted, allowing fact discovery until February 24, 2006. This should have no impact on the trial date of October 16, 2006, nor affect the parties' or the Court's preparation for the Markman hearing scheduled for March 8, 2006. Illumina is prepared to do the hard work of completing the massive amount of discovery remaining in the next six weeks, but believes this modest extension is appropriate and warranted given the circumstances.

7. <u>Scheduling an Additional Status Conference with the Court</u>

Much progress has been made in discovery, but there is still much left to do in order for the parties to complete fact discovery. Affymetrix has unfortunately engaged in a "run out the clock" strategy of delaying depositions of its most important fact witnesses until the final week or two of discovery, leaving Illumina little to no time for follow-up discovery after these depositions. Moreover, as discussed above, Affymetrix still has not produced very material and important documents relating to the key sources of prior art in this case. To ensure Affymetrix' compliance with its discovery obligations, Illumina thus believes it appropriate to establish one more discovery status conference, preferably the week of February 6, to address any issues that may arise over the next month.

Respectfully,

Richard K. Herrmann, I.D. No. 405
rherrmann@morrisjames.com

cc: Dr. Peter T. Dalleo, Clerk of the Court (via electronic filing)
    MaryEllen Noreika, Esq. (via electronic filing)
    Michael J. Malecek, Esq. (via facsimile)