# Morris, Nichols, Arsht & Tunnell

1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19899-1347

302 658 9200
302 658 3989 Fax

Maryellen Noreika
302 351 9278
302 425 3011 Fax
mnoreika@mnat.com

January 10, 2006

**REDACTED VERSION**

**BY HAND DELIVERY**

The Honorable Joseph J. Farnan, Jr.
United States District Court
844 King Street
Wilmington, DE 19801

      Re:    <u>Affymetrix, Inc. v. Illumina Inc.</u>, C.A. No. 04-CV-901 JJF

Dear Judge Farnan:

In advance of the January 12, 2006, hearing, Affymetrix, Inc. ("Affymetrix") submits this letter setting forth several outstanding discovery disputes that we would like to address at the hearing.

**Dr. Mark Chee**

Dr. Mark Chee, a former Affymetrix employee, is a central figure in this case. Dr. Chee is an inventor on two of the patents-in-suit. After leaving Affymetrix, he co-founded Illumina and played a key role in developing Illumina's infringing technology. He also recruited several key scientists from Affymetrix to join him at Illumina.

Affymetrix noticed Dr. Chee's deposition on September 20, 2005. After more than two months, shortly before the December 7, 2005 court hearing, Illumina finally offered a deposition date for Dr. Chee – January 3 and 4, 2006. On December 21, 2005, Illumina notified Affymetrix that Dr. Chee now wished to hire counsel and that "[i]t appears that we will need to reschedule his deposition … I will provide you new dates of availability in January as soon as possible." One week later, Illumina stated: "Illumina has nothing to do with the scheduling of the deposition." Illumina has also declined to provide any contact information for Dr. Chee. Affymetrix, left with no other choice, is attempting to serve Dr. Chee with a subpoena that sets the deposition date for January 26-27, 2006. Affymetrix requests that Illumina provide current contact information for Dr. Chee for service of the subpoena.

The Honorable Joseph J. Farnan
January 10, 2006
Page 2

**Software Escrow**

Following the last status conference, the Court entered an agreed order requiring both parties to deposit certain software source code into escrow for review by the other party's expert.[1] Illumina has impeded that order from being followed.

First, Affymetrix proposed that the parties' respective experts talk directly with each other to agree on an appropriate escrow procedure. Illumina refused this proposal.

Next, on December 19, Affymetrix proposed that the parties deposit the source code with Iron Mountain, a well-known software escrow service. Illumina rejected this idea on December 21 and countered with a proposal that Illumina's source code would be made available at Kirkland & Ellis' offices rather than at an escrow service, directly contradicting the Court's agreed order.

Finally, Affymetrix submitted to Illumina on January 3 a proposed formal agreement with Iron Mountain. (*See* Exhibit 1.) The agreement contemplated that each party would deposit its source code with Iron Mountain (at a location convenient for the other side's expert) and required that the experts observe significant but fair security procedures. On January 6, Illumina responded by adding unreasonably restrictive additional limitations on the experts' review of the source code. (*See* Exhibit 2.) For example, Illumina requires that Iron Mountain, rather than the parties, provide the laptop computer on which the source code is stored. In addition, Illumina would forbid the experts from installing any tools on the laptops to aid in their review of the voluminous source code.

Affymetrix has discussed these restrictions with its expert, Dr. John Kelly, a renowned software expert who has worked with the highly confidential source code of numerous companies, including the code of Microsoft's Internet Explorer and Intel's Centrino technology, and many other highly confidential projects both in litigation and commercial settings. Dr. Kelly has testified in this Court and other District Courts. According to Dr. Kelly, the proposed restrictions would make it nearly impossible for him to carry out his review of the software and would dramatically increase the time and costs of any analysis. Dr. Kelly can be available by phone to discuss these issues with the Court with some advance notice.

Illumina has consistently thwarted Affymetrix's attempt to review Illumina's accused software and source code. Even after the Court entered a clear order, Illumina has refused to be reasonable in reaching agreement on this issue. Thus, Affymetrix requests that the Court order Illumina to accept the terms of Affymetrix's proposed software escrow agreement attached hereto as Exhibit 1. These terms more than adequately protect Illumina's source code, eliminating any plausible risk of harm to Illumina.

---

[1] While the hearing focused solely on Illumina's accused genotyping and decoding software, Affymetrix agreed, at Illumina's insistence, to include its genotyping software, even though Affymetrix's software is not at issue in this case.

