# MORRIS, JAMES, HITCHENS & WILLIAMS LLP

222 Delaware Avenue, 10th Floor
Wilmington, Delaware 19801-1621
(302) 888-6800
Facsimile (302) 571-1751
www.morrisjames.com

Richard K. Herrmann
(302) 888-6816
rherrmann@morrisjames.com

Mailing Address
P.O. Box 2306
Wilmington, DE 19899-2306

January 17, 2006

**VIA ELECTRONIC FILING**
The Honorable Joseph J. Farnan, Jr.
United States District Court
 District of Delaware
844 King Street
Wilmington, DE  19801

      Re:    *Affymetrix, Inc. v. Illumina, Inc.*, D. Del., C.A. No. 04-901-JJF

Your Honor:

      Pursuant to this Court's order at the January 12th hearing, the parties met and conferred regarding Affymetrix' requests for damages documents included in Exhibit 3 to Affymetrix's January 9 letter to the Court. Illumina has agreed to produce documents, to the extent that such documents exist, identified in paragraphs 1-3; 7-13; 16-18 and 21-24. Affymetrix agreed that it does not seek production of documents requested in Paragraphs 14 and 15. However, the parties have not reached an agreement as to the remaining requests. More specifically, Illumina objects to Affymetrix's request for production of documents in Paragraphs 4-6 and 19-20, for the reasons discussed below.

      Illumina objects to producing additional documents in response to Paragraph 4. In Paragraph 4, Affymetrix seeks a finance department list allegedly identifying free products and discounts provided to BeadStation customers. Affymetrix alleges that it needs this document because it is purportedly relevant to Affymetrix's price erosion theory and Illumina's allegation that Affymetrix has engaged in predatory pricing. As an initial matter, one relevant inquiry as to whether Affymetrix is entitled to any price erosion damages is whether Affymetrix was forced to reduce its pricing based on the presence of Illumina's alleged infringing products. In other words, it is Affymetrix's sales activities, not Illumina's, that are a relevant inquiry for price erosion. Similarly, with respect to Illumina's predatory pricing allegation, it is Affymetrix's sales activities, not Illumina's, that are relevant to determining whether Affymetrix has engaged in anti-competitive behavior regarding its pricing. However, to the extent that Illumina's purported sales discounts are relevant to either price erosion or Affymetrix's predatory pricing, Illumina has already provided both live data and documents from which this information could be derived. Specifically, Illumina has produced MS Excel spreadsheets that provide detail regarding every relevant Illumina sales transaction, including the actual revenue that each sale generated. Illumina has also produced product catalogs and price lists to Affymetrix. Therefore, the

MORRIS, JAMES, HITCHENS & WILLIAMS LLP

The Hon. Joseph J. Farnan, Jr.
January 17, 2006
Page 2

document that Affymetrix seeks, if it exists, would be duplicative of the comprehensive information that Illumina has already provided Affymetrix.

Illumina further objects to producing additional documents in response to Paragraphs 5 and 6. In these paragraphs, Affymetrix requests Illumina's price quotes and documents from the quotations database alleging that they are relevant to Affymetrix's price erosion and damages theories and to Illumina's allegation that Affymetrix has engaged in anti-competitive behavior through predatory pricing. As discussed above, one relevant inquiry for both price erosion and Illumina's predatory pricing allegation is Affymetrix' pricing to its customers, not Illumina's pricing. Nonetheless, even assuming that this information were relevant, Illumina has already provided Affymetrix a complete sales transaction spreadsheet, discussed above, that identifies whether Illumina has provided its customers a price discount for each sale. To the extent that Illumina provided its customer a quotation that did not result in a sales transaction, this information is not relevant, nor would it establish "industry practice," as Affymetrix alleges, because these sales were never consummated. Accordingly, to the extent that Illumina's price quotes and quotations database contain any relevant information regarding Affymetrix's price erosion theory and Illumina's predatory pricing allegation, Illumina has already provided Affymetrix this information.

Illumina objects to producing the document requested by Affymetrix in Paragraph 19. More specifically, Affymetrix seeks a table that cross-references Illumina's J.D. Edwards part numbers with Illumina's catalogue numbers. But Affymetrix fails to identify why it is necessary to obtain the table that cross-references Illumina's J.D. Edwards part numbers and Illumina's catalogue numbers. Indeed, in the MS Excel spreadsheets discussed above that Illumina has produced to Affymetrix, all relevant information is provided regarding each sales transaction, including, *inter alia*, invoice number, sales order number, customer, product description, invoice date, order date, ship date, item number, unit price, quantity and unit cost. Furthermore, the invoice numbers are common between both the spreadsheets provided and the J.D. Edwards information. There is simply no compelling need for Affymetrix to obtain this information, especially when it has all the relevant information for each sales transaction without any need to reference the J.D. Edwards part number.

Finally, Illumina objects to producing the documents requested in Paragraph 20. In Paragraph 20, Affymetrix seeks information relating to licenses for technology that Illumina has yet to incorporate into a commercial product. Contrary to Affymetrix's allegation, these licenses are not relevant to the reasonable royalty and damages analysis in this case. Illumina has not paid any royalties under these licenses. Furthermore, this Court has precluded Affymetrix from asking any questions regarding the technology at issue with these licenses (because they relate to technology for future commercial products). Because Illumina has not paid any royalties under these licenses, and the Court has precluded questioning regarding the technology at issue in these licenses, they are simply not relevant and cannot provide any meaningful information regarding a reasonable royalty rate for the patents at issue in this case. Indeed, to the extent that Affymetrix is able to obtain these licenses and ask questions regarding the underlying technology, it

MORRIS, JAMES, HITCHENS & WILLIAMS LLP

The Hon. Joseph J. Farnan, Jr.
January 17, 2006
Page 3

essentially vitiates and undermines the Court's Order that Affymetrix is precluded from seeking discovery regarding Illumina's future products.

Respectfully,

Richard K. Herrmann, I.D. No. 405
rherrmann@morrisjames.com

cc: Dr. Peter T. Dalleo, Clerk of the Court (via electronic filing)
MaryEllen Noreika, Esq. (via electronic filing)
Michael J. Malecek, Esq. (via facsimile)