# Morris, Nichols, Arsht & Tunnell LLP

1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19899-1347

302 658 9200
302 658 3989 Fax

Maryellen Noreika
302 351 9278
302 425 3011 Fax
mnoreika@mnat.com

January 30 2006

**BY EFILING & HAND DELIVERY**

The Honorable Joseph J. Farnan, Jr.
United States District Court
844 King Street
Wilmington, DE 19801

      Re:    <u>Affymetrix, Inc. v. Illumina Inc., C.A. No. 04-CV-901 JJF</u>

Dear Judge Farnan:

      I write in response to Illumina's "emergency" letter filed at the end of the day Friday, January 27, 2006. There is no "emergency."

      Illumina's representation of the parties' discussions about the scope of the waiver is incomplete. The documents that Illumina seeks are not related to the issues listed in Illumina's letter. (For instance, the redacted portions of the attorney note are not directed to the date of conception of the '432 patent.) Accordingly, Affymetrix sought assurances that production of additional materials would not form the basis for an Illumina claim that the waiver was somehow broadened to other topics. On January 24, 2006, Illumina agreed for the first time that it would not contend that Affymetrix's production of additional documents would constitute broader waiver of unrelated issues. In response, Affymetrix emailed Illumina on Thursday, January 26, stating that a formal response would be provided on Friday, January 27, and that documents would be produced. On Friday, Affymetrix informed Illumina that the documents Illumina is seeking will be produced by Monday, January 30 – before any of the depositions referenced. Accordingly, based on the parties' efforts to resolve this issue before Illumina's letter, the issue is moot.

      Likewise, the issue relating to Dr. Foote's "invention disclosure" is not ripe. Illumina did not raise the arguments stated in its "emergency" letter with Affymetrix prior to bringing the issue to the Court and the facts are not as simple as Illumina suggests. The University of Tennessee was, pursuant to strict confidentiality agreements, exploring potential business relationships at the time of the purported disclosure. The possibility that an agreement would be consummated such that the University of Tennessee and its partner would share a common legal interest can invoke a common interest privilege. See <u>Hewlett-Packard Co. v.</u>

The Honorable Joseph J. Farnan
January 30, 2006
Page 2

Bausch & Lomb Inc., 115 F.R.D. 308 (N.D. Cal. 1987) (holding that defendant did not waive privilege by disclosing to a third party an opinion of counsel regarding possible patent infringement before a sales agreement was reached, because, when it disclosed the opinion, there was a possibility that the sale would be consummated and that the third party would share the common legal interest); Rayman v. American Charter Fed. Sav. & Loan Ass'n, 148 F.R.D. 647, 654-55 (D. Neb. 1993) (disclosure of privileged documents (litigation reports) during merger negotiations did not waive the common interest privilege).  In any event, Affymetrix is currently working with the University of Tennessee to obtain the specific facts relating to the disclosure and will continue to work with Illumina to resolve the issue.

Respectfully,

/s/ Maryellen Noreika (#3208)

Maryellen Noreika

MEN/bav

cc:   Peter T. Dalleo, Clerk (By Hand Delivery)
      Richard K. Herrmann, Esquire (By Hand Delivery)
      Marcus E. Sernel, Esquire (By Fax)