# MORRIS, NICHOLS, ARSHT & TUNNELL LLP

1201 NORTH MARKET STREET
P.O. Box 1347
WILMINGTON, DELAWARE 19899-1347

302 658 9200
302 658 3989 FAX

MARYELLEN NOREIKA
302 351 9278
302 425 3011 FAX
mnoreika@mnat.com

February 20, 2006

**BY E-FILING**

**REDACTED VERSION - ORIGINAL FILED
UNDER SEAL ON FEBRUARY 13, 2006**

The Honorable Joseph J. Farnan, Jr.
United States District Court
844 King Street
Wilmington, DE 19801

> Re:    Affymetrix, Inc. v. Illumina Inc., C.A. No. 04-CV-901 JJF

Dear Judge Farnan:

In advance of the February 15, 2006, hearing, Affymetrix submits this letter setting forth several disputes that we would like to address at the hearing.

## Date For The Claim Construction Hearing

Due to the pace of discovery and the Court's recent order, the parties have not yet met and conferred regarding a new date and schedule for the Markman hearing. Given that Illumina has stated that it has other obligations in late March and early April, and given that some depositions are being moved to March – including, for instance, a 30(b)(6) deposition of Illumina regarding the operation of its products (noticed in December 2005) – Affymetrix proposes a schedule based on the April 19, 2006, hearing date offered by the Court. Affymetrix proposes the following schedule:

| Date | Action |
|---|---|
| March 17 | Parties shall exchange proposed terms for construction as well as proposed construction of terms |
| March 24 | Parties shall reply to each other's proposal with proposed constructions on those terms not in their original list |
| March 27 | Parties shall meet and confer to determine if agreement can be reached on any terms |
| March 31 | Parties shall file opening briefs due to the Court |
| April 14 | Parties shall file reply briefs due to the Court |
| April 19 | Claim Construction Hearing |

The Honorable Joseph J. Farnan
February 20, 2006
Page 2

The parties have agreed that the claim construction hearing shall be limited to attorney argument based on the record presented to the Court. No live testimony will be presented by either party.

Affymetrix proposes that opening expert reports on the issues on which each party bears the burden of proof be due 20 days after the Court's ruling on claim construction is issued or on Friday, June 30, 2006 – whichever date is earlier. Rebuttal reports would be due 20 business days thereafter. Expert discovery would be concluded within 20 business days after the exchange of rebuttal reports.

To the extent possible given the current schedule, Affymetrix will attempt to discuss and reach agreement on this issue with Illumina prior to the status conference.

## Dr. Mark Chee

From the outset of this case, Illumina has made it difficult for Affymetrix to obtain discovery from Dr. Chee.

Illumina initially claimed to represent Dr. Chee. In this capacity, Illumina delayed Affymetrix's attempts to depose Dr. Chee for over four months. After the Court addressed the perils of Illumina representing Dr. Chee at the December 7 status conference, Dr. Chee sought independent counsel. At that point, Affymetrix made repeated attempts to serve Dr. Chee with a subpoena. Dr. Chee refused to provide contact information for himself and avoided numerous service attempts at his work address. Dr. Chee initially refused to authorize his counsel to accept service of the subpoena. Finally, Dr. Chee's new counsel agreed to accept service of the subpeona. The parties agreed to a date of February 8 and 9 for the deposition. Starting on Friday, February 4, and continuing up through the first day of his deposition, Dr. Chee's new counsel *produced over 50,000 highly relevant pages of documents from Dr. Chee*. With a few exceptions, these documents had not been previously produced by Illumina despite its claims that it had produced Dr. Chee's files.

Prior to the production of 50,000 pages from Dr. Chee, Illumina had repeatedly represented to Affymetrix and the Court that it had produced Dr. Chee's documents:

- On October 19, 2005, Illumina claimed it had produced Dr. Chee's files: "With respect to your suggestion that we have not produced Dr. Chee's files, this is simply wrong. Please review the production."

- On October 21, 2005, Affymetrix responded by asking Illumina to identify the bates ranges of the documents Illumina claimed to have produced from Dr. Chee's files. Illumina did not respond.

- In its December 2, 2005, letter to the Court, Affymetrix asked the Court to order that Illumina either (a) identify the bates range(s) where Dr. Chee's documents may be found or (b) promptly produce Dr. Chee's files.

The Honorable Joseph J. Farnan
February 20, 2006
Page 3

- During the Court hearing on December 7, 2005, counsel for Illumina again told Affymetrix and the Court that Illumina had produced Dr. Chee's files:

> <u>We have produced documents, all the documents we have from Mark Chee.</u>  We saved a couple of new file drawers that we just recently identified that may have additional documents…. We have produced, I think it's over 1,200 documents, that have Dr. Chee's name on them, both from his files that were left over when he left, in addition to other things that his name's on.  <u>So to suggest that we haven't produced documents from Dr. Chee is simply wrong.</u>

Illumina's failure to produce Dr. Chee's documents notwithstanding its repeated representations that it had done so has prejudiced Affymetrix.  Affymetrix was forced to depose Dr. Chee after having just received over 50,000 pages of his documents.

Affymetrix is still attempting to review the 50,000+ pages in this recent production.  Affymetrix requests that the Court order Dr. Chee (and his counsel) to cooperate with Affymetrix to the extent necessary to authenticate additional documents from this document production.  Affymetrix further requests leave to approach the Court for further deposition of Illumina witnesses – for instance, Dr. Stuelpnagel and Mr. Flatley – based on documents from this production as necessary.

