**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| AFFYMETRIX, INC., a Delaware corporation, | ) )  ) |
| Plaintiff/Counter-Defendant, | ) ) |
| v. | ) )  Civil Action No. 04-901-JJF |
| ILLUMINA, INC., a Delaware corporation, | ) ) ) |
| Defendant/Counter-Plaintiff. | ) ) |

**ILLUMINA'S OBJECTIONS AND RESPONSES
TO AFFYMETRIX' NOTICE OF DEPOSITION
PURSUANT TO FED. R. CIV. P. 30(b)(6)
SERVED DECEMBER 28, 2005 AND FEBRUARY 7, 2006**

Illumina, Inc. ("Illumina") hereby objects and responds to Affymetrix, Inc.'s ("Affymetrix") Notices of Deposition of Illumina, Inc. pursuant to Fed. R. Civ. P. 30(b)(6) served December 28, 2005 and February 7, 2006, respectively.

**GENERAL OBJECTIONS**

To avoid undue and unnecessary repetition, all of Illumina's specific responses to the areas of testimony are subject to the following general objections:

1.   Illumina objects to each area of testimony to the extent it seeks to impose discovery obligations upon Illumina beyond those provided for by the Federal Rules of Civil Procedure, the Local Rules of this Court or governing case law.

2.   Illumina objects to each area of testimony to the extent it seeks testimony protected by the attorney-client privilege, work product doctrine, and other common law or statutory privilege, or other documents and things that are otherwise immune from discovery.

3. Illumina objects to each area of testimony as overly broad and unduly burdensome to the extent it seeks testimony that is neither relevant to any issue in this action nor likely to lead to the discovery of admissible evidence. For example, Illumina objects to the extent that specific areas of testimony seek testimony concerning products, systems and/or services that are not at issue in this litigation.

4. Illumina objects to each area of testimony to the extent that it seeks information not in Illumina's possession, custody or control.

5. Illumina incorporates by reference as if fully set forth herein its General Objections to Definitions as disclosed in Illumina's responses to Affymetrix Inc.'s First Set of Requests for Production of Documents, Second Set of Requests for Production of Documents, and Third Set of Requests for Production.

## SPECIFIC OBJECTIONS AND RESPONSES TO AFFYMETRIX' AREAS OF TESTIMONY FOR NOTICE SERVED ON DECEMBER 28, 2005

### AREA OF TESTIMONY NO. 1:

The information contained in the reports of (1) all Illumina systems, products, and services sold, leased or provided free of charge from January 2002 to the present; and (2) Net Revenue and Cost of Goods Sold data by fiscal quarter for the period January 2002 through the present to be provided to Affymetrix.

### RESPONSE TO AREA OF TESTIMONY NO. 1:

Illumina objects to this area of testimony because it is unclear what Affymetrix means by "the information contained in the reports of."

Subject to and without waiving its General and Specific Objections, Illumina will produce a witness who will provide non-privileged, discoverable testimony regarding this area of testimony.

**AREA OF TESTIMONY NO. 2:**

The information contained in the report of manufacturing variances by product type as maintained by Illumina by fiscal quarter for the period January 2002 through the present to be provided to Affymetrix.

**RESPONSE TO AREA OF TESTIMONY NO. 2:**

Illumina objects to this area of testimony because it is unclear what Affymetrix means by "the information contained in the reports of."

Subject to and without waiving its General and Specific Objections, Illumina will produce a witness who will provide non-privileged, discoverable testimony regarding this area of testimony.

**AREA OF TESTIMONY NO. 3:**

Units sold and net sales revenues of Illumina's systems, services, and products for the fiscal years January 2002 to the present.

**RESPONSE TO AREA OF TESTIMONY NO. 3:**

Subject to and without waiving its General Objections, Illumina will produce a witness who will provide non-privileged, discoverable testimony regarding this area of testimony.

**AREA OF TESTIMONY NO. 4:**

Cost of goods sold as calculated by Illumina for Illumina's systems, services and products for the fiscal years January 2002 to the present.

