# MORRIS, JAMES, HITCHENS & WILLIAMS LLP

222 Delaware Avenue, 10th Floor
Wilmington, Delaware 19801-1621
(302) 888-6800
Facsimile (302) 571-1751
www.morrisjames.com

Richard K. Herrmann
(302) 888-6816
rherrmann@morrisjames.com

Mailing Address
P.O. Box 2306
Wilmington, DE 19899-2306

March 6, 2006

**VIA ELECTRONIC FILING**
The Honorable Joseph J. Farnan, Jr.
USDC for the District of Delaware
844 King Street
Wilmington, DE 19801

Re:   *Affymetrix, Inc. v. Illumina, Inc.,* **D. Del., C.A. No. 04-901-JJF**

Your Honor:

The parties have worked together to resolve the matters raised in their respective February 13, 2006 letters to the Court. Since those letters and the subsequent February 15 hearing, however, one discovery issue has arisen which requires the Court's attention. Affymetrix is blocking legitimate discovery of a third party by now "representing" that third party and refusing to allow the third party to comply with Illumina's reasonable discovery requests, citing the close of discovery deadline despite the fact that all interested parties were on notice of the subpoena 10 days before the close of discovery. This improper effort to thwart this important discovery has forced Illumina to seek the Court's assistance.

Illumina seeks a limited number of documents from, and a short (2-3 hour) deposition of, third-party witness Dr. Richard Sachleben. Dr. Sachleben worked at the Oak Ridge National Laboratory in the late 1980s and early 1990s with technology that may be relevant prior art to the Affymetrix patents-in-suit. In addition, Dr. Sachleben attended a conference in Moscow, Russia in November 1991, and prepared a detailed trip report relating to that conference which is important to certain of Illumina's invalidity and inequitable conduct defenses in this case. There can be no question that Dr. Sachleben possesses relevant information to this case, and Affymetrix has never suggested otherwise.

Illumina's counsel has previously spoken to Dr. Sachleben regarding the service of a subpoena to him, and Dr. Sachleben had always indicated a willingness to respond and provide whatever information he had available to him. Indeed, Dr. Sachleben agreed with Illumina's counsel as to when and where he could be served with a subpoena, and as to the appropriate timing for production of documents and scheduling of his deposition. There was never any suggestion that Dr. Sachleben would not comply with the subpoena, *until* Affymetrix' lawyers recently became involved.

MORRIS, JAMES, HITCHENS & WILLIAMS LLP

The Hon. Joseph J. Farnan, Jr.
March 6, 2006
Page 2

After discussing and agreeing to the logistics with Dr. Sachleben, Illumina prepared a subpoena to Dr. Sachleben and served notice of the subpoena to Affymetrix and the Court on February 14. The subpoena specifically requested documents to be produced by February 22, with a deposition scheduled for February 24. Since Dr. Sachleben had informed Illumina's counsel that he would be traveling during the work week of February 13, an agreement was made to send the subpoena via Federal Express to his house on Saturday, February 18. Unfortunately, due to the massive snowstorm that crossed the country that weekend, the subpoena was not delivered to Dr. Sachleben's house until February 20, 2006. Illumina's counsel sought to contact Dr. Sachleben during the week of February 20, but he did not respond. Illumina's counsel finally was able to reach Dr. Sachleben by phone on February 28, and he stated that "I have been instructed not to talk to you" by Affymetrix' lawyers. Affymetrix only informed Illumina of its representation of Dr. Sachleben in response to Illumina's inquiry on February 28, 2006, several days after the return date on the subpoena and after fact discovery had closed. In this correspondence, Affymetrix stated that it was now "representing" Dr. Sachleben and that the subpoena was invalid because it was not served properly, issued from the wrong jurisdiction, and untimely. After this notice, Illumina attempted to discuss new dates for the production of documents and deposition and served a corrected subpoena with new proposed dates on Affymetrix as Dr. Sachleben's counsel. While accepting service, Affymetrix has rejected Illumina's attempt to cure any technical defects and maintains it will not comply with the subpoena served on Dr. Sachleben.

Neither Affymetrix nor Dr. Sachleben responded to the subpoena by the response date of February 22 as required under Fed. R. Civ. P. 45(c)(2)(B) and 45(c)(3)(A), and thus any objections to the subpoena have been waived. *See In re Corso*, 328 B.R. 375, 384-85 (E.D.N.Y. 2005); *Schweizer v. Mulvehill*, 93 F. Supp. 2d 376, 412 (S.D.N.Y. 2000); *see also Krewson v. City of Quincy*, 120 F.R.D. 6, 7 (D. Mass. 1988) (finding that failure to raise timely objections constitutes waiver of any and all objections a party may have to requests for production of documents). While service was not formally effected until February 20,[1] Dr. Sachleben had notice that the subpoena was coming (and had indicated to Illumina that the response time was adequate), and his now-lawyers received a copy of the subpoena on February 14. Affymetrix is simply wrong when it contends that it did not have to timely respond to the subpoena on behalf of its client, and that because it responded after the close of discovery it is now too late for this discovery to proceed. This "stall out the clock" strategy is merely an effort to block Illumina's legitimate discovery of a third party. If Illumina had been informed of the technical defect in the subpoena in a timely manner, it could have corrected the defect before the close of discovery and all of this would be moot.

_____

[1] Courts have confirmed that service by Federal Express is appropriate, and service is effective as of the date of delivery. *See Hall v. Sullivan*, 229 F.R.D. 501 (D. Md. 2005); *Western Resources, Inc. v. Union Pacific Railroad Co.*, 2002 WL 1822432 at *2-*3 (D. Kan. 2002) (finding subpoena delivered using Federal Express provided fair and timely notice).

MORRIS, JAMES, HITCHENS & WILLIAMS LLP

The Hon. Joseph J. Farnan, Jr.
March 6, 2006
Page 3


    This Court should reject Affymetrix' effort to prevent Illumina from gaining legitimate discovery from a third party witness. While Affymetrix purports to act on behalf of Dr. Sachleben, its actions are clearly in support of its own interests, and are diametrically opposed to the interests of Dr. Sachleben expressed just a few weeks ago (before Affymetrix was representing him). Whatever the explanation for this shift in position, Illumina asks the Court for leave to conduct this discovery of Dr. Sachleben after the February 24 discovery close.[2] Since the only present objection is as to the compliance with the Court's scheduling order, there should be no need to get the District of Massachusetts involved with enforcing the subpoena (although Illumina will ultimately enforce the subpoena there if that is required).

                                    Respectfully,

                                    Richard K. Herrmann, I.D. No. 405
                                    rherrmann@morrisjames.com

cc:  Dr. Peter T. Dalleo, Clerk of the Court (via electronic filing)
     MaryEllen Noreika, Esq. (via electronic filing)
     Michael J. Malecek, Esq. (via email)

---

[2] Dr. Sachleben's is not the only deposition that will be conducted after February 24. There are a handful of other depositions, including third party depositions, for both parties that have been scheduled by agreement past the discovery close date of February 24. The subpoena to Dr. Sachleben can and should be handled just like this other discovery.