## Morris, Nichols, Arsht & Tunnell LLP

1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19899-1347

302 658 9200
302 658 3989 Fax

Maryellen Noreika
302 351 9278
302 425 3011 Fax
mnoreika@mnat.com

March 8, 2006

**BY ELECTRONIC FILING**

The Honorable Joseph J. Farnan, Jr.
United States District Court
844 King Street
Wilmington, DE 19801

      Re:    <u>Affymetrix, Inc. v. Illumina Inc.</u>, C.A. No. 04-901 (JJF)

Dear Judge Farnan:

      I write in response to Illumina's March 6, 2006 letter asking this Court to enforce an untimely, invalid subpoena (that was also not properly served) against a third party witness who resides in Massachusetts. There is no basis or reason to grant such relief.

      Dr. Sachleben is a third party who resides in Massachusetts. He is one of many third parties Illumina has subpoenaed relating to events that occurred in the late 1980s and 1990s. Illumina has been aware of Dr. Sachleben for months, and has deposed his colleagues. Nevertheless, Illumina waited until the end of discovery to draft a subpoena for Dr. Sachleben. That subpoena was issued from the District of Delaware, which does not have jurisdiction over Dr. Sachleben. In addition, Illumina did not properly serve that subpoena on Dr. Sachleben. Instead, Illumina sent it by Federal Express while Dr. Sachleben was away, and Dr. Sachleben did not receive the subpoena until the evening of February 24, after the dates for compliance set forth in the subpoena.

      Illumina has blocked third party discovery in this case on the basis that a subpoena issued from the wrong court is ineffective in procuring discovery sought by Affymetrix. For example, during the deposition of Dr. Radomir Crkvenjakov, a paid Illumina consultant, Illumina indeed argued this position:

> MR. YU: Counsel, it is your contention that if a subpoena is served out of the wrong jurisdiction, it is ineffective for all purposes?
>
> MS. TANG: That's correct.

*See* Deposition of Dr. Radomir Crkvenjakov at 10, ll. 19-22. Illumina has subsequently refused to respond to a subpoena requesting original versions of documents represented by Illumina to be prior art, but which Dr. Crkvenjakov admitted altering during discovery because the subpoena was issued out of the wrong California district court.

The Honorable Joseph J. Farnan, Jr.
March 8, 2006
Page 2

Perhaps because it previously blocked discovery based on what it now refers to as a "technical defect," Illumina seeks to blame Affymetrix for Illumina's failed subpoena. Affymetrix, however, was not responsible for Illumina's delay in issuing a subpoena to Dr. Sachleben, for the issuance of the subpoena from the wrong Court or for Illumina's failure to serve Dr. Sachleben with the subpoena prior to the end of discovery. Moreover, Affymetrix has not "block[ed] legitimate discovery of a third party" or acted "improperly." Dr. Sachleben is being represented by Affymetrix in connection with the Illumina subpoena. He has little interest in being deposed or surrendering private, proprietary documents – particularly to the extent that Illumina requests that he do so on its schedule and in response to an invalid subpoena.

Illumina's argument that Dr. Sachleben waived his objections is also unavailing. Federal Express packages left without any required signature do not meet the high standard for service imposed by Rule 45 to protect disinterested third parties from unintended waiver. Indeed, the majority of courts have held service by Federal Express to be improper for purposes of Rule 45. *See, e.g., Application of Johnson and Johnson*, 59 F.R.D. 174, 177 (D. Del. 1973) ("Under Rule 45(c), personal service of a subpoena is required when an individual is subpoenaed."); *F.T.C. v. Compagnie De Saint-Gobain-Pont-a-Mousson*, 636 F.2d 1300 (D.C. Cir. 1980)). Illumina's citation of *Hall v. Sullivan*, 229 F.R.D. 501 (D. Md. 2005) does not change that. In *Hall*, the court (acknowledging that it was taking a minority view) decided only that delivery by Federal Express actually received by the subpoenaed party was effective. *Hall*, 229 F.R.D. at 502, 505. Here, Dr. Sachleben told Illumina's attorneys that he would be traveling the week of February 20th and would not be home to receive a subpoena. He did not receive the subpoena until the evening of Friday, the 24th – after the dates for compliance had passed. He had no opportunity to object.

Finally, there is no reason to extend discovery yet again and burden another third party. Illumina has already deposed Dr. Sachleben's colleague, Dr. Robert S. Foote, about the same work it intends to address with Dr. Sachleben. It has also deposed multiple third parties who attended a November, 1991 conference in Moscow, which is one the subjects listed in document subpoena to Dr. Sachleben. In short, there has already been extensive discovery on the issues that Dr. Sachleben could address, discovery is over and it is time for this case to move forward toward trial. Illumina's request that this Court enforce its untimely, invalid subpoena against Dr. Sachleben should be denied.

Respectfully,

/s/ Maryellen Noreika (#3208)

Maryellen Noreika

/klm
cc:   Peter T. Dalleo, Clerk (By Hand Delivery)
      Richard K. Herrmann, Esquire (By Hand Delivery)
      Marcus E. Sernel, Esquire (By Fax)