# MORRIS, JAMES, HITCHENS & WILLIAMS LLP

222 Delaware Avenue, 10th Floor
Wilmington, Delaware 19801-1621
(302) 888-6800
Facsimile (302) 571-1751
www.morrisjames.com

Richard K. Herrmann
(302) 888-6816
rherrmann@morrisjames.com

Mailing Address
P.O. Box 2306
Wilmington, DE 19899-2306

March 9, 2006

**VIA ELECTRONIC FILING**
The Honorable Joseph J. Farnan, Jr.
USDC for the District of Delaware
844 King Street
Wilmington, DE  19801

Re:    *Affymetrix, Inc. v. Illumina, Inc.*, D. Del., C.A. No. 04-901-JJF

Your Honor:

I write in reply to Affymetrix' letter of yesterday to clarify certain points raised with regard to the discovery of Dr. Richard Sachleben.

First, Affymetrix incorrectly states that Illumina is seeking to have this Court "enforce" its subpoena to Dr. Sachleben. That is incorrect. Illumina is merely seeking to have this Court clarify that this discovery can be taken outside the discovery period, given the delay that has now been created by Affymetrix' objections. With such clarification in hand, to the extent Illumina must enforce a subpoena of Dr. Sachleben, Illumina will do so in Massachusetts.

Second, Affymetrix' attempt to analogize the Sachleben subpoena to the discovery of Dr. Radomir Crkvenjakov is severely misplaced. Dr. Crkvenjakov produced hundreds of pages of documents, and was deposed for 7 hours, pursuant to a subpoena. Illumina has received no discovery from Dr. Sachleben. While Dr. Crkvenjakov did object to producing **original documents** in response to a second subpoena, that is a far cry from Affymetrix' "you'll have nothing and like it" position on Dr. Sachleben. And with respect to Affymetrix' request to review originals, Kirkland & Ellis has separately obtained Dr. Crkvenjakov's consent to make his original documents available to Affymetrix to remove any possible question as to their authenticity. So these situations are not at all the same -- Affymetrix is getting all of the discovery it wants with respect to Dr. Crkvenjakov, and Affymetrix is blocking Illumina from getting any discovery of Dr. Sachleben.

Third, Affymetrix grossly mischaracterizes Illumina's position when it states that "Illumina requests that [Dr. Sachleben be deposed and produce documents] on its schedule and in response to an invalid subpoena." To the contrary, Illumina has all along agreed to be flexible in accommodating Dr. Sachleben's schedule for the service of a subpoena, the production of documents, and the taking of a deposition, and Illumina and Dr. Sachleben had several telephone

MORRIS, JAMES, HITCHENS & WILLIAMS LLP

The Hon. Joseph J. Farnan, Jr.
March 9, 2006
Page 2

conversations confirming this approach prior to Affymetrix' involvement. This situation only became adversarial when Affymetrix injected itself as Dr. Sachleben's "counsel."

Fourth, Affymetrix is wrong when it suggests that the discovery sought from Dr. Sachleben is duplicative of discovery already obtained in this case. Dr. Sachleben specifically prepared documents, and engaged in conversations, that are unique to him and the issues in this case. Illumina made the choice to pursue targeted discovery from Dr. Sachleben because he can provide information that no other witness can. A targeted set of documents, and a 2-3 hour deposition, is all that Illumina seeks from Dr. Sachleben.

Fifth, Affymetrix has no response to the fact that it, as Dr. Sachleben's counsel, had received the subpoena as of February 14, but stayed silent as to its representation and Dr. Sachleben's objections until after the discovery deadline had passed. It should not now be heard to complain that the discovery sought is untimely.

Once Affymetrix lodged its objections on Dr. Sachleben's behalf, a new subpoena was issued to remove any question as to its validity, and this discovery should proceed appropriately. Illumina respectfully requests the Court to grant Illumina leave to take the limited discovery of Dr. Sachleben past the discovery deadline, just as other limited discovery between the parties continues to date.

Respectfully,

Richard K. Herrmann, I.D. No. 405
rherrmann@morrisjames.com

cc: Dr. Peter T. Dalleo, Clerk of the Court (via electronic filing)
    MaryEllen Noreika, Esq. (via electronic filing)
    Michael J. Malecek, Esq. (via email)