# MORRIS, JAMES, HITCHENS & WILLIAMS LLP

222 Delaware Avenue, 10th Floor
Wilmington, Delaware 19801-1621
(302) 888-6800
Facsimile (302) 571-1750
www.morrisjames.com

Richard K. Herrmann
(302) 888-6816
rherrmann@morrisjames.com

Mailing Address
P.O. Box 2306
Wilmington, DE 19899-2306

March 29, 2006

**VIA ELECTRONIC FILING**
The Honorable Joseph J. Farnan, Jr.
USDC for the District of Delaware
844 King Street
Wilmington, DE  19801

      Re: *Affymetrix, Inc. v. Illumina, Inc.,* D. Del., C.A. No. 04-901-JJF

Your Honor:

  On March 16, 2006, Affymetrix informed Illumina for the first time that it intends to add nine previously-unasserted claims (beyond the sixty asserted already) from four of the patents-in-suit.[1]  (*See* 3/16/06 Reed letter, attached hereto at Ex. A.).  This change in course occurred twenty months after Affymetrix filed this suit, twelve months after Affymetrix identified the patent claims that it intended to pursue, five months after the deadline for contention interrogatory responses, and over three weeks after the extended fact discovery deadline.  Not surprisingly, Illumina did not conduct discovery on these newly asserted claims, and would be greatly prejudiced if they are allowed to be added at this time.  As explained below, Illumina respectfully requests that the Court preclude Affymetrix from seeking to add these new patent claims.  Illumina further respectfully requests an expedited ruling on this issue because expert discovery will commence shortly after the Court's *Markman* ruling.  (*See* 2/17/06 Scheduling Order (setting *Markman* hearing for April 20, 2006, and opening expert reports deadline for twenty days after a *Markman* ruling)).

**I. BACKGROUND.**

  **A. Status of Litigation.**

  Affymetrix filed its Complaint in this action on July 26, 2004, alleging infringement of six patents allegedly owned by Affymetrix.  Together, these six patents include a total of 160

---

[1] Specifically, Affymetrix seeks to add claims 2 and 6 for U.S. Patent No. 5,795,716 ("the '716 patent) , claims 10, 21 and 22 for U.S. Patent No. 6,355,432 ("the '432 patent"), claims 18 and 43 for U.S. Patent No. 6,399,365 ("the '365 patent") and claims 52 and 53 for U.S. Patent No. 6,646,243 ("the '243 patent").

MORRIS, JAMES, HITCHENS & WILLIAMS LLP

The Hon. Joseph J. Farnan, Jr.
March 29, 2006
Page 2

claims. In response to Illumina's inquiry, on February 24, 2005, Affymetrix "narrowed" its infringement allegations to sixty claims of the six asserted patents.

The parties then conducted extensive written discovery on these sixty claims. Both parties served contention interrogatories on issues of infringement and validity, and each party responded only as to the sixty claims at issue in the case. As of the Court-ordered deadline for contentions, October 14, 2005, the parties had exchanged their contentions as to these sixty claims.

The parties then conducted extensive fact deposition discovery -- Affymetrix deposed 32 Illumina and third party witnesses, and Illumina deposed 35 Affymetrix and third party witnesses. As the Court is well aware, much of this discovery by Illumina was contested; indeed, Affymetrix is still attempting to block Illumina's effort to obtain third party discovery from the University of Tennessee Research Foundation. All of Illumina's discovery relating to prior art that invalidates the asserted claims, including inventor depositions and third party depositions of witnesses knowledgeable regarding such art, focused on the asserted claims, not unasserted claims.

Prior to the February 24, 2006 close of fact discovery, Illumina served supplemental interrogatory responses, including 535 pages of claim charts establishing the invalidity of the sixty asserted claims. On March 2, 2006, Affymetrix then served supplemental interrogatory responses. Once again, Affymetrix limited its responses to the sixty asserted claims.

