IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

AFFYMETRIX, INC.,

Plaintiff/Counter-Defendant,

v.

ILLUMINA, INC.,

Defendant/Counter-Plaintiff.

C.A. No. 04-901-JJF

**REDACTED VERSION**

**AFFYMETRIX, INC.'S OPPOSITION TO ILLUMINA INC.'S MOTION TO DISMISS COUNT 2 FOR LACK OF STANDING AND SUBJECT MATTER JURISDICTION**

## I. INTRODUCTION

Illumina's Motion To Dismiss rises and falls on a single mistaken factual premise – that there was no assignment of intellectual property rights to Affymax other than the October 1992 Services Agreement.

REDACTED

On March 8, 2006, in response to Illumina's subpoena, Daniel H. Wagner Associates ("Wagner") produced documents to Illumina.

REDACTED

For whatever reason, Illumina has not shared this critical fact with the Court. But, in any case, these contracts – together with Dr. Lipshutz's testimony that

REDACTED

– put this question completely to rest. Under all three agreements, Affymax owned all inventions and other

intellectual property that Dr. Lipshutz conceived while working with Affymax. Affymax subsequently assigned that intellectual property to Affymetrix. Thus, Affymetrix is the sole owner of the '716 patent and has standing to sue Illumina for infringement. Illumina's motion should be denied.

## II. BACKGROUND

Dr. Robert Lipshutz, a co-inventor with Dr. Mark Chee of asserted U.S. Patent No. 5,765,716, testified

REDACTED

In response to a document subpoena from Illumina,[1] Wagner produced

REDACTED

[1] During the deposition of Dr. Lipshutz in November 2005, Illumina requested that any additional agreements between Wagner and Affymax be produced. *See* Lipshutz Decl., REDACTED . But Affymetrix did not have any prior agreements between Affymax and Wagner at the time of Dr. Lipshutz's deposition. Illumina then subpoenaed Wagner on January 4, 2006. Wagner produced REDACTED on March 8, 2006 – more than two weeks before Illumina filed the instant (continued . . .)

REDACTED

Lipshutz Decl., Ex. 1, ¶ 2; Ex. 2, ¶ 2.[2] At the time Dr. Lipshutz conceived of the invention claimed in the '716 Patent

REDACTED

## III. AFFYMETRIX OWNS THE ENTIRE INTEREST OF THE '716 PATENT AND THUS HAS STANDING TO SUE ILLUMINA FOR INFRINGEMENT

There can be no question based on the documents produced in this litigation that Affymetrix has standing to sue Illumina for infringement of the '716 patent. "[I]f the patentee transfers all substantial rights under the patent, it amounts to an assignment and the assignee may be deemed the effective patentee under 35 U.S.C. § 281 for purposes of holding constitutional standing to sue another for patent infringement in its own name." *Sicom Sys. Ltd. v. Agilent Techs., Inc.*, 427 F.3d 971, 976 (Fed. Cir. 2005). REDACTED

---

(. . . continued)

motion. Given the focus on whether prior agreements between Affymax and Wagner existed in Dr. Lipshutz's deposition and the efforts Illumina made to find these agreements, Affymetrix is not aware why Illumina did not discuss these agreements in its motion or, indeed, why Illumina even filed its motion in light of these agreements.

2 REDACTED

REDACTED At that time, Dr. Lipshutz worked as an employee of Wagner providing consulting services to Affymax pursuant to the 1991 Agreement. *See id.*, ¶ 12.

REDACTED

Thus, Affymax owned Dr. Lipshutz's invention relating to the '716 patent.

Affymax subsequently spun off Affymetrix. As part of that spin-off, Affymax assigned ownership to Affymetrix a number of patents, including the application that led to the '716 patent.

REDACTED

Consequently, Affymetrix owns the '716 patent and has standing to instituting a patent infringement suit against Illumina. *See Sicom*, 427 F.3d at 976.

Dr. Lipshutz did not testify about the 1990 and 1991 Agreements at his deposition because neither he nor the parties had copies of those Agreements at that time, but he did recall that there were agreements between Wagner and Affymax prior to the Services Agreement. *See* Lipshutz Decl., ¶ 10;

REDACTED

As Illumina is also aware, this is the second time that the '716 patent has been asserted in litigation. In both cases, Wagner responded to third party subpoena requests and produced

agreements between it and Affymax. In neither that case nor this one, nor in any other context, has Wagner ever asserted that they had any ownership interest in the '716 patent.

REDACTED

## IV. CONCLUSION

REDACTED

Based on the foregoing, the Court should deny Illumina's motion to dismiss and award fees to Affymetrix for opposing this motion.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Maryellen Noreika (#3208)*
Jack B. Blumenfeld (#1014)
Maryellen Noreika (#3208)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200
*Attorneys for Plaintiff/Counter-Defendant Affymetrix, Inc.*

OF COUNSEL:

Michael J. Malecek
Daniel R. Reed
George C. Yu
Andrea L. Gross
AFFYMETRIX, INC.
6550 Vallejo Street, Suite 100
Emeryville, CA 94608
(510) 428-8500

Original Filing Date: April 10, 2006

Redacted Filing Date: April 17, 2006

CERTIFICATE OF SERVICE

I hereby certify that on April 17, 2006, I electronically filed the foregoing document using CM/ECF which will send notification of such filing(s) to the following:

Richard K. Herrmann
Morris, James, Hitchens & Williams LLP

I also certify that copies were caused to be served on April 17, 2006 upon the following in the manner indicated:

BY HAND

Richard K. Herrmann
Morris, James, Hitchens & Williams LLP
222 Delaware Avenue, 10th Floor
P.O. Box 2306
Wilmington, DE 19899-2306

BY EMAIL AND FEDERAL EXPRESS

Mark Pals
Kirkland & Ellis LLP
200 East Randolph Drive
Chicago, IL 60601

/s/ Maryellen Noreika

Maryellen Noreika (#3208)
1201 N. Market Street
P. O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200
mnoreika@mnat.com