# EXHIBIT   EE

# EXHIBIT  REDACTED
# IN  ITS  ENTIRETY

# EXHIBIT   FF



**UNITED STATES DEPARTMENT OF COMMERCE**
**Patent and Trademark Office**
Address: COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

| SERIAL NUMBER | FILING DATE | FIRST NAMED INVENTOR | | ATTORNEY DOCKET NO. |
|---|---|---|---|---|
| 08/327,525 | 10/21/94 | CHEE | | M   16528782 |

| | EXAMINER |
|---|---|
| | REES, D |

| ART UNIT | PAPER NUMBER |
|---|---|
| 1807 | 9 |

VERN NORVIEL                           18N1/1219
TOWNSEND AND TOWNSEND KHOURIE AND CREW
STEUART STREET TOWER
ONE MARKET PLAZA
SAN FRANCISCO CA 94105

DATE MAILED:                 12/19/95

This is a communication from the examiner in charge of your application.
COMMISSIONER OF PATENTS AND TRADEMARKS

10-23/95
5/18/95
3/23/95

☑ This application has been examined   ☑ Responsive to communication filed on 5/24/95   ☐ This action is made final.

A shortened statutory period for response to this action is set to expire ___3___ month(s), ___0___ days from the date of this letter.
Failure to respond within the period for response will cause the application to become abandoned. 35 U.S.C. 133

**Part I   THE FOLLOWING ATTACHMENT(S) ARE PART OF THIS ACTION:**

1. ☑ Notice of References Cited by Examiner, PTO-892.
2. ☐ Notice of Draftsman's Patent Drawing Review, PTO-948.
3. ☑ Notice of Art Cited by Applicant, PTO-1449.
4. ☐ Notice of Informal Patent Application, PTO-152.
5. ☐ Information on How to Effect Drawing Changes, PTO-1474.
6. ☐ _____

**Part II   SUMMARY OF ACTION**

1. ☑ Claims 1, 3-20, 45-59 are pending in the application.
   Of the above, claims _____ are withdrawn from consideration.

2. ☐ Claims _____ have been cancelled.

3. ☐ Claims _____ are allowed.

4. ☑ Claims 1, 3-20, 45-59 are rejected.

5. ☐ Claims _____ are objected to.

6. ☐ Claims _____ are subject to restriction or election requirement.

7. ☐ This application has been filed with informal drawings under 37 C.F.R. 1.85 which are acceptable for examination purposes.

8. ☐ Formal drawings are required in response to this Office action.

9. ☐ The corrected or substitute drawings have been received on _____. Under 37 C.F.R. 1.84 these drawings
   are ☐ acceptable; ☐ not acceptable (see explanation or Notice of Draftsman's Patent Drawing Review, PTO-948).

10. ☐ The proposed additional or substitute sheet(s) of drawings, filed on _____ has (have) been ☐ approved by the
    examiner; ☐ disapproved by the examiner (see explanation).

11. ☐ The proposed drawing correction, filed _____, has been ☐ approved; ☐ disapproved (see explanation).

12. ☐ Acknowledgement is made of the claim for priority under 35 U.S.C. 119. The certified copy has ☐ been received ☐ not been received
    ☐ been filed in parent application, serial no. _____; filed on _____.

13. ☐ Since this application appears to be in condition for allowance except for formal matters, prosecution as to the merits is closed in
    accordance with the practice under Ex parte Quayle, 1935 C.D. 11; 453 O.G. 213.

14. ☐ Other

PTOL-326 (Rev. 2/93)

**EXAMINER'S ACTION**

08327525

Serial Number: 08327525                                          -2-
Art Unit: 1807

Part III   DETAILED ACTION


Claim Rejections - 35 USC § 112


1.   Claims 1,3-20, 45-59 are rejected under 35 U.S.C.
§ 112, second paragraph, as being indefinite for failing to
particularly point out and distinctly claim the subject matter
which applicant regards as the invention.

The following phrases render the claims vague and
indefinite:

a) Claim 1 is indefinite in reciting "probe intensities being
associated with a nucleic acid probe on a chip" in that it is not
clear how the probe intensity is "associated" with the probe. For
example, it is not clear whether an "intensity" value is an
intrinsic property of each individual probe or if the "intensity"
is actually a reflection of the extent of hybridization of probe
molecules at a specific site on the chip. The claim might be
amended to clarify this point.

b) Claim 1 is further indefinite in reciting "substantially
proportional" in that it is not clear how "substantially" is
defined.

c) Claim 1 is further indefinite is indefinite in reciting
"said associated probe" in that it is the probe intensities which
are said to "associated" with a nucleic acid probe; therefore
this term lacks proper antecedent basis.

IAFP00000366

Serial Number: 08327525                                          -3-
Art Unit: 1807

    d) Claim 1 is further indefinite in reciting "calling said unknown base" in that it is unclear how "calling" is defined; i.e there appears to be a step missing. The comparing step provides a value with reference to standards? a blank? and the calling step is based on this value? Some recitation should be made in the claims of this intermediate step(s) as it appears to be an essential link between "comparing" and "calling".

    e) Claim 4 is indefinite in reciting "calling said unknown base as being a base" in that it is unclear what the unknown base is specifically being "called". The claim might be amended to recite --calling said unknown base an A, T, C or G-- or alternatively --identifying an unknown base--. Further "said probe" lacks proper antecedent basis. It is additionally unclear what "a predetermined ratio value is" in that it is unclear what the reference point for this value is.

    f) Claim 6 is indefinite in reciting the "step of sorting" said plurality of probe intensities in that it is not clear what the probe intensities are sorted into (i.e how does this differ from a comparison or the calling step?).

    g) Claim 9 is indefinite in reciting "a wild type probe intensity" in that it is not clear how "wild-type" is defined in comparison with the "reference sequence" . Further the recitation of "each probe intensity of a probe" because it is unclear how a single probe can have more than one intensity (as implied by the use of the term "each").

IAFP00000367

Serial Number: 08327525                                    -4-
Art Unit: 1807

   h) Claims 9 and 10 are further indefinite in reciting "first
ratios" and "second ratios" in that these ratios are not clearly
defined with respect to probes and probe intensities. The problem
seems to be mainly one of antecedent basis -it is not clear how
"a probe" is to be distinguished from "each probe" in claim 10.

   i) Claim 12 is indefinite in reciting "comparing said ratio
of neighboring nucleic acid probes" in that it is not clear if
the ratios of neighboring nucleic acid probes are compared to
each other or to the reference sequence or both.

   j) Claim 13 and 14 are indefinite in reciting "Probe
intensities of a probe" in that it is not clear how "a" probe
generates more than one intensity. It is further how probe
intensities are "compared" to statistics and further what the
outcome of this step is.

   k) Claim 16 is indefinite in reciting "related probe
intensities" in that it is not clear how the probes are related.

   l) Claim 17 is indefinite in reciting "subtracting a
background intensity" in that it is not clear how a background
intensity is determined (before hybridization of the probes?).

   m) Claim 45 is indefinite in reciting "the step of calling
the unknown base". See paragraph 1d.

   n) Claim 47 is indefinite in reciting "substantially
proportional". See paragraph 1b.

   o) Claim 49 is indefinite in reciting "calling step" and
"predetermined ratio value". See paragraph 1d and 1e.

