# MORRIS, JAMES, HITCHENS & WILLIAMS LLP

222 Delaware Avenue, 10th Floor
Wilmington, Delaware 19801-1621
(302) 888-6800
Facsimile (302) 571-1750
www.morrisjames.com

Richard K. Herrmann
(302) 888-6816
rherrmann@morrisjames.com

Mailing Address
P.O. Box 2306
Wilmington, DE 19899-2306

Sealed Version filed: July 11, 2006
Public Version filed: July 18, 2006

**VIA ELECTRONIC FILING**
The Honorable Joseph J. Farnan, Jr.
USDC for the District of Delaware
844 King Street
Wilmington, DE 19801

Re: *Affymetrix, Inc. v. Illumina, Inc.,* D. Del., C.A. No. 04-901-JJF

Your Honor:

The Court's June 22, 2006 Order directed the parties to submit supplemental briefing to address two specific issues. Illumina sought to limit its briefing to these issues. Affymetrix did not. Instead, Affymetrix submitted new evidence and arguments on other issues in its brief filed last Friday. Although the Court's June 22 Order did not permit a reply, for the following reasons Illumina requests the opportunity to submit one in the event the Court is inclined to consider Affymetrix' new evidence and arguments:

1.  Affymetrix presented new evidence in the form of three new declarations, including a second post-discovery declaration from Robert Lipshutz that further contradicts the sworn testimony he provided at his combined personal and Rule 30(b)(6) deposition. While Illumina is already prejudiced by having to brief issues regarding a contract (the 1991 Agreement) that was not even produced to it until after discovery had closed, its prejudice is multiplied when Affymetrix now presents new declarations that characterize this contract in a way that bears no resemblance to the documents or testimony provided during discovery (or even the documents produced two weeks ago).

2.  Affymetrix addressed issues far removed from the two issues for which supplemental briefing was sought, including a new argument that it has an ownership interest in the '716 patent through the alleged later contributions of Dr. Mark Chee.

**REDACTED**

In any event, the Court did not seek further briefing on any alternative grounds upon which Affymetrix might rely to defend the underlying motion to dismiss -- these should have been included in Affymetrix' opposition to the

MORRIS, JAMES, HITCHENS & WILLIAMS LLP

The Hon. Joseph J. Farnan, Jr.
Sealed Version filed:   July 11, 2006
Public Version filed: July 18, 2006
Page 2

original motion -- and it is especially improper for Affymetrix to submit such new arguments now when they contradict the 30(b)(6) deposition testimony provided by Dr. Lipshutz.

       3.     Affymetrix attempts to "spin" this new evidence in a way that does not comport with the facts. For example, Affymetrix included a declaration from the President of Daniel H. Wagner Associates, Barry Belkin, and **REDACTED** The declaration was not intended to, nor does it, support Affymetrix' position on the underlying motion. In fact, as clarified in the attached declaration from Dr. Belkin, while Wagner is not *actively* seeking now to reclaim its ownership interest in the '716 patent -- in large part because it is not privy to the confidential testimony provided by Dr. Lipshutz in this case[1] -- it has reserved its rights to perfect this interest if and when there is a ruling as to its rights in the patent. Affymetrix' brief thus misleadingly implies **REDACTED**

       For the foregoing reasons, Illumina requests leave to submit a reply to Affymetrix' "answer" to Illumina's supplemental brief in the event that the Court believes it appropriate to consider Affymetrix' new evidence and arguments.

Respectfully,

Richard K. Herrmann, I.D. No. 405
rherrmann@morrisjames.com

cc: Dr. Peter T. Dalleo, Clerk of the Court (via electronic filing)
    MaryEllen Noreika, Esq. (via email and hand delivery)
    Michael J. Malecek, Esq. (via email and Federal Express)

---

[1] Indeed, it is not surprising that Wagner would be unaware of its rights in the '716 patent when the chief negotiator (and thus potential proponent) for Wagner, Dr. Lipshutz, moved from Wagner to Affymetrix in early 1993.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AFFYMETRIX, INC., a Delaware corporation, )<br>)<br>Plaintiff/Counter-Defendant, )<br>)<br>v. )<br>)<br>ILLUMINA, INC., a Delaware corporation, )<br>)<br>Defendant/Counter-Plaintiff. )<br>) | Civil Action No.: 04-901 JJF |

## JULY 11, 2006 DECLARATION OF BARRY BELKIN

I, Barry Belkin, declare and state as follows:

1. I am the President of Daniel H. Wagner Associates ("Wagner"). The contents of this declaration are within my personal knowledge. If called as a witness, I could and would testify competently to the contents of this declaration.

2. With respect to my July 7, 2006 Declaration in Support of Affymetrix, Inc.'s Answer To Illumina's Supplemental Brief Re Motion To Dismiss Count 2, it was made clear to Affymetrix that Wagner's intent was not to in any way "limit…or to suggest or imply what, if any, action Daniel H. Wagner Associates may take in the future with respect to asserting an ownership interest in the '716 patent." (A true and correct copy of an email sent by my attorney C. Callaghan to Affymetrix counsel G. Yu on July 7, 2006 conveying this intent to Affymetrix is attached as Exhibit A). To be clear, Wagner does not take any position in support of Affymetrix's claim to ownership of the '716 patent.

1

3. While Wagner has not actively pursued ownership rights to '716 patent to date, we have made no decision as to whether we will pursue such rights in the future.

4. Neither I nor anyone associated with Wagner has been privy to the confidential information exchanged during litigation between Affymetrix and Illumina. Furthermore, I was not personally involved in Wagner's prior consulting relationship with Affymax, and no one that was involved in this relationship remains at Wagner. I thus am not in a position to comment on the underlying merits of the ownership dispute regarding the '716 patent.

5. Wagner has specifically declared to both Affymetrix and Illumina that it is not actively involved in disputing through legal means, nor taking a certain position, as to who maintains ownership rights to the '716 patent.

6. Insofar as this Court concludes that Wagner maintains ownership in the '716 patent, at that time, Wagner will determine its further course of action as to its pursuit of such ownership rights.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed July 11, 2006, at Malvern, Pennsylvania.

*/s/ Barry Belkin*
_____
Barry Belkin, Ph.D.

2

# EXHIBIT A

**From:** Callaghan, D. Craig
**Sent:** Friday, July 07, 2006 12:41 PM
**To:** George Yu (george_yu@affymetrix.com)
**Cc:** Barry Belkin Ph. D. (bbelkin@pa.wagner.com); Stapleton, Joseph
**Subject:** Affidavit of Dr. Barry Belkin

Dear George:

As previously discussed, attached in PDF format is Dr. Belkin's signed affidavit.

        <<Declaration.pdf>>

Additionally, please allow this to further confirm what I said to you earlier today regarding this affidavit, i.e., by executing this affidavit neither Dr. Belkin nor Daniel H. Wagner Associates has in any way limited, or intended to limit or to suggest or to imply what, if any, action Daniel H. Wagner Associates may take in the future with respect to asserting an ownership interest in the '716 patent.


Sincerely yours,
D. Craig Callaghan
MMWR, LLP
215 772 7556
************************************************************
The information contained in this communication is
confidential, may be attorney-client privileged, may
constitute inside information, and is intended only for
the use of the addressee. It is the property of
Kirkland & Ellis LLP or Kirkland & Ellis International LLP.
Unauthorized use, disclosure or copying of this
communication or any part thereof is strictly prohibited
and may be unlawful. If you have received this
communication in error, please notify us immediately by
return e-mail or by e-mail to postmaster@kirkland.com, and
destroy this communication and all copies thereof,
including all attachments.
************************************************************