# EXHIBIT A

# EXHIBIT REDACTED IN ITS ENTIRETY

# EXHIBIT B

CLOSED

# U.S. District Court
## District of Delaware (Wilmington)
### CIVIL DOCKET FOR CASE #: 1:98-cv-00006-GMS

Affymetrix Inc. v. Synteni Inc., et al                 Date Filed: 01/06/1998
Assigned to: Judge Gregory M. Sleet                    Jury Demand: Plaintiff
Demand: $0                                             Nature of Suit: 830 Patent
Cause: 35:271 Patent Infringement                      Jurisdiction: Federal Question

**Plaintiff**

**Affymetrix, Inc.**                 represented by   **Stuart B. Young**
*a California corporation*                            Young, Conaway, Stargatt & Taylor
                                                      The Brandywine Building
                                                      1000 West Street, 17th Floor
                                                      P.O. Box 391
                                                      Wilmington, DE 19899-0391
                                                      (302) 571-6600
                                                      *LEAD ATTORNEY*
                                                      *ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Synteni Inc.**                     represented by   **William J. Marsden, Jr.**
*a Delaware corporation*                             Fish & Richardson, P.C.
                                                     919 N. Market Street, Suite 1100
                                                     P.O. Box 1114
                                                     Wilmington, DE 19899-1114
                                                     (302) 652-5070
                                                     Email: marsden@fr.com
                                                     *LEAD ATTORNEY*
                                                     *ATTORNEY TO BE NOTICED*

**Defendant**

**Incyte Pharmaceuticals, Inc.**     represented by   **William J. Marsden, Jr.**
*a Delaware corporation*                             (See above for address)
                                                     *LEAD ATTORNEY*
                                                     *ATTORNEY TO BE NOTICED*

**Counter Claimant**

**Synteni Inc.**                     represented by   **William J. Marsden, Jr.**
                                                     (See above for address)
                                                     *LEAD ATTORNEY*
                                                     *ATTORNEY TO BE NOTICED*

**Counter Claimant**

| | | |
|---|---|---|
| **Incyte Pharmaceuticals, Inc.** | represented by | **William J. Marsden, Jr.**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |

V.

**Counter Defendant**

| | | |
|---|---|---|
| **Affymetrix, Inc.** | represented by | **Stuart B. Young**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |

**Counter Claimant**

| | | |
|---|---|---|
| **Synteni Inc.**<br>*TERMINATED: 05/12/1998* | represented by | **William J. Marsden, Jr.**<br>(See above for address)<br>*TERMINATED: 05/12/1998*<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |

**Counter Claimant**

| | | |
|---|---|---|
| **Incyte Pharmaceuticals, Inc.**<br>*TERMINATED: 05/12/1998* | represented by | **William J. Marsden, Jr.**<br>(See above for address)<br>*TERMINATED: 05/12/1998*<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |

**Counter Claimant**

| | | |
|---|---|---|
| **Synteni Inc.**<br>*TERMINATED: 05/12/1998* | represented by | **William J. Marsden, Jr.**<br>(See above for address)<br>*TERMINATED: 05/12/1998*<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |

**Counter Claimant**

| | | |
|---|---|---|
| **Incyte Pharmaceuticals, Inc.**<br>*TERMINATED: 05/12/1998* | represented by | **William J. Marsden, Jr.**<br>(See above for address)<br>*TERMINATED: 05/12/1998*<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |

V.

**Counter Defendant**

| | | |
|---|---|---|
| **Affymetrix, Inc.**<br>*TERMINATED: 05/12/1998* | represented by | **Stuart B. Young**<br>(See above for address)<br>*TERMINATED: 05/12/1998*<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |

| Date Filed | # | Docket Text |
|---|---|---|
| 01/06/1998 | 1 | COMPLAINT filed; Mag consent notice to ptlf. FILING FEE $ 150.00 RECEIPT # 119208 (dab) (Entered: 01/07/1998) |
| 01/06/1998 | | DEMAND for jury trial by Affymetrix Inc. (dab) (Entered: 01/07/1998) |
| 01/06/1998 | | No summons issued. (dab) (Entered: 01/07/1998) |
| 01/06/1998 | 2 | Report to Commissioner of Patents and Trademarks. Exit original. (dab) (Entered: 01/07/1998) |
| 01/07/1998 | | SUMMONS(ES) issued for Synteni Inc., Incyte Pharm Inc. (dab) (Entered: 01/07/1998) |
| 01/14/1998 | 3 | CASE assigned to Judge Joseph J. Farnan Jr. . Notice to all parties. (ntl) (Entered: 01/14/1998) |
| 01/23/1998 | 4 | RETURN OF SERVICE executed as to Synteni Inc. 1/23/98 Answer due on 2/12/98 for Synteni Inc. (sm) (Entered: 01/27/1998) |
| 01/23/1998 | 5 | RETURN OF SERVICE executed as to Incyte Pharm Inc. 1/23/98 Answer due on 2/12/98 for Incyte Pharm Inc. (sm) (Entered: 01/27/1998) |
| 03/16/1998 | 6 | MOTION by Synteni Inc., Incyte Pharm Inc. with Proposed Order to Transfer Venue Answer Brief due 3/30/98 re: [6-1] motion (sm) (Entered: 03/18/1998) |
| 03/16/1998 | 7 | Memorandum in Support Filed by Synteni Inc., Incyte Pharm Inc. [6-1] motion to Transfer Venue (sm) (Entered: 03/18/1998) |
| 03/16/1998 | 8 | Declaration of Dari Shalon in Support of Dft's motion to transfer. (sm) (Entered: 03/18/1998) |
| 03/16/1998 | 9 | Declaration of Roy A. Whitfield in Support of Dft's motion to transfer. (sm) (Entered: 03/18/1998) |
| 03/16/1998 | 10 | Declaration of Teresa M. Corbin in support of Dft's motion to transfer. (sm) (Entered: 03/18/1998) |
| 03/17/1998 | 11 | STIPULATION with proposed order to extend time for Dft's to respond to the complaint until 4/17/98. (sm) (Entered: 03/18/1998) |
| 03/19/1998 | 12 | MOTION by Synteni Inc., Incyte Pharm Inc. with Proposed Order for Teresa M. Corbin, Esq. to Appear Pro Hac Vice re: [12-1] motion (sm) (Entered: 03/23/1998) |
| 03/24/1998 | | So Ordered GRANTING [12-1] motion for Teresa M. Corbin, Esq. to Appear Pro Hac Vice (signed by Judge Joseph J. Farnan Jr.) Notice to all parties. (sm) (Entered: 03/28/1998) |
| 03/24/1998 | 13 | MOTION by Affymetrix Inc. with Proposed Order for Elizabeth A. Howard, Esq. to Appear Pro Hac Vice re: [13-1] motion (sm) (Entered: 03/28/1998) |

