# MORRIS, JAMES, HITCHENS & WILLIAMS LLP

222 Delaware Avenue, 10th Floor
Wilmington, Delaware 19801-1621
(302) 888-6800
Facsimile (302) 571-1750
www.morrisjames.com

Richard K. Herrmann
(302) 888-6816
rherrmann@morrisjames.com

Mailing Address
P.O. Box 2306
Wilmington, DE 19899-2306

July 28, 2006

**VIA ELECTRONIC FILING**
The Honorable Joseph J. Farnan, Jr.
USDC for the District of Delaware
844 King Street
Wilmington, DE 19801

      Re:    *Affymetrix, Inc. v. Illumina, Inc.*, D. Del., C.A. No. 04-901-JJF

Your Honor:

      This letter responds to Affymetrix's alternative request to bifurcate two of Illumina's counterclaims in Affymetrix, Inc.'s Motion for (1) Summary Judgment of Illumina's Counterclaims of Intentional Interference with Actual and Prospective Economic Advantage, and (2) Summary Adjudication of Portions of Illumina's Counterclaim for Unfair Business Practices; or, in the Alternative, for Bifurcation of these Counterclaims (D.I. 277).

      As an initial matter, Affymetrix's motion does not seek summary judgment as to the entirety of Illumina's counterclaims for unfair business practices. Illumina believes that genuine issues of material fact preclude a grant of summary judgment on any aspect of these two counterclaims, and it has filed concurrently with this letter its Counter-Statement of Contested Facts in opposition to Affymetrix's motion. In any event, by so narrowly defining the scope of its motion, even Affymetrix concedes that Illumina is entitled to a trial on the balance of its claims against Affymetrix's unfair business practices. Since Illumina also anticipates that the existence of factual issues will obviate the need for full briefing on Affymetrix's motion, it thus provides the following brief response to Affymetrix's alternative request for bifurcation in this letter.

      Illumina's counterclaims for tortious interference and unfair competition have been present in this case from the outset. (D.I. 10) They address substantial wrongs committed by Affymetrix through its long-standing, carefully-designed and implemented scheme to unfairly compete with Illumina.[1] Affymetrix's attempt now to delay resolution of Illumina's claims

---

[1]     Affymetrix's suggestion that these claims should be stayed along with Illumina's Sherman Act counterclaim is an argument that should have been made long ago, and is an improper attempt to modify this Court's prior decision to stay the Sherman Act counterclaim while allowing the others to proceed.

MORRIS, JAMES, HITCHENS & WILLIAMS LLP

The Hon. Joseph J. Farnan, Jr.
July 28, 2006
Page 2

through a request for bifurcation should be denied. It would simply be unfair for this Court to allow Affymetrix's claims to proceed to trial without affording Illumina and its claims the same opportunity.

     Illumina is fully aware of this Court's practice to sometimes sequence issues for trial, and is prepared to discuss a logical trial structure at the Court's convenience. This case will be extremely complex no matter how it is tried -- there are currently five patents involving different areas of technology that the parties have generally treated in three separate groups (*see, e.g.*, Markman briefing), and very important counterclaims ranging from Affymetrix's unfair business practices to its inequitable conduct in prosecuting the patents. Indeed, Illumina's counterclaims focusing on Affymetrix's improper conduct in many ways share a greater common nucleus of facts with the patent issues than the various patents share with each other. While it may be prudent to conduct more than one trial to address the issues in the case, Illumina vigorously disagrees with Affymetrix's suggestion that the Court should set Illumina's counterclaims aside now as being unworthy of being considered in the same way as all of the other issues in the case. Illumina thus respectfully requests that the Court deny Affymetrix's premature request to bifurcate Illumina's tortious interference and unfair competition counterclaims.

Respectfully,

Richard K. Herrmann, I.D. No. 405
rherrmann@morrisjames.com

cc: Dr. Peter T. Dalleo, Clerk of the Court (via electronic filing)
    MaryEllen Noreika, Esq. (via email and hand delivery)
    Michael J. Malecek, Esq. (via email and Federal Express)