IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AFFYMETRIX, INC., | |
| Plaintiff/Counter-Defendant, | |
| v. | C.A. No. 04-901-JJF |
| ILLUMINA, INC., | **REDACTED VERSION** |
| Defendant/Counter-Plaintiff. | |

**AFFYMETRIX, INC.'S MEMORANDUM IN SUPPORT OF MOTION FOR (1) SUMMARY JUDGEMENT OF ILLUMINA'S COUNTERCLAIM OF INTENTIONAL INTERFERENCE WITH ACTUAL AND PROSPECTIVE ECONOMIC ADVANTAGE AND (2) SUMMARY ADJUDICATION OF PORTIONS OF ILLUMINA'S COUNTERCLAIM FOR UNFAIR BUSINESS PRACTICES; OR, IN THE <u>ALTERNATIVE, FOR BIFURCATION OF THESE COUNTERCLAIMS</u>**

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

Jack B. Blumenfeld (#1014)
Maryellen Noreika (#3208)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200
*Attorneys for Plaintiff/Counter-Defendant*
*Affymetrix, Inc.*

OF COUNSEL:

Michael J. Malecek
Daniel R. Reed
George C. Yu
Andrea L. Gross
AFFYMETRIX, INC.
6550 Vallejo Street, Suite 100
Emeryville, CA 94608
(510) 428-8500

Original Filing Date: July 14, 2006
Redacted Filing Date: July 31, 2006

TABLE OF CONTENTS

TABLE OF CITATIONS                                                               iii

INTRODUCTION                                                                      1

PROCEDURAL HISTORY                                                               1

REDACTED

ARGUMENT IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT AND
SUMMARY ADJUDICATION                                                            14

    I.    LEGAL STANDARD FOR SUMMARY JUDGMENT                                 14

    II.   ILLUMINA CANNOT RAISE A TRIABLE ISSUE OF FACT
        WITH RESPECT TO THE WRONGFUL CONDUCT AND
        PROXIMATE CAUSE ELEMENTS OF ITS COUNTERCLAIM
        FOR INTENTIONAL INTERFERENCE WITH ACTUAL AND
        PROSPECTIVE ECONOMIC ADVANTAGE.                                     14

        A.    The Elements Of A Claim Under California Law For
            Intentional Interference With Prospective Economic
            Advantage.                                                      14

        B.    Illumina Cannot Raise A Triable Issue Of Fact With
            Respect To Wrongful Conduct.                                    16

        C.    Illumina Cannot Raise A Triable Issue Of Fact With
            Respect To Proximate Cause                                      19

III.    ILLUMINA CANNOT RAISE A TRIABLE ISSUE OF FACT
        WITH    RESPECT    TO    THOSE    PORTIONS    OF    ITS
        COUNTERCLAIM FOR UNFAIR BUSINESS PRACTICES
        UNDER CAL. BUS & PROF. CODE §§ 17200 *ET SEQ* THAT
        DO NOT ALLEGE VIOLATIONS OF ANTITRUST LAWS.                    20

        A.    Illumina's Allegations That Affymetrix Made False And
              Misleading Statements To Customers And Potential
              Customers Cannot Raise A Triable Issue Of Fact Under
              Cal. Bus. & Prof. Code §§17200 et seq.                  22

REDACTED

        C.    There Is No Basis For Granting Illumina Injunctive Relief
              As To Illumina's Allegations                            24

ARGUMENT IN SUPPORT OF MOTION TO BIFURCATE                            25

        I.    STANDARD FOR BIFURCATION                                25

        II.   BIFURCATION    WILL    APPROPRIATELY    SEPARATE
              PORTIONS OF THE CASE THAT    REQUIRE SEPARATE
              EVIDENTIARY PROOFS.                                     26

        III.  BIFURCATION WILL REDUCE JURY CONFUSION AND
              EXPEDITE TRIAL                                          27

CONCLUSION                                                            28

TABLE OF AUTHORITIES

Cases                                                                                              Page

*Anderson v. Liberty Lobby, Inc.*,
   477 U.S. 242 (1986)...................................................................................................... 14

*Bank of the West v. Superior Court of Contra Costa County*, 2 Cal.4th 1254 (1992)................... 22

*Buckaloo v. Johnson*,
   14 Cal.3rd 815 (1975) ................................................................................................... 15

*Cel-Tech Communications., Inc. v. Los Angeles Cellular Telephone Co.*
   20 Cal.4th 163 (1999) ................................................................................................... 20

*Della Penna v. Toyota Motor Sales, U.S.A., Inc.*
   11 Cal.4th 376 (1995) ................................................................................................... 15

*Enzo Life Sciences, Inc. v. DiGene Corp.*,
   2003 WL 21402512 (D.Del. June 10, 2003)...................................................................... 25

*In Re Innotron Diagnostics*, 800 F.2d 1077 (Fed. Cir. 1986)......................................................... 25

*Korea Supply Co. v. Lockheed Martin Corp.*,
   29 Cal.4th 1134 (2003) ......................................................................................... passim

*Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*,
   475 U.S. 574 (1986)...................................................................................................... 14

*Nora Beverages, Inc. v. Perrier Group of America, Inc.* 164 F.3d. 736 (2d. Cir. 1998).............. 17

*Rickards v. Canine Eye Registration Foundation, Inc.*,
   704 F.2d 1449 (1983), *cert. denied*, 464 U.S. 994 (1983)........................................................ 18

*Schnall v. Hertz Corp.*,
   78 Cal. App.4th 1144 (2000) ........................................................................................ 20

*Smith v. Alyeska Pipeline Service Co.*,
   538 F.Supp. 977 (D. Del. 1982) (aff'd 758 F.2d 668 (Fed. Cir. 1984)) ................................... 25

*Top Service Body Shop, Inc. v. Allstate Ins. Co.*
   283 or. 201 (1978)........................................................................................................ 15

*Westside Center Assoc. v. Safeway Stores*, 23 Inc.
   2 Cal. App.4th 507 (1996) ........................................................................... 15, 16, 18

Statutes

California Business and Professions Code § 17200 .............................................................. passim

Rules

FED. R. CIV. P. 56(c)................................................................................................................. 14

## INTRODUCTION

Affymetrix, Inc. ("Affymetrix") moves for (1) summary judgment of Illumina's Counterclaim IX, for Intentional Interference with Actual and Prospective Economic Advantage and (2) summary adjudication of the portions of Illumina's Counterclaim VIII for Unfair Business Practices that are not premised on violations (or incipient violations) of antitrust laws.




REDACTED




Illumina cannot prove its business tort counterclaims. Therefore, the Court should grant summary judgment in favor of Affymetrix.

In the event the Court does not grant Affymetrix's motion for summary judgment and summary adjudication of Illumina's counterclaims, Affymetrix respectfully requests that the counterclaims be bifurcated from the action set for trial on October 16, 2006.

## PROCEDURAL HISTORY

Illumina's original Answer and Counterclaims in this action alleged as Count VII "Unfair Competition Under Cal. Business & Professions Code §§ 17200 *et seq.*" and as Count VIII "Intentional Interference with Actual and Prospective Economic Advantage." The original Answer and Counterclaims alleged no specific conduct on the part of Affymetrix. Count VII

(Unfair Competition) stated only that Affymetrix had engaged in the "misappropriation of Illumina's confidential technical and business information" and the "making of false and misleading statements to Illumina's customers and potential customers regarding Illumina's goods and services such as false statements that Illumina's products are inferior to Affymetrix's and will become technically obsolete in the near future." (Original Answer and Counterclaims ¶ 39.) Count VIII (Intentional Interference With Actual and Prospective Economic Advantage) stated only that Affymetrix had made "false and misleading statements" to existing and potential customers of Illumina. (Original Answer and Counterclaims ¶ 47.)

On January 7, 2006, Illumina filed its First Amended Answer and Counterclaims. This pleading added as a new Count VII an antitrust cause of action under the Sherman Act. (First Amended Answer and Counterclaims ¶¶ 67 – 74.) It also expanded Illumina's counterclaim under Cal. Business and Professions Code § 17200, alleging that Affymetrix had engaged in monopolistic practices prohibited by statute. (First Amended Answer and Counterclaims ¶78.) By Order dated February 17, 2006, this Court stayed Count VII, the Sherman Act counterclaim, in Illumina's First Amended Answer and Counterclaims. (Docket Number 217)[1]

In addition to adding the antitrust counterclaims, the First Amended Answer and Counterclaims contained a few other changes relevant to this motion. As to the Count for Unfair Competition, the First Amended Answer and Counterclaims dropped Illumina's allegation that Affymetrix has misappropriated confidential Illumina information. (First Amended Answer and Counterclaims ¶ 78.) The Count for Intentional Interference with Actual and Prospective

---

[1]    The Court's February 17, 2006 Order did not address the portions of Count VIII (Unfair Competition) in the First Amended Answer and Counterclaims that alleged Affymetrix had engaged in anticompetitive conduct. (*See* ¶ 78.) Affymetrix respectfully requests that the Court amend its February 17 order to clarify that the stay extends to all of Illumina's counterclaims that allege violations or incipient violations of antitrust laws.

Business Advantage now alleges (1) entirely undefined "false and misleading" statements to

customers and                REDACTED

(First Amended Answer and Counterclaims ¶

85.)


REDACTED


Affymetrix understands the allegations in Illumina's counterclaims for interference

with actual and prospective economic advantage and unfair competition as follows:

- Under Count IX (Intentional Interference With Acutal and Prospective
  Economic Advantage) Illumina alleges:

REDACTED

- false and misleading statements (*Id.*);


REDACTED


- Under Count VIII (Unfair Competition Under Cal. Business & Prof. Code
  §§ 17200 *et seq.*) Illumina alleges:

  - Violations of the Sherman Act (First Amended Answer and
    Counterclaims ¶ 78);

REDACTED

- 3 -

REDACTED

Affymetrix moves for summary judgment of Illumina's Count IX for intentional interference with actual and prospective economic advantage.  Affymetrix moves for summary adjudication of the portions of Illumina's Count VIII for unfair competition that do not allege violations or incipient violations of antitrust laws (as set forth above, these allegations refer to false and misleading statements and               REDACTED

Affymetrix respectfully requests that the Court amend its February 17, 2006, Order to clarify that the remaining claims of Illumina's Count VIII (which concern antitrust violations) are stayed.

**STATEMENT OF UNDISPUTED FACTS**

REDACTED

REDACTED

REDACTED

REDACTED

REDACTED

_____

REDACTED

REDACTED

Illumina deleted the allegation that Affymetrix had engaged in "misappropriation of Illumina's confidential technical and business information" (which appeared in ¶ 39 of its original Answer and Counterclaims) from its First Amended Answer and Counterclaim. (¶ 78.)

REDACTED

REDACTED

REDACTED

## ARGUMENT IN SUPPORT OF
## <u>MOTION FOR SUMMARY JUDGMENT AND SUMMARY ADJUDICATION</u>

**I.    LEGAL STANDARD FOR SUMMARY JUDGMENT.**

A party is entitled to summary judgment if the Court determines from its examination of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law.  FED. R. CIV. P. 56(c).

To defeat a motion for summary judgment, Rule 56(c) requires the non-moving party to show that there is more than:

> Some metaphysical doubt as to the material facts. . . .  In the language of the Rule, the non-moving party must come forward with "specific facts showing that there is a genuine issue for trial" . . . . Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is "no genuine issue for trial."

*Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986).  Thus, a mere scintilla of evidence in support of the non-moving party is insufficient for a court to deny summary judgment.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

**II.    ILLUMINA CANNOT RAISE A TRIABLE ISSUE OF FACT WITH RESPECT TO THE WRONGFUL CONDUCT AND PROXIMATE CAUSE ELEMENTS OF ITS COUNTERCLAIM FOR INTENTIONAL INTERFERENCE WITH ACTUAL AND PROSPECTIVE ECONOMIC ADVANTAGE.**

**A.    THE ELEMENTS OF A CLAIM UNDER CALIFORNIA LAW FOR INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE.**

To prevail in a claim of intentional interference with actual and prospective economic advantage brought under California law, a plaintiff must prove:

> (1) an economic relationship between the plaintiff and some third party, with the probability of future economic benefit to the plaintiff; (2) the defendant's knowledge of the relationship; (3)

- 14 -

intentional acts on the part of the defendant designed to disrupt the
relationship; (4) actual disruption of the relationship; and (5)
economic harm to the plaintiff proximately caused by acts of the
defendant.

*Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal.4th 1134, 1153 (2003) (citing *Westside*

*Center Assoc. v. Safeway Stores*, 23 Inc. 42 Cal. App.4th 507, 521-22 (1996)).

California courts have repeatedly cautioned against improper application of the tort of

interference with prospective economic advantage to lawful business competition. *See, e.g.,*

*Korea Supply Co.,* 29 Cal.4th at 1158 ("[T]he tort of intentional interference with prospective

economic advantage is not intended to punish individuals or commercial entities for their choice

of commercial relationships or their pursuit of commercial objectives . . . ."); *Della Penna v.*

*Toyota Motor Sales, U.S.A., Inc.* 11 Cal.4th 376, 393 (1995) (quoting *Buckaloo v. Johnson*, 14

Cal.3rd 815, 828 (1975)) ("[P]erhaps the most significant privilege for interference with

prospective economic advantage is free competition . . . . [I]n a sense, all vendees are potential

buyers of the products and services of all sellers in a given line, and success goes to him who is

able to induce potential customers not to deal with a competitor.")

Thus, to prevail in an action for intentional interference with prospective economic

advantage, the plaintiff must show that "the defendant's interference was 'wrongful by some

measure *beyond the fact of the interference itself.*'" *Della Penna v. Toyota Motor Sales, U.S.A.,*

*Inc.* 11 Cal.4th 376, 393 (1995) (emphasis added) (quoting *Top Service Body Shop, Inc. v.*

*Allstate Ins. Co.* 283 or. 201 (1978)).  A defendant's conduct is "independently wrongful" only if

it is "unlawful, that is, proscribed by some constitutional, statutory, regulatory, common law, or

other determinable legal standard." *Korea Supply Co.,* 29 Cal.4th at 1159.

- 15 -

In addition, the plaintiff must prove more than general "interference with the market"; to recover damages, the plaintiff must show "an existing relationship with an identifiable buyer." *Westside Center Associates v. Safeway Stores 23, Inc.* 42 Cal. App. 4th 507, 527 (1996).

Illumina has failed to raise a triable issue of fact with respect to both wrongful conduct and proximate cause.

**B.    ILLUMINA CANNOT RAISE A TRIABLE ISSUE OF FACT WITH RESPECT TO WRONGFUL CONDUCT.**

Illumina has broadly identified two sorts of wrongful conduct that it alleges caused harm.

REDACTED
                                                    The second is
that "Affymetrix has made false and misleading statements to existing or potential customers of Illumina in an effort to interfere with Illumina's relationships with these customers." *Id.*

Illumina has not raised a triable issue of fact with respect to either of these allegations.

REDACTED

REDACTED

To the contrary: "[i]ntentionally interfering with a [competitor's] prospective economic advantage" is not, by itself, actionable under California law. *Korea Supply Co.*, 29 Cal.4th at 1158. Attempting to make a sale over a competitor is the essence of the privilege of free competition. In order to prevail in its in counterclaim, Illumina must show that Affymetrix engaged in some unlawful conduct *independent* of the interference itself. *Id.* at 1158 – 59.

REDACTED

### 2.    Affymetrix Did Not Make False And Misleading Statements To Customers Or Potential Customers Of Illumina.

The other tortious conduct alleged by Illumina is the making of false and misleading statements to customers and potential customers of Illumina.

REDACTED

The hearsay proffered by Illumina should not be considered by the court. *Nora Beverages, Inc. v. Perrier Group of America, Inc.* 164 F.3d. 736, 746 (2d. Cir. 1998) ("On a

- 17 -

summary judgment motion, the district court properly considers only evidence that would be

admissible at trial.")  Illumina has not raised a triable issue of fact with respect to this allegation.

REDACTED

Under California law,

Illumina must identify "an existing relationship with an identifiable buyer" to recover damages

for intentional interference with its prospective economic advantage.  *Westside Center Assoc.*, 42

Cal. App.4th at 524 (holding that defendant could not be held liable under an "interference with

the market theory" of interference with prospective economic advantage); *see also Rickards v.*

*Canine Eye Registration Foundation, Inc.*, 704 F.2d 1449, 1456  (1983), *cert. denied*, 464 U.S.

994 (1983) (holding that defendant was entitled to a directed verdict in part because plaintiffs

had not shown that defendant's registry system interfered with plaintiffs' specific business

relations with their clients.)

REDACTED      It is therefore not actionable under

a theory of interference with prospective economic advantage.

REDACTED

**C.    ILLUMINA CANNOT RAISE A TRIABLE ISSUE OF FACT WITH RESPECT TO PROXIMATE CAUSE.**

In order to prevail on its counterclaim, Illumina must show that Affymetrix's conduct was the proximate cause of the alleged harm suffered by Illumina. *Korea Supply Co.*, 29 Cal.4[th] at 1165.   Even if one assumes that all of Illumina's allegations about Affymetrix's wrongful conduct are true, Illumina has not raised a triable issue of fact with respect to proximate cause.

REDACTED

Illumina cannot raise a triable issue of fact with respect to either wrongful conduct or proximate cause, two required elements of its tort counterclaim against Affymetrix.  As a result,

summary judgment of Illumina's counterclaim for intentional interference with prospective

advantage should be granted against Illumina and in favor of Affymetrix.

### III.  ILLUMINA CANNOT RAISE A TRIABLE ISSUE OF FACT WITH RESPECT TO THOSE PORTIONS OF ITS COUNTERCLAIM FOR UNFAIR BUSINESS PRACTICES UNDER CAL. BUS & PROF. CODE §§ 17200 *ET SEQ* THAT DO NOT ALLEGE VIOLATIONS OF ANTITRUST LAWS.

California Business and Professions Code section 17200 *et seq.* prohibits any "unlawful,

unfair, or fraudulent business act . . . ."  The statute thus "establishes three varieties of unfair

competition – acts or practices which are unlawful, or unfair, or fraudulent."

*v. Hertz Corp.*, 78 Cal. App.4[th] 1144, 1153 (2000).

"Unlawful" conduct is self-defining.  However, until recently, California courts were

undecided as to what could constitute "unfair" competition, particularly in those cases brought

by business competitors.   In *Cel-Tech Communications., Inc. v. Los Angeles Cellular Telephone*

*Co.* 20 Cal.4[th] 163, 187 (1999), the California Supreme Court settled this dispute and defined the

word "unfair" in the case of a claim brought by a competitor as follows:

> When a plaintiff who claims to have suffered an injury from a
> direct competitor's unfair act or practice invokes section 17200,
> the word 'unfair' in that section means *conduct that threatens an*
> *incipient violation of an antitrust law, or violates the policy or*
> *spirit of one of those laws because its effects are comparable to or*
> *the same as a violation of the law, or otherwise significantly harms*
> *the competition.*

(emphasis added).  In doing so, the Court cautioned that "injury to a competitor is not equivalent

to injury to competition; only the latter is the proper focus of antitrust laws." *Id*. at 186.

Illumina alleges that the following conduct on the part of Affymetrix violated

California's Unfair Competition law: (1) violating  the Sherman Act by engaging in monopolistic

conduct (First Amended Answer and Counterclaims ¶ 78);

REDACTED

- 20 -

REDACTED

The Court's Order of February 17, 2006, stayed Count VII of Illumina's First Amended Answer and Counterclaim, alleging Sherman Act violations.  Allegations (1), (2), and (3), enumerated above, all allege violations, or incipient violations, of antitrust laws.  In light of the close relationship between these allegations and the stayed antitrust allegations, Affymetrix is not moving for summary judgment as to these allegations at this time.  Instead, Affymetrix respectfully requests that the Court amend its Order of February 17 and stay these related counterclaims, as well.  *See* discussion *supra,* pages 3-4.

Affymetrix does move for summary adjudication of the portion of Illumina's unfair business practices counterclaim that is not predicated on violations, or incipient violations, of the antitrust laws: that is, the allegations of (1) "making false and misleading statements to customers" and      REDACTED                                        .

**A.    ILLUMINA'S ALLEGATIONS THAT AFFYMETRIX MADE FALSE AND MISLEADING STATEMENTS TO CUSTOMERS AND POTENTIAL CUSTOMERS CANNOT RAISE A TRIABLE ISSUE OF FACT UNDER CAL. BUS. & PROF. CODE §§17200 ET SEQ.**

REDACTED

In addition, in order to state a claim for fraudulent conduct under Business and Professions Code §17200, a claimant must show that "members of the public are likely to be deceived." *Bank of the West v. Superior Court of Contra Costa County,* 2 Cal.4th 1254, 1267 (1992).

REDACTED

Because Illumina cannot raise a triable issue of fact with respect to its allegation about false and misleading statements, the Court should grant summary adjudication of this part of Illumina's counterclaim under Business and Professions Code § 17200.

**B.     ILLUMINA'S ALLEGATION THAT TRACE LANE
"PUBLISHED" CONFIDENTIAL ILLUMINA INFORMATION TO
AFFYMETRIX CANNOT RAISE A TRIABLE ISSUE OF FACT
UNDER BUSINESS AND PROFESSIONS CODE § 17200.**

REDACTED

Neither of these claims raises a triable issue of fact.

REDACTED

Therefore, Affymetrix should be granted summary adjudication as to this element of Illumina's unfair competition claim.

**C.     THERE IS NO BASIS FOR GRANTING ILLUMINA INJUNCTIVE RELIEF AS TO ILLUMINA'S ALLEGATIONS.**

The only monetary remedy available to a private party plaintiff under Business and Professions Code § 17200 *et seq*. is restitution. *Korea Supply Co.*, 29 Cal.4[th] at 1146. "Restitution" means "monies given [from the plaintiff] to the defendant or benefits in which the plaintiff has an ownership interest." *Id.* at 1148. Damages are not available under the unfair competition statute. *Korea Supply*, 29 Cal.4[th] at 1144. Non-restitutionary disgorgement of profits, because it is akin to damages and not restitution, is not an available remedy. *Id.* at 1146, 1150.

Thus, if Illumina prevails on any portion of its Business and Professions Code § 17200 claims, Illumina will be entitled only to injunctive relief. However, it is impossible to envision an injunction crafted to address any of the vague, incoherent, and unproven allegations Illumina has made against Affymetrix with respect to false or misleading statements or

REDACTED

It is not clear how the Court could craft an appropriate injunction. Similarly, it seems impossible to craft an injunction to address supposedly false and misleading statements made by Affymetrix sales people

REDACTED

## ARGUMENT IN SUPPORT OF MOTION TO BIFURCATE

### I.    STANDARD FOR BIFURCATION.

Federal Rule of Civil Procedure 42(b) provides that a Court may order separate trials of claims, cross-claims, or counterclaims "in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy."

It is appropriate for a court to bifurcate complex patent cases in such a way to prevent jury confusion. *Smith v. Alyeska Pipeline Service Co.*, 538 F.Supp. 977, 983-984 (D. Del. 1982) (aff'd 758 F.2d 668 (Fed. Cir. 1984)) (bifurcating liability and damages portions of case for the purposes of trial to avoid jury confusion).  It has become standard to separate for trial "patent issues and those raised in an antitrust counterclaim."
*Innotron Diagnostics*, 800 F.2d 1077, 1084 (Fed. Cir. 1986).  In patent cases, it is also appropriate to order separate trials for business tort counterclaims. *Enzo Life Sciences, Inc. v. DiGene Corp.*, 2003 WL 21402512, at *4-*6 (D.Del. June 10, 2003) (Farnan, J.).

In this case, bifurcation of Illumina's counterclaims for interference with actual and prospective economic advantage and unfair business practices is appropriate, particularly since Illumina's antitrust counterclaim has already been stayed by the Court.   Bifurcation will streamline resolution of this controversy by separating portions of the case that require different evidentiary proofs, reduce jury confusion and expedite trial, and simplify Illumina's counterclaims.

II.    **BIFURCATION WILL APPROPRIATELY SEPARATE PORTIONS OF THE CASE THAT   REQUIRE SEPARATE EVIDENTIARY PROOFS.**

Illumina's business tort counterclaims are wide-ranging and unrelated to the patent infringement claims at the heart of this matter.  Therefore, there will be very little, if any, evidentiary overlap between the patent issues and the counterclaims.

Allegations made by Illumina that require proofs separate from the patent claims in this matter include: (1) allegations that Affymetrix made false and misleading statements to customers or potential customers,

REDACTED

In addition, bifurcation of Illumina's business tort counterclaims is particularly appropriate here in light of the Court's February 17, 2006 order staying Illumina's antitrust counterclaim.  Most of Illumina's business tort counterclaims overlap with its antitrust counterclaims.  This is most obvious in Illumina's counterclaim for unfair competition which alleges that Affymetrix violated Cal. Business and Professions Code § 17200 by violating antitrust laws and engaging in conduct that constituted incipient violations of antitrust laws.  (First Amended Answer and Counterclaims ¶ 78;  Exh 1.)  It is also true of Illumina's counterclaim for intentional interference with actual and prospective economic advantage, which, like the antitrust counterclaim and the unfair business practices counterclaim, complains of Affymetrix's making false and misleading statements to customers.  (First Amended Answer and Counterclaims ¶¶ 72, 78, 85.)  Because the evidence a jury would need to hear on all three of the counterclaims is the same, all three should be tried together, if they survive.

- 26 -

### III.    BIFURCATION WILL REDUCE JURY CONFUSION AND EXPEDITE TRIAL.

Illumina's business tort counterclaims in this matter are so diffuse, that to combine them with the patent infringement matter substantially risks confusing and overwhelming the jury.

In the patent trial in this matter, the jury will be asked to understand the inventions claimed in five patents

REDACTED                    Deciding these claims

will require hearing factual evidence


REDACTED


Illumina's counterclaim for unfair competition will require the jury to understand and apply the law of unfair competition to a wide range of ill-defined allegations.




REDACTED




If the Court allows Illumina's counterclaim for intentional interference with actual and prospective economic advantage to go to trial, the jury will be required to apply the five *Korea*

*Supply* factors to each economic relationship alleged by Illumina.

REDACTED

It is not reasonable to ask a single jury to undertake all of these tasks. Illumina's counterclaims for intentional interference with actual prospective economic advantage and unfair competition under California Business and Professions Code § 17200 should be bifurcated from the patent claims for the purposes of trial.

**<u>CONCLUSION</u>**

For the foregoing reasons, Affymetrix respectfully requests that the Court grant Summary Judgment in favor Affymetrix with respect to Illumina's Counterclaim for Intentional Interference with Actual and Prospective Economic Advantage and summary adjudication of Illumina's Counterclaim for Unfair Competition Under Cal. Business and Professions Code § 17200, to the extent that it does not claim violations or incipient violations of antitrust laws.

If the Court does not grant Affymetrix's motion, Affymetrix respectfully requests that the Court bifurcate Illumina's Counterclaims for Intentional Interference with Actual and Prospective and Economic Advantage and Unfair Competition from the trial scheduled for October 16, 2006.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ MaryellenNoreika*
Jack B. Blumenfeld (#1014)
Maryellen Noreika (#3208)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200
  *Attorneys for Plaintiff/Counter-Defendant*
  *Affymetrix, Inc.*

OF COUNSEL:

Michael J. Malecek
Daniel R. Reed
George C. Yu
Andrea L. Gross
AFFYMETRIX, INC.
6550 Vallejo Street, Suite 100
Emeryville, CA  94608
(510) 428-8500

Original Filing Date:  July 14, 2006

Redacted Filing Date:  July 31, 2006

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 31, 2006, I electronically filed the foregoing document using CM/ECF which will send notification of such filing(s) to the following:

Richard K. Herrmann
Morris, James, Hitchens & Williams LLP

I also certify that copies were caused to be served on July 31, 2006 upon the following in the manner indicated:

<u>BY HAND</u>

Richard K. Herrmann
Morris, James, Hitchens & Williams LLP
222 Delaware Avenue, 10th Floor
P.O. Box 2306
Wilmington, DE  19899-2306

<u>BY EMAIL AND FEDERAL EXPRESS</u>

Marcus E. Sernel
Kirkland & Ellis LLP
200 East Randolph Drive
Chicago, IL  60601

/s/ Maryellen Noreika
Maryellen Noreika (#3208)
1201 N. Market Street
P. O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200

mnoreika@mnat.com