IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

AFFYMETRIX, INC.,

       Plaintiff/Counter-
       Defendant,

    v.

ILLUMINA, INC.,

       Defendant/Counter-
       Plaintiff.

C.A. No.  04-901-JJF

**REDACTED VERSION**

## AFFYMETRIX, INC.'S ANSWER TO ILLUMINA'S
## SUPPLEMENTAL BRIEF PER THE COURT'S JUNE 22, 2006, ORDER

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jack B. Blumenfeld (#1014)
Maryellen Noreika (#3208)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200
  *Attorneys for Plaintiff/Counter-Defendant*
  *Affymetrix, Inc.*

OF COUNSEL:

Michael J. Malecek
Daniel R. Reed
George C. Yu
Andrea L. Gross
AFFYMETRIX, INC.
6550 Vallejo Street, Suite 100
Emeryville, CA  94608
(510) 428-8500

Original Filing Date:  July 7, 2006


Redacted Filing Date:  August 1, 2006

i

## TABLE OF CONTENTS

Page

TABLE OF CITATIONS ..................................................................................................... ii

INTRODUCTION .............................................................................................................. 1

ARGUMENT ..................................................................................................................... 2

I.  THE CONCEPTION OF THE INVENTION CLAIMED
    IN THE '716 PATENT IS "WORK PRODUCT" AS
    DEFINED IN THE 1991 AGREEMENT. ............................................................... 2

    A.  The 1991 Agreement Is Intentionally Broad In
        Defining "Work Product." .......................................................................... 2

    B.  "VLSIPS DATA ANALYSIS" Includes Analysis
        Of Data From Both Peptide And Oligonucleotide
        Arrays. ......................................................................................................... 4

    C.  The NIH Grant Referenced On The Face Of The
        '716 Patent Was Developed And Applied For As
        Part Of The Work Product Under The 1991
        Agreement. ................................................................................................... 7

    D.  The Wagner Documents Cited By Illumina Do Not
        Relate To The '716 Patent. ........................................................................ 10

II. THE 1991 AGREEMENT EFFECTS A PRESENT
    TRANSFER OF "PROPRIETARY RIGHTS" FROM
    WAGNER TO AFFYMAX. ..................................................................................... 13

III. EVEN IF WAGNER IS A CO-OWNER OF THE '716
     PATENT, AFFYMETRIX HAS STANDING TO SUE
     ILLUMINA FOR INFRINGEMENT. ..................................................................... 15

    A.  Affymetrix Has Always Owned The '716 Patent
        Through Dr. Mark Chee's Invention. ........................................................ 15

    B.  Affymetrix Has Standing To Sue As A Co-Owner. ................................... 15

CONCLUSION .................................................................................................................. 17

ii

TABLE OF CITATIONS

**Cases**                                                                                                    Page(s)

*Arachnid, Inc. v. Merit Indus., Inc.,*
　939 F.2d 1574 (Fed. Cir. 1991) .................................................................................13, 14

*Catanzaro v. International Tel. & Telegraph,*
　378 F. Supp. 203 (D. Del. 1974) .........................................................................................16

*Gaia Techs., Inc. v. Reconversion Techs., Inc.,*
　93 F.3d 774 (Fed. Cir. 1996) ...............................................................................................16

*International Business Machines Corp. v. Conner Peripherals, Inc.,*
　C 93 20591 RMW, 1994 WL 409493 (N.D. Cal. Jan 28, 1994) ........................................16

*Lujan v. Defenders of Wildlife,*
　504 U.S. 555 (1992) .............................................................................................................16

*Mentor H/S, Inc. v. Medical Device Alliance, Inc.,*
　240 F.3d 1016 (Fed. Cir. 2001) ...........................................................................................16

*Michaels of Oregon Co. v. Mil-Tech, Inc.,*
　Civ. 95-908-MA, 1995 WL 852122 (D. Ore Oct. 17, 1995) ..............................................16

*Speedplay Inc., v. Bebop, Inc.,*
　211 F.3d 1245 (Fed. Cir. 2000) ...........................................................................................14

*Willingham v. Lawton,*
　555 F.2d 1340 (6th Cir. 1977) ...........................................................................................16

## INTRODUCTION

Illumina's motion to dismiss count 2 for lack of standing fails both factually and legally.

REDACTED

Affymetrix owns the entire interest in the '716 patent, and thus has standing to sue Illumina for its willful infringement of the patent. The Court should accordingly deny Illumina's motion to dismiss count 2 of Affymetrix's complaint.

Moreover, Illumina continues to frame this issue on the false premise that Wagner is the "sole owner" of the '716 patent. Regardless of the resolution of the present issue, Affymetrix has always owned U.S. patent 5,795,716 (the "'716 patent") by virtue of Dr. Mark Chee's co-inventorship. Dr. Chee was an employee of Affymetrix at the time he contributed to the conception and reduction to practice of this invention. Dr. Chee assigned his rights to any inventions to Affymetrix. Illumina has not disputed this. Therefore, Affymetrix is, at the very least, a co-owner of the patent and entitled to sue thereon.

2

## **ARGUMENT**

REDACTED

3

REDACTED

4

REDACTED

VLSIPS is an acronym for Very Large Scale Immobilized Polymer Synthesis. This was a technique invented by Affymax to synthesize polymers including both peptides and oligonucleotides (and other polymers as well).

REDACTED

REDACTED

5

REDACTED

This double hearsay

evidence is directly refuted by at least three sources of evidence produced in discovery in

this litigation and ignored by Illumina.

REDACTED

Second, Illumina deposed Dr. Ann Pease, a scientist who worked on synthesizing and

REDACTED

6

experimenting with oligonucleotide arrays in the 1991-92 time frame.

REDACTED

Third, Illumina deposed Dr. Dennis Solas, an inventor on another of the patents-in-suit and an early Affymax employee.

REDACTED

Illumina's representations to the Court about what Affymax scientists were and were not able to do are demonstrably wrong.

REDACTED

7

REDACTED

REDACTED

REDACTED

REDACTED

Thus, Illumina's argument regarding the citation to these grants on the face of the patents actually supports Affymetrix's position.

**D.    The Wagner Documents Cited By Illumina Do Not Relate To The '716 Patent.**

In the face of a record strongly supporting Affymetrix, Illumina has attempted to manufacture a discovery dispute and uses most of its brief to discuss that issue. Out of the 96 Wagner documents that Affymetrix recently produced, Illumina points to two documents. (Illumina's Supp. Br. at 9-10, Exhs. U, V.) Neither of these documents support their argument that Affymetrix has engaged in discovery abuse. At the same time, Illumina asks the Court to prohibit Affymetrix from relying on any of these documents   REDACTED                 (Illumina's Supp. Br. at 11-12.) Affymetrix does not need to rely on the documents and does not do so. Affymetrix briefly addresses Illumina's discovery abuse allegations below.

**1.    Many Documents Wagner Produced In The Hyseq Litigation Are Not Responsive To Illumina's Document Subpoena To Wagner.**

Because of the Court's focus on the relationship with Wagner, Affymetrix recently produced certain documents to Illumina from Wagner. Illumina has attempted to make this production of additional documents into a discovery dispute. Here are the facts: On January 3, 2006, Illumina served a subpoena on Wagner. On January 13, 2006, Wagner made an initial production from documents it had in its files. Subsequently, on February 15, 2006, Wagner's attorneys informed Affymetrix and Illumina that they had additional Wagner documents that they produced in the *Hyseq v. Affymetrix* litigation.

Wagner was not originally aware of the existence of these documents and so did not produce them in their initial production. Affymetrix, Wagner, and Illumina *agreed* that Affymetrix would review the Wagner documents for responsiveness.

REDACTED

After the Court issued its order for supplemental briefing regarding Illumina's motion to dismiss, Affymetrix found one document among the Wagner documents that Affymetrix mistakenly did not produce –:

REDACTED

When Affymetrix discovered this error, it immediately produced *all* the Wagner

documents it had not produced previously to eliminate any questions that might remain about these documents.[2]

### 2.    The Wagner Documents Cited By Illumina Are Irrelevant To The '716 Patent.

Illumina's suggestion that Affymetrix engaged in discovery abuse is baseless. Illumina cites two documents to support its argument that Affymetrix failed to produce responsive documents.                                              Neither of these documents relates to the '716 patent.

REDACTED

---

[2] As is demonstrated by the fact that Illumina only calls out two of these 96 documents, it is clear that these documents were not responsive to their requests and are not relevant to these issues.

REDACTED

, Thus,

the Wagner documents cited by Illumina are do not relate to the conception of the '716

patent, and there is no basis for the evidentiary sanctions Illumina seeks.

II.                              **EFFECTS A PRESENT TRANSFER OF**
            **"PROPRIETARY RIGHTS" FROM WAGNER TO AFFYMAX.**


REDACTED


*Arachnid, Inc. v. Merit Indus., Inc.*, 939 F.2d 1574 (Fed. Cir. 1991), relates to

whether a contractual provision was a present transfer of future rights or a promise to

assign in the future.  The clause at issue as quoted in the *Arachnid* opinion was as

follows:

> [a]ny inventions conceived by IDEA or its employees ... in
> the course of the project covered by this agreement, shall
> be the property of CLIENT [Arachnid], and all rights
> thereto *will be assigned* by IDEA ... to CLIENT.

*Id.* at 1576 (emphasis in original).  Illumina, however, did not properly quote this case in

its papers.  The Federal Circuit (unlike Illumina) placed the emphasis on the "will be

assigned" language – both literally in the above quotation and in its analysis of the issue –

to construe the clause to promise a future transfer.  *Id.* at 1580-81.  But the 1991

Agreement does not include the "will be assigned" language that the Federal Circuit

relied upon to find a promise to assign in the future.

Illumina's discussion of the *Arachnid* case alters the emphasized language without noting the alteration. While Illumina purports to quote the *Arachnid* case, it deemphasizes the language that the Federal Circuit highlighted ("*will be assigned*") and instead emphasizes the "shall be the property" language. (Illumina's Supp. Br. at 13.) The *Arachnid* court, however, never discussed "shall be the property" language because, standing alone, that language indicates a present assignment of future rights. *See Speedplay Inc., v. Bebop, Inc.*, 211 F.3d 1245, 1253 (Fed. Cir. 2000) (distinguishing *Arachnid* and finding that the phrases "shall belong" and "hereby conveys, transfers, and assigns" support a present transfer). Note also that in *Arachnid*, the patents-in-suit had been filed by and assigned to the original contractors. *Arachnid*, 939 F.2d at 1576. This is significant evidence of the parties' understanding of the contract in *Arachnid* and contrasts starkly with the facts here where both parties – Affymax and Wagner – have acted consistently for over 15 years as though it was a present assignment to Affymax.

REDACTED

III.    **EVEN IF WAGNER IS A CO-OWNER OF THE '716 PATENT, AFFYMETRIX HAS STANDING TO SUE ILLUMINA FOR INFRINGEMENT.**

    A.    **Affymetrix Has Always Owned The '716 Patent Through Dr. Mark Chee's Invention.**

Affymetrix has always been an owner of the '716 patent. The co-inventors of the '716 patent are Drs. Mark Chee and Robert Lipshutz. (Exh. 7, '716 patent, front page.) While this supplemental briefing relates to the ownership of the rights relating to Dr. Lipshutz's inventorship, there is no dispute regarding Dr. Chee's inventorship and his assignment of his rights to Affymetrix. Illumina's statement that Wagner is "the sole owner of the rights associated with the '716 patent" is wrong, regardless of any arguments Illumina makes regarding Dr. Lipshutz. (Illumina's Supp. Br. at 2.)

REDACTED

During the prosecution of the application that led to the '716 patent, Dr. Chee duly assigned his interest in the '716 patent application (Serial No. 08/327,525) to Affymax. Thus, Affymetrix has always owned Dr. Chee's rights in the '716 patent. Illumina's contention that sole ownership resides with Wagner, even if one accepts all of Illumina's other arguments, is simply wrong.

    B.    **Affymetrix Has Standing To Sue As A Co-Owner.**

Even if Wagner is the owner of Dr. Lipshutz's interest in the '716 patent, which it is not, Affymetrix still has standing to sue Illumina for infringement. As a co-owner of

the '716 patent, Affymetrix suffers injury-in-fact caused by Illumina's infringement, and Affymetrix's injury is redressable by the present infringement action. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). This is not the situation where a plaintiff in a patent infringement action without any ownership interest in a patent subsequently tried to purchase an interest in the patent-in-suit. *See Gaia Techs., Inc. v. Reconversion Techs., Inc.*, 93 F.3d 774, 780 (Fed. Cir. 1996). Affymetrix unquestionably has co-ownership of the '716 patent through Dr. Chee's inventorship and, thus, has standing to pursue its claims of infringement.

If Wagner is a co-owner, the proper action is to grant Affymetrix leave to join Wagner as a plaintiff. *See Mentor H/S, Inc. v. Medical Device Alliance, Inc.*, 240 F.3d 1016, 1019 (Fed. Cir. 2001) (citing FED. R. CIV. P. 21); *Catanzaro v. International Tel. & Telegraph*, 378 F. Supp. 203, 209 (D. Del. 1974) (granting leave to join non-resident patent co-owner as plaintiff). Ultimately, the issue is not whether a patent co-owner has standing to sue, but rather the risk of a defendant facing multiple lawsuits on the same patent. *Willingham v. Lawton*, 555 F.2d 1340, 1345 (6th Cir. 1977). Accordingly, courts also have allowed a patent co-owner who does not wish to join in an infringement action to consent to be bound by the final judgment instead. *See Michaels of Oregon Co. v. Mil-Tech, Inc.*, Civ. 95-908-MA, 1995 WL 852122 at *2 (D. Ore Oct. 17, 1995); *International Business Machines Corp. v. Conner Peripherals, Inc.*, C 93 20591 RMW, 1994 WL 409493 at *5-*6 (N.D. Cal. Jan 28, 1994). Consequently, if the Court finds that Wagner is a co-owner of the '716 patent, it should grant Affymetrix the opportunity to either add Wagner as a plaintiff or to obtain Wagner's consent to be bound by the final judgment in this action.

17

**CONCLUSION**

Affymetrix has always been an owner of the '716 patent through the inventorship

of Dr. Chee.

REDACTED

Accordingly, Affymetrix is the sole owner of the '716 patent, and has standing to pursue

its claims of infringement against Illumina. Alternatively, if the Court were to find that

Wagner is a co-owner of the '716 patent, it should grant Affymetrix leave to add Wagner

as a plaintiff or to obtain Wagner's consent to be bound by this litigation.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

/s/ Maryellen Noreika
Jack B. Blumenfeld (#1014)
Maryellen Noreika (#3208)
1201 N. Market Street
Wilmington, DE 19899-1347
(302) 658-9200
*Attorneys for Plaintiff/Counter-Defendant*
*Affymetrix, Inc.*

OF COUNSEL:
Michael J. Malecek
Daniel R. Reed
George C. Yu
Andrea L. Gross
AFFYMETRIX, INC.
6550 Vallejo Street, Suite 100
Emeryville, CA 94608
(510) 428-8500

July 7, 2006

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 1, 2006, I electronically filed the foregoing

document using CM/ECF which will send notification of such filing(s) to the following:

> Richard K. Herrmann
> Morris, James, Hitchens & Williams LLP

I also certify that copies were caused to be served on August 1, 2006 upon the

following in the manner indicated:

<u>BY HAND</u>

> Richard K. Herrmann
> Morris, James, Hitchens & Williams LLP
> 222 Delaware Avenue, 10th Floor
> P.O. Box 2306
> Wilmington, DE  19899-2306


<u>BY FEDERAL EXPRESS</u>

> Marcus E. Sernel
> Kirkland & Ellis LLP
> 200 East Randolph Drive
> Chicago, IL  60601


> /s/ Maryellen Noreika
> Maryellen Noreika (#4601)
> 1201 N. Market Street
> P. O. Box 1347
> Wilmington, DE  19899-1347
> (302) 658-9200
> mnoreika@mnat.com