IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AFFYMETRIX, INC.,<br><br>      Plaintiff/Counter-<br>      Defendant,<br><br>   v.<br><br>ILLUMINA, INC.,<br><br>      Defendant/Counter-<br>      Plaintiff. | C.A. No. 04-901-JJF<br><br>**REDACTED VERSION** |

**AFFYMETRIX, INC.'S RESPONSE TO ILLUMINA, INC.'S COUNTER-STATEMENT IN OPPOSITION TO MOTION FOR SUMMARY ADJUDICATION ON THIRD AND SEVENTH AFFIRMATIVE DEFENSES AND SECOND COUNTERCLAIM**

                                        MORRIS, NICHOLS, ARSHT & TUNNELL LLP
                                        Jack B. Blumenfeld (#1014)
                                        Maryellen Noreika (#3208)
                                        1201 N. Market Street
                                        P.O. Box 1347
                                        Wilmington, DE  19899-1347
                                        (302) 658-9200
                                          *Attorneys for Plaintiff/Counter-Defendant*
                                          *Affymetrix, Inc.*

OF COUNSEL:

Michael J. Malecek
Daniel R. Reed
George C. Yu
Andrea L. Gross
AFFYMETRIX, INC.
6550 Vallejo Street, Suite 100
Emeryville, CA  94608
(510) 428-8500

Original Filing Date:  July 28, 2006
Redacted Version Filing Date:  August 11, 2006

i.

# TABLE OF CONTENTS

| | | Page |
|---|---|---|
| TABLE OF CITATIONS | | ii |
| I. | ILLUMINA DOES NOT AND CANNOT DISPUTE THE FACTS THAT ARE MATERIAL TO THE PRIVITY ANALYSIS | 1 |
| | A. Illumina Cannot Dispute The Close Relationship Between Dr. Chee And Illumina | 1 |
| | B. Illumina Cannot Dispute That It Availed Itself Of Dr. Chee's Knowledge And Assistance In Developing The Arrays, Assays, And Software That Infringe The '716 Patent | 3 |
| II. | ILLUMINA'S "DISPUTED" FACTS ARE IMMATERIAL TO THE ASSIGNOR ESTOPPEL ANALYSIS | 5 |
| III. | ILLUMINA'S LEGAL ARGUMENTS REGARDING THE OWNERSHIP AND INVENTORSHIP OF THE '716 PATENT DO NOT CREATE GENUINE ISSUES OF MATERIAL FACT | 8 |
| CONCLUSION | | 12 |

ii.

# TABLE OF CITATIONS

Page(s)

Cases

*Stern v. Trustees of Columbia Univ.*,
    434 F.3d 1375 (Fed. Cir. 2006) — 9

*Diamond Scientific Co. v. Ambico, Inc.*,
    848 F.2d 1220 (Fed. Cir. 1988) — 11, 12

*Ethicon, Inc. v. United States Surgical Corp.*,
    135 F.3d 1456 (Fed. Cir. 1998) — 9

*Intel Corp. v. United States Int'l Trade Comm'n*,
    946 F.2d 821 (Fed. Cir. 1991) — 3

*Shamrock Techs., Inc. v. Medical Sterilization, Inc.*,
    903 F.2d 789 (Fed. Cir. 1990) — 1, 2, 3, 8

*Synopsys, Inc. v. Magma Design Automation, Inc.*,
    2005 WL 1562779 (N.D. Cal. July 1, 2005) — 6, 7

Illumina's Counter-Statement in Opposition to Affymetrix's Motion for Summary Adjudication does not dispute the core facts that establish privity between Dr. Chee and Illumina and the applicability of assignor estoppel. Illumina cannot challenge that Dr. Chee founded Illumina, became the second largest individual shareholder, was a key contributor to the development of Illumina's infringing technology, and,

**REDACTED**
Under well-settled law, these facts alone establish that Illumina and Dr. Chee are in privity for purposes of the assignor estoppel analysis.

Unable to contest these material facts, Illumina resorts to raising issues of irrelevant facts and unfounded legal arguments. Neither of these tactics creates a genuine issue of material fact regarding the assignor estoppel issue. Therefore, Affymetrix is entitled to summary adjudication on Count II of Illumina's Counterclaims insofar as it seeks a declaration of invalidity and unenforceability of the '716 patent and on Illumina's Third Affirmative Defense (Invalidity) and Seventh Affirmative Defense (Inequitable Conduct) as they apply to the '716 patent.

I. **ILLUMINA DOES NOT AND CANNOT DISPUTE THE FACTS THAT ARE MATERIAL TO THE PRIVITY ANALYSIS**

   A. **Illumina Cannot Dispute The Close Relationship Between Dr. Chee And Illumina**

As discussed in Affymetrix's opening brief, the Federal Circuit analyzes the closeness of the relationship between an assignor/inventor and his new company in light of the act of infringement when determining whether to find the two in privity. *Shamrock Techs., Inc. v. Medical Sterilization, Inc.*, 903 F.2d 789, 793 (Fed. Cir. 1990). Affymetrix

set forth a litany of undisputed facts that establish the close relationship between Dr. Chee and Illumina:

- Dr. Chee founded Illumina. He was the only founder with a background in molecular biology and DNA microarrays.

- Dr. Chee was the second largest individual shareholder in Illumina.

- As described by Illumina's then-CEO, Dr. Chee was **REDACTED** and was responsible for

- Dr. Chee is a named inventor on 14 of Illumina's 20 issued United States patents.

- Dr. Chee invented the method by which **REDACTED**

- Dr. Chee headed many of Illumina's important grants, including those that led to the development of commercial genotyping products accused of infringing the '716 patent.

- Dr. Chee established, hired, supervised, set goals for, and collaborated with **REDACTED**

These facts – none of which Illumina even attempts to dispute – are more than sufficient to establish privity between Dr. Chee and Illumina, regardless of whether he was personally responsible for developing the commercial products. For example, in *Shamrock Techs.*, the Federal Circuit found privity where the inventor joined a pre-existing company (Dr. Chee founded Illumina), owned 50,000 shares of stock (Dr. Chee owned over 900,000 shares of Illumina stock), served as a Vice-President in charge of Operations (Dr. Chee served as Vice President of Genomics and was responsible for developing the genomic applications of Illumina's technology), and oversaw the company's infringing operation (Dr. Chee established and supervised the groups responsible for developing the infringing technology). *Shamrock Techs.*, 903 F.2d at

3.

794; *see also Intel Corp. v. United States Int'l Trade Comm'n*, 946 F.2d 821, 839 (Fed. Cir. 1991) (finding privity between inventor and company with whom he participated in a joint development program). Illumina's Counter-Statement does not address, let alone raise a triable issue regarding, these facts.

      **B.**    **Illumina Cannot Dispute That It Availed Itself Of Dr. Chee's Knowledge And Assistance In Developing The Arrays, Assays, And Software That Infringe The '716 Patent**

Illumina spends a large portion of its Counter-Statement arguing that Dr. Chee was not "directly involved" in the development of the commercial products accused of infringing the '716 patent.[1] (Counter-Statement at ¶¶ 26-48.) Illumina cannot, however, dispute that it availed itself of Dr. Chee's knowledge and assistance in conducting infringement. *Shamrock Techs.*, 903 F.2d at 794.

Affymetrix alleges that the GenCall software, in conjunction with Illumina's two genotyping assays (GoldenGate and Infinium) and DNA microarrays, infringes the '716 patent. Dr. Chee contributed to the development of each of these infringing technologies. First, Illumina does not dispute that **REDACTED**

Nor does Illumina dispute that Dr. Chee had involvement in the

Affy. Br. at 15-16.) Similarly, Illumina does not dispute that Dr. Chee was the Principal

---

[1] As will be discussed in more detail below, personal involvement in the development of commercial products is not the *sine qua non* of the assignor estoppel analysis. Rather, the closeness of the relationship between Dr. Chee and Illumina in light of the infringement is what matters.

4.

Investigator on the Illumina grant that led to the development of

**REDACTED**    (*Id.* at 7.) Therefore, it is

beyond dispute that Illumina availed itself of Dr. Chee's knowledge and assistance in developing the genotyping assays that, together with the GenCall software, infringe the '716 patent.

Second, Illumina agrees that Dr. Chee    **REDACTED**

(Counter-Statement at ¶ 30.)

**REDACTED**

Thus, there is no dispute that Illumina availed itself of Dr. Chee's knowledge and assistance in developing its infringing DNA microarray technology.

Third, Illumina does not dispute a connection between Dr. Chee and the GenCall software.

**REDACTED**    (Affy. Br. at 5-7

(*Id.* at 6.) During the

development of GenCall,    (*Id.*)

**REDACTED**

(*Id.*)


(*Id.*)

5.

**REDACTED**

(*Id.* at 7-8.) Finally, at the time that GenCall was developed, Illumina recognized Dr. Chee **REDACTED** *Id.*) Illumina has not disputed any of these facts. Together, they confirm that Illumina availed itself of Dr. Chee's knowledge and assistance in developing the GenCall software, even if Dr. Chee had no role whatsoever in the final commercial product.

Illumina availed itself of Dr. Chee's knowledge and assistance in developing the array, assay, and software technology that infringes the '716 patent. Illumina has not even attempted to challenge these facts. Therefore, Illumina should be found to be in privity with Dr. Chee and summary adjudication should be granted.

## II. ILLUMINA'S "DISPUTED" FACTS ARE IMMATERIAL TO THE ASSIGNOR ESTOPPEL ANALYSIS

Faced with the myriad of facts that establish privity, Illumina discusses facts that are neither in dispute nor material to the assignor estoppel analysis. None of these facts establishes a genuine issue for trial.

The Counter-Statement asserts that Illumina is currently a company with several hundred employees and a wide variety of DNA microarray products.[2] (Counter-Statement at ¶¶ 14-15.) It goes on to demonstrate that there were several founders of Illumina in addition to Dr. Chee and that many scientists contributed to the development of Illumina's infringing technology. (*Id.* at ¶¶ 16-25.) Affymetrix has never contended otherwise. There is no requirement for a finding of privity that the assignor/inventor be

---

2   Of course, at the time Dr. Chee founded Illumina and during the development of its infringing technology, the company was much smaller than it is today.

6.

considered the "corporate disguise" of his new company. Nor is there a requirement that only the assignor/inventor can contribute to the development of the infringing technology. Courts have rejected these arguments. *See, e.g., Intel Corp*, 946 F.2d at 839 (finding privity between an inventor and a company with which he was involved in a joint development program and over which he had no control); *Synopsys, Inc. v. Magma Design Automation, Inc.*, 2005 WL 1562779, at *7 n.6 (N.D. Cal. July 1, 2005) (rejecting argument that the inventor must exercise control over estopped entity and noting that such a ruling would "conflict[] with the Federal Circuit's holding in *Intel* that the key factor is whether the infringing company uses the assignor's knowledge and assistance to conduct infringement").

The Counter-Statement goes on to state that Dr. Chee **REDACTED**

(Counter-Statement at ¶¶ 26-48.) Affymetrix has never contended that Dr. Chee personally designed the commercial products or that he served on the project teams tasked with final commercial development. Rather, as discussed above, the record is clear that Illumina used Dr. Chee's knowledge and assistance in developing the technology that underlies those products. Illumina did not develop its final commercial products in a vacuum – it built on and refined the array, assay, and software technology to which Dr. Chee unquestionably contributed. In fact, in sworn statements to the federal government, Illumina has repeatedly affirmed that the

**REDACTED**

(Affy. Br. at 7, 14.) In addition, there is no requirement for a finding of

privity that the assignor/inventor be personally involved in the design of the commercial product. As the court in the Northern District of California recently put it:

> *The Federal Circuit, however, has not required that the assignor be personally involved in designing the allegedly infringing aspects of a product before finding the doctrine of assignor estoppel applicable.* In Mentor [*Graphics Corp. v. Quickturn Design Sys., Inc.*, 150 F.3d 1374 (Fed. Cir. 1998)], for example, the Federal Circuit applied the doctrine of assignor estoppel where the assignor, Mentor, had no involvement in the creation of the allegedly infringing product, but only in the marketing of the product. . . . *Mentor* demonstrates that *assignor estoppel may apply even where the assignor had no involvement at all in creating the infringing technology*.

*Synopsys*, 2005 WL 1562779, at * 6-7 (emphasis added). Therefore, Illumina is in privity with Dr. Chee even if he did not

**REDACTED**

Finally, Illumina argues that

(Counter-Statement at ¶¶ 49-52.) Affymetrix did not allege any such disclosure in its brief. Nor is there any requirement in the assignor estoppel analysis that the assignor/inventor must disclose trade secrets from his previous employer. Once again, Illumina raises immaterial facts because it is unable to contest the material facts.

While Illumina's Counter-Statement raises many facts, they are not material to the assignor estoppel issue. Illumina does not and cannot raise a genuine issue regarding the facts that establish privity between Dr. Chee and Illumina.[3]

**REDACTED**

---

[3] Illumina also presents some "facts" suggesting that ~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~ ~~~~~~~~~~~~~~~~~ nter-Statement at ¶¶ 53-58.) The Federal Circuit is clear, however, that assignor estoppel acts to preclude inequitable conduct claims, particularly when, as here, the challenged conduct occurred
(continued . . .)

8.

### III. ILLUMINA'S LEGAL ARGUMENTS REGARDING THE OWNERSHIP AND INVENTORSHIP OF THE '716 PATENT DO NOT CREATE GENUINE ISSUES OF MATERIAL FACT

In a final attempt to avoid the assignor estoppel doctrine, Illumina makes several legal arguments regarding the '716 patent. Illumina argues that Affymetrix does not own the '716 patent and that Dr. Chee is not a properly-named inventor of the claimed invention of the '716 patent. (Counter-Statement at ¶¶ 1-13.) These arguments are wrong and fail to raise any genuine issue regarding the applicability of assignor estoppel.

Illumina first recycles its motion to dismiss alleging that Daniel H. Wagner Associates owns the '716 patent. As discussed in Affymetrix's oppositions (D.I. 246 and 268), Affymetrix is the owner of the '716 patent because the invention **REDACTED** In addition, Dr. Chee, who is a co-inventor on the '716 patent and was an Affymetrix employee, assigned his invention to Affymetrix. Beyond being incorrect, Illumina's argument is also irrelevant to the assignor estoppel analysis. That analysis turns on the relationship between Dr. Chee and Illumina, not on who owns the '716 patent.

Illumina next contends that Dr. Chee is not a proper inventor on the '716 patent. As an initial matter, this argument, which is an attack on the validity of the '716 patent and directly contrary to Dr. Chee's inventor's oath, is itself precluded by the assignor estoppel doctrine. *See, e.g., Shamrock Techs.*, 903 F.2d at 795 (finding that a defense is

---

(. . . continued)
    before the inventor signed his declaration. *See, e.g., Shamrock Techs.*, 903 F.2d at 794-96 ("If we were to hold otherwise, *Diamond Scientific* could be avoided by merely couching invalidity defenses in terms of inequitable conduct, precisely as appellants attempt here to do.").

"nonviable and the equitable doctrine of assignor estoppel bars its assertion" where the defense relies on allegations directly contrary to the assignor/inventor's declaration).

The argument is also based on a misstatement of the law, deposition testimony, and prosecution history. First, the Federal Circuit has made clear that "[p]atent issuance creates a presumption that the named inventors are the true and only inventors." *Ethicon, Inc. v. United States Surgical Corp.*, 135 F.3d 1456, 1460 (Fed. Cir. 1998). Moreover, "contribution to one claim is sufficient to be a co-inventor." *Stern v. Trustees of Columbia Univ.*, 434 F.3d 1375, 1378 (Fed. Cir. 2006). Therefore, contrary to Illumina's suggestion in the Counter-Statement, Dr. Chee is presumed to be a properly-named inventor for purposes of the assignor estoppel motion and his contribution to the conception of a single claim of the '716 patent is sufficient.

In support of its argument, Illumina cites to the deposition testimony of the '716 patent co-inventors, Drs. Lipshutz and Chee.

**REDACTED**

10.

**REDACTED**

Illumina's attempt to transform Dr. Lipshutz' testimony

**REDACTED**

t certainly does not create a genuine issue of material fact regarding assignor estoppel.

Similarly, Dr. Chee did not suggest that he was improperly listed as an inventor. Rather, he simply testified that,

**REDACTED**

## REDACTED

Far from creating a genuine issue of material fact, Dr. Chee's testimony confirms the legal presumption that he is a properly-named inventor on the '716 patent.

Finally, Illumina contends that the prosecution history of the '716 patent creates a genuine issue of material fact regarding inventorship. (Counter-Statement at ¶¶ 10-13.) It does not. Dr. Chee signed an inventor's oath confirming that he was "an original, first and joint inventor of the subject matter which is claimed and for which a patent is sought on the invention." (Affy. Br. Exh. 5.) Thereafter, the claims underwent various amendments, as they do during most patent prosecutions. They did not, as Illumina suggests, undergo a radical transformation that would somehow vitiate Dr. Chee's inventorship oath. (*Compare* Exh. 22 (Application No. 327,525) at AVI_000099 (original claim 1) *with* Exh. 6 ('716 patent) at claim 1.) Moreover, the Federal Circuit has rejected the argument that amendments to claims during prosecution have any bearing on the applicability of assignor estoppel:

> It is also irrelevant that, at the time of the assignment, Dr. Welter's patent applications were still pending and the Patent Office had not yet granted the patents. What Dr. Welter assigned were the rights to his inventions. That Diamond may have later amended the claims in the application process (a very common occurrence in patent prosecutions), with or without Dr. Welter's assistance, does not give appellants' arguments against estoppel any greater force. Our concern must be the balance of the equities. The fact is that Dr. Welter assigned the *rights* to his invention, irrespective of the particular *language* in the

> claims describing the inventions when the patents were ultimately granted.

*Diamond Scientific Co. v. Ambico, Inc.*, 848 F.2d 1220, 1226 (Fed. Cir. 1988) (emphasis in original).

There is no genuine issue of material fact regarding the ownership or inventorship of the '716 patent. Neither of these issues undermines the undisputed facts discussed above that establish privity between Dr. Chee and Illumina.

## CONCLUSION

For the foregoing reasons, and those set forth in Affymetrix's opening brief, Affymetrix respectfully requests that the Court grant summary adjudication on Count II of Illumina's Counterclaims insofar as it seeks a declaration of invalidity and unenforceability of the '716 patent. Affymetrix also respectfully requests that the Court grant summary adjudication on Illumina's Third Affirmative Defense (Invalidity) and Seventh Affirmative Defense (Inequitable Conduct) as they apply to the '716 patent.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

/s/ Maryellen Noreika (#3208)

Jack B. Blumenfeld (#1014)
Maryellen Noreika (#3208)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200
  *Attorneys for Plaintiff/Counter-Defendant*
  *Affymetrix, Inc.*

13.

OF COUNSEL:

Michael J. Malecek
Daniel R. Reed
George C. Yu
Andrea Gross
AFFYMETRIX, INC.
6550 Vallejo Street, Suite 100
Emeryville, CA 94608
(510) 428-8500

July 28, 2006

## CERTIFICATE OF SERVICE

I hereby certify that on July 28, 2006, I electronically filed the foregoing document using CM/ECF which will send notification of such filing(s) to the following:

Richard K. Herrmann
Morris, James, Hitchens & Williams LLP

I also certify that copies were caused to be served on July 28, 2006 upon the following in the manner indicated:

### BY HAND

Richard K. Herrmann
Morris, James, Hitchens & Williams LLP
222 Delaware Avenue, 10th Floor
P.O. Box 2306
Wilmington, DE  19899-2306

### BY EMAIL AND FEDERAL EXPRESS

Marcus E. Sernel
Kirkland & Ellis LLP
200 East Randolph Drive
Chicago, IL  60601

/s/ Maryellen Noreika (#3208)
Maryellen Noreika (#3208)
1201 N. Market Street
P. O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200
mnoreika@mnat.com

CERTIFICATE OF SERVICE

I hereby certify that on August 11, 2006, I electronically filed the foregoing document using CM/ECF which will send notification of such filing(s) to the following:

Richard K. Herrmann
Morris, James, Hitchens & Williams LLP

I also certify that copies were caused to be served on August 11, 2006 upon the following in the manner indicated:

BY HAND

Richard K. Herrmann
Morris, James, Hitchens & Williams LLP
222 Delaware Avenue, 10th Floor
P.O. Box 2306
Wilmington, DE  19899-2306


BY EMAIL AND FEDERAL EXPRESS

Marcus E. Sernel
Kirkland & Ellis LLP
200 East Randolph Drive
Chicago, IL  60601


*/s/ Benjamin J. Schladweiler*
Benjamin J. Schladweiler (#4601)
1201 N. Market Street
P. O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200
bschladweiler@mnat.com