IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AFFYMETRIX, INC., | |
| Plaintiff/Counter-Defendant, | |
| v. | C.A. No.  04-901-JJF |
| ILLUMINA, INC., | **REDACTED VERSION** |
| Defendant/Counter-Plaintiff. | |

**AFFYMETRIX, INC.'S RESPONSE TO ILLUMINA, INC.'S
COUNTERSTATEMENT IN OPPOSITION TO
MOTION FOR SUMMARY JUDGMENT OF ILLUMINA'S COUNTERCLAIM
OF INTENTIONAL INTERFERENCE WITH ACTUAL AND PROSPECTIVE
ECONOMIC ADVANTAGE AND PORTIONS
OF ILLUMINA'S COUNTERCLAIM FOR UNFAIR
BUSINESS PRACTICES; OR IN THE ALTERNATIVE, FOR BIFURCATION**

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jack B. Blumenfeld (#1014)
Maryellen Noreika (#3208)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200
 *Attorneys for Plaintiff/Counter-Defendant*
 *Affymetrix, Inc.*

OF COUNSEL:

Michael J. Malecek
Daniel R. Reed
Andrea L. Gross
AFFYMETRIX, INC.
6550 Vallejo Street, Suite 100
Emeryville, CA  94608
(510) 428-8500

Original Filing Date:  August 4, 2006
Redacted Version Filing Date:  August 11, 2006

i.

TABLE OF CONTENTS

|  |  | Page |
|---|---|---|
| TABLE OF CITATIONS | | iii |
| INTRODUCTION | | 1 |
| ARGUMENT | | 2 |
| I. | ILLUMINA CONCEDES THAT THE ALLEGED CONDUCT IS NOT ACTIONABLE ABSENT MARKET POWER. | 2 |
| II. | ILLUMINA HAS FAILED TO RAISE A GENUINE ISSUE OF MATERIAL FACT REGARDING MARKET POWER. | 5 |
| III. | THE COURT SHOULD GRANT SUMMARY JUDGMENT OF ILLUMINA'S COUNTERCLAIM FOR INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE BECAUSE ILLUMINA HAS NOT PRESENTED SUFFICIENT EVIDENCE THAT AFFYMETRIX'S CONDUCT WAS WRONGFUL OR THAT AFFYMETRIX CAUSED ANY OF ILLUMINA'S ALLEGED HARMS. | 8 |

8

# REDACTED

10

12

| IV. | THE COURT SHOULD GRANT SUMMARY ADJUDICATION OF ILLUMINA'S COUNTERCLAIMS UNDER CALIFORNIA BUSINESS AND PROFESSIONS CODE § 17200 THAT ALLEGE FALSE AND MISLEADING STATEMENTS AND | |

# REDACTED

13

| A. | Illumina Has Not Raised A Triable Issue Of Fact With Respect To Its Claim That Affymetrix Made False And Misleading Statements To Customers. | 13 |

ii.

TABLE OF CONTENTS (continued)

Page

# REDACTED

14

    C.    Illumina's Other Allegations Should Not Preclude Summary Adjudication.     15

V.    ILLUMINA'S COUNTERCLAIMS, TO THE EXTENT THAT THEY SURVIVE, SHOULD BE BIFURCATED FROM THE ACTION SET FOR TRIAL ON OCTOBER 16, 2006.     16

CONCLUSION     16

iii.

# TABLE OF CITATIONS

Page(s)

Cases

*Bank of the West v. Superior Court of Contra Costa County*,
    2 Cal. 4th 1254 (1992)    13

*Carter v. Variflex, Inc.*,
    101 F. Supp. 2d 1261 (C.D. Cal. 2000)    5, 7

*Coastal Abstract Serv., Inc. v. First American Title Ins. Co.*,
    175 F.3d 725 (1999)    11, 14

*Franklin v. Dynamic Details, Inc.*,
    116 Cal App 4th 375 (2004)    10

*Korea Supply v. Lockheed Martin Corp.*,
    29 Cal. 4th 1134 (2003)    8, 9

*Pastore v. Bell Telephone Co. of Pa.*,
    24 F.3d 508 (3rd Cir. 1994)    6

*Pocono Invitational Sports Camp, Inc. v. National College Athletic Ass'n*,
    317 F. Supp. 2d 569 (E.D. Pa. 2004)    6

*Queen City Pizza v. Domino's Pizza*,
    124 F.3d 430 (3rd Cir. 1997)    6

*Rebel Oil Co. v. Atlantic Richfield Co.*,
    51 F.3d 1421 (9th Cir. 1995)    5

*Rice v. Fox Broad. Co.*,
    330 F.3d 1170 (9th Cir. 2003)    13

1.

### INTRODUCTION

Illumina's Counterstatement of Contested Facts in opposition to

Affymetrix's Motion for Summary Judgment does not raise any genuine issues of

material fact.

## REDACTED

To overcome this inconsistency, it alleges that Affymetrix had

market power and therefore Affymetrix's conduct must be considered distinct from

Illumina's.  This argument fails because Illumina has not raised a genuine issue of fact as

to market power.

Illumina's Counterclaim for Intentional Interference with Actual and

Prospective Economic Advantage is premised on two allegations:

## REDACTED

Illumina has adduced absolutely no evidence that

Affymetrix caused any of the harm that it alleges it has suffered, and the Court should

grant summary judgment of this cause of action.

The Court should also grant summary adjudication of those portions of

Illumina's unfair competition claim that allege

## REDACTED

As to the first, there is no evidence that

Affymetrix

As to the second, Illumina has not raised a genuine issue of fact that

## REDACTED

2.

## ARGUMENT

**I.  ILLUMINA CONCEDES THAT THE ALLEGED
CONDUCT IS NOT ACTIONABLE ABSENT
MARKET POWER.**

Illumina's Counterstatement of Contested Facts in Opposition to

Affymetrix's Motion for Summary Judgment is structured around its opening assertion

that "Affymetrix possesses market power in the relevant markets." (D.I. 301 at p. 3).   At

footnote 4 of its Counterstatement, Illumina states that its own behavior "is distinct from

Affymetrix's for purposes of analyzing unfair competition because Illumina neither

possesses market power,        **REDACTED**

In this footnote, and as seen in its decision to define its counterstatement around market

power, Illumina concedes that its allegations that

**REDACTED**                        not actionable unless

Affymetrix is found to have "market power."

Illumina makes this argument because

**REDACTED**

3.

**REDACTED**

4.

**REDACTED**

**REDACTED**

While Affymetrix does not agree that the alleged conduct, even with market power, would be actionable, Illumina's claims fail because it has not raised a triable issue of fact with respect to market power.

## II.   ILLUMINA HAS FAILED TO RAISE A GENUINE ISSUE OF MATERIAL FACT REGARDING MARKET POWER.

"To demonstrate market power circumstantially, a plaintiff must (1) define the relevant market, (2) show that the defendant owns a dominant share of that market, and (3) show that there are significant barriers to entry and show that existing competitors lack the capacity to increase their output in the short run." *Rebel Oil Co. v. Atlantic Richfield Co.*, 51 F.3d 1421, 1434 (9th Cir. 1995) (citations omitted). If a party claiming monopolization fails to raise a triable issue of fact as to market power, summary judgment of those claims is appropriate. *See, e.g. Carter v. Variflex, Inc.*, 101 F. Supp. 2d 1261 (C.D. Cal. 2000) (granting summary judgment as to antitrust claims under the

Sherman Act and as to claims under California Business and Professions Code § 17200 where plaintiff failed to raise a triable issue of fact regarding market power).

Illumina has the burden of defining the relevant market. *Pastore v. Bell Telephone Co. of Pa.*, 24 F.3d 508, 512 (3rd Cir. 1994) (discussing a claim of attempted monopolization under § 2 of the Sherman Act). Moreover, the law requires that a party asserting a violation of Section 2 of the Sherman Act (as Illumina is here) identify the relevant market "with reference to the rule of reasonable interchangeability and cross-elasticity of demand." *Queen City Pizza v. Domino's Pizza*, 124 F.3d 430, 436-437 (3rd Cir. 1997) (upholding grant of dismissal of complaint because plaintiff failed to plead a valid relevant market).

Illumina's First Amended Answer and Counterclaims mentions "the market for DNA microarray products" (¶¶ 67 – 74), but it does not discuss any of the various solutions that compete in the genetic analysis market, whether and to what extent they are interchangeable, and the cross-elasticity of demand. Illumina's Counterstatement of Contested Facts does not even attempt to define the market in anything but the broadest terms. While Illumina cites the testimony

## REDACTED

This off-hand approach to market definition does not even begin to meet the required legal standard. *See, e.g. Pocono Invitational Sports Camp, Inc. v. National College Athletic Ass'n*, 317 F. Supp. 2d 569, 586-87 (E.D. Pa. 2004) (granting summary judgment of Sherman Act claims upon finding that plaintiff had not plead a relevant market, noting "as we are now at the summary judgment stage, plaintiffs should

7.

have brought forth evidence to support their market definitions"). For this reason alone, Illumina has failed to raise sufficient evidence regarding market power.

Further -- the lack of a market definition aside -- Illumina has failed to adduce sufficient evidence regarding Affymetrix's supposed market domination to defeat summary judgment. It has provided no expert testimony or other independent analysis of this topic. The only evidence Illumina cites in support of its claim is

# REDACTED

That is particularly the case here, where

# REDACTED

Finally, Illumina's cursory allegations that there are barriers to entry in the DNA microarray market are belied by its own success. Illumina earned revenues of $4,103,000 in 2002, the first year that it offered products. (Exh. 39). Since then, Illumina has increased its revenues from $18,378,000 in 2003 to $57,762,000 in 2005. (Exh. 40). *See Carter*, 101 F. Supp 2d at 1267 (finding that plaintiff failed to make an adequate showing of market power, in part because of evidence that plaintiffs "sales have steadily grown while [defendant's] sales have declined.") Moreover.

# REDACTED

8.

**III.    THE COURT SHOULD GRANT SUMMARY JUDGMENT OF ILLUMINA'S COUNTERCLAIM FOR INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE BECAUSE ILLUMINA HAS NOT PRESENTED SUFFICIENT EVIDENCE THAT AFFYMETRIX'S CONDUCT WAS WRONGFUL OR THAT AFFYMETRIX CAUSED ANY OF ILLUMINA'S ALLEGED HARMS.**

**A.**

## REDACTED

Illumina's Counterstatement of Contested Facts recites

## REDACTED

In order to prevail on a claim of Intentional Interference With Prospective Economic Advantage, Illumina must prove more

it must show that Affymetrix's interference was "independently wrongful," that is, "unlawful, proscribed by some constitutional, statutory, regulatory, common law, or other determinable standard." *Korea Supply v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1159 (2003).

Illumina's only argument that Affymetrix's efforts to win sales were "independently wrongful" is that Affymetrix had "market power." *See* D.I. 301 at n. 4. However, as discussed above, Illumina has not raised a triable issue of fact with respect to market power.

9.

In addition to proving independently wrongful conduct, Illumina must also prove Affymetrix's conduct proximately caused its economic harm. *Korea Supply*, 29 Cal. 4th at 1153.

**REDACTED**

Therefore, Illumina has not raised a triable issue of fact with respect to harm or proximate cause in connection with these sales.

**REDACTED**

10.

**REDACTED**

*See Franklin v. Dynamic Details, Inc.*, 116 Cal App 4th 375, 394-95 (2004) (granting summary judgment; plaintiff's "attempt to establish causation through a temporal sequence" asserting that because "the [defendant's] e-mails preceded [plaintiff's] loss of . . . business, the e-mails caused the loss" was not sufficient to raise a triable issue of fact on plaintiff's business tort and unfair competition claims).

Similarly,

**REDACTED**

Illumina's Counterstatement of Contested Facts claims that

**REDACTED**

For these

11.

reasons alone, summary adjudication is appropriate as to these portions of Illumina's counterclaims.

**REDACTED**

Comparing one's products to the competition is a routine business practice that does not give rise to tort liability as a matter of law. *See Coastal Abstract Serv., Inc. v. First American Title Ins. Co.,* 173 F.3d 725, 731 (9th Cir.1999) (finding as a matter of law that defendant's statements about plaintiff's company did not give rise to liability under the Lanham Act or the California law of defamation) **REDACTED**

**REDACTED**

12.

**REDACTED**

13.

# REDACTED

IV.    **THE COURT SHOULD GRANT SUMMARY ADJUDICATION OF ILLUMINA'S COUNTERCLAIMS UNDER CALIFORNIA BUSINESS AND PROFESSIONS CODE § 17200 THAT ALLEGE FALSE AND MISLEADING STATEMENTS AND** # REDACTED

A.    **Illumina Has Not Raised A Triable Issue Of Fact With Respect To Its Claim That Affymetrix Made False And Misleading Statements To Customers.**

To prevail in a claim for false and misleading statements under California Business and Professions Code §17200, Illumina must prove that "members of the public are likely to be deceived." *Bank of the West v. Superior Court of Contra Costa County*, 2 Cal. 4th 1254, 1267 (1992). "Furthermore, anecdotal evidence alone is insufficient to prove that the public is likely to be mislead . . . to prevail, plaintiff must demonstrate by extrinsic evidence, such as consumer survey evidence, that the challenged statements tend to mislead customers." *Rice v. Fox Broad. Co.*, 330 F.3d 1170, at n.8 (9th Cir. 2003) (granting summary judgment because plaintiff had not adduced the required evidence). Lastly, as discussed above, comparing one's products to the competition is a routine business practice that does not give rise to tort liability as a matter of law. *See*

14.

*Coastal Abstract Serv.*, 173 F.3d at 731.

# REDACTED

15.

**REDACTED**

C.     **Illumina's Other Allegations Should Not
       Preclude Summary Adjudication.**

# REDACTED

. 16.

## V.    ILLUMINA'S COUNTERCLAIMS, TO THE EXTENT THAT THEY SURVIVE, SHOULD BE BIFURCATED FROM THE ACTION SET FOR TRIAL ON OCTOBER 16, 2006.

In its letter to the Court of July 28, 2006, Illumina objects to the bifurcation of its business tort and unfair competition counterclaims on the basis that these claims have been in the case since its outset and that it would therefore be unfair to bifurcate them. (D.I. 303). Illumina's Sherman Act Counterclaim has not been part of this matter since its inception, but was only filed on February 17, 2006. In light of Illumina's decision to premise its business tort and unfair competition counterclaims on Affymetrix's alleged monopolistic conduct, this argument carries little weight.

More importantly, as discussed in Affymetrix's opening brief, bifurcation of the vague counterclaims, to the extent that they survive, will appropriately separate the portions of the case that require evidentiary proofs, reduce jury confusion, and expedite trial. (D.I. 278 at pp. 25–28). Therefore, if the Court does not grant Affymetrix's motion, Affymetrix respectfully requests that the Court bifurcate Illumina's Counterclaims for Intentional Interference with Actual and Prospective Economic Advantage and Unfair Competition from the trial scheduled for October 16, 2006.

## CONCLUSION

For the foregoing reasons, Affymetrix respectfully requests that the Court grant summary judgment of Illumina's Counterclaim for Intentional Interference With Actual and Prospective Economic Advantage and Summary Adjudication of the portions of Illumina's Counterclaim for Unfair Competition Under Cal. Business and Professions Code § 17200 that allege false and misleading statements and "publishing" of confidential information.

17.

If the Court does not grant Affymetrix's motion, Affymetrix respectfully requests that the Court bifurcate Illumina's business tort and unfair competition counterclaims from the trial scheduled for October 16, 2006.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

/s/ Derek J. Fahnestock

Jack B. Blumenfeld (#1014)
Maryellen Noreika (#3208)
Derek J. Fahnestock (#4705)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200
    *Attorneys for Plaintiff/Counter-Defendant*
    *Affymetrix, Inc.*

OF COUNSEL:

Michael J. Malecek
Daniel R. Reed
Andrea Gross
AFFYMETRIX, INC.
6550 Vallejo Street, Suite 100
Emeryville, CA 94608
(510) 428-8500

August 4, 2006

## CERTIFICATE OF SERVICE

I hereby certify that on August 4, 2006, I electronically filed the foregoing

document using CM/ECF which will send notification of such filing(s) to the following:

Richard K. Herrmann
Morris, James, Hitchens & Williams LLP

I also certify that copies were caused to be served on August 4, 2006 upon

the following in the manner indicated:

BY HAND

Richard K. Herrmann
Morris, James, Hitchens & Williams LLP
222 Delaware Avenue, 10th Floor
P.O. Box 2306
Wilmington, DE  19899-2306


BY EMAIL AND FEDERAL EXPRESS

Marcus E. Sernel
Kirkland & Ellis LLP
200 East Randolph Drive
Chicago, IL  60601


*/s/ Derek J. Fahnestock*
Derek J. Fahnestock (#4705)
1201 N. Market Street
P. O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200
dfahnestock@mnat.com

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 11, 2006, I electronically filed the foregoing

document using CM/ECF which will send notification of such filing(s) to the following:

Richard K. Herrmann
Morris, James, Hitchens & Williams LLP

I also certify that copies were caused to be served on August 11, 2006 upon the

following in the manner indicated:

<u>BY HAND</u>

Richard K. Herrmann
Morris, James, Hitchens & Williams LLP
222 Delaware Avenue, 10th Floor
P.O. Box 2306
Wilmington, DE  19899-2306


<u>BY EMAIL AND FEDERAL EXPRESS</u>

Marcus E. Sernel
Kirkland & Ellis LLP
200 East Randolph Drive
Chicago, IL  60601



*/s/ Benjamin J. Schladweiler*
Benjamin J. Schladweiler (#4601)
1201 N. Market Street
P. O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200
bschladweiler@mnat.com