IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| AFFYMETRIX, INC., | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No. 04-901 JJF |
| ILLUMINA, INC., | : | |
| Defendant. | : | |

**O R D E R**

At Wilmington, this 16 Day of August, 2006, for the reasons set forth in the Memorandum Opinion issued this date,

IT IS HEREBY ORDERED that for the purposes of the United States Patents at issue in this case, the following terms and phrases are construed as follows:

1. The phrase **"said beads being coded with an encoding system,"** as used in the claims of U.S. Patent No. 6,355,432, means "said beads having a property associated with each bead (separate from the binding polymer) that can be used to distinguish one bead from another;"

2. The term **"target specific sequence,"** as used in the claims of U.S. Patent No. 6,355,432, means "a known polymer sequence that has affinity for another sequence;"

3. The term **"substrate,"** as used in the claims of U.S. Patent No. 6,646,243, means "a material having a rigid or semi-rigid surface;"

4. The term "**target nucleic acids**," as used in the claims of U.S. Patent No. 6,646,243, means "nucleic acids that are deliberately exposed to the nucleic acids attached to the substrate;"

5. The term "**probe array**," as used in the claims of U.S. Patent No. 5,545,531, means "a collection of probes, at least two of which are different, arranged in a spacially defined and physically addressable manner;"

6. The phrase "**arranged in a spacially defined and physically addressable manner**," as used in the claims of U.S. Patent No. 5,545,531, means "located in a particular location and capable of being addressed;"

7. The phrase "**biological polymers immobilized on a surface**," as used in the claims of U.S. Patent No. 6,399,365, means "two or more surface-immobilized biological polymers that are recognized by a particular target;"

8. The term "**housing**," as used in the claims of U.S. Patent No. 6,399,365, means "a structure that covers, protects, and supports the probe array;"

9. The term "**probe**," as used in the claims of U.S. Patent No. 5,795,716, means "a nucleic acid of known sequence that is capable of hybridizing to its complementary sequence;"

10. The term "**probe intensity**," as used in the claims of U.S. Patent No. 5,795,716, means "intensity from a labeled sample nucleic acid hybridized to a probe location;"

11. The phrase **"corresponding to probe intensities for a plurality of nucleic acid probes,"** as used in the claims of U.S. Patent No. 5,795,716, does not require further construction

12. The phrase **"indicating an extent of hybridization,"** as used in the claims of U.S. Patent No. 5,795,716, means "indicating the relative strength of binding;"

13. The phrase **"comparison of said plurality of probe intensities to each other,"** as used in the claims of U.S. Patent No. 5,795,716, means "an examination of the probe intensities of two or more probes in relation to each other;"

14. The phrase **"generates a base call identifying said unknown base,"** as used in the claims of U.S. Patent No. 5,795,716, means "determines which nucleotide is most likely to be present at a particular position in a nucleic acid sequence;"

15. The phrase **"generates a base call . . . according to results of said comparison and said sequences of said nucleic acid probes,"** as used in the claims of U.S. Patent No. 5,795,716, does not require further construction.

_____
UNITED STATES DISTRICT JUDGE