**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

**AFFYMETRIX, INC.**, a Delaware corporation,

Plaintiff/Counter-Defendant,

v.

**ILLUMINA, INC.**, a Delaware corporation,

Defendant/Counter-Plaintiff.

Civil Action No.: 04-901 JJF

**PUBLIC VERSION**

**COUNTER-STATEMENT OF FACTS IN OPPOSITION TO AFFYMETRIX, INC.'S MOTION FOR SUMMARY ADJUDICATION ON ILLUMINA, INC.'S THIRD AND SEVENTH AFFIRMATIVE DEFENSES AND SECOND COUNTERCLAIM**

Richard K. Herrmann (#405)
MORRIS, JAMES, HITCHENS & WILLIAMS LLP
222 Delaware Avenue, 10th Floor
Wilmington, Delaware 19801
(302) 888-6800
rherrmann@morrisjames.com

Robert G. Krupka, P.C.
KIRKLAND & ELLIS LLP
777 South Figueroa Street
Los Angeles, California 90017
(213) 680-8400

Mark A. Pals, P.C.
Marcus E. Sernel
KIRKLAND & ELLIS LLP
200 East Randolph Drive
Chicago, Illinois 60601
(312) 861-2000

*Attorneys for Illumina, Inc.*

Original Date: July 21, 2006
Redacted Date: August 17, 2006

# TABLE OF CONTENTS

Page

I. Affymetrix Does Not Own The '716 Patent. .......... 1

II. Dr. Chee Is Not A Properly-Named Inventor Of The Claimed Invention Of The '716 Patent. .......... 2

A. Dr. Chee did not conceive of the claimed invention of the '716 patent. .......... 3

B. Dr. Chee signed an inventor declaration for the '716 patent application before the '716 patent claims changed. .......... 4

III. Dr. Chee's Role At Illumina Diminished Over Time And Ceased To Exist As Of September 2004. .......... 5

A. Illumina is, and always has been, substantially more than one individual. .......... 5

B. Illumina's technology finds its genesis in the work and intellectual property of Dr. David Walt of Tufts University. .......... 5

C. Dr. Chee is one of several individuals who contributed to the formation of Illumina. .......... 6

D. In his entire tenure at Illumina, Dr. Chee never had responsibilities regarding development of Illumina's commercial products. .......... 7

E. As a Research Fellow, Dr. Chee had no responsibilities regarding Illumina's business operations or commercial products. .......... 9

IV. Dr. Chee Was Not Involved In The Development Of The GenCall Software That Affymetrix Alleges To Infringe The '716 Patent. .......... 10

A. Dr. Chee testified that he had no direct involvement with development of GenCall. .......... 10

B. Others confirm that Dr. Chee had no involvement in GenCall's development. .......... 11

V. Dr. Chee Never Used, Nor Shared With Others, Any Affymetrix Information While At Illumina. .......... 12

VI. Illumina's Allegation That The '716 Patent Is Unenforceable For Inequitable Conduct (Counterclaim Count II) Does Not Implicate Dr. Chee At All. .......... 13

In accordance with the Court's Memorandum Order, Illumina hereby submits a Counter-Statement of Facts in opposition to Affymetrix, Inc.'s Motion For Summary Adjudication On Illumina, Inc.'s Third And Seventh Affirmative Defenses And Second Counterclaim. As an initial matter, the Court has been previously presented with facts that prove that Affymetrix does not even own the '716 patent, and that Dr. Chee is not properly named as an inventor on the '716 patent. In addition, the following Counter-Statement sets forth material facts that support denial of Affymetrix' motion. This Court need not even entertain full briefing on this motion because genuine issues of material fact exist with respect to:

- Whether Dr. Chee contributed at all to the products alleged to infringe the '716 patent in this case;

- Whether Dr. Chee controlled, to any degree, the development of the products alleged to infringe;

- Whether Dr. Chee's exit from Illumina, which began in 2002 and was complete as of 2004, extinguished any privity he might have had with Illumina; and

- Whether Dr. Chee was ever involved in any of the facts alleged with respect to Illumina's Counterclaim Count II asserting inequitable conduct with respect to the '716 patent.

In light of the facts, Illumina respectfully requests that the Court deny Affymetrix' motion in lieu of requesting further briefing on the motion.

## COUNTER-STATEMENT OF FACTS

### I. Affymetrix Does Not Own The '716 Patent.

1. As Illumina presents more fully in its pending motion to dismiss, Affymetrix does not own U.S. Patent No. 5,795,716 ("the '716 patent"). (*See* D.I. 234) Without ownership rights in the '716 patent, Affymetrix' motion is moot because it lacks standing to assert this patent against Illumina. *See Fieldturf, Inc. v. Sw. Recreational Indus., Inc.*, 357 F.3d

1266, 1268 (Fed. Cir. 2004) ("To bring an action for patent infringement, a party must be either the patentee, a successor in title to the patentee, or an exclusive licensee of the patent at issue.").

2.

REDACTED

3.

REDACTED

**II. Dr. Chee Is Not A Properly-Named Inventor Of The Claimed Invention Of The '716 Patent.**

4. Dr. Chee did not contribute to the alleged conception of the claimed invention of the '716 patent, and thus Dr. Chee is not a joint inventor of this patent. *See Stern v. Trustees of Columbia Univ. City of New York*, 434 F.3d 1375, 1378 (Fed. Cir. 2006) ("[E]ach joint inventor must generally contribute to the conception of the invention."). Because Dr. Chee is not an inventor of the claimed invention of the '716 patent, the doctrine of assignor estoppel does not apply against him, and certainly does not apply against Illumina as a party that is merely alleged to be in privity with Dr. Chee. *See Shamrock Techs., Inc. v. Med. Sterilization, Inc.*, 903 F.2d 789, 793 (Fed. Cir. 1990).

    *A. Dr. Chee did not conceive of the claimed invention of the '716 patent.*

5.

REDACTED

6.

REDACTED

7.

REDACTED

8.

REDACTED

1

REDACTED

9.

REDACTED

*B. Dr. Chee signed an inventor declaration for the '716 patent application before the '716 patent claims changed.*

10. Dr. Chee signed a declaration early on in prosecution of the '716 patent application in which he attested that he was a joint inventor of the inventions disclosed in the patent application. (Affymetrix Br., at Ex. 5) Dr. Chee, however, signed this declaration on February 24, 1995, more than three years before the application issued as the '716 patent on August 18, 1998. (*Id.*)

11. After Dr. Chee signed this declaration, the resulting claims changed from those that were originally submitted in the application. For instance, at least twenty-three (23) claims were dropped, and those claims that remained went through several amendments. (*See* Ex. D (App. No. 08/327,525, 9/19/95 Election/Restriction), at 1; Ex. E (App. No. 08/327,525, 10/23/95 Preliminary Amendment), at 1; Ex. F (App. No. 08/327,525, 4/29/97 Supp.

REDACTED

12. Three other individuals -- Ms. Wang, Mr. Jevons and Mr. Bernhart -- also executed inventor declarations for the '716 patent application at the same time as Drs. Chee and Lipshutz. (*See* Affymetrix Br., at Ex. 5) These three individuals were subsequently dropped as named inventors on the '716 patent after the claims underwent substantial changes in prosecution. (*See* Ex. G (App. No. 08/327,525, 7/14/98 Petition to Correct Inventorship Under 37 C.F.R. § 1.48(b)), at 1)

13.

REDACTED

## III. Dr. Chee's Role At Illumina Diminished Over Time And Ceased To Exist As Of September 2004.

*A. Illumina is, and always has been, substantially more than one individual.*

14. Illumina is a public corporation with headquarters in San Diego. (*See* Ex. I (3/6/06 Illumina, Inc. Form 10-K), at 25) It currently employs over 500 individuals in various positions, ranging from high-performing scientists to engineers to administrative managers to support staff. (*See id.*, at 14) As of January 1, 2006, Illumina employed 73 individuals who hold Doctorate of Philosophy (Ph. D.) degrees, and 44 of those individuals were engaged in full-time research and development. (*See id.*)

15. Illumina offers a wide variety of arrays and related products for analysis of genetic variation and function on a large-scale as well as full genotyping services. (*See id.*, at 8)

*B. Illumina's technology finds its genesis in the work and intellectual property of Dr. David Walt of Tufts University.*

16.

REDACTED

17.

REDACTED

REDACTED

18.

REDACTED

*C. Dr. Chee is one of several individuals who contributed to the formation of Illumina.*

19.

REDACTED

20.

REDACTED

21.

REDACTED

22.

REDACTED

23.

REDACTED

24.

REDACTED

25.

REDACTED

D. *In his entire tenure at Illumina, Dr. Chee never had responsibilities regarding development of Illumina's commercial products.*

26.

REDACTED

27. Dr. Chee is one of several individuals who have held the title of Vice President at Illumina. (*See* Ex. K (3/29/01 Illumina, Inc. Form 10-K), at 9-10 (identifying that, in March 2001, Illumina employed eight individuals who held the title of Vice President))

28.

REDACTED

29.

REDACTED

30.

REDACTED

31. Numerous Illumina employees were involved in the development of the decoding process used in the commercial products. (*See* Ex. L (PX60), at IAFP00532400 (disclosing Illumina's decoding method and identifying twenty individuals as contributing to its development); REDACTED

REDACTED

32. Illumina's senior management committee has control over, and continues to control, Illumina's business strategy. Since early in its infancy, Illumina's senior management has comprised ten to twelve individuals, including CEO Jay Flatley, all of Illumina's Vice Presidents, and certain other Senior Directors. (*See* Ex. R (10/25/04 Stuelpnagel Decl.), ¶13)

33. Although Dr. Chee was a member of the senior management committee until 2002, he never had substantial control over Illumina's business strategy. (*See id.*)

34. Dr. Chee has never served on Illumina's Board of Directors. (*See id.*)

*E. As a Research Fellow, Dr. Chee had no responsibilities regarding Illumina's business operations or commercial products.*

35.

REDACTED

36.

REDACTED

37.

REDACTED

REDACTED

38. REDACTED

**IV. Dr. Chee Was Not Involved In The Development Of The GenCall Software That Affymetrix Alleges To Infringe The '716 Patent.**

39. Affymetrix alleges that Illumina's GenCall software, which is software that makes calls of genotypes, infringes the '716 patent. (*See* Affymetrix' Br., at 5) Apart from being the organizational group supervisor of some of the individuals who did develop the GenCall software, however, Dr. Chee had no involvement in its development.

40.

REDACTED

*A.*

41.

REDACTED

REDACTED

42.

REDACTED

*B.*

43.

REDACTED

44.

REDACTED

45.

REDACTED

46. REDACTED

REDACTED

47.

48.

REDACTED

**V. Dr. Chee Never Used, Nor Shared With Others, Any Affymetrix Information While At Illumina.**

49.

REDACTED

50.

REDACTED

51.

REDACTED

52. REDACTED

**VI. Illumina's Allegation That The '716 Patent Is Unenforceable For Inequitable Conduct (Counterclaim Count II) Does Not Implicate Dr. Chee At All.**

53. Illumina alleges that the '716 patent is unenforceable because Dr. Lipshutz, a named inventor of the '716 patent, engaged in fraudulent conduct during its prosecution. (*See* D.I. 217 (Illumina, Inc.'s First Amended Answer and Counterclaims, ¶¶19-24)

54. REDACTED

55. REDACTED

56. REDACTED

REDACTED

57.

REDACTED

58.

REDACTED

**CONCLUSION**

Even if Affymetrix owns the '716 patent (which it does not), and even if Dr. Chee is properly named as a co-inventor (which he is not), genuine issues of material fact preclude any application of the doctrine of assignor estoppel with respect to the '716 patent. Dr. Chee simply did not control, or even contribute in any meaningful way, to the allegedly infringing aspects of the accused products. Given the many genuine issues of material fact, the Court need not entertain briefing to conclude that it must deny Affymetrix' summary judgment motion seeking to strike Illumina's invalidity and unenforceabilty defenses.

Dated: July 21, 2006

Richard K. Herrmann (#405)
MORRIS, JAMES, HITCHENS &
WILLIAMS LLP
222 Delaware Avenue, 10th Floor
Wilmington, Delaware 19801
(302) 888 6800
rherrmann@morrisjames.com

Mark A. Pals, P.C.
Marcus E. Sernel
KIRKLAND & ELLIS LLP
200 East Randolph Drive
Chicago, Illinois 60601
(312) 861 2000

*Attorneys for Illumina, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 17th day of August, 2006, I caused to be electronically filed the foregoing document, **REDACTED VERSION OF COUNTER-STATEMENT OF FACTS IN OPPOSITION TO AFFYMETRIX, INC.'S MOTION FOR SUMMARY ADJUDICATION OF ILLUMINA, INC.'S THIRD AND SEVENTH AFFIRMATIVE DEFENSES AND SECOND COUNTERCLAIM**, with the Clerk of the Court using CM/ECF which will send notification of such filing to the following:

Jack B. Blumenfeld, Esq.
Mary Ellen Noreika, Esq.
Morris Nichols Arsht & Tunnell
1201 Market Street
Wilmington, DE 19801

Additionally, I hereby certify that on the 17th day of August, 2006, the foregoing document was served via email on the following non-registered participant:

Daniel R. Reed, Esq.
Affymetrix, Inc.
6550 Vallejo Street, Suite 100
Emeryville, CA 94618
510.428.8500

By: ______________________

Richard K. Herrmann #405
Mary B. Matterer #2696
MORRIS, JAMES, HITCHENS & WILLIAMS LLP
222 Delaware Avenue, 10th Floor
Wilmington, Delaware 19801
(302) 888-6800
rherrmann@morrisjames.com