# Morris, Nichols, Arsht & Tunnell LLP

1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19899-1347

302 658 9200
302 658 3989 Fax

Maryellen Noreika
302 351 9278
302 425 3011 Fax
mnoreika@mnat.com

September 29, 2006

**VIA ELECTRONIC FILING**

The Honorable Joseph J. Farnan, Jr.
United States District Court
844 King Street
Wilmington, DE 19801

      Re:    <u>Affymetrix, Inc. v. Illumina Inc.</u>, C.A. No. 04-CV-901 JJF

Dear Judge Farnan:

      I write pursuant to section 15.2 of the Protective Order entered in this case (D.I. 57), regarding a dispute that has arisen with respect to an inadvertently produced document in this litigation.

      In the recent deposition by Illumina of Phil McGarrigle (Affymetrix's chief patent counsel), counsel for Illumina attempted to question Mr. McGarrigle regarding an email chain that had been produced by Affymetrix. As shown on the attached privilege log (*see* Ex. A attached hereto), the email chain was between Mr. McGarrigle and other Affymetrix employees regarding patent prosecution strategy. Counsel for Affymetrix immediately objected on the basis that the document was protected by the attorney-client privilege and had been inadvertently produced. Following the deposition, counsel for Affymetrix wrote to Illumina pursuant to section 15.1 of the Protective Order and requested that Illumina return or destroy all copies of the inadvertently-produced, privileged email. (Ex. B.) Both parties had made several similar requests (which were complied with) earlier in the case regarding other inadvertently-produced documents.

      Illumina responded by stating, without explanation, that the document was not privileged and demanding that Affymetrix seek relief from the Court pursuant to section 15.2 of the Protective Order. (Ex. C.) In an attempt to avoid involving the Court, Affymetrix then sent a supplemental privilege log to Illumina, explained why the email chain was privileged, and requested that Illumina articulate some basis for its position that the document was not privileged. (Exs. A and D.) Illumina could not do so, stating only that "[t]here is nothing in the document that provides or seeks legal advice such that the attorney-client privilege would protect the document from discovery." (Ex. E.) Illumina continued to insist that Affymetrix bring the issue to the Court's attention and thus, we have written this letter.

The Honorable Joseph J. Farnan, Jr.
September 29, 2006
Page 2

      As noted above, the email chain is between Affymetrix's chief patent counsel and other employees and involves a discussion of patent prosecution strategy. Therefore, it is unquestionably protected by the attorney-client privilege. The document was inadvertently produced in discovery and Illumina should return or destroy any copies of the document it may have. Should the Court deem it necessary, Affymetrix will provide a copy of the document for *in camera* inspection (provided that such an inspection would not constitute a waiver of the privilege).

      For the foregoing reasons, Affymetrix requests that the Court find its supplemental privilege log appropriate and order Illumina to destroy all copies of and not to use or reference the inadvertently-produced document.

                                              Respectfully,

                                              Maryellen Noreika (#3208)

cc:    Dr. Peter T. Dalleo, Clerk (By Hand)
        Richard K. Herrmann, Esquire (By Hand)
        Marcus E. Sernel, Esquire (By Fax)