The Honorable Joseph J. Farnan
January 10, 2006
Page 3

**Illumina's Subpoenas Served In Violation Of The Federal Rules Of Civil Procedure**

    Illumina has consistently served subpoenas in this case in violation of the Federal Rules of Civil Procedure and Local Rule 30.1. Prior notice of the subpoena – before service – is required by FRCP 45. Local Rule 30.1 requires at least five days notice prior to a deposition. Examples of Illumina's violations include the following:

- Subpeona to Dr. Fred Kramer for deposition testimony in New York on January 9
    - Issued on December 27
    - Served on the witness on about December 27
    - Notice given to Affymetrix on January 4
    - Court entered a protective order.
- Subpeona to Marvin Stodolsky for deposition in Washington, D.C. on January 6
    - Issued on January 3
    - Served on the witness on January 3
    - By letter of December 29, Illumina suggests the possibility of a subpoena.
    - Witness canceled deposition.
- Subpoena to Donald Besemer for testimony in Sacramento on January 13
    - Issued on December 20
    - Served on the witness on December 22, setting document production on January 6, and testimony on January 13
    - Notice given to Affymetrix on January 3.
    - Affymetrix represents Mr. Besemer and has agreed to the deposition date.
- Subpoena for records to Daniel Wagner & Associates
    - Issued on December 30
    - Served on about January 3
    - Notice given to Affymetrix on January 4
- Subpoena to Luis Jevons for testimony in San Francisco on January 17
    - Issued on December 30
    - Notice given to Affymetrix on January 4
- Subpoena to Derek Bernhart for testimony in Seattle on January 19
    - Issued on December 30
    - Served on about January 4
    - Notice given to Affymetrix on January 4
- Subpoena to Chunwei Wang for testimony in Boston on January 23
    - Issued on December 30
    - Served on about January 3
    - Notice given to Affymetrix on January 4

In fact, Affymetrix received notice of most of the above subpoenas after January 3 only because Affymetrix learned of one of the subpoenas and requested notice of all outstanding subpoenas.

    In addition, Illumina has failed to produce promptly documents it has received from subpoenaed third parties. For example, it received documents from the Public Health Research Institute (related to Dr. Kramer's work) on or about December 20, yet did not provide a copy of

The Honorable Joseph J. Farnan
January 10, 2006
Page 4

those documents to Affymetrix until January 3. Also, Illumina apparently received documents produced by the University of Tennessee Research Foundation on or about December 23, yet did not provide a copy of those documents to Affymetrix until January 6. Illumina has not confirmed whether it has produced all documents related to these subpoenas.

Illumina's abuse of the Federal and Local Rules has prejudiced Affymetrix. Affymetrix needs sufficient notice of subpoenas to prepare adequately and assess its options. Therefore, Affymetrix asks the Court to order that the parties meet and confer on appropriate dates <u>prior</u> to noticing any further third party depositions or document productions. Affymetrix also requests that the Court order that each of the above-referenced subpoenas issued and served in violation of the Federal and Local Rules is void and without effect.

**<u>Illumina's Failure To Produce Damages Documents And Product Manuals</u>**

At the December 7, 2005, Court hearing, Affymetrix believed the Court had ordered production of these documents, but Illumina would not agree to include them in the order. So Affymetrix must return to this issue. Affymetrix is requesting production of a very specific set of documents that are responsive to its initial document requests and have been identified by Illumina witnesses in numerous depositions, but never produced. This is not new discovery, nor is it "make work" as Illumina suggests. These are core documents readily available within Illumina that are important to establishing both infringement and damages.

Illumina has steadfastly refused to produce relevant damages documents in this case.

**REDACTED**

Affymetrix sent several letters to Illumina regarding these documents, including a detailed listing on December 28. (*See* Exhibit 3.) The documents identified in the letter are all responsive to document requests served almost a year ago, but were not produced.

**REDACTED**

Illumina refuses to produce these specific documents, describing Affymetrix's request as "make work."

**REDACTED**

These documents, especially product manuals, are important to establish the operation of the accused products. The product manuals are routinely made available to their customers. There is no significant burden in providing these manuals, yet Illumina has refused to do so.

Therefore, Affymetrix requests that the Court order Illumina to produce the documents listed in Exhibit 3.

The Honorable Joseph J. Farnan
January 10, 2006
Page 5

Likewise, Illumina has recently refused to produce any budgets or forecasts to establish its view of the market potential. Remarkably, at the same time, Illumina has requested and Affymetrix is updating its production of its budgets and forecasts. Affymetrix requests that the Court either order Illumina to produce its budgets and forecasts (documents routinely created and maintained according to testimony of Illumina executives), or be precluded from offering fact or expert testimony on related issues.

### Illumina's Inappropriate Redactions

On numerous occasions, Affymetrix has raised the issue of inappropriate redactions that occur throughout the Illumina production, but are not included on a privilege log. On December 20, Affymetrix wrote to Illumina and raised several issues with Illumina's document redactions and identified dozens of representative examples of such unlogged redactions. (*See* Exhibit 4.) To date, Affymetrix has not received a response.

Many of these redactions have been made on documents that have been shown publicly.


**REDACTED**


Counsel for Affymetrix will have representative examples of these improperly redacted documents available for the Court's review at the hearing.

Affymetrix requests that the Court order Illumina to re-produce all redacted documents that have not been explained on a privileged log – including those listed in Exhibit 4 – in unredacted form.

### Refusal To Produce Documents Or Allow Testimony Regarding Direct Comparisons To Affymetrix Products


**REDACTED**


This work is direct evidence of copying and infringement and must be produced. Any confidentiality concerns are addressed by the protective order in place in this case. Affymetrix requests that the Court order the production of these documents and the production of a witness most knowledgeable about the third party relationship and these experiments.

The Honorable Joseph J. Farnan
January 10, 2006
Page 6

### Illumina's Improper Use of Affymetrix's Attorney-Client Privileged Information

Illlumina has willfully ignored Affymetrix's good-faith claims of privilege and, instead, used Affymetrix's privileged information in publicly-filed documents. Affymetrix learned on about December 21, 2005, that the University of Tennessee Research Foundation had produced invention disclosures by Drs. Robert Foote and Richard Sachleben to Illumina. Those invention disclosures led to patents that Drs. Foote and Sachleben assigned to Affymetrix. When Affymetrix learned of this production, it wrote to Illumina and asked that Illumina remove these documents from Illumina's files. Affymetrix further explained the basis of its privilege claim in a letter on January 4, 2006. Nevertheless, Illumina refused to comply with Affymetrix's request and instead cited to these privileged documents in the publicly-filed deposition subpoenas of Dr. Foote; Luedeka, Neely & Graham P.C.; and Dr. Richard Mathies. Affymetrix requests that the Court order Illumina to remove these documents from its files, withdraw the subpoenas, and refrain from referring or otherwise using information from these documents.

In addition, it has come to Affymetrix's attention that Illumina received privileged Affymetrix information from the production of the Public Health Research Institute ("PHRI"). Affymetrix licensed certain patents from PHRI and, through the license, had a right to participate in the prosecution of continuations of the licensed patent. PHRI apparently inadvertently produced, *inter alia*, communications among itself, Affymetrix, and patent counsel. These documents are privileged under the common interest doctrine, and Affymetrix requests that the Court order Illumina to remove these privileged documents from its files.

### Illumina's Attempt To Extend The Discovery Deadline Should Be Rejected

Pursuant to the Schedule Order entered by this Court, depositions of fact witnesses are to conclude by February 3, 2006 (with the exception the Court has noted before regarding the issue of willfulness). Since the December 7, 2005 conference, however, Illumina has been suggesting that the February 3, 2006 deadline should be extended. Affymetrix disagrees. Illumina has delayed its discovery efforts to create a deadline issue, and should not benefit from its own delay.

Affymetrix has complied with the Court's scheduling order. It served its first deposition notices in September 2005. Counsel for Affymetrix called counsel for Illumina and requested that Illumina do the same. Illumina chose not to do so, waiting a month before serving its first deposition notices. Illumina also waited months to serve notices for witnesses it knew from the very beginning of the case would need to be deposed – these include most of the 12 inventors on the patents-in-suit (9 of whom are former Affymetrix employees), alleged prior art inventors identified by Illumina in its preliminary fact witness list on October 14, 2005, attorneys involved in prosecuting the patents, and Affymetrix business personnel. In addition, since December 21, Illumina has noticed or subpoenaed at least 18 depositions – most of which could have been noticed and taken long before the end of the fact discovery period.

Affymetrix also completed written discovery by the October 14 deadline, noticed depositions in an orderly fashion, and promptly provided dates for depositions and confirmed dates offered. Illumina has taken a different path. Illumina continues to serve written discovery

The Honorable Joseph J. Farnan
January 10, 2006
Page 7

on Affymetrix, well after the October 14 deadline (this discovery includes a third set of document requests, a fourth and fifth set of interrogatories, and a second set of requests for admission). Illumina should not now be allowed to extend discovery to make up for its own failure to act promptly.

            Respectfully,

            */s/ Maryellen Noreika (#3208)*

            Maryellen Noreika

MN/bav

cc: Peter T. Dalleo, Clerk (By Hand Delivery)
   Mary B. Matterer, Esquire (By Hand Delivery)
   Marcus E. Sernel, Esquire (By Fax)