In addition, Affymetrix asks that the Court consider Illumina's efforts to prevent Affymetrix from taking discovery of Dr. Chee when deciding the issue of assignor estoppel as it relates to the '716 and '887 patents.  Illumina sought to prevent Affymetrix from obtaining discovery establishing Dr. Chee's role as a founder of Illumina and key contributor to the development of Illumina's infringing technology.  These inappropriate tactics create a strong inference that Illumina had something to hide.  Affymetrix will show that Illumina is in privity with Dr. Chee and should be estopped from challenging the validity of the two Chee patents at issue in this case.

**Production Of All Documents**

Based on Illumina's position regarding the Chee documents and other recent remarks, it appears that Illumina is taking the position that documents which may be in the possession of its officers such as Dr. Stuelpnagel and Mr. Flatley are not subject to Affymetrix's document requests.

REDACTED

Recently, Illumina indicated that it would produce documents – "to the extent that the documents are in the possession and control of Illumina."

REDACTED

The Honorable Joseph J. Farnan
February 20, 2006
Page 4

But Illumina now maintains these documents are no longer "within its possession, custody, or control," without further explanation of how this could be the case.

Affymetrix requests that the Court order Illumina to produce documents responsive to all of Affymetrix's document requests whether in the possession of the corporate entity or any of its corporate officers, including specifically Dr. Stuelpnagel and Mr. Flatley.

**Illumina's Failure To Produce Damages Documents And Related 30(b)(6) Testimony**

      **A.**      **Illumina Has Failed To Produce The Documents It Agreed To Produce Following The January 12, 2006, Status Conference**

Following the January 12, 2006, status conference, Illumina advised the Court and Affymetrix that it would produce certain crucial documents to Affymetrix that had been requested for several months.   Illumina has failed to produce most of these documents. Despite their representation to Affymetrix and the Court, Illumina has not yet produced: (1) a finance department "cheat sheet" testified about by Illumina witnesses during deposition;  (2) catalogues and pricing documents, including Illumina's 2003 price catalogue or other documents describing the products Illumina offered in 2003 and their list prices, distributor price lists, and Asia and rest-of-world price lists; (3) the Finance Department list of Illumina licenses and products associated with each; (4) a May 2005 list of service contracts and the most recent version of the same list;  and (5) the product manual for the Golden Gate assay.  Affymetrix requests that the Court order Illumina to produce these documents by noon on Friday, February 17, 2006, so that they may be used in the following week's depositions related to damages.

Likewise, Illumina has produced incomplete versions of the handful of damages documents it did produce.  The most recent and year end versions of the Revenue Gross Margin summary and Gross Margin Reports that Illumina produced contain only partial months for 2004 and 2005.  Affymetrix requests that the Court order Illumina to produce complete versions of these documents by noon on Friday, February 17, 2006, so that they may be used in the following week's depositions related to damages.

      **B.**      **Illumina's Live Damages Reports Are Incomplete**

Pursuant to the Court's order regarding live data reports, Affymetrix asked Illumina to produce a report showing its product sales at an invoice level.  The report provided by Illumina in response is both incomplete and filled with errors.

REDACTED

So, in each fiscal year, millions of dollars in sales are missing.

The Honorable Joseph J. Farnan
February 20, 2006
Page 5

Further, the report is missing catalogue numbers 66% of the time, and has unexplained discrepancies in the extended price column almost 30% of the time (leading to price errors that in some cases are more than $45,000.00). This makes it impossible in most instances to determine what product is being sold at what price.

The other live data files Illumina has produced are also seriously flawed. For instance, the sales logs contain data only for the fourth quarter of every year. Data for quarters 1, 2, and 3 are omitted without explanation. Likewise, the margin reports are incomplete.

Affymetrix requests that the Court order Illumina to produce complete and accurate versions of these documents by noon on Friday, February 17, 2006, so that they may be used in the following week's depositions related to damages.

In order to understand why these errors and discrepancies exist, Affymetrix served a 30(b)(6) notice of deposition on Illumina recently; to date, Illumina has not scheduled the deposition. Affymetrix requests that the Illumina witness testifying on February 22, 2006, be prepared to answer questions about all of their live damages document production.

### C.    Other Relevant Documents Illumina Must Produce

Illumina continues to refuse to produce key documents, specifically (1) a document that cross-references its JDE part/item numbers and catalogue numbers (which is of particular importance since, as noted above, the live product sales report produced by Illumina is missing catalogue numbers for 66% of its entries); (2) its license agreements with

REDACTED;

(3) its price quotes and quotations database; and (4) a report of its forecasted product sales.

### D.    Refusal To Present A 30(b)(6) Witness On Certain Damages Topics

In December 2005, Affymetrix served a 30(b)(6) notice related to various damages topics. Recently, Illumina indicated it will present a witness on February 22, 2006, but only as to some of the noticed topics. Illumina has not provided a witness on the following topics: (1) market share, (2) products that Illumina identifies as competing or not competing with Affymetrix products; (3) Illumina's licenses; (4) industry royalty rates; (5) projections for decreases in Illumina's manufacturing costs; and (6) the damages factors outlined in the *Panduit* and *Georgia Pacific* cases. No explanation was provided as to why these topics were excluded. Affymetrix requests that the Court order Illumina to offer a witness prepared to address these topics on February 22, 2006.

The Honorable Joseph J. Farnan
February 20, 2006
Page 6

In sum, Affymetrix asks the Court to (1) order Illumina to produce corrected and accurate live data reports, and nominate a witness to testify about them; (2) produce the documents it has already told that Court that it would produce; (3) produce the documents discussed above that Illumina improperly refuses to produce; and (4) provide deposition dates for its outstanding 30(b)(6) deposition topics.

Respectfully,

*/s/ Maryellen Noreika (I.D. #3208)*

Maryellen Noreika

cc:    Peter T. Dalleo, Clerk (By Hand Delivery)
       Richard K. Herrmann, Esquire (By Hand Delivery)
       Marcus E. Sernel, Esquire (By Fax)

506618