**RESPONSE TO AREA OF TESTIMONY NO. 4:**

Subject to and without waiving its General Objections, Illumina will produce a witness who will provide non-privileged, discoverable testimony regarding this area of testimony.

**AREA OF TESTIMONY NO. 5:**

        Illumina's actual market share based on units and dollars, for the years 2003, 2004, and 2005 for:

        (a)    array readers (BeadLabs and BeadStations),
        (b)    instruments other than array readers,
        (c)    genotyping and gene expression services,
        (d)    Sentrix Array Matrix arrays for use with the Golden Gate assay,
        (e)    Sentrix Array Matrix arrays for use with the DASL assay,
        (f)    Sentrix Array Matrix arrays for use with the Direct Hyb assay,
        (g)    BeadChips for use with the Golden Gate assay,
        (h)    BeadChips for use with the Whole Genome Genotyping assay,
        (i)    BeadChips for use with the DASL assay,
        (j)    BeadChips for use with the Direct Hyb assay,
        (k)    reagents for use with Illumina's assays,
        (l)    oligo pools for use with the Golden Gate assay, and
        (m)    oligo pools for use with the DASL assay.

**RESPONSE TO AREA OF TESTIMONY NO. 5:**

        Illumina objects to this area of testimony to the extent it seeks testimony that will be the subject of expert testing and/or analysis.

        Subject to and without waiving its General and Specific Objections, Illumina will produce a witness who will provide non-privileged, discoverable testimony regarding this area of testimony to the extent that Illumina has such information.

**AREA OF TESTIMONY NO. 6:**

        Illumina's projected market share on an annual basis, based on units and dollars, for:

        (a)    array readers (BeadLabs and BeadStations),
        (b)    instruments other than array readers,
        (c)    genotyping and gene expression services,
        (d)    Sentrix Array Matrix arrays for use with the Golden Gate assay,
        (e)    Sentrix Array Matrix arrays for use with the DASL assay,
        (f)    Sentrix Array Matrix arrays for use with the Direct Hyb assay,
        (g)    BeadChips for use with the Golden Gate assay,
        (h)    BeadChips for use with the Whole Genome Genotyping assay,
        (i)    BeadChips for use with the DASL assay,
        (j)    BeadChips for use with the Direct Hyb assay,
        (k)    reagents for use with Illumina's assays,

    (l)  oligo pools for use with the Golden Gate assay and,
    (m)  oligo pools for use with the DASL assay.

**RESPONSE TO AREA OF TESTIMONY NO. 6:**

  Illumina objects to this area of testimony to the extent it seeks testimony that will be the subject of expert testing and/or analysis.

  Subject to and without waiving its General and Specific Objections, Illumina will produce a witness who will provide non-privileged, discoverable testimony regarding this area of testimony to the extent that Illumina has such information.

**AREA OF TESTIMONY NO. 7:**

  The actual and projected share or segment occupied by each participant in the (a) genotyping microarray industry, and (b) gene expression microarray industry.

**RESPONSE TO AREA OF TESTIMONY NO. 7:**

  Illumina objects to this area of testimony to the extent it seeks testimony that will be the subject of expert testing and/or analysis.

  Subject to and without waiving its General and Specific Objections, Illumina will produce a witness who will provide non-privileged, discoverable testimony regarding this area of testimony to the extent that Illumina has such information.

**AREA OF TESTIMONY NO. 8:**

  For fiscal years 2003, 2004, 2005 and 2006, by fiscal quarter, Illumina's budgeted cost of goods sold, budgeted net sales, and budgeted gross margin for each and every Illumina system, product, and service.

**RESPONSE TO AREA OF TESTIMONY NO. 8:**

  Subject to and without waiving its General Objections, Illumina will produce a witness who will provide non-privileged, discoverable testimony regarding this area of testimony to the extent that Illumina has such information.

**AREA OF TESTIMONY NO. 9:**

The information contained in the report of Illumina's 2003, 2004, 2005, and 2006, by fiscal quarter, budgeted cost of goods sold, budgeted net sales, and budgeted gross margin for each and every Illumina system, product, and service, which is to be provided by Affymetrix.

**RESPONSE TO AREA OF TESTIMONY NO. 9:**

Illumina objects to this area of testimony because the term "information contained in" is vague and ambiguous. Illumina further objects to this area of testimony to the extent it implies that Illumina is producing to Affymetrix documents that it is not producing.

Subject to and without waiving its General and Specific Objections, Illumina will produce a witness who will provide non-privileged, discoverable testimony regarding this area of testimony to the extent that Illumina has such information.

**AREA OF TESTIMONY NO. 10:**

Any and all Illumina projections of customer demand for its systems, products, and services.

**RESPONSE TO AREA OF TESTIMONY NO. 10:**

Subject to and without waiving its General Objections, Illumina will produce a witness who will provide non-privileged, discoverable testimony regarding this area of testimony to the extent that Illumina has such information.

**AREA OF TESTIMONY NO. 11:**

Identity and characteristics of any and all Illumina products and/or services that Illumina identifies as competing with Affymetrix products, and why those products compete with Affymetrix products.

**RESPONSE TO AREA OF TESTIMONY NO. 11:**

Illumina objects to this area of testimony to the extent that it seeks testimony duplicative of areas of testimony identified in the Rule 30(b)(6) Notice of Deposition that Affymetrix served on December 22, 2005 regarding characteristics of Illumina's products and/or services. Illumina also objects to this area of testimony because it is unclear what Affymetrix

6

means by "products and/or services that Illumina identifies as competing with Affymetrix products" and "why those products compete with Affymetrix products."

Subject to and without waiving its General and Specific Objections, Illumina will produce a witness who will provide non-privileged, discoverable testimony regarding the identity of those Illumina products and/or services that, according to Illumina's understanding, have competed with an Affymetrix product and/or service.

**AREA OF TESTIMONY NO. 12:**

Identity and characteristics of any and all Illumina products and/or services for which Illumina contends Affymetrix does not now, or has not in the past, sold a competing product, and why Illumina contends its products do not or did not compete with Affymetrix' products.

**RESPONSE TO AREA OF TESTIMONY NO. 12:**

Illumina objects to this area of testimony to the extent that it seeks testimony duplicative of areas of testimony identified in the Rule 30(b)(6) Notice of Deposition that Affymetrix served on December 22, 2005 regarding characteristics of Illumina's products and/or services. Illumina also objects to this area of testimony because it is unclear what Affymetrix means by "products and/or services for which Illumina contends Affymetrix does not now, or has not in the past, sold a competing product" and "why Illumina contends its products do not or did not compete with Affymetrix' products."

Subject to and without waiving its General and Specific Objections, Illumina will produce a witness who will provide non-privileged, discoverable testimony regarding the identity of those Illumina products and/or services that, according to Illumina's understanding, have not competed with an Affymetrix product and/or service.

**AREA OF TESTIMONY NO. 13:**

Illumina's pricing strategies for its products, systems, and services, including any strategy of pricing products lower than similar products offered in the marketplace.

**RESPONSE TO AREA OF TESTIMONY NO. 13:**

Illumina objects to this area of testimony because it is unclear what Affymetrix means by "pricing strategies" and "any strategy of pricing products lower than similar products offered in the marketplace."

Subject to and without waiving its General and Specific Objections, Illumina will produce a witness who will provide non-privileged, discoverable testimony regarding pricing programs that Illumina has established for its products and/or services.

**AREA OF TESTIMONY NO. 14:**

Pricing trends in units and dollars, by quarter, in microarrays and microarray related instrumentation since January, 2003.

**RESPONSE TO AREA OF TESTIMONY NO. 14:**

Illumina objects to this area of testimony because it is unclear what Affymetrix means by "pricing trends."

Subject to and without waiving its General and Specific Objections, Illumina will produce a witness who will provide non-privileged, discoverable testimony regarding prices for Illumina's products since January, 2003.

**AREA OF TESTIMONY NO. 15:**

The completeness, accuracy, and authenticity of Illumina's 2004 and 2005 product catalogues.

**RESPONSE TO AREA OF TESTIMONY NO. 15:**

Subject to and without waiving its General Objections, Illumina will produce a witness who will provide non-privileged, discoverable testimony regarding this area of testimony.

**AREA OF TESTIMONY NO. 16:**

The identities of all Illumina customers who participated in Illumina's early buyer program or any other Illumina programs under which customers obtained discounted or free

products and the quantities and prices of discounted or free products provided to each of those customers.

**RESPONSE TO AREA OF TESTIMONY NO. 16:**

Illumina objects to this area of testimony to the extent that it mischaracterizes Illumina's "early buyer program" as a program under which free products were provided to customers.

Subject to and without waiving its General and Specific Objections, Illumina will produce a witness who will provide non-privileged, discoverable testimony regarding this area of testimony.

**AREA OF TESTIMONY NO. 17:**

The identities of all Illumina customers who were provided products, systems, or services at prices different from those listed in Illumina's catalogues at the time the products were sold, and the prices at which the products, systems, or services were provided.

**RESPONSE TO AREA OF TESTIMONY NO. 17:**

Subject to and without waiving its General Objections, Illumina will produce a witness who will provide non-privileged, discoverable testimony regarding the methods by which one can attempt to evaluate whether an Illumina customer was provided an Illumina product, system, or service at a price different from that listed in Illumina's catalogues at the time the product, system, or service was purchased.

**AREA OF TESTIMONY NO. 18:**

All licenses for which Illumina has negotiated (whether resulting in an executed license or not), the intellectual property licensed or proposed to be licensed, the range of licensing fees and royalty rates discussed in the negotiations, and the final licensing and royalty fees associated with each.

**RESPONSE TO AREA OF TESTIMONY NO. 18:**

Subject to and without waiving its General Objections, Illumina will produce a witness who will provide non-privileged, discoverable testimony regarding licenses that Illumina has entered into for intellectual property that relates to Illumina products at issue in this case.

**AREA OF TESTIMONY NO. 19:**

All royalties, licensing fees, or other payments made by Illumina for use of intellectual property.

**RESPONSE TO AREA OF TESTIMONY NO. 19:**

Subject to and without waiving its General Objections, Illumina will produce a witness who will provide non-privileged, discoverable testimony regarding royalties, licensing fees or other payments that Illumina has made for use of intellectual property that relates to Illumina's products at issue in this case.

**AREA OF TESTIMONY NO. 20:**

All royalties, licensing fees, or other payments received by Illumina for use of intellectual property owned by Illumina.

**RESPONSE TO AREA OF TESTIMONY NO. 20:**

Subject to and without waiving its General Objections, Illumina will produce a witness who will provide non-privileged, discoverable testimony regarding royalties, licensing fees or other payments that Illumina has received for use of intellectual property owned by Illumina that relates to Illumina's products at issue in this case.

**AREA OF TESTIMONY NO. 21:**

The presence or absence of established royalty rates for intellectual property relating to microarrays and microarray-related instrumentation and software.

**RESPONSE TO AREA OF TESTIMONY NO. 21:**

Illumina objects to this area of testimony because it seeks testimony that will be the subject of expert testing and/or analysis.

Subject to and without waiving its General and Specific Objections, Illumina will produce a witness who will provide non-privileged, discoverable testimony regarding royalty rates for those licenses of which it is aware for intellectual property relating to DNA microarrays and DNA microarray-related instrumentation.

**AREA OF TESTIMONY NO. 22:**

Decreases or reductions in the cost of goods sold for Illumina systems, products, and services on a quarterly basis from 2003 to the present.

**RESPONSE TO AREA OF TESTIMONY NO. 22:**

Subject to and without waiving its General Objections, Illumina will produce a witness who will provide non-privileged, discoverable testimony regarding this area of testimony.

**AREA OF TESTIMONY NO. 23:**

Projected decreases or reductions in the cost of goods sold for Illumina systems, products and services.

**RESPONSE TO AREA OF TESTIMONY NO. 23:**

Subject to and without waiving its General Objections, Illumina will produce a witness who will provide non-privileged, discoverable testimony regarding this area of testimony.

**AREA OF TESTIMONY NO. 24:**

Plans or projects to decrease or reduce the cost of goods sold for Illumina systems, products, and services.

**RESPONSE TO AREA OF TESTIMONY NO. 24:**

Subject to and without waiving its General Objections, Illumina will produce a witness who will provide non-privileged, discoverable testimony regarding this area of testimony.

**AREA OF TESTIMONY NO. 25:**

Illumina's knowledge or assertions concerning any of the factors relating to a lost profits analysis that are listed in *Panduit Corp. v. Stahlin Bros. Fibre Works*, 575 F.2d 1152 (6th Cir. 1978).

**RESPONSE TO AREA OF TESTIMONY NO. 25:**

Illumina objects to this area of testimony because it seeks testimony that will be the subject of expert testing and/or analysis.

Subject to and without waiving its General and Specific Objections, Illumina will produce a witness who will provide non-privileged, discoverable testimony regarding this area of testimony to the extent that Illumina has such information.

**AREA OF TESTIMONY NO. 26:**

Illumina's knowledge or assertions concerning any of the factors relating to a reasonable royalty analysis that are listed in *Georgia Pacific Corp. U.S. Plywood Corp.*, 318 F. Supp. 1116 (S.D.N.Y. 1970).

**RESPONSE TO AREA OF TESTIMONY NO. 26:**

Illumina objects to this area of testimony because it seeks testimony that will be the subject of expert testing and/or analysis.

Subject to and without waiving its General and Specific Objections, Illumina will produce a witness who will provide non-privileged, discoverable testimony regarding this area of testimony to the extent that Illumina has such information.

**AREA OF TESTIMONY NO. 27:**

Illumina's policies and procedures for internal accounting.

**RESPONSE TO AREA OF TESTIMONY NO. 27:**

Subject to and without waiving its General Objections, Illumina will produce a witness who will provide non-privileged, discoverable testimony regarding this area of testimony.

**AREA OF TESTIMONY NO. 28:**

The identity, location, and authenticity of documents and other tangible things constituting evidence relating to the categories set forth in topics 1 through 27, above.

**RESPONSE TO AREA OF TESTIMONY NO. 28:**

Illumina objects to this area of testimony because it is unclear what Affymetrix means by "documents and other tangible things constituting evidence relating to the categories set forth in topics 1 through 27."

Subject to and without waiving its General and Specific Objections, Illumina will produce a witness who will provide non-privileged, discoverable testimony regarding this area of testimony.

**AREA OF TESTIMONY NO. 29:**

The identity, location, authenticity, and information contained in the following documents:

a. the Illumina "five year plan" that forecasted or projected sales of Illumina products created by Tim Kish and testified about by Connie Brick and the information contained in that plan;

b. the finance "cheat sheet" testified about by Connie Brick that Ms. Brick stated identifies the various Illumina array formats, their names, and the assays that can be run on them;

c. Illumina's 2003 products catalogue and/or any other documents that contain the product names, product descriptions, and list prices of the products, systems, and services Illumina offered for sale in 2003;

d. the list of bead station customers that includes columns reflecting free products and discounts provided, that was created and maintained by Connie Brick as described in her deposition;

e. Illumina's price quotes to customers;

f. Illumina's quotations database;

g. Illumina's catalogue and price lists for distributors;

h. Illumina's catalogue and price lists for Asia;

      i.     Illumina's catalogue and price lists for the rest of the world other than Asia and North-America Europe;

      j.     2004 End-of-year Revenue Gross Margin Summary by Quarter Report, as testified about by Connie Brick, a mid-year, incorrectly printed version of which was produced as IAFP 00543463 - IAFP00543573;

      k.     Most recent version of Revenue Gross Margin Summary by Quarter Report, a mid-2004, incorrectly printed version of which was produced as IAFP 00543463 - IAFP00543573;

      l.     2004 end-of-year Gross Margin Report, as testified about by Connie Brick, a mid-year version, incorrectly printed version of which was produced as IAFP 00543171- IAFP 00543327;

      m.     Most recent version of the Gross Margin Report a mid-2004, incorrectly printed version of which was produced as IAFP 00543171-IAFP 00543327;

      n.     the monthly financial statement package distributed every month to senior staff in both internal and external formats, as testified about by Connie Brick;

      o.     monthly revenue analysis distributed every month to senior staff as testified about by Connie Brick;

      p.     Finance Department list of Illumina licenses and products associated with each as testified about by Connie Brick;

      q.     May 2005 version of Kish deposition exhibit number 149, IAFP 00543127-IAFP 00543147 (the Illumina list of service contracts created and maintained by Marc Laurent and Connie Brick, as testified about by Connie Brick);

      r.     Most recent version of Kish deposition Exhibit number 149, IAFP 00543127-IAFP 00543147 (the Illumina list of service contracts created and maintained by Marc Laurent and Connie Brick, as testified about by Connie Brick);

      s.     Table that cross-references Illumina J.D. Edwards part numbers and Illumina catalogue numbers for Illumina products, systems, and services, as testified about by Connie Brick and Todd Dickinson.

**RESPONSE TO AREA OF TESTIMONY NO. 29:**

      Illumina objects to this area of testimony to the extent it seeks testimony regarding documents that Illumina has not been able to locate after conducting a reasonable search and/or that are not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving its General and Specific Objections, Illumina will produce a witness who will provide non-privileged, discoverable testimony regarding this area of testimony.

## SPECIFIC OBJECTIONS AND RESPONSES TO
## AFFYMETRIX' AREAS OF TESTIMONY FOR NOTICE SERVED ON
## FEBRUARY 7, 2006

**AREA OF TESTIMONY NO. 1:**

The live data files produced under bates numbers IAFP00641506, IAFP00641478, and IAFP00641507, including: a) who prepared the files; b) how the files were prepared; c) the content of the files; d) the meaning of the codes in the files; e) the entries in the files; f) the import of data that is missing or ambiguous in the files; g) how the calculations in the files are computed; h) how the revenue reflected in the files was recognized by Illumina; i) whether and how product rentals, freights, returns, and discounts are included in the files; j) the accuracy of the information in the files.

**RESPONSE TO AREA OF TESTIMONY NO. 1:**

Illumina objects to this area of testimony because it is unclear what Affymetrix means by "the import of data that is missing or ambiguous in the files."

Subject to and without waiving its General and Specific Objections, Illumina will produce a witness who will provide non-privileged, discoverable testimony regarding this area of testimony.

**AREA OF TESTIMONY NO. 2:**

The live data files produced under bates numbers IAFP00643264 - IAFP0643270 including a) who prepared the files; b) how the files were prepared; c) the content of the files; d) the meaning of the codes in the files; e) the entries in the files; f) the import of data that is missing or ambiguous in the files; g) how the calculations in the files are computed; h) how the revenue reflected in the files was recognized by Illumina; i) whether and how product rentals, freight, returns and discounts are included in the files; j) the accuracy of the information in the files.

**RESPONSE TO AREA OF TESTIMONY NO. 2:**

Illumina objects to this area of testimony because it is unclear what Affymetrix means by "the import of data that is missing or ambiguous in the files."

Subject to and without waiving its General and Specific Objections, Illumina will produce a witness who will provide non-privileged, discoverable testimony regarding this area of testimony.

**AREA OF TESTIMONY NO. 3:**

For each of the data files produced by Illumina that are listed in numbers one and two above, whether the revenues publicly reported by Illumina for fiscal years 2002, 2003, 2004 and 2005 are the same as the revenues reflected in the data files; or, if there are discrepancies between the data files and Illumina's publicly reported revenues, what discrepancies exist and why.

**RESPONSE TO AREA OF TESTIMONY NO. 3:**

Illumina objects to this area of testimony to the extent that it seeks testimony that is properly the subject of expert testing and/or analysis.

Subject to and without waiving its General and Specific Objections, Illumina will produce a witness who will provide non-privileged, discoverable testimony regarding the data files produced by Illumina listed in Areas of Testimony Nos. 1 and 2 above and public reports of revenues made by Illumina.

**AREA OF TESTIMONY NO. 4:**

For each of the data files produced by Illumina that are listed in number one above, whether the revenues reported in financial documents produced to Affymetrix (including IAFP 00597807 - 7817; IAFP 00544980-00545091; IAFP 533985; IAFP00643264 - IAFP0643270) are the same as the revenues reflected in the data files; or, if the revenues in the financial documents are not the same as those in the data files, what discrepancies exist and why.

**RESPONSE TO AREA OF TESTIMONY NO. 4:**

Subject to and without waiving its General Objections, Illumina will produce a witness who will provide non-privileged, discoverable testimony regarding the data files

produced by Illumina listed in Areas of Testimony Nos. 1 and 2 above and the financial documents produced as IAFP 00597807-17; IAFP 00544980-91; IAFP00533985; and IAFP00643264-70.

**AREA OF TESTIMONY NO. 5:**

For each of the live data files that are listed in number one, above, how the invoice level entries in the data file can be correlated to the information in Illumina's Systems, Products and Service Catalogues, including whether and how the product names, product descriptions, item numbers, product numbers, JDE numbers, catalogue numbers and other similar codes that appear in the data files correspond to the catalogues.

**RESPONSE TO AREA OF TESTIMONY NO. 5**

Subject to and without waiving its General Objections, Illumina will produce a witness who will provide non-privileged, discoverable testimony regarding this area of testimony.

**AREA OF TESTIMONY NO. 6:**

For each of the live data files that are listed in numbers one and two above, whether and how one can use the files to ascertain the following: a) Illumina's total monthly, quarterly, and annual revenues by product and/or service for 2002, 2003, 2004, and 2005; b) Illumina's actual sales prices per product and/or service at an invoice level and on a monthly, quarterly, and annual basis; and c) Illumina's cost of goods sold per product line on a monthly, quarterly and annual basis; and as to each of (a), (b) and (c), if one cannot ascertain the requested information from the data files produced, what additional documents and information are needed to do so.

**RESPONSE TO AREA OF TESTIMONY NO. 6:**

Subject to and without waiving its General Objections, Illumina will produce a witness who will provide non-privileged, discoverable testimony regarding this area of testimony.

Dated: February 21, 2006

    */s/ Richard K. Herrmann*
Richard K. Herrmann #405
Mary B. Matterer #2696
MORRIS JAMES HITCHENS & WILLIAMS LLP
222 Delaware Avenue, 10th Floor
Wilmington, DE  19801
(302) 888-6800
rherrmann@morrisjames.com

Robert G. Krupka, P.C.
KIRKLAND & ELLIS LLP
777 South Figueroa Street
Los Angeles, CA  90017-5800
(213) 680-8400

Mark A. Pals, P.C.
Marcus Sernel
Paul D. Collier
KIRKLAND & ELLIS LLP
200 East Randolph Drive
Chicago, IL 60601
(312)861-2000

*Counsel for Illumina*

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 21st day of February, 2006, I caused to be electronically filed the foregoing document, **ILLUMINA'S OBJECTIONS AND RESPONSES TO AFFYMETRIX' NOTICE OF DEPOSITION PURSUANT TO FED. R. CIV. P. 30(b)(6) SERVED DECEMBER 28, 2005 AND FEBRUARY 7, 2006**, with the clerk of the court using CM/ECF which will send notification of such filing to the following:

Jack B. Blumenfeld, Esq.
Mary Ellen Noreika, Esq.
Morris Nichols Arsht & Tunnell
1201 Market Street
Wilmington, DE  19801

Additionally, I hereby certify that on the 21st day of February, 2006, the foregoing document was served via email on the following non-registered participants:

Daniel R. Reed, Esq.
Affymetrix, Inc.
6550 Vallejo Street, Suite 100
Emeryville, CA 94618
Facsimile:  510-428-8583

By:*/s/ Richard K. Herrmann*
Richard K. Herrmann #405
Mary B. Matterer #2626
MORRIS, JAMES, HITCHENS &
WILLIAMS LLP
222 Delaware Avenue, 10th Floor
Wilmington, Delaware  19801
(302) 888-6800
rherrmann@morrisjames.com