On March 16, 2006, after the parties had completed this extensive discovery, Affymetrix then sent its letter attempting to expand the scope of its infringement allegations to add new patent claims.

  **B. Affymetrix' March 16, 2006 letter.**

As a preliminary matter, Illumina notes that Affymetrix now acknowledges what Illumina has told Affymetrix from the onset of this action; namely, Affymetrix's infringement claims under U.S. Patent No. 6,607,887 ("the '887 Chee patent") are -- and always have been -- frivolous.[2] In May 2005, Illumina sent a letter to Affymetrix inviting it to dismiss its claim that Illumina infringes the '887 Chee patent or face a motion for sanctions. (*See* Ex. B). Affymetrix refused to dismiss the '887 Chee patent infringement claim at that time. But now, as disclosed in its March 16, 2006 letter, Affymetrix acknowledges that its infringement claim under the '887 Chee patent is baseless, and dismisses it. (*See* Ex. A).

---

[2] On March 16, 2006, Affymetrix informed Illumina that it intends to dismiss with prejudice its allegation that Illumina infringes one of the asserted patents -- *i.e.*, the '887 patent. (*See* Ex. A at 1).

**MORRIS, JAMES, HITCHENS & WILLIAMS LLP**

The Hon. Joseph J. Farnan, Jr.
March 29, 2006
Page 3

Affymetrix similarly acknowledges that a number of other patent claims that it has asserted have no basis, and has withdrawn its allegation of infringement for those patent claims.[3] Illumina, nonetheless, maintains its counterclaims as to those withdrawn claims. Affymetrix' inequitable conduct during the prosecution of those patent claims, their invalidity, and Affymetrix's improper assertion of those claims in this litigation directly support Illumina's counterclaims. In any event, Affymetrix's decision not to pursue infringement allegations for eleven of the 60 asserted claims in no way provides Affymetrix a basis for injecting previously unasserted claims into this action.

## II.   ARGUMENT

### A.   Affymetrix' attempt to add new patent claims at this late stage of the litigation is untimely.

Affymetrix took extensive discovery relating to Illumina's products beginning many months ago. Illumina produced extensive and detailed documentation describing its products prior to October 2005. These documents included catalog lists, product manuals, user guides, and internal product presentations. Affymetrix then deposed several Illumina employees with knowledge regarding Illumina's commercial products in November and December 2005, including but not limited to John Stuelpnagel, D.V.M., Jian-Bing Fan, Ph.D., Francisco Garcia, Ph.D., David Barker, Ph.D., and Todd Dickinson, Ph.D., and questioned them extensively regarding Illumina's commercial products.

In its March 16, 2006 letter, Affymetrix contends that it seeks to add these new patent claims "[b]ased in part on information learned" during a Rule 30(b)(6) deposition taken on March 10, 2006, relating to the design, manufacture, and use of Illumina's products. (*See* Ex. A at 1.). This recent deposition, however, does not justify Affymetrix adding these patent claims now because Affymetrix deposed several Illumina employees extensively regarding Illumina's products several months before this Rule 30(b)(6) deposition. Affymetrix even appears to concede this, stating that it wants to "add" these claims "[b]ased *in part*" on the March 10, 2006 deposition. The truth is that Affymetrix learned nothing new in that deposition, and is simply using it as an excuse to sandbag Illumina.

To try to understand the basis for Affymetrix' thirteenth-hour amendment, Illumina requested that Affymetrix specify the testimony from the March 10 deposition that it believes supports its attempt to change this case by adding new patent claims. (*See* Ex. C, 3/17/06 Letter from M. Pals to D. Reed). Affymetrix refused to respond to that request. Illumina then sent Affymetrix another letter seeking to meet and confer. (*See* Ex. D, 3/24/06 Letter from M. Pals to D. Reed). Affymetrix finally responded on March 27, and a meet and confer was held on March

---

[3] On March 16, 2006, Affymetrix also informed Illumina that it is no longer asserting infringement of claims 18 and 21 of the '243 patent and claims 1, 2, 7, 10, 20, 29, 30, 31 and 32 of the '365 patent. (*See* Ex. A).

28 to try to resolve the issue. Affymetrix informed Illumina that it now intends to supplement its interrogatory responses later "this week," but had no suggestion as to how to ameliorate the prejudice to Illumina if the new claims are allowed in the case.

Affymetrix cannot justify its attempt to assert new patent claims now. It is simply too late for Affymetrix to expand its infringement allegations, and Affymetrix' effort to do so should be denied.

### B. Illumina will be prejudiced if Affymetrix is permitted to add these claims at this late stage of the litigation.

Illumina has litigated this case and conducted substantial fact discovery targeted at the specific claims asserted in this case. Affymetrix seeks to add new claims that raise new questions as to patent validity, such as lack of written description, non-enablement, anticipation and obviousness, and patent infringement. These are questions that Illumina did not pursue during discovery because these claims were not at issue in this case.

Illumina will be severely prejudiced if Affymetrix is permitted to modify its patent infringement allegations to add new patent claims at this late stage of the litigation. During discovery, Illumina collected prior art and conducted deposition discovery to gather compelling evidence to invalidate each of the asserted claims of the patents in suit. Now that fact discovery is closed, Affymetrix seeks to add new patent claims that add, for example, the following claim limitations:

- **The '716 Patent:** "computer code that calculates a ratio of a higher probe intensity to a lower probe intensity;" "computer code that generates a base call identifying said unknown base according to a base of a nucleic acid probe having said higher probe intensity if said ratio is greater than a predetermined ratio value" (claim 2);

- **The '432 Patent**: "the plurality of different beads is reusable" (claim 21);

- **The '365 Patent**: "said nucleic acids are attached to said surface through a linker group" (claim 18).

Illumina should not be forced to defend against new claims and new limitations of which it had no notice and no opportunity to conduct discovery. Nor is it clear that this prejudice could be remedied by an extension to allow Illumina to conduct discovery on these claims. Much of the discovery that Illumina has conducted regarding the evidence on which it relies for patent invalidity is third party discovery, and therefore Illumina's prejudice would remain if third parties successfully objected to Illumina's attempts to pursue additional discovery now. For its part, Affymetrix has repeatedly shown a propensity to object to Illumina's efforts to obtain third party discovery on grounds of alleged untimeliness, such as its recent objections to Illumina's discovery from the University of Tennessee and Dr. Sachleben. (*See generally* Joint Response of

**MORRIS, JAMES, HITCHENS & WILLIAMS LLP**

The Hon. Joseph J. Farnan, Jr.
March 29, 2006
Page 5

Plaintiff Affymetrix, Inc. and Non-Party University of Tennessee Research Foundation to Defendant's Motion to Compel Production of Documents, Case No. 3.06-MC-5 (E.D. Tenn.); *see also* 3/8/06 Letter from M. Noreika to J. Farnan).

  Because Affymetrix' attempt to add new patent claims is untimely and without any legitimate justification to overcome the undue prejudice to Illumina that it will cause, Illumina respectfully requests that the Court preclude Affymetrix from asserting new patent claims in this case at this late stage.

             Respectfully,

             */s/ Richard K. Herrmann*

             Richard K. Herrmann, I.D. No. 405
             rherrmann@morrisjames.com

cc: Dr. Peter T. Dalleo, Clerk of the Court (via electronic filing)
   MaryEllen Noreika, Esq. (via electronic filing)
   Michael J. Malecek, Esq. (via email)

# EXHIBIT A



Daniel R. Reed<br>
Litigation Attorney<br>
Direct Dial: 510.428.8520<br>
E-Mail Address: Daniel_Reed@affymetrix.com

March 16, 2006

**VIA EMAIL**

Marcus Sernel
Kirkland & Ellis LLP
200 East Randolph Drive
Chicago, Illinois 60601

    Re: *Affymetrix, Inc. v. Illumina, Inc.*
         Civil Action No. 04-901 JJF

Dear Marc:

    I write regarding the issue of which claims in the patents-in-suit will be asserted in this case. We wrote to you preliminarily on this topic on February 24, 2005.

    As you know, the 30(b)(6) deposition regarding the design, manufacture, and use of Illumina's products finally took place on Friday, March 10, 2006. Affymetrix noticed this deposition in December 2005. Based in part on information learned during this deposition, Affymetrix adds the following claims as asserted claims in this litigation:

    With regard to the '716 patent, Affymetrix adds claims 2 and 6.

    With regard to the '432 patent, Affymetrix adds claims 10, 21, and 22.

    With regard to the '365 patent, Affymetrix adds claim 18 and 43.

    With regard to the '243 patent, Affymetrix adds claims 52 and 53.

    Affymetrix has also decided not to pursue claims 18 and 21 of the '243 patent and claims 1, 2, 7, 10, 20, 29, 30, 31, and 32 of the '365 patent.

    Based on the discovery, Affymetrix has also decided to dismiss the '887 patent from the lawsuit. Therefore, no claims from this patent need be construed.

6550 Vallejo Street, Suite 100
Emeryville, CA 94608
Telephone 510 428 8500
Fax 510 428 8583
www.affymetrix.com

Marcus Sernel
March 16, 2006
Page 2

      Affymetrix will supplement its interrogatory responses, where required, to reflect the addition of the above-identified claims. We expect Illumina to do the same.

                                      Sincerely,

                                      Daniel R. Reed
                                      Litigation Attorney

Case 1:04-cv-00901-JJF    Document 235    Filed 03/29/2006    Page 8 of 16

# EXHIBIT B

# KIRKLAND & ELLIS LLP
AND AFFILIATED PARTNERSHIPS

200 East Randolph Drive
Chicago, Illinois 60601

Marcus E. Sernel
To Call Writer Directly:
312 861-2389
msernel@kirkland.com

312 861-2000

www.kirkland.com

Facsimile:
312 861-2200

May 26, 2005

<u>VIA E-MAIL</u>

Daniel R. Reed
Affymetrix, Inc.
6550 Vallejo Street
Suite 100
Emeryville, CA 94608

Re: *Affymetrix, Inc. v. Illumina, Inc.*, Civil Action No. 04-901 JJF

Dear Dan:

I write to raise again with you a very serious issue regarding the deficiency of your interrogatory responses and the apparent lack of factual bases to support some of the allegations you have made in this case.

I have previously identified your response to Illumina's interrogatory number 1 as being wholly insufficient, and specifically your response providing your infringement contentions for U.S. Patent No. 6,607,887 (the "'887 patent"). You have refused my request to supplement your interrogatory response or otherwise explain the basis for asserting this patent against Illumina. Because of this, we are forced to conclude that you have no basis for asserting this patent and have thus violated Rule 11 of the Federal Rules of Civil Procedure. Furthermore, your failure to provide any claim constructions to support your infringement contentions is also in violation of Rule 11 and the requirements of Federal Circuit case law.

To this end, we are providing you with a draft motion pursuant to Rule 11 that we intend to file if you do not (1) drop your infringement allegations regarding the '887 patent immediately, or explain the basis for your infringement contentions, and/or (2) provide the claim constructions that supported your Rule 11 basis for bringing your infringement claims with respect to all of the patents-in-suit. According to Rule 11, you have 21 days to address these deficiencies.

We would obviously prefer to avoid the need to file this Rule 11 motion with the Court, but see no alternative given the lack of any basis for your allegations and your refusal to

## KIRKLAND & ELLIS LLP

May 26, 2005
Page 2

even attempt to substantiate your pleadings and discovery responses. Please let me know if you have any questions.

Very truly yours,

Marcus E. Sernel

# EXHIBIT C

# KIRKLAND & ELLIS LLP
AND AFFILIATED PARTNERSHIPS

200 East Randolph Drive
Chicago, Illinois 60601

Mark A. Pals, P.C.
To Call Writer Directly:
312 861-2450
mpals@kirkland.com

312 861-2000

www.kirkland.com

Facsimile:
312 861-2200

March 17, 2006

**VIA E-MAIL**

Daniel R. Reed, Esq.
Litigation Attorney
Legal Department
Affymetrix, Inc.
6550 Vallejo Street, Suite 100
Emeryville, CA 94608

Dear Dan:

We received your letter of March 16, 2006 in which you purport simply to "add" claims at your whim nearly 20 months after filing suit, 5 months after the Court's deadline for contention interrogatory responses, and 3 weeks after the close of fact discovery.

We are not aware of any information from the March 10 Rule 30(b)(6) deposition of Illumina that would justify Affymetrix' effort to add claims and fundamentally change this case after Illumina conducted discovery for nearly a year on the claims that Affymetrix represented were at issue in this case. You appear to concede this, stating that you want to "add" claims "[b]ased in part" on that deposition. Please cite the testimony that you intend to cite to Judge Farnan to justify this remarkable position, and explain why you believe Affymetrix should be entitled to do this. We are willing to consider this information before moving the Court to preclude your assertion of these new claims.

We note that Affymetrix is no longer asserting infringement of claims 18 and 21 of the '243 patent or of claims 1, 2, 7, 10, 20, 29, 30, 31 and 32 of the '365 patent. We take this to be a final decision and not one subject to change at Affymetrix' whim some time down the road. We are evaluating whether any terms of those claims require construction in connection with Illumina's counterclaims.

We note that Affymetrix has "decided to dismiss the '887 patent from the lawsuit." Again, we take this to be a final decision and not one subject to change by Affymetrix. It remains our position that Affymetrix' claim as to the '887 patent was baseless and frivolous from the outset of this litigation. We refer you to our May 26, 2005 letter in which we offered Affymetrix the opportunity to dismiss its claim under the '887 patent. We reserve our right to seek relief for having to defend this baseless claim. We will advise whether we are willing to dismiss our counterclaims of noninfringement, invalidity and unenforceability of the '887 patent.

London    Los Angeles    Munich    New York    San Francisco    Washington, D.C.

**KIRKLAND & ELLIS LLP**

Daniel R. Reed, Esq.
March 17, 2006
Page 2

    As to your "expect[ation]" that Illumina will supplement its interrogatories as to the claims that Affymetrix is trying to inject at this late hour, we will await a ruling as to whether Affymetrix is permitted to change this case at this time.

                                      Very truly yours,

                                      Mark A. Pals, P.C.

# EXHIBIT D

# KIRKLAND & ELLIS LLP
AND AFFILIATED PARTNERSHIPS

200 East Randolph Drive
Chicago, Illinois 60601

312 861-2000

www.kirkland.com

Mark A. Pals, P.C.
To Call Writer Directly:
312 861-2450
mpals@kirkland.com

Facsimile:
312 861-2200

March 24, 2006

**VIA E-MAIL**

Daniel R. Reed, Esq.
Litigation Attorney
Legal Department
Affymetrix, Inc.
6550 Vallejo Street, Suite 100
Emeryville, CA 94608

Re:    *Affymetrix, Inc. v. Illumina, Inc.*, Civil Action No. 04-901-JJF

Dear Dan:

Affymetrix has not responded to my letter of March 17 responding to your March 16 letter. We understand Affymetrix' failure to respond as a refusal to meet and confer as to the alleged bases for its attempt to add claims at this point in this action. If that is incorrect, please provide the information requested in my March 17 letter and contact me or Marc Sernel to discuss this matter.

Very truly yours,

*Mark*

Mark A. Pals, P.C.

London    Los Angeles    Munich    New York    San Francisco    Washington, D.C.