IAFP00000368

Serial Number: 08327525                                    -5-
Art Unit: 1807

p) Claim 51 is indefinite in reciting "substantially proportional" (see paragraph 1b). The claim is further indefinite in reciting "to said associated nucleic acid probe hybridizing with a reference nucleic acid sequence" in that an associated nucleic acid probe hybridizing with a reference sequence has not been previously recited. Similarly the recitation of "said associated nucleic acid probe hybridizing with said sample sequence" lacks proper antecedent basis in this claim. Claim 51 is further indefinite in reciting "calling said unknown base according to results of said comparing step" (paragraph 1d).

q) Claim 52 is indefinite in reciting "calculating first ratios of a wild type probe intensity associated with a wild type probe" , in that it is not clear how a" wild-type probe is defined" (how is it distinguished from the reference sequence?). It is further unclear how "a probe" is distinguished from "each probe".

r) Claim 54 is indefinite in reciting "calling  said unknown base". See paragraph 1d.

s) Claim 56 is further indefinite in reciting "comparing the ratio of neighboring nucleic acid probes" in that it is not clear what is being compared: the intensity ratios? And if the latter - of neighboring probes to each other? to reference probes?

t) Claim 57 is unclear in reciting "said plurality of probe intensities being associated  with a nucleic acid probe in that it is unclear  how a "plurality" of intensities are associate "a"

IAFP00000369

Serial Number: 08327525                                    -6-
Art Unit: 1807

nucleic acid probe". The claim is further unclear in reciting

"comparing at least one of said probe intensities with said

statistics"-in that it is not clear exactly what is being

compared or what the outcome of this comparison is that allows

one to "call" an unknown base sequence.

### Claim Rejections - 35 USC § 103

2.    The following is a quotation of 35 U.S.C. § 103 which forms
the basis for all obviousness rejections set forth in this Office
action:

> A patent may not be obtained though the invention is not
> identically disclosed or described as set forth in section
> 102 of this title, if the differences between the subject
> matter sought to be patented and the prior art are such that
> the subject matter as a whole would have been obvious at the
> time the invention was made to a person having ordinary
> skill in the art to which said subject matter pertains.
> Patentability shall not be negatived by the manner in which
> the invention was made.

> Subject matter developed by another person, which qualifies
> as prior art only under subsection (f) or (g) of section 102
> of this title, shall not preclude patentability under this
> section where the subject matter and the claimed invention
> were, at the time the invention was made, owned by the same
> person or subject to an obligation of assignment to the same
> person.

    This application currently names joint inventors.   In
considering patentability of the claims under 35 U.S.C. § 103,
the examiner presumes that the subject matter of the various
claims was commonly owned at the time any inventions covered
therein were made absent any evidence to the contrary.   Applicant
is advised of the obligation under 37 C.F.R. § 1.56 to point out
the inventor and invention dates of each claim that was not
commonly owned at the time a later invention was made in order

IAFP00000370

Serial Number: 08327525                                    -7-
Art Unit: 1807

for the examiner to consider the applicability of potential 35
U.S.C. § 102(f) or (g) prior art under 35 U.S.C. § 103.


Claims 1,3-20, 45-59 are rejected under 35 U.S.C. § 103
as being unpatentable over Fodor et al. WO 92/10588 25 June 1992,
in view of Weiss et al (USPAT 5470710, filed Oct 22, 1993)and
Stockham et al. (USPAT 5273632, Dec 28, 1993).


Fodor et al. WO 92/10588 25 June 1992, teaches an SBH method
wherein initial data resulting from a detection system is an
array of data indicative of fluorescent intensity versus location
of a substrate. Spurious data points are removed in the method to
determine an average of data points. In general the data are
fitted to a base curve and statistical measures are used to
remove spurious data (page 17, lines 26-40). The detection method
provides a positional localization of the region where
hybridization takes place and upon  having collected all the data
indicating the subsequences present in the target sequence, this
data may be aligned by overlap to reconstruct the entire sequence
of the target (pages 35-36). Fodor also teaches that pixel
density may be evaluated over a region to determine the locations
and actual extent of a positive signal (this may be interpreted
as performing a comparison of intensities in order to "call" a
site) (page 76). Fodor teaches that although the method is most
directly applicable to sequencing, the invention is also

IAFP00000371

Serial Number: 08327525                                    -8-
Art Unit: 1807

applicable to fingerprinting, mapping and general screening of
specific interactions. Thus the method of Fodor clearly suggests
the comparison of hybridization of wild type sequences to mutant
sequences or to reference sequences. The method of Fodor et al.
differs from that of the present invention in that intensity
ratios are not compared as a means on determining the identity of
a base, rather it is the location of the signal which is called
(although as noted above; distinguishing between different ratios
of signal intensities is a part of the method of Fodor which
allows one to determine a positive signal at any one site).

     Weiss et al (USPAT 5470710, filed Oct 22, 1993) teaches a
system which converts the signals obtained from a pattern of
multiplex reaction products hybridized with fluorescent probes
into a string of nucleotides corresponding to the nucleotide
sequence (see abstract).The data acquired is interpreted by an
algorithm that yields a "called sequence". Weiss teaches that a
CCD snapshot of hybridization signals may be obtained and  pixel
values may be determined and averaged (column 14, lines 55-63).
Ratios of signal intensities are determined using this system and
statistics used to calculate standard deviations of sample
intensities vs background signals. (see example 7).Further,
Stockham et al. (USPAT 5273632, Dec 28, 1993) teaches a method of
computerized analysis of the visual images of DNA sequence
ladders. A digital lane signal is converted by Fourier
transformation to a frequency spectrum. When all the lane signals

IAFP00000372

Serial Number: 08327525                                    -9-
Art Unit: 1807

from a set of four lanes have been deconvolved using the same
lifter function, the signals are normalized to each other (column
4, lines 56-70). A deconvolved signal is subjected to a
preliminary peak detection step. A group of putative peaks is
established by selecting all  peaks which exceed a pre-
established threshold intensity. The putative peaks include all
peaks whose height (intensity) exceeds the value of the threshold
function at their position, i.e a comparison of the ratios of
intensities  at a segment of a lane is used to determine an
average peak height.Determination of threshold values is
performed for each of the four lanes and a procedure for
registering each of the four lanes is used which preferably
places the peaks not only in the correct spatial order, but
minimizes the variance of spacing. Preferably the alignment
procedure uses high speed sorting across the lanes using a four
lane interdependent adjustment of peak positions (columns 9-10).
The nucleotide sequence is the correspondence between peak  order
among the different lanes and the lane associated with each peak,
a step referred to as base calling. The methods of Weiss and
Stockham do not set any limits on the numbers of ratios that can
be determined using their computer system. Therefore it would
have been prima facie obvious to one of ordinary skill in the art
at the time that the invention was made to use the computer
algorithms of Stockham and Weiss to interpret the data inputted
from the SBH system of Fodor, given that one could "call" a site

IAFP00000373

Serial Number: 08327525                                              -10-
Art Unit: 1807

based on the intensity of a signal produced by an associated

probe at that site and thus assign an identity to that site.  It

would be further well within the skill of the ordinary artisan,

given the conventionality of standards or reference sequences to

determine a predetermined ratio of signal intensities in order to

assess whether a positive or negative signal is obtained at that

site.

      (It therefore appears that the issue of patentability in the

present application resides in distinguishing over the

"comparing" and "calling" processes of the computer algorithms

of Weiss and Stockham and reciting this clearly in the claims).



3.    The following references are additionally cited as relevant

to programs designed to distinguish between ratios of intensities

of light:


      Rutenberg et al. (USPAT 4965725,Oct 23, 1993) teaches the

use of a neural net system which is a commercially available

statistical classifier which identifies a location of interest

(in this example a cell) by measurement of integrated optical

densities which are the sum of pixel grey values for the object

corrected for optical errors. Based on data obtained from a

IAFP00000374

Serial Number: 08327525                                    -11-
Art Unit: 1807

primary classifier, a secondary classifier is used to check
specific areas of the specimen that are deemed to require further
screening or classification. Such further examination may be
effected by reliance on the already obtained digitized image data
for the selected areas of a specimen or by taking additional data
components (columns 3, lines 56-60, column 4, lines 7-18)
Information within the system is stored in the strength of
connections known as weights. In an asynchronous fashion, each
processing element computes the sum of products of the weight of
each input line multiplied by the signal level (usually 0 or 1)
on that input line . If the sum of products exceeds a preset
activation threshold, the output processing element is set to 1,
if less, it is set to zero. Rutenberg also teaches that "a
threelayer neural network can always find a representation that
will map any input pattern to any desired output pattern".

Bacus (USPAT 4741043, April 26, 1988) teaches the use of a
neural net system to  determine the staining of DNA in
cytological specimens. The system is calibrated for the optical
density of an object , and incoming data may be converted to
lookup tables in an imaging processing board so that the output
shown optical density can be linearly added to proportionally
reflect directly, in this instance the  amounts of DNA (column 7,
lines 4-11).

IAFP00000375

Serial Number: 08327525                                    -12-
Art Unit: 1807

4. No claims are allowed.


5.    Papers related to this application may be submitted to
Group 1800 by facsimile transmission via the P.T.O. Fax Center
located in Crystal Mall 1. The CM1 Fax Center number is (703)
305-7939. Please note that the faxing of such papers must conform
with the notice to Comply published in the Official Gazette, 1096
OG 30 (Nov 15, 1989).
      An inquiry regarding this communication should be directed
to examiner Dianne Rees, Ph.D., whose telephone number is (703)
308-6565. If attempts to reach the examiner by telephone are
unsuccessful, the examiner's supervisor, W. Gary Jones, can be
reached on (703) 308-1156.
      Calls of a general nature may be directed to the Group
receptionist who may be reached at (703) 308-0196.


Dianne Rees
Dianne Rees

Dec 14, 1995

W. GARY JONES
SUPERVISORY PATENT EXAMINER
GROUP 1800
12/14/95

IAFP00000376

# EXHIBIT  GG



**UNITED STATES DEPARTMENT OF COMMERCE**
**Patent and Trademark Office**
Address:    COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | | ATTORNEY DOCKET NO. |
|---|---|---|---|---|
| 08/327,525 | 10/21/94 | CHEE | M. | 16528X82 |

18M2/0709

| | REES, EXAMINER |
|---|---|

VERN NORVIEL
TOWNSEND AND TOWNSEND KHOURIE AND CREW
STEWART STREET TOWER
ONE MARKET PLAZA
SAN FRANCISCO CA 94105

| ART UNIT | PAPER NUMBER |
|---|---|
| 1807 | 13 |

DATE MAILED:
07/09/96

Please find below and/or attached an Office communication concerning this application or
proceeding.

Commissioner of Patents and Trademarks

PTO-90C (REV. 2/95)    File Copy

IAFP00000409

| *Office Action Summary* | Application No. 08/327,525 | Applicant(s) CHEE ET AL. |
|---|---|---|
| | Examiner Dianne Rees | Group Art Unit 1807 |

☒ Responsive to communication(s) filed on _10/12/94, FAX OF 5/20/96_____

☐ This action is FINAL.

☐ Since this application is in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11; 453 O.G. 213.

A shortened statutory period for response to this action is set to expire _____3_____ month(s), or thirty days, whichever is longer, from the mailing date of this communication. Failure to respond within the period for response will cause the application to become abandoned. (35 U.S.C. § 133). Extensions of time may be obtained under the provisions of 37 CFR 1.136(a).

**Disposition of Claims**

  ☒ Claim(s) _60-105_____ is/are pending in the application.

    Of the above, claim(s) _____ is/are withdrawn from consideration.

  ☐ Claim(s) _____ is/are allowed.

  ☒ Claim(s) _60-105_____ is/are rejected.

  ☐ Claim(s) _____ is/are objected to.

  ☐ Claims _____ are subject to restriction or election requirement.

**Application Papers**

  ☐ See the attached Notice of Draftsperson's Patent Drawing Review, PTO-948.

  ☐ The drawing(s) filed on _____ is/are objected to by the Examiner.

  ☐ The proposed drawing correction, filed on _____ is ☐ approved ☐ disapproved.

  ☐ The specification is objected to by the Examiner.

  ☐ The oath or declaration is objected to by the Examiner.

**Priority under 35 U.S.C. § 119**

  ☐ Acknowledgement is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d).

    ☐ All ☐ Some* ☐ None  of the CERTIFIED copies of the priority documents have been

      ☐ received.

      ☐ received in Application No. (Series Code/Serial Number) _____.

      ☐ received in this national stage application from the International Bureau (PCT Rule 17.2(a)).

    *Certified copies not received: _____

  ☐ Acknowledgement is made of a claim for domestic priority under 35 U.S.C. § 119(e).

**Attachment(s)**

  ☐ Notice of References Cited, PTO-892.

  ☒ Information Disclosure Statement(s), PTO-1449, Paper No(s). _12___

  ☐ Interview Summary, PTO-413

  ☐ Notice of Draftsperson's Patent Drawing Review, PTO-948

  ☐ Notice of Informal Patent Application, PTO-152

--- *SEE OFFICE ACTION ON THE FOLLOWING PAGES* ---

U.S. Patent and Trademark Office
PTO-326 (Rev. 9-95)           Office Action Summary           Part of Paper No. 13

IAFP00000410

Serial Number: 08327525                                    -2-
Art Unit: 1807

Part III   DETAILED ACTION

The Applicant's arguments filed 5/20/96 have been thoroughly
reviewed. Rejections and/or objections not reiterated from the
previous office action are hereby withdrawn. The following
rejections and/or objections are either  newly applied or are
reiterated. They constitute the complete set being presently
applied to the present application. Response to applicant's
arguments follow.

*Specification*
1.    The disclosure is objected to because of the following
informalities:

      This application contains sequence disclosures that are
encompassed by the definitions for nucleotide and/or amino acid
sequences set forth in 37 C.F.R. 1.821 (a)(1) and (a)(2). However
this application fails to comply with the requirements of 37
C.F.R. 1.821-25 for the reasons set forth on the Attached Notice
to Comply with Requirements for Patent Applications And/or Amino
Acid Sequence Disclosures.
      APPLICANT IS  GIVEN ONE MONTH FROM THE DATE OF THIS LETTER
WITHIN WHICH TO COMPLY WITH THE SEQUENCE RULES, 37 C.F.R. 1.821-
25. Failure to comply with these requirements will result in
ABANDONMENT of the application under 37 C.F.R. 1.821 (g).
Extensions of time may be obtained by filing a petition
accompanied by the extension fee under the provisions of 37
C.F.R. 1.136. In No case may an applicant, extend the period for
response beyond the six month statutory period. Direct the
response to the undersigned. Applicant is requested to return a
copy of the attached Notice to Comply with the response..

Appropriate correction is required.

*Claim Rejections - 35 USC § 101*

2.    35 U.S.C. § 101 reads as follows:
      "Whoever invents or discovers any new and useful process,
machine, manufacture, or composition of matter or any new
and useful improvement thereof, may obtain a patent

IAFP00000411

Serial Number: 08327525                                    -3-
Art Unit: 1807

therefore, subject to the conditions and requirements of
this title".

Claims 60-105 are rejected under 35 U.S.C. § 101 because the
claims are drawn. The claims are directed to a computer algorithm
which is not applied in any manner to physical elements or
process steps. See *In re Abele, 214 USPQ 682 (CCPA 1982). See
also Arrythymia v. Corazonix 22 USPQ 2d 1033 (Fed Cir 1992)* and
*Gelnovatch 595 f. 2D AT 42, USPQ AT 145.*

The claim should be amended so that if viewed without the
algorithm the process could stand alone. Further steps which have
been determined by the courts to represent "insignificant post
solution activity" (i.e the last step of a claim) are storing a
pure number, displaying a pure number and calculating a pure
number.


### Claim Rejections - 35 USC § 112

3.    Claims 60-105 are rejected under 35 U.S.C. § 112, second
paragraph, as being indefinite for failing to particularly point
out and distinctly claim the subject matter which applicant
regards as the invention.

The following phrases render the claims vague and
indefinite:

Claim 60 is indefinite in the recitation of "comparing said
plurality of probe intensities" in that it is not clear what the

Serial Number: 08327525                                    -4-
Art Unit: 1807

probe intensities are compared to (each other? a standard
value?).

   Claim 60 is also indefinite in the recitation of
"identifying said unknown bases according to the results of the
comparing step" in that it is not clear how one extrapolates from
"comparing" to "identifying" (in general this is a problem with
all the independent claims).

   Claim 64 is indefinite in reciting "the step of sorting said
plurality of probe intensities" -it is unclear if the claim
refers to ranking the probe intensities in someway and if so by
what criteria the probe intensities are sorted or ranked.

   Claim 70 is indefinite in reciting " the step of identifying
said unknown base according to said probe associated with a
highest third ratio" in that it is not clear how the base is
identified "according to said probe" (i.e what characteristic of
the probe "identifies" the unknown base).

   Claim 72  (see also claim 94)is indefinite in the recitation
of "neighboring nucleic acid probes"; it is unclear whether
"neighboring" defines probes that are immediately adjacent to a
probe or encompasses a larger area. Clarification is requested.

   Claim 81 (see also claim 92) is indefinite in reciting
"identifying said unknown base according to a nucleic acid
probe..." See above.

   Claim 83 is indefinite in reciting "the step of sorting".
See above.

IAFP00000413

Serial Number: 08327525                                        -5-
Art Unit: 1807

Claims 60-105 are allowable over the prior art of record. The

closest prior art of record is Weiss and Stockham who teach

equations and formulas for sharpening signal peaks derived from

electrophoretic migration patterns of nucleic acid ladders. Weiss

and Stockham do not teach or fairly suggest a method if inputting

probe intensities to identify an unknown base where the probe

intensities indicate the extent of hybridization of probes

differing by a single base and the same nucleic acid as recited

in the base claim, claim 60.


No claims are allowed.


     Papers related to this application may be submitted to Group
1800 by facsimile transmission via the P.T.O. Fax Center located
in Crystal Mall 1. The CM1 Fax Center number is (703) 305-7401.
Please note that the faxing of such papers must conform with the
notice to Comply published in the Official Gazette, 1096 OG 30
(Nov 15, 1989).
     An inquiry regarding this communication should be directed
to examiner Dianne Rees, Ph.D., whose telephone number is (703)
308-6565. If attempts to reach the examiner by telephone are
unsuccessful, the examiner's supervisor, W. Gary Jones, can be
reached on (703) 308-1156.
     Calls of a general nature may be directed to the Group
receptionist who may be reached at (703) 308-0196.



Dianne Rees
Dianne Rees

July 8, 1996

W. GARY JONES
SUPERVISORY PATENT EXAMINER
GROUP 1800
7/8/96

# EXHIBIT   HH

*GL 1807*

I hereby certify that this correspondence is being
deposited with the United States Postal Service as
first class mail in an envelope addressed to:
Assistant Commissioner for Patents
Washington, D.C. 20231, on *1-9-97*
by *Christine A. Bybee*

PATENT

Attorney Docket No. 16528X-008200
(client file no. 1091)

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In re application of:                )
                                     )    Examiner: D. Rees
MARK S. CHEE ET AL.                  )
                                     )    Art Unit: 1807
Application No.: 08/327,525          )
                                     )
Filed: October 21, 1994             )
                                     )
For: COMPUTER-AIDED                  )    Petition to Extend Time Under
     VISUALIZATION AND ANALYSIS      )    37 CFR § 1.136(a)
     SYSTEM FOR SEQUENCE             )
     EVALUATION                      )
_____ )

Assistant Commissioner for Patents
Washington, D.C.  20231

Sir:

    Applicants petition the Commissioner of Patent and
Trademarks to extend the time for response to the Office Action
mailed July 9, 1996 for three months, from October 9, 1996 to
January 9, 1997.

    Please deduct $930 from the Deposit Account No. 20-
1430.  Please deduct any additional fees from or credit
overpayment to the above Deposit Account.  This Petition is
submitted in triplicate.

Respectfully submitted,

Michael J. Ritter
Reg. No. 36,653

TOWNSEND and TOWNSEND and CREW LLP
Two Embarcadero Center, 8th Floor
San Francisco, California  94111-3834
(415) 326-2400
Fax (415) 326-2422
DF70004 01730/97 08327525      20-1430 070 117    930.00CH
MJR:cab
J:\16528X\008200.AM3

*Gl 1807*

I hereby certify that this correspondence is being
deposited with the United States Postal Service as
first class mail in an envelope addressed to:
Assistant Commissioner for Patents
Washington, D.C. 20231, on  *1-9-97*
By *Christine A. Bykel*

PATENT

Attorney Docket No. 16528X-008200
(client file no. 1091)

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In re application of:        )
                             )    Examiner: D. Rees
MARK S. CHEE ET AL.          )
                             )    Art Unit: 1807
Application No.: 08/327,525  )
                             )
Filed: October 21, 1994      )
                             )
For: COMPUTER-AIDED          )    AMENDMENT
     VISUALIZATION AND ANALYSIS )
     SYSTEM FOR SEQUENCE      )
     EVALUATION              )
                             )

Assistant Commissioner for Patents
Washington, D.C.  20231

Sir:

        In response to the Office Action mailed July 9, 1996,
for which a petition for an extension of time is enclosed, please
amend this application as follows.

IN THE CLAIMS:

        For the Examiner's convenience, all claims pending are
shown below.  Claims that have not been amended herein are shown
in small print.

        Please cancel claims 72 and 94 without prejudice and
amend claims 60, 62, 64, 70, 72, 81, 83, 88, 92, 94, and 99 as
follows.

        1-59.  --CANCELED--

        60.  (Amended) In a computer system, a method of
identifying an unknown base in a sample nucleic acid sequence,
said method comprising the steps of:

MARK S. CHEE ET AL.                                    PATENT
Application No.: 08/327,525
Page 2

imputing a plurality of probe intensities for a
plurality of nucleic acid probes, each probe intensity indicating
an extent of hybridization of a nucleic acid probe with at least
one nucleic acid sequence including said sample sequence, and
each nucleic acid probe differing from each other by <u>at least</u> a
single base;

said computer system comparing said plurality of probe
intensities <u>to each other</u>; and

<u>said computer system generating a base call</u> identifying
said unknown base according to results of said comparing step.

61.    The method of claim 60, wherein said comparing step includes
the step of said computer system calculating a ratio of a higher probe
intensity to a lower probe intensity.

62.    (Amended) The method of claim 61, wherein said
generating [identifying] step includes the step of identifying
said unknown base according to a nucleic acid probe having said
higher probe intensity if said ratio is greater than a
predetermined ratio value.

63.    The method of claim 62, wherein said predetermined ratio
value is approximately 1.2.

64.    (Amended) The method of claim 60, further
comprising the step of sorting said plurality of probe
intensities <u>by intensity</u> before said comparing step.

65.    The method of claim 60, wherein said at least one sequence
includes a reference sequence.

66.    The method of claim 65, wherein said comparing step includes
the step of said computer system comparing probe intensities of a probe
hybridizing with said sample sequence to said probe hybridizing with said
reference sequence.

67.    The method of claim 65, wherein said comparing step includes
the step of calculating first ratios of a wild-type probe intensity to each
probe intensity of probes hybridizing with said reference sequence, wherein

IAFP00000417

said wild-type probe intensity indicates an extent of hybridization of a
complementary probe with said reference sequence.

68.    The method of claim 67, wherein said comparing step includes
the step of calculating second ratios of the highest probe intensity of a
probe hybridizing with said sample sequence to each probe intensity of probes
hybridizing with said sample sequence.

69.    The method of claim 68, wherein said comparing step includes
the step of calculating third ratios of said first ratios to said second
ratios.

70.    (Amended) The method of claim 69, wherein said
generating [identifying] step includes the step of identifying
said unknown base according to a base of said probe associated
with a highest third ratio.

71.    The method of claim 68, wherein said comparing step includes
the step of calculating a ratio of a highest probe intensity of a probe
hybridizing with said reference sequence to a highest intensity of a probe
hybridizing with said sample sequence.

72.    --CANCELED--

73.    The method of claim 65, wherein probe intensities of probes
hybridizing with said reference sequence are from a plurality of experiments.

74.    The method of claim 73, wherein said comparing step includes
the step of said computer system comparing probe intensities of probes
hybridizing with said sample sequence to statistics about said plurality of
experiments.

75.    The method of claim 74, wherein said statistics include a
mean and standard deviation.

76.    The method of claim 73, further comprising the step of
normalizing said plurality of probe intensities by dividing each probe
intensity by a sum of related probe intensities, wherein related probe
intensities are from probes that differ by a single base.

MARK S. CHEE ET AL.                                        PATENT
Application No.: 08/327,525
Page 4

77.    The method of claim 60, further comprising the step of subtracting a background intensity from each of said plurality of probe intensities.

78.    The method of claim 60, further comprising the step of setting a probe intensity equal to a positive number if said probe intensity is less than or equal to zero.

79.    The method of claim 60, further comprising the step of indicating said unknown base is unable to be identified if said plurality of probe intensities have insufficient intensity to identify said unknown base.

80.    The method of claim 60, wherein said unknown base is identified as being A, C, G, or T.

81.    (Amended) In a computer system, a method of identifying an unknown base in a sample nucleic acid sequence, said method comprising the steps of:

imputing a plurality of probe intensities for a plurality of nucleic acid probes, each probe intensity indicating an extent of hybridization of a nucleic acid probe with said sample sequence, and each nucleic acid probe differing from each other by at least a single base;

said computer system calculating a ratio of a higher probe intensity to a lower probe intensity; and

said computer system generating a base call identifying said unknown base according to a base of a nucleic acid probe having said higher probe intensity if said ratio is greater than a predetermined ratio value.

82.    The method of claim 81, wherein said predetermined ratio value is approximately 1.2.

83.    (Amended) The method of claim 81, further comprising the step of sorting said plurality of probe intensities by intensity before said comparing step.

84.    The method of claim 81, further comprising the step of subtracting a background intensity from each of said plurality of probe intensities.

MARK S. CHEE ET AL.                                    PATENT
Application No.: 08/327,525
Page 5

     85.   The method of claim 81, further comprising the step of setting a probe intensity equal to a positive number if said probe intensity is less than or equal to zero.

     86.   The method of claim 81, further comprising the step of indicating said unknown base is unable to be identified if said plurality of probe intensities have insufficient intensity to identify said unknown base.

     87.   The method of claim 81, wherein said unknown base is identified as being A, C, G, or T.

     88.   (Amended) In a computer system, a method of identifying an unknown base in a sample nucleic acid sequence, said method comprising the steps of:

     imputing a first set of probe intensities, each probe intensity in said first set indicating an extent of hybridization of a nucleic acid probe with a reference nucleic acid sequence, and each nucleic acid probe differing from each other by at least a single base;

     imputing a second set of probe intensities, each probe intensity in said second set indicating an extent of hybridization of a nucleic acid probe with said sample sequence, and each nucleic acid probe differing from each other by at least a single base;

     said computer system comparing at least one of said probe intensities in said first set and at least one of said probe intensities in said second set; and

     said computer system generating a base call identifying said unknown base according to results of said comparing step.

     89.   The method of claim 88, wherein said comparing step includes the step of calculating first ratios of a wild-type probe intensity to each probe intensity of probes hybridizing with said reference sequence, wherein said wild-type probe intensity indicates an extent of hybridization of a complementary probe with said reference sequence.

     90.   The method of claim 89, wherein said comparing step includes the step of calculating second ratios of the highest probe intensity of probes hybridizing with said sample sequence to each probe intensity of a probe hybridizing with said sample sequence.

MARK S. CHEE ET AL.                                    PATENT
Application No.: 08/327,525
Page 6

91.    The method of claim 90, wherein said comparing step further
includes the step of calculating third ratios of said first ratios to said
second ratios.

92.    (Amended) The method of claim 91, wherein said
generating [identifying] step includes the step of identifying
said unknown base according to a base of said probe associated
with a highest third ratio.

93.    The method of claim 88, wherein said comparing step includes
the step of calculating a ratio of a highest probe intensity in said first set
to a highest intensity in said second set.

94.    --CANCELED--

95.    The method of claim 88, further comprising the step of
subtracting a background intensity from each of said plurality of probe
intensities.

96.    The method of claim 88, further comprising the step of
setting a probe intensity equal to a positive number if said probe intensity
is less than or equal to zero.

97.    The method of claim 88, further comprising the step of
indicating said unknown base is unable to be identified if said plurality of
probe intensities have insufficient intensity to identify said unknown base.

98.    The method of claim 88, wherein said unknown base is
identified as being A, C, G, or T.

99.    (Amended) In a computer system, a method of
identifying an unknown base in a sample nucleic acid sequence,
said method comprising the steps of:
        imputing statistics about a plurality of experiments,
each of said experiments producing probe intensities, each probe
intensity indicating an extent of hybridization of a nucleic acid
probe with a reference nucleic acid sequence, and each nucleic
acid probe differing from each other by at least a single base;
        imputing a plurality of probe intensities, each probe
intensity indicating an extent of hybridization of a nucleic acid

IAFP00000421

MARK S. CHEE ET AL.                                          PATENT
Application No.: 08/327,525
Page 7

all probe with said sample sequence, and each nucleic acid probe
differing from each other by <u>at least</u> a single base;

said computer system comparing at least one of said
plurality of probe intensities with said statistics; and

<u>said computer system generating a base call</u> identifying
said unknown base according to results of said comparing step.

100.  The method of claim 99, wherein said statistics include a
mean and standard deviation.

101.  The method of claim 99, further comprising the step of
normalizing said plurality of probe intensities by dividing each probe
intensity by a sum of related probe intensities, wherein related probe
intensities are from probes that differ by a single base.

102.  The method of claim 99, further comprising the step of
subtracting a background intensity from each of said plurality of probe
intensities.

103.  The method of claim 99, further comprising the step of
setting a probe intensity equal to a positive number if said probe intensity
is less than or equal to zero.

104.  The method of claim 99, further comprising the step of
indicating said unknown base is unable to be identified if said plurality of
probe intensities have insufficient intensity to identify said unknown base.

105.  The method of claim 99, wherein said unknown base is
identified as being A, C, G, or T.

Please add new claims 106-117 as follows:

106. The method of claim 60, wherein the plurality of
nucleic acid probes are in an array of probes.

107. The method of claim 60, wherein the plurality of
probe intensities are fluorescent intensities.

108. A computer program product that identifies an
unknown base in a sample nucleic acid sequence, comprising:

MARK S. CHEE ET AL.                                    PATENT
Application No.: 08/327,525
Page 8

3        computer code that receives a plurality of probe
4   intensities for a plurality of nucleic acid probes, each probe
5   intensity indicating an extent of hybridization of a nucleic acid
6   probe with at least one nucleic acid sequence including said
7   sample sequence, and each nucleic acid probe differing from each
8   other by at least a single base;
9        computer code that performs a comparison of said
10  plurality of probe intensities to each other;
11       computer code that generates a base call identifying
12  said unknown base according to results of said comparison; and
13       a computer readable medium that stores said computer
14  codes.

1       109. A computer program product that identifies an
2   unknown base in a sample nucleic acid sequence, comprising:
3        computer code that receives a plurality of probe
4   intensities for a plurality of nucleic acid probes, each probe
5   intensity indicating an extent of hybridization of a nucleic acid
6   probe with said sample sequence, and each nucleic acid probe
7   differing from each other by at least a single base;
8        computer code that calculates a ratio of a higher probe
9   intensity to a lower probe intensity;
10       computer code that generates a base call identifying
11  said unknown base according to a base of a nucleic acid probe
12  having said higher probe intensity if said ratio is greater than
13  a predetermined ratio value; and
14       a computer readable medium that stores said computer
15  codes.

1       110. A computer program product that identifies an
2   unknown base in a sample nucleic acid sequence, comprising:
3        computer code that receives a first set of probe
4   intensities, each probe intensity in said first set indicating an
5   extent of hybridization of a nucleic acid probe with a reference
6   nucleic acid sequence, and each nucleic acid probe differing from
7   each other by at least a single base;

IAFP00000423

MARK S. CHEE ET AL.                                    PATENT
Application No.: 08/327,525
Page 9

8        computer code that receives a second set of probe
9    intensities, each probe intensity in said second set indicating
10   an extent of hybridization of a nucleic acid probe with said
11   sample sequence, and each nucleic acid probe differing from each
12   other by at least a single base;
13        computer code that performs a comparison of at least
14   one of said probe intensities in said first set and at least one
15   of said probe intensities in said second set;
16        computer code that generates a base call identifying
17   said unknown base according to results of said comparison; and
18        a computer readable medium that stores said computer
19   codes.

1        111. A computer program product that identifies an
2    unknown base in a sample nucleic acid sequence, comprising:
3        computer code that receives statistics about a
4    plurality of experiments, each of said experiments producing
5    probe intensities, each probe intensity indicating an extent of
6    hybridization of a nucleic acid probe with a reference nucleic
7    acid sequence, and each nucleic acid probe differing from each
8    other by at least a single base;
9        computer code that receives a plurality of probe
10   intensities, each probe intensity indicating an extent of
11   hybridization of a nucleic acid probe with said sample sequence,
12   and each nucleic acid probe differing from each other by at least
13   a single base;
14        computer code that performs a comparison of at least
15   one of said plurality of probe intensities with said statistics;
16        computer code that generates a base call identifying
17   said unknown base according to results of said comparison; and
18        a computer readable medium that stores said computer
19   codes.

1        112. A system that identifies an unknown base in a
2    sample nucleic acid sequence, comprising:
3        a processor; and

MARK S. CHEE ET AL.                                                      PATENT
Application No.: 08/327,525
Page 10

4         a computer readable medium coupled to said processor
5    for storing a computer program comprising:
6              computer code that receives a plurality of probe
7    intensities for a plurality of nucleic acid probes, each probe
8    intensity indicating an extent of hybridization of a nucleic acid
9    probe with at least one nucleic acid sequence including said
10   sample sequence, and each nucleic acid probe differing from each
11   other by at least a single base;
12             computer code that performs a comparison of said
13   plurality of probe intensities to each other; and
14             computer code that generates a base call identifying
15   said unknown base according to results of said comparison.

1         113. A system that identifies an unknown base in a
2    sample nucleic acid sequence, comprising:
3              a processor; and
4              a computer readable medium coupled to said processor
5    for storing a computer program comprising:
6              computer code that receives a plurality of probe
7    intensities for a plurality of nucleic acid probes, each probe
8    intensity indicating an extent of hybridization of a nucleic acid
9    probe with said sample sequence, and each nucleic acid probe
10   differing from each other by at least a single base;
11             computer code that calculates a ratio of a higher probe
12   intensity to a lower probe intensity; and
13             computer code that generates a base call identifying
14   said unknown base according to a base of a nucleic acid probe
15   having said higher probe intensity if said ratio is greater than
16   a predetermined ratio value.

1         114. A system that identifies an unknown base in a
2    sample nucleic acid sequence, comprising:
3              a processor; and
4              a computer readable medium coupled to said processor
5    for storing a computer program comprising:
6              computer code that receives a first set of probe
7    intensities, each probe intensity in said first set indicating an

IAFP00000425

MARK S. CHEE ET AL.                                    PATENT
Application No.: 08/327,525
Page 11

8   extent of hybridization of a nucleic acid probe with a reference
9   nucleic acid sequence, and each nucleic acid probe differing from
10  each other by at least a single base;
11       computer code that receives a second set of probe
12  intensities, each probe intensity in said second set indicating
13  an extent of hybridization of a nucleic acid probe with said
14  sample sequence, and each nucleic acid probe differing from each
15  other by at least a single base;
16       computer code that performs a comparison of at least
17  one of said probe intensities in said first set and at least one
18  of said probe intensities in said second set; and
19       computer code that generates a base call identifying
20  said unknown base according to results of said comparison.

1        115. A system that identifies an unknown base in a
2   sample nucleic acid sequence, comprising:
3        a processor; and
4        a computer readable medium coupled to said processor
5   for storing a computer program comprising:
6        computer code that receives statistics about a
7   plurality of experiments, each of said experiments producing
8   probe intensities, each probe intensity indicating an extent of
9   hybridization of a nucleic acid probe with a reference nucleic
10  acid sequence, and each nucleic acid probe differing from each
11  other by at least a single base;
12       computer code that receives a plurality of probe
13  intensities, each probe intensity indicating an extent of
14  hybridization of a nucleic acid probe with said sample sequence,
15  and each nucleic acid probe differing from each other by at least
16  a single base;
17       computer code that performs a comparison of at least
18  one of said plurality of probe intensities with said statistics;
19  and
20       computer code that generates a base call identifying
21  said unknown base according to results of said comparison.--

MARK S. CHEE ET AL.                                    PATENT
Application No.: 08/327,525
Page 12

1          116. A system according to claims 112, 113, 114, or
2     115, wherein the plurality of nucleic acid probes are in an array
3     of probes.

1          117. A system according to claims 112, 113, 114, or
2     115, wherein the plurality of probe intensities are fluorescent
3     intensities.--

## REMARKS

Claims 60-71, 73-93, and 95-117 are pending in the
subject application.  Applicants canceled claims 72 and 94
without prejudice and reserve all right to pursue these or other
claims in another application.  Claims 106-117 were added by this
Amendment.  In light of the amendments and following remarks,
Applicants believe all claims now pending are in condition for
allowance.

The Examiner indicated that claims 60-105 were
allowable over the cited art, however, the disclosure was
objected to because the Sequence Listing did not conform to 37
C.F.R. §§ 1.821-25.  Additionally, claims 60-105 were rejected
under 35 U.S.C. § 101 as being directed at non-statutory subject
matter and under 35 U.S.C. § 112, second paragraph, as being
indefinite for failing to particularly point out and distinctly
claim the subject invention.

### The Sequence Listing

The Office Action mailed July 9, 1996 did not include a
Notice to Comply.  Applicants telephoned the Examiner on July 17,
1996 to inform her that the Notice had not been received.
Applicants appreciate the Examiner's diligence in faxing the
Sequence Verification Report (enclosed) to the undersigned's
attention on August 22, 1996.

Applicants corrected the Sequence Listing to remedy
errors specified in the faxed Report.  The corrections include
replacing each occurrence of 'X' in the Sequence Listing with an
'N' (both were utilized in the specification to indicate an

IAFP00000427

MARK S. CHEE ET AL.                                              PATENT
Application No.: 08/327,525
Page 13

ambiguous base; see page 11, lines 38-42, of the specification).
Applicants submit herewith a corrected Sequence Listing and
diskette including the Sequence Listing in computer readable
form.

The Office Action stated that the Notice to Comply had
a shortened statutory period for response of one month from the
mailing date; however, Applicants never received the Notice.  In
a telephone conversation with the Examiner on December 9, 1996,
the Examiner indicated that it would be permissible to file the
new Sequence Listing with this Amendment along with the requisite
petition for three months extension of time.  Should any other
fees be required, Applicants authorize any other fees to be
charged to Deposit Account No. 20-1430.

The Invention

The Examiner acknowledges that the present invention
provides innovative computer-aided methods that are not disclosed
or suggested in the prior art for identifying unknown bases in
nucleic acids.  However, the Examiner rejected the claims under §
101 and § 112, second paragraph.  Applicants have amended the
claims to overcome the rejections and will discuss each of the
Examiner's specific rejections below.

The § 101 Rejection

The Examiner rejected claims 60-105 under 35 U.S.C. §
101 as being directed to non-statutory subject matter.  More
specifically, the Examiner stated that the claims are directed to
a computer algorithm which is not applied to physical elements or
process steps.  Applicants respectfully disagree.  The claims
recite computer-aided processes which analyze probe intensities
indicative of the extent of hybridization of the nucleic acid
probes and the sample sequence.  The extent of hybridization is
indeed a physical quantity just as are electrocardiograph signals
(see Arrhythmia Research Tech. v. Corazonix Corp., 958 F2d 1053,
22 USPQ2d 1033 (Fed. Cir. 1992)).  In order to more clearly
recite the invention, Applicants amended the independent claims
to recite that "said computer system generat[es] a base call"

IAFP00000428

MARK S. CHEE ET AL.                                    PATENT
Application No.: 08/327,525
Page 14

that identifies an unknown base.  Therefore, the claims recite
statutory computer-aided processes of receiving probe intensities
indicative of hybridization with a sample sequence and generating
a base call of an unknown base in the sample sequence.

    The Examiner suggested that the claims "should be
amended so that if viewed without the algorithm the process would
stand alone."  Applicants understand the Examiner to say that the
claims should recite statutory subject matter in the abstract,
without consideration of an algorithm or computer.  For example,
processes of curing synthetic rubber are statutory subject matter
so a process of curing synthetic rubber that utilizes a computer
is also statutory subject matter (see Diamond v. Diehr, 450 US
175, 209 USPQ 1 (1981)).  Applicants submit that processes for
identifying unknown bases in sample nucleic acids are statutory
subject matter so the recited computer-aided processes are also
statutory subject matter.

    Applicants have reviewed the Examination Guidelines for
Computer-Related Inventions in § 2106 of the MPEP (see, e.g., the
section entitled "Manipulation of Data Representing Physical
Objects or Activities" in MPEP § 2106(IV)(B)(2)(b)(i)).
Applicants fully believe that the pending claims are directed to
statutory subject matter.  Applicants invite the Examiner to
telephone the undersigned if a telephone discussion would
facilitate prosecution of the subject application.


The § 112, Second Paragraph, Rejections

    The Examiner rejected claims 60-105 under 35 U.S.C. §
112, second paragraph, as being indefinite for failing to
particularly point out and distinctly claim the subject
invention.  With regard to claim 60, the Examiner indicated it is
not clear to what the probe intensities are compared.  Applicants
amended claim 60 to recited that the probe intensities are
compared to each other (see, e.g., Figs. 3, 4A and 5A).
Accordingly, the rejection is overcome.

    Additionally, the Examiner stated that claim 60 is
indefinite in that it is not clear how one extrapolates from
"comparing" to "identifying."  Applicants respectfully submit

IAFP00000429

MARK S. CHEE ET AL.                                    PATENT
Application No.: 08/327,525
Page 15

that, when read in light of the specification as the case law
requires, the claims are not unclear.  Applicants' specification
provides full detail on possible "comparing" and "generating" (as
amended) steps.  For example, the highest probe intensity may be
compared to the next highest probe intensity to generate a ratio.
If this ratio is greater than a predetermined ratio cutoff, the
unknown base will be called according to (e.g., complementary to)
a base in the probe with the highest intensity (see page 14,
lines 23-34).  Many of the dependent claims recite further
details on these steps (see, e.g., claims 61-63).  As Applicants'
specification provides ample description of exemplary ways that
the present invention may be performed, Applicants request that
this rejection be withdrawn.

      With regard to claim 64, the Examiner indicated it is
unclear how the probe intensities are sorted.  Applicants amended
claim 64 to recite that the probe intensities are sorted "by
intensity" (see, e.g., page 14, line 17).  Accordingly, the
rejection is overcome.

      The Examiner indicated that in claim 70 it is unclear
what characteristic of the probe "identifies" the unknown base.
As described in the specification, the nucleic acid probes are
generally complementary to the sample sequence in order to allow
for hybridization between the probes and the sample sequence.
Applicants amended claim 70 to recite that the unknown base is
identified according to "a base" of a probe with a highest ratio
(see page 24, lines 5-10).  Accordingly, the rejection is
overcome.

      The Examiner rejected claims 72 and 94.  In a sincere
effort to expedite prosecution.  Applicants canceled these claims
rendering the rejections moot.

      The Examiner rejected claims 81, 83, and 92 for the
same reasons as claims discussed above.  Applicants amended these
and other claims in the manner discussed to overcome the
rejections.  Therefore, Applicants have addressed all the § 112,
second paragraph, rejections and respectfully request that these
rejections be withdrawn.

IAFP00000430

MARK S. CHEE ET AL.                                    PATENT
Application No.: 08/327,525
Page 16

## CONCLUSION

In view of the foregoing, Applicants believe all claims now pending in this application are in condition for allowance. The issuance of a formal Notice of Allowance at an early date is respectfully requested.

If the Examiner believes a telephone conference would expedite prosecution of this application, please telephone the undersigned at (415) 326-2400.

Respectfully submitted,

Michael J. Ritter
Reg. No. 36,653

TOWNSEND and TOWNSEND and CREW LLP
Two Embarcadero Center, 8th Floor
San Francisco, California  94111-3834
(415) 326-2400
Fax (415) 326-2422

MJR:cab

k:\16528\82\008200.am3

# EXHIBIT   II

# EXHIBIT  REDACTED
# IN  ITS  ENTIRETY

**CERTIFICATE OF SERVICE**

I hereby certify that on the 17th day of April, 2006, I caused to be electronically filed the

foregoing document, **PUBLIC VERSION OF APPENDIX TO ILLUMINA, INC.'S OPENING**

**MARKMAN BRIEF – VOLUME 3 OF 3,** with the Clerk of the Court using CM/ECF which will

send notification of such filing to the following:

> Jack B. Blumenfeld, Esq.
> Mary Ellen Noreika, Esq.
> Morris Nichols Arscht & Tunnell
> 1201 Market Street
> Wilmington, DE 19801

Additionally, I hereby certify that on the 17th day of April, 2006, the foregoing document

was served on the following via email:

> Jack B. Blumenfeld, Esq.               Daniel R. Reed, Esq.
> Mary Ellen Noreika, Esq.               Affymetrix, Inc.
> Morris Nichols Arscht & Tunnell        6550 Vallejo Street, Suite 100
> 1201 Market Street                     Emeryville, CA  94608
> Wilmington, DE 19801                   510.428.8500
>                                        Fax 510.428.8583

> ___   */s/ Richard K. Herrmann*_____
> Richard K. Herrmann (#405)
> MORRIS, JAMES, HITCHENS
> & WILLIAMS LLP
> PNC Bank Center, 10th Floor
> 222 Delaware Avenue
> P.O. Box 2306
> Wilmington, Delaware 19899-2306
> (302) 888-6800
> rherrmann@morrisjames.com

> Attorneys for Defendant
> ILLUMINA, INC.