| 03/24/1998 | 14 | MOTION by Affymetrix Inc. with Proposed Order for Noemi C. Espinosa, Esq. to Appear Pro Hac Vice re: [14-1] motion (sm) (Entered: 03/28/1998) |
| 03/25/1998 | | So Ordered GRANTING [11-1] stipulation reset Answer deadline to 4/17/98 for Incyte Pharm Inc., for Synteni Inc. (signed by Judge Joseph J. Farnan Jr.) Notice to all parties. (sm) (Entered: 03/28/1998) |
| 03/27/1998 | 15 | MOTION by Affymetrix Inc. with Proposed Order for William L. Anthony, Jr., Esq. to Appear Pro Hac Vice re: [15-1] motion (sm) (Entered: 03/28/1998) |
| 03/27/1998 | 16 | MOTION by Affymetrix Inc. with Proposed Order for Craig Kaufman, Esq. to Appear Pro Hac Vice re: [16-1] motion (sm) (Entered: 03/28/1998) |
| 03/30/1998 | 17 | STIPULATION Enlarging Time For Plaintiff To File Opposition and For Defendants To Reply To Opposition; The parties agree that the time for Pltf's to file their answering brief to Dft's motion to transfer will be extended until 4/10/98 & that Dft's reply brief will be due 4/24/98. (sm) (Entered: 03/31/1998) |
| 04/01/1998 | 18 | NOTICE by Affymetrix Inc. to take deposition of Synteni, Inc. & Incyte Pharmaceuticals, Inc. on 4/3/98 at 9:30 am. (sm) (Entered: 04/02/1998) |
| 04/02/1998 | 19 | Letter to Docketing Clerk dated 4/2/98 by Beverly A. Parnell Re: Attached amended certificate of service replacing the cert. of svc. for notice of deposition filed by Affymetrix on 4/1/98. (sm) (Entered: 04/03/1998) |
| 04/09/1998 | 20 | MOTION by Affymetrix Inc. with Proposed Order for Pamela B. Hiatt, Esq. to Appear Pro Hac Vice re: [20-1] motion (sm) (Entered: 04/09/1998) |
| 04/09/1998 | 21 | MOTION by Affymetrix Inc. with Proposed Order for Paul J. Andre, Esq. to Appear Pro Hac Vice re: [21-1] motion (sm) (Entered: 04/09/1998) |
| 04/10/1998 | 23 | Memorandum of Points and Authorities Filed by Affymetrix Inc. [6-1] motion to Transfer Venue - Reply Brief due 4/17/98 (SEALED) (sm) (Entered: 04/17/1998) |
| 04/10/1998 | 24 | Memorandum of Point and Authories Filed by Affymetrix Inc. [6-1] motion to Transfer Venue (REDACTED VERSION) (sm) (Entered: 04/17/1998) |
| 04/10/1998 | 25 | Declaration of Pamela B. Hiatt in Opposition to defendant's motion to transfer (SEALED) (sm) (Entered: 04/17/1998) |
| 04/10/1998 | 26 | Declaration of Pamela B. Hiatt in opposition to defendant's motion to transfer (REDACTED VERSION) (sm) (Entered: 04/17/1998) |
| 04/10/1998 | 27 | Declaration of Vernon A. Norviel in opposition to defendant's motion to transfer (sm) (Entered: 04/17/1998) |

| 04/10/1998 | 28 | Declaration of Lubert Stryer in opposition to defendant's motion to transfer (sm) (Entered: 04/17/1998) |
| 04/10/1998 | 29 | Declaration of J. Leighton Read, M.D. in opposition to defendant's motion to transfer (sm) (Entered: 04/17/1998) |
| 04/10/1998 | 30 | Declaration of Mark Schena in opposition to defendant's motion to transfer (sm) (Entered: 04/17/1998) |
| 04/10/1998 | 31 | CERTIFICATE OF SERVICE by Affymetrix Inc. Re: Memorandum of points and authorities in opposition to motion to transfer (Sealed & Redacted versions); Declaration of Pamela B. Hiatt (Sealed & Redacted versions); Declarations of J. Leighton Read, M.D., Lubert Stryer, Vernon A. Norviel& Mark Schena in opposition to defendant's motion to transfer. (sm) (Entered: 04/17/1998) |
| 04/13/1998 | | So Ordered GRANTING [13-1] motion for Elizabeth A. Howard, Esq. to Appear Pro Hac Vice granting [14-1] motion for Noemi C. Espinosa, Esq. to Appear Pro Hac Vice granting [15-1] motion for William L. Anthony, Jr., Esq. to Appear Pro Hac Vice granting [16-1] motion for Craig Kaufman, Esq. to Appear Pro Hac Vice granting [20-1] motion for Pamela B. Hiatt, Esq. to Appear Pro Hac Vice granting [21-1] motion for Paul J. Andre, Esq. to Appear Pro Hac Vice ( signed by Judge Joseph J. Farnan Jr. ) Notice to all parties. (sm) (Entered: 04/17/1998) |
| 04/13/1998 | | So Ordered GRANTING [17-1] stipulation reset Reply Brief Deadline to 4/24/98 re: [6-1] motion to Transfer Venue ( signed by Judge Joseph J. Farnan Jr. ) Notice to all parties. (sm) (Entered: 04/17/1998) |
| 04/13/1998 | 32 | Letter to the Court dated 4/13/98 by Stuart B. Young, Esq. Re: Enclosed stipulation for filing documents under seal that were filed on 4/10/98. (sm) (Entered: 04/17/1998) |
| 04/13/1998 | 33 | STIPULATION with proposed order To File Plaintiff's Opposition To Defendants Motion To Transfer And Deposition Transcripts Excerpts Under Seal. (sm) (Entered: 04/17/1998) |
| 04/17/1998 | 34 | MOTION by Synteni Inc., Incyte Pharm Inc. with Proposed Order to Seal Defendant's answer & counterclaims and Plaintiff's reply to counterclaims Answer Brief due 5/1/98 re: [34-1] motion (sm) (Entered: 04/18/1998) |
| 04/17/1998 | 35 | PROPOSED ANSWER to complaint and COUNTERCLAIM by Synteni Inc., Incyte Pharm Inc. against Affymetrix Inc. (SEALED) (sm) (Entered: 04/18/1998) |
| 04/20/1998 | | So Ordered GRANTING [33-1] stipulation ( signed by Judge Joseph J. Farnan Jr. ) Notice to all parties. (sm) (Entered: 04/28/1998) |
| 04/24/1998 | 36 | Reply Memorandum Filed by Synteni Inc., Incyte Pharm Inc. [6-1] motion to Transfer Venue (SEALED). (sm) (Entered: 04/28/1998) |
| 04/24/1998 | 37 | Declaration of Professor Patrick Brown in support of defendant's motion to transfer. (sm) (Entered: 04/28/1998) |

| 04/24/1998 | 38 | Supplemental Declaration of Teresa M. Corbin in support of defendant's motion to transfer. (sm) (Entered: 04/28/1998) |
| 04/24/1998 | 39 | Letter to the Court dated 4/24/98 by Stuart B. Young, Esq. RE: Briefing is completed on defendant's motion to transfer & requests oral argument. (sm) (Entered: 04/28/1998) |
| 04/28/1998 | 40 | MOTION by Affymetrix Inc. with Proposed Order for Mary Ann Stretch, Esq. to Appear Pro Hac Vice re: [40-1] motion (sm) (Entered: 04/28/1998) |
| 04/28/1998 | 41 | Letter to the Court dated 4/28/98 by William J. Marsden, Jr., Esq. RE: In response to Mr. Young's letter dated 4/24/98, plaintiff's also request oral argument on defendant's motion to transfer venue. (sm) (Entered: 04/29/1998) |
| 04/29/1998 | | So Ordered GRANTING [40-1] motion for Mary Ann Stretch, Esq. to Appear Pro Hac Vice ( signed by Judge Joseph J. Farnan Jr. ) Notice to all parties. (sm) (Entered: 05/02/1998) |
| 05/05/1998 | 42 | Letter to Stuart B. Young, Esq. dated 5/5/98 by the Court RE: Oral argument on dft's motion to transfer is unnecessary & is under advisement. (sm) (Entered: 05/07/1998) |
| 05/05/1998 | 43 | Letter to William J. Marsden, Jr., Esq. dated 5/5/98 by the Court RE: Oral argument on dft's motion to transfer is unnecessary & is under advisement. (sm) (Entered: 05/07/1998) |
| 05/07/1998 | 44 | MOTION by Affymetrix Inc. with Proposed Order to Dismiss Defendants' Second Counterclaim For Lack of Subject Matter Jurisdiction Pursuant to FRCVP 12(b)(1) Answer Brief due 5/21/98 re: [44-1] motion (sm) (Entered: 05/08/1998) |
| 05/07/1998 | 45 | Opening Brief Filed by Affymetrix Inc. [44-1] motion to Dismiss Defendants' Second Counterclaim For Lack of Subject Matter Jurisdiction Pursuant to FRCVP 12(b)(1) (SEALED) (sm) Modified on 06/17/1998 (Entered: 05/08/1998) |
| 05/07/1998 | 46 | ANSWER by Affymetrix Inc. to [35-2] counter claim (sm) (Entered: 05/08/1998) |
| 05/08/1998 | 47 | Letter to the Court dated 5/8/98 by Joanne Ceballos, Esq. RE: Enclosed motion for admission pro hac vice for Jennifer A. Tipsord, Esq. (sm) (Entered: 05/12/1998) |
| 05/08/1998 | 48 | MOTION by Synteni Inc., Incyte Pharm Inc. with Proposed Order for Jennifer A. Tipsord, Esq. to Appear Pro Hac Vice re: [48-1] motion (sm) (Entered: 05/12/1998) |
| 05/08/1998 | 49 | ANSWER to complaint and COUNTERCLAIM by Synteni Inc., Incyte Pharm Inc. (REDACTED VERSION, See D.I. 35). (sm) (Entered: 05/12/1998) |
| 05/08/1998 | 50 | MOTION by Affymetrix Inc. with Proposed Order for Leave to File A |

|            |    |                                                                                                                                                                                                                                   |
|------------|----|-----------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|
|            |    | Surreply In Support of Plaintiff's Opposition to Motion To Transfer Venue Answer Brief due 5/22/98 re: [50-1] motion (sm) (Entered: 05/12/1998)                                                                                     |
| 05/08/1998 | 51 | PROPOSED Surreply (Answer) Brief Filed by Affymetrix Inc. [6-1] motion to Transfer Venue (sm) (Entered: 05/12/1998)                                                                                                                 |
| 05/08/1998 | 52 | Declaration of David J. Lockhart in support of pltf's surreply in opposition to defendant's motion to transfer. (sm) (Entered: 05/12/1998)                                                                                          |
| 05/08/1998 | 53 | Declaration of Elizabeth A. Howard in support of pltf's surreply in support of its opposition to dft's motion to transfer venue. (sm) (Entered: 05/12/1998)                                                                         |
| 05/13/1998 |    | So Ordered GRANTING [48-1] motion for Jennifer A. Tipsord, Esq. to Appear Pro Hac Vice ( signed by Judge Joseph J. Farnan Jr. ) Notice to all parties. (sm) (Entered: 05/14/1998)                                                   |
| 05/13/1998 | 54 | Letter to Counsel dated 5/13/98 by the Court RE: Counsel to submit proposed stipulated scheduling order no later than 5/27/98. (sm) (Entered: 05/14/1998)                                                                           |
| 05/14/1998 | 55 | RESPONSE LETTER by Synteni Inc., Incyte Pharm Inc. in opposition to [50-1] motion for Leave to File A Surreply In Support of Plaintiff's Opposition to Motion To Transfer Venue (sm) (Entered: 05/18/1998)                          |
| 05/20/1998 | 56 | MEMORANDUM IN OPPOSITION Filed by Synteni Inc., Incyte Pharm Inc. [44-1] motion to Dismiss Defendants' Second Counterclaim For Lack of Subject Matter Jurisdiction Pursuant to FRCVP 12(b)(1) - Reply Brief due 5/27/98 (SEALED) (sm) (Entered: 05/29/1998) |
| 05/27/1998 | 57 | Letter to the Court dated 5/27/98 by Stuart B. Young, Esq. RE: Parties request permission to submit their proposed stipulated scheduling order on 5/29/98. (sm) (Entered: 06/02/1998)                                               |
| 05/29/1998 | 58 | Letter to the Court dated 5/29/98 by Stuart B. Young, Esq. RE: Enclosed proposed Rule 16 scheduling order on behalf of all parties. (sm) (Entered: 06/02/1998)                                                                      |
| 05/29/1998 | 59 | REPLY MEMORANDUM Filed by Affymetrix Inc. [44-1] motion to Dismiss Defendants' Second Counterclaim For Lack of Subject Matter Jurisdiction Pursuant to FRCVP 12(b)(1) (SEALED) (sm) Modified on 06/02/1998 (Entered: 06/02/1998)    |
| 06/01/1998 | 60 | Letter to Michael S. McGinniss dated 6/1/98 by Stuart B. Young, Esq. RE: Enclosed sealed reply memorandum to be substituted for the sealed reply memorandum filed on 5/29/98. (sm) (Entered: 06/03/1998)                            |
| 07/06/1998 | 61 | CERTIFICATE OF SERVICE by Affymetrix Inc. RE: Pltf's initial disclosure under Rule 26(a)(1) of the F.R.C.P. (sm) (Entered: 07/09/1998)                                                                                              |
| 07/06/1998 | 62 | CERTIFICATE OF SERVICE by Synteni Inc., Incyte Pharm Inc. RE: Dft's initial disclosure statement. (sm) (Entered: 07/09/1998)                                                                                                        |

| | | |
|---|---|---|
| 07/09/1998 | 63 | CERTIFICATE OF SERVICE by Affymetrix Inc. RE: Pltf's 1st request for prod. of docs. and things to dft's & Pltf's 1st set of interrogs. to dft's. (sm) (Entered: 07/10/1998) |
| 07/16/1998 | 64 | NOTICE of Withdrawal Of Attorneys Brobeck, Phleger & Harrison LPL by Affymetrix Inc. (sm) (Entered: 07/20/1998) |
| 07/27/1998 | 65 | MOTION by Affymetrix Inc. with Proposed Order for Shelley J. Sandusky, Esq. to Appear Pro Hac Vice re: [65-1] motion (sm) (Entered: 07/30/1998) |
| 08/06/1998 | | So Ordered GRANTING [65-1] motion for Shelley J. Sandusky, Esq. to Appear Pro Hac Vice ( signed by Judge Joseph J. Farnan Jr. ) Notice to all parties. (sm) (Entered: 08/11/1998) |
| 08/10/1998 | 66 | NOTICE of Subpoena upon The Leland Stanford Junior University by Affymetrix Inc. (sm) (Entered: 08/11/1998) |
| 08/17/1998 | 67 | CERTIFICATE OF SERVICE by Synteni Inc., Incyte Pharm Inc. RE: Dft's responses to pltf's 1st request for production of documents & Dft's responses to pltf's 1st set of interrogs. (sm) (Entered: 08/24/1998) |
| 08/25/1998 | 68 | CERTIFICATE OF SERVICE by Synteni Inc., Incyte Pharm Inc. RE: Dft's 1st set of document requests (1-122) & Dft's 1st set of interrogs. (1-28). (sm) (Entered: 08/28/1998) |
| 09/28/1998 | 69 | CASE reassigned to Judge Gregory M. Sleet . Notice to all parties. (ssb) (Entered: 09/29/1998) |
| 09/28/1998 | 70 | CERTIFICATE OF SERVICE by Affymetrix Inc. RE: Pltf's objections and responses to dft's 1st set of interrogs. (Nos. 1-28) & Pltf's objections and responses to dft's 1st set of document requests (Nos. 1-122). (sm) (Entered: 10/02/1998) |
| 10/16/1998 | 71 | Letter from Judge Sleet to counsel re: Motion to Transfer Venue (gp) (Entered: 11/05/1998) |
| 11/18/1998 | 72 | OPINION ( signed by Judge Gregory M. Sleet ) copies to: cnsl. (gp) (Entered: 11/18/1998) |
| 11/18/1998 | 73 | ORDER granting [6-1] motion to Transfer Venue to the Northern District of California ( signed by Judge Gregory M. Sleet ) copies to: cnsl. (gp) (Entered: 11/18/1998) |
| 11/18/1998 | | Case closed (gp) (Entered: 11/18/1998) |
| 11/23/1998 | 74 | Letter from Stuart Young, Esq., counsel for plaintiff that they waive waiting period for transferring court records to the U.S. District Court Northern District of Ca and request that it be sent by federal expense (gp) (Entered: 11/23/1998) |
| 11/23/1998 | | Interdistrict transfer to District of Northern District of California (gp) (Entered: 11/23/1998) |
| 11/23/1998 | | Final Report to Commissioner of Patents and Trademarks. Exit copy. |

| | | |
|---|---|---|
| | | (gp) (Entered: 08/04/1999) |
| 11/30/1998 | 75 | Letter from Northern District of CA (C98-4507) (gp) (Entered: 12/04/1998) |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 02/22/2005 21:52:58 | | | |
| PACER Login: | ke1070 | Client Code: | 41250-0001 |
| Description: | Docket Report | Search Criteria: | 1:98-cv-00006-GMS Start date: 1/1/1970 End date: 2/22/2005 |
| Billable Pages: | 5 | Cost: | 0.40 |

# EXHIBIT C

# Form 10-K405

## AFFYMETRIX INC - AFFX
Filed: March 31, 1999 (period: December 31, 1998)

Annual report.  The Regulation S-K Item 405 box on the cover page is checked

AVI_047571

patents are pending and may issue. Certain of the applications have broad claims to certain array related technology. The Company has entered into a series of agreements with Beckman that it believes provide it with a path to obtain a license to these patents and patent applications. There can be no assurance that this series of agreements will not be challenged and that the Company will not be subject to infringement claims under these or other patents that could delay or preclude sales of some or all of its products, which would have a material adverse effect on the Company's business, financial condition and results of operations. If the agreements with Beckman were interpreted adversely to the Company or if the Company were required to obtain a license to any other patents, there can be no assurance that such licenses could be acquired on commercially acceptable terms, if at all.

On March 3, 1997, Hyseq, Inc. ("Hyseq") filed a lawsuit in United States District Court for the Northern District of California (San Jose Division) alleging that Affymetrix' products infringe United States Patents 5,202,231 and 5,525,464. In addition, in December 1997, Hyseq filed a second action claiming that Affymetrix' products infringe a related patent, United States Patent 5,695,940. On August 18, 1998, the Company filed a lawsuit in Federal District Court in the Northern District of California (San Francisco Division) against Hyseq alleging infringement of U.S. Patent Nos. 5,795,716 and 5,744,305 ("'305"). On September 1, 1998 the Company added U.S. Patent No. 5,800,992 ("'992") to the complaint of infringement against Hyseq. The Hyseq action, which seeks damages based on the sale of Affymetrix' products and processes and seeks to enjoin commercial activities relating to those products and processes, and any other legal action against the Company or its collaborative partners claiming damages from on account of the sale of Affymetrix products and seeking to enjoin commercial activities relating to the affected products and processes could, in addition to subjecting the Company to potential liability for damages, require the Company or its collaborative partners to obtain a license in order to continue to manufacture or market the affected products and processes. While the Company believes that the Hyseq complaints are without merit, there can be no assurance that the Company will prevail in the Hyseq actions or that the Company or its collaborative partners will prevail in any other action, nor can there be any assurance that any license required would be made available on commercially acceptable terms, if at all. Furthermore, the Company has and is likely to continue to incur substantial costs and expend substantial personnel time in defending against the claims filed by Hyseq.

On January 6, 1998, the Company filed a patent infringement action in the United States District Court for the District of Delaware (No. 98-6) alleging that certain of Incyte Pharmaceuticals, Inc.'s ("Incyte") and Synteni, Inc.'s ("Synteni") products infringe United States Patent 5,445,934 ("'934"). On September 1, 1998, the Company filed a complaint against Synteni and Incyte in Federal District Court in Delaware alleging infringement of the '305 Patent and the '992 Patent. These actions were transferred to the Northern District Court for the Northern District of California on November 18, 1998 as case numbers C98-4507 and C98-4508, respectively. The actions seek to enjoin commercial activities of Incyte and Synteni relating to the Affymetrix patents and, in regard to the '992 Patent, seek a preliminary injunction. The motion for preliminary injunction is currently scheduled to be heard on April 30, 1999.

There can be no assurance that Affymetrix will prevail in asserting its patent rights against Hyseq, Incyte, Synteni or others. The Company has and is likely to continue to incur substantial costs and expend substantial personnel time in asserting the Company's patent rights against Hyseq, Incyte, Synteni and others. Failure to successfully enforce its patent rights or the loss of these patent rights or others would remove a legal obstacle to competitors in designing probe array systems with similar competitive advantages to the GeneChip technology, which could have a material adverse effect on the Company's business, financial condition and operating results.

On April 17, 1998 Incyte filed a response and counterclaim asserting the '934 Patent is invalid and not infringed. Also, on April 17, 1998, Incyte filed a counterclaim alleging that a patent license agreement entered into in December 1997 between Affymetrix and Molecular Dynamics interfered with

AVI_047592

WE HAVE SIGNIFICANT PENDING LITIGATION
    We are parties to significant litigation which will consume substantial managerial and financial resources and which could have a material adverse effect on our business, financial condition and results of operations. Further, because of the substantial amount of discovery required in connection with any such litigation, there is a risk that confidential information could be compromised by disclosure.

    On March 3, 1997, Hyseq filed a lawsuit in United States District Court for the Northern District of California (San Jose Division) alleging that our products infringe United States Patents 5,202,231 and 5,525,464. In addition, in December 1997, Hyseq filed a second action claiming that our products infringe a related patent, United States Patent 5,695,940. On August 18, 1998 we filed a lawsuit in Federal District Court in the Northern District of California (San Francisco Division) against Hyseq alleging infringement of U.S. Patent Nos. 5,795,716 and 5,744,305 ("'305"). On September 1, 1998 the Company added U.S. Patent No. 5,800,992 ("'992") to the complaint of infringement against Hyseq. The Hyseq action, which seeks damages and injunctive relief could, in addition to subjecting us to potential liability for damages, require us or our collaborative partners to obtain a license in order to continue to manufacture or market the affected products and processes. We can not guarantee that we will prevail in this litigation. If we do not prevail, a license may not be made available on commercially acceptable terms, if at all.

    On January 6, 1998, we filed a patent infringement action in the United States District Court for the District of Delaware (No. 98-6) alleging that certain of Incyte's and Synteni's products infringe United States Patent 5,445,934 ("'934"). On September 1, 1998, we filed a complaint against Incyte and Synteni in Federal District Court in Delaware alleging infringement of the '305 Patent and the '992 Patent. These actions were transferred to the United States District Court for the Northern District of California on November 18, 1998. The actions seek to enjoin commercial activities of Incyte and Synteni relating to our patents and, in regard to the '992 Patent, seek a preliminary injunction. The motion for preliminary injunction is currently scheduled to be heard on April 30, 1999. We cannot guarantee that we will prevail in this litigation.

    On April 17, 1998 Incyte filed a response and counterclaim asserting the '934 Patent is invalid and not infringed. Also, on April 17 1998, Incyte filed a counterclaim alleging that a patent license agreement entered into in December 1997 between us and Molecular Dynamics interfered with an agreement between Incyte and Molecular Dynamics. In the counterclaim, Incyte alleges that the terms of the patent license to Molecular Dynamics prevented Molecular Dynamics from meeting its obligations to Incyte and is seeking damages from us. On September 21, 1998, Incyte and Synteni filed an answer asserting various defenses to the lawsuits in relation to the '992 Patent and the '305 Patent, and asserted several counterclaims, namely a request for declaration of noninfringement and invalidity, an assertion of unfair competition, a request for a declaration that Synteni and Dari Shalon (a one time employee of Synteni) have not misappropriated any of our trade secrets, a claim of tortious interference with Incyte's and Synteni's economic advantage, a claim of slander of title of our patent and a claim of trade libel. Failure to successfully defend against counterclaims of Incyte, Synteni, or others could have a material adverse effect on the Company's business, financial condition and operating results.

    Failure to successfully enforce our patent rights or the loss of these patent rights against Hyseq, Incyte, Synteni or others would remove a legal obstacle to competitors in designing probe array systems with similar competitive advantages to our GeneChip technology, which could have a material adverse effect on our business, financial condition and operating results.

    We have and are likely to continue to incur substantial costs and expend substantial personnel time in asserting our patent rights and defending against claims of others. See "Legal Proceedings."

28

AVI_047602

Division) against Hyseq alleging infringement of U.S. Patent Nos. 5,795,716 and 5,744,305 ("'305"). On September 1, 1998, the Company added U.S. Patent No. 5,800,992 ("'992") to the complaint of infringement against Hyseq. The Hyseq action, which seeks damages based on the sale of Affymetrix' products and processes and seeks to enjoin commercial activities relating to those products and processes, and any other legal action against the Company or its collaborative partners claiming damages on account of the sale of Affymetrix products and seeking to enjoin commercial activities relating to the affected products and processes could, in addition to subjecting the Company to potential liability for damages, require the Company or its collaborative partners to obtain a license in order to continue to manufacture or market the affected products and processes. While the Company believes that the Hyseq complaints are without merit, there can be no assurance that the Company will prevail in the Hyseq actions or that the Company or its collaborative partners will prevail in any other action, nor can there be any assurance that any license required would be made available on commercially acceptable terms, if at all. Furthermore, the Company has and is likely to continue to incur substantial costs and expend substantial personnel time in defending against the claims filed by Hyseq.

On January 6, 1998, the Company filed a patent infringement action in the United States District Court for the District of Delaware (No. 98-6) alleging that certain of Incyte's and Synteni's products infringe United States Patent 5,445,934 ("'934"). On September 1, 1998, the Company filed a complaint against Incyte and Synteni in Federal District Court in Delaware alleging infringement of the '305 Patent and the '992 Patent. These actions were transferred to the United States District Court for the Northern District of California on November 18, 1998, as case numbers C98-4507 and C98-4508, respectively. The actions seek to enjoin commercial activities of Incyte and Synteni relating to the Affymetrix patents and, in regard to the '992 Patent, seek a preliminary injunction. The motion for preliminary injunction is currently scheduled to be heard on April 30, 1999.

There can be no assurance that Affymetrix will prevail in asserting its patent rights against Hyseq, Incyte, Synteni or others. The Company has and is likely to continue to incur substantial costs and expend substantial personnel time in asserting the Company's patent rights against Hyseq, Incyte, Synteni and others. Failure to successfully enforce its patent rights or the loss of these patent rights or others would remove a legal obstacle to competitors in designing probe array systems with similar competitive advantages to the GeneChip technology, which could have a material adverse effect on the Company's business, financial condition and operating results.

On April 17, 1998, Incyte filed a response and counterclaim asserting the '934 Patent is invalid and not infringed. Also, on April 17, 1998, Incyte filed a counterclaim alleging that a patent license agreement entered into in December 1997 between Affymetrix and Molecular Dynamics interfered with an agreement between Incyte and Molecular Dynamics. In the counterclaim, Incyte alleges that the terms of the patent license to Molecular Dynamics prevented Molecular Dynamics from meeting its obligations to Incyte and is seeking damages from Affymetrix. On September 21, 1998, Incyte and Synteni filed an answer asserting various defenses to the lawsuits in relation to the '992 Patent and the '305 Patent, and asserted several counterclaims, namely a request for declaration of noninfringement and invalidity, an assertion of unfair competition, a request for a declaration that Synteni and Dari Shalon (a one time employee of Synteni) have not misappropriated any of Affymetrix' trade secrets, a claim of tortious interference with Incyte's and Synteni's economic advantage, a claim of slander of title of a patent and a claim of trade libel. Affymetrix believes the counterclaims are without merit. However, the Company has and is likely to continue to incur substantial costs and expend substantial personnel time in defending against any counterclaims filed by Incyte and Synteni. Failure to successfully enforce its patent rights or defend against counterclaims of Incyte, Synteni, or others could have a material adverse effect on the Company's business, financial condition and operating results.

AVI_047615

with an option to purchase the equipment at the greater of the residual value or fair market value. Under certain provisions, the lease may be extended for an additional year. The amount included in property and equipment related to the lease is $1.2 million and was fully depreciated as of December 31, 1996.

OPERATING LEASES

Affymetrix leases laboratory, office and manufacturing facilities, and equipment under noncancelable operating leases which expire at various times through 2003. Rent expense related to operating leases was approximately $1.7 million in 1998, $1.4 million in 1997 and $1.0 million in 1996.

Future minimum lease obligations at December 31, 1998 under all leases are as follows (in thousands):

|  | CAPITAL LEASES | OPERATING LEASES |
|---|---|---|
| 1999............................................................... | $ 292 | $ 1,834 |
| 2000............................................................... | 280 | 1,292 |
| 2001............................................................... | -- | 1,228 |
| 2002............................................................... | -- | 1,228 |
| 2003............................................................... | -- | 819 |
| Total minimum lease payments....................................... | 572 | $ 6,401 |
| Less amount representing interest.................................. | (59) | |
| Present value of minimum lease payments............................ | 513 | |
| Less current portion............................................... | (252) | |
| Noncurrent obligation under capital lease.......................... | $ 261 | |

LITIGATION

On March 3, 1997, Hyseq, Inc. ("Hyseq") filed a lawsuit in United States District Court for the Northern District of California (San Jose Division) alleging that Affymetrix' products infringe United States Patents 5,202,231 and 5,525,464. In addition, in December 1997, Hyseq filed a second action claiming that Affymetrix' products infringe a related patent, United States Patent 5,695,940. On August 18, 1998, the Company filed a lawsuit in Federal District Court in the Northern District of California (San Francisco Division) against Hyseq alleging infringement of U.S. Patent Nos. 5,795,716 and 5,744,305 ("'305"). On September 1, 1998, the Company added U.S. Patent No. 5,800,992 ("'992") to the complaint of infringement against Hyseq. The Hyseq action, which seeks damages based on the sale of Affymetrix products and processes and seeks to enjoin commercial activities relating to those products and processes, and any other legal action against the Company or its collaborative partners claiming damages on account of the sale of Affymetrix' products and seeking to enjoin commercial activities relating to the affected products and processes could, in addition to subjecting the Company to potential liability for damages, require the Company or its collaborative partners to obtain a license in order to continue to manufacture or market the affected products and processes. While the Company believes that the Hyseq complaints are without merit, there can be no assurance that the Company will prevail in the Hyseq actions or that the Company or its collaborative partners will prevail in any other action, nor can there be any assurance that any license required would be made available on commercially acceptable terms, if at all. Furthermore, the Company has and is likely to continue to incur substantial costs and expend substantial personnel time in defending against the claims filed by Hyseq.

On January 6, 1998, the Company filed a patent infringement action in the United States District Court for the District of Delaware (No. 98-6) alleging that certain of Incyte Pharmaceuticals, Inc.'s

63

AVI_047638

("Incyte") and Synteni, Inc.'s ("Synteni") products infringe United States Patent 5,445,934 ("'934"). On September 1, 1998, the Company filed a complaint against Incyte and Synteni in Federal District Court in Delaware alleging infringement of the '305 Patent and the '992 Patent. These actions were transferred to the United States District Court for the Northern District of California on November 18, 1998 as case numbers C98-4507 and C98-4508, respectively. The actions seek to enjoin commercial activities of Incyte and Synteni relating to the Affymetrix patents and, in regard to the '992 Patent, seek a preliminary injunction. The motion for preliminary injunction is currently scheduled to be heard on April 30, 1999.

There can be no assurance that Affymetrix will prevail in asserting its patent rights against Hyseq, Incyte, Synteni or others. The Company has and is likely to continue to incur substantial costs and expend substantial personnel time in asserting the Company's patent rights against Hyseq, Incyte, Synteni and others. Failure to successfully enforce its patent rights or the loss of these patent rights or others would remove a legal obstacle to competitors in designing probe array systems with similar competitive advantages to the GeneChip technology, which could have a material adverse effect on the Company's business, financial condition and operating results.

On April 17, 1998, Incyte filed a response and counterclaim asserting the '934 Patent is invalid and not infringed. Also, on April 17, 1998, Incyte filed a counterclaim alleging that a patent license agreement entered into in December 1997 between Affymetrix and Molecular Dynamics, Inc. ("Molecular Dynamics") interfered with an agreement between Incyte and Molecular Dynamics. In the counterclaim, Incyte alleges that the terms of the patent license to Molecular Dynamics prevented Molecular Dynamics from meeting its obligations to Incyte and is seeking damages from Affymetrix. On September 21, 1998, Incyte and Synteni filed an answer asserting various defenses to the lawsuits in relation to the '992 Patent and the '305 Patent, and asserted several counterclaims, namely a request for declaration of noninfringement and invalidity, an assertion of unfair competition, a request for a declaration that Synteni and Dari Shalon (a one time employee of Synteni) have not misappropriated any of Affymetrix' trade secrets, a claim of tortious interference with Incyte's and Synteni's economic advantage, a claim of slander of title of a patent and a claim of trade libel. Affymetrix believes the counterclaims are without merit. However, the Company has and is likely to continue to incur substantial costs and expend substantial personnel time in defending against any counterclaims filed by Incyte and Synteni. Failure to successfully enforce its patent rights or defend against counterclaims of Incyte, Synteni, or others could have a material adverse effect on the Company's business, financial condition and operating results.

NOTE 7-- CONVERTIBLE REDEEMABLE PREFERRED STOCK AND STOCKHOLDERS' EQUITY

CONVERTIBLE REDEEMABLE PREFERRED STOCK
On April 14, 1998, the Company completed the sale of 1,634,522 shares of Series AA Convertible Redeemable Preferred Stock ("Preferred Stock") to Glaxo for net proceeds of approximately $49.9 million.

The Preferred Stock is convertible at the option of the preferred stockholder into shares of Affymetrix Common Stock at approximately $40.00 per share, subject to adjustments for stock splits and dividends.

The preferred stockholder is entitled to receive cumulative dividends at the rate of $1.99 per share (as adjusted for stock splits, dividends, combinations or recapitalizations), payable in two equal installments on June 30 and December 31 of each year. The dividends accrue each day whether or not earned or declared. Additionally, the preferred stockholder is entitled to receive an amount equal to any dividend declared on the Common Stock on an as-converted basis.

64

AVI_047639

SIGNATURES

Pursuant to the requirements of Section 13 of 15(d) of the Securities Exchange Act of 1934, the registrant has caused this Report to be signed on its behalf by the undersigned, thereunto duly authorized.

AFFYMETRIX, INC.
(Registrant)

March 31, 1999        By        /s/ STEPHEN P.A. FODOR, PH.D.
                                -------------------------------------------
                                Stephen P.A. Fodor, Ph.D.
                                PRESIDENT, CHIEF EXECUTIVE OFFICER AND
                                DIRECTOR

March 31, 1999        By        /s/ EDWARD M. HURWITZ
                                -------------------------------------------
                                Edward M. Hurwitz
                                VICE PRESIDENT AND CHIEF FINANCIAL OFFICER
                                (PRINCIPAL FINANCIAL AND ACCOUNTING
                                OFFICER),

POWER OF ATTORNEY

KNOW ALL PERSONS BY THESE PRESENTS, that each person whose signature appears below constitutes and appoints Stephen P.A. Fodor, Ph.D. and Edward M. Hurwitz, or either of them, each with the power of substitution, his attorney-in-fact, to sign any amendments to this Form 10-K (including post-effective amendments), and to file the same, with exhibits thereto and other documents in connection therewith, with the Securities and Exchange Commission, hereby ratifying and confirming all that each of said attorneys-in-fact, or his substitute or substitutes, may do or cause to be done by virtue hereof.

Pursuant to the requirements of the Securities Exchange Act of 1934, this report has been signed below by the following persons on behalf of the registrant and in the capacities and on the dates indicated.

| SIGNATURE | TITLE | DATE |
| --- | --- | --- |
| By  /s/ STEPHEN P.A. FODOR, PH.D. ------------------------------ Stephen P.A. Fodor, Ph.D. | President, Chief Executive Officer and Director (Principal Executive Officer) | March 31, 1999 |
| By  /s/ EDWARD M. HURWITZ ------------------------------ Edward M. Hurwitz | Vice President and Chief Financial Officer (Principal Financial and Accounting Officer) | March 31, 1999 |
| By  /s/ JOHN D. DIEKMAN, PH.D. ------------------------------ John D. Diekman, Ph.D. | Chairman of the Board | March 31, 1999 |
| By  /s/ PAUL BERG, PH.D. ------------------------------ Paul Berg, Ph.D. | Director | March 31, 1999 |

75

AVI_047650

# EXHIBIT D

# Form 10-K405

## AFFYMETRIX INC - AFFX
Filed: March 30, 2001 (period: December 31, 2000)

Annual report.  The Regulation S-K Item 405 box on the cover page is checked

AVI_119639

States Patent No. 5,800,992, or the '992 Patent, to the complaint of infringement against Hyseq. On November 23, 1998, Hyseq filed an answer to Affymetrix' complaint, alleging that Affymetrix' three asserted patents are invalid. On January 25, 2001, the United States District Court for the Northern District of California issued a claims construction order interpreting various terms of the '716, '305 and '992 Patents. On January 30, 2001, the Board of Patent Appeals and Interferences of the United States Patent and Trademark Office issued to Affymetrix a Notice Declaring Interference and has ordered the commencement of an interference proceeding between Affymetrix and Hyseq involving certain claims of Affymetrix' '716 Patent, and certain claims of Hyseq's patent application. No trial dates have been set in these cases.

## INCYTE GENOMICS AND SYNTENI LITIGATION AND PROCEEDINGS

On January 6, 1998, Affymetrix filed a patent infringement action in the United States District Court for the District of Delaware alleging that certain of Incyte Genomics, Inc.'s ("Incyte") and Synteni, Inc.'s ("Synteni") products infringe United States Patent No. 5,445,934, or the '934 Patent. On September 1, 1998, Affymetrix filed a complaint against Incyte and Synteni in United States District Court for the District of Delaware alleging infringement of the '305 Patent and the '992 Patent. These actions were transferred to the United States District Court for the Northern District of California on November.18, 1998. The actions seek to enjoin commercial activities of Incyte and Synteni relating to Affymetrix' patents and, in regard to the '992 Patent, sought a preliminary injunction. Incyte and Synteni moved for summary judgment that certain claims of the '992 Patent were invalid. On May 4, 1999, the court denied Affymetrix' motion for preliminary injunction and denied Incyte and Synteni's motion for summary judgment.

On April 17, 1998, Incyte filed a response and counterclaim, asserting that the '934 Patent is invalid and not infringed. On April 17, 1998, Incyte also filed a counterclaim alleging that a patent license agreement Affymetrix entered into in December 1997 with Molecular Dynamics interfered with an agreement between Incyte and Molecular Dynamics. In the counterclaim, Incyte alleges that the terms of Affymetrix' patent license to Molecular Dynamics prevented Molecular Dynamics from meeting its obligations to Incyte. Incyte seeks damages from Affymetrix. On September 21, 1998, Incyte and Synteni filed an answer asserting various defenses to the lawsuits in relation to the '992 Patent and the '305 Patent, and asserted several counterclaims, including:

- a request for declaration of non-infringement and invalidity;

- an assertion of unfair competition;

- a request for a declaration that Synteni and Dari Shalon, who was a one-time employee of Synteni, have not misappropriated any of Affymetrix' trade secrets;

- a claim of tortious interference with Incyte's and Synteni's economic advantage; and

- a claim of slander of title of a patent and a claim of trade libel.

On August 11, 2000, Incyte and Synteni asserted that the '934, '305 and '992 Patents are unenforceable. On August 17, 2000 Incyte filed a lawsuit against Affymetrix in the United States District Court for the Northern District of California alleging infringement of U.S. Patent Nos. 5,716,785 and 5,891,636 and asserting various state law claims. On September 6, 2000, Affymetrix filed its answer in this lawsuit and also filed counterclaims against Incyte alleging infringement of Affymetrix U.S. Patent Nos. 6,040,193 or '193 and 5,871,928 or '928. In response to Affymetrix' counterclaims, Incyte has filed various state law counterclaims against Affymetrix and requests for declaration that the '193 and '928 patents are not infringed, are invalid and are unenforceable.

On January 25, 2001, the United States District Court for the Northern District of California issued a claims construction order interpreting various terms of the '934, '305 and '992 Patents.

AVI_119678