# MORRIS, JAMES, HITCHENS & WILLIAMS LLP

222 Delaware Avenue, 10th Floor
Wilmington, Delaware 19801-1621
(302) 888-6800
Facsimile (302) 571-1750
www.morrisjames.com

Richard K. Herrmann
(302) 888-6816
rherrmann@morrisjames.com

Mailing Address
P.O. Box 2306
Wilmington, DE 19899-2306

October 5, 2006

**VIA ELECTRONIC FILING**
The Honorable Joseph J. Farnan, Jr.
USDC for the District of Delaware
844 King Street
Wilmington, DE 19801

**PUBLIC VERSION
Filed October 19, 2006**

Re:   *Affymetrix, Inc. v. Illumina, Inc.*, D. Del., C.A. No. 04-901-JJF

Your Honor:

I write in response to the September 29, 2006 letter from Affymetrix's counsel pertaining to a document that Affymetrix claims was inadvertently produced and that it is now attempting to withhold as privileged.

As an initial matter, it should be noted that counsel for Illumina has complied with the Court's July 28, 2005 Protective Order in all respects. During a deposition on September 15, 2006, after Affymetrix's counsel claimed that the document in question was privileged, Illumina's counsel immediately ceased questioning with respect to the document and undertook efforts to destroy all copies of the document in its possession. Affymetrix does not contend, nor could it, that Illumina has in any way violated the Protective Order. However, having been in possession of the document for over a year, Illumina's counsel is of course aware of the document's contents and believes Affymetrix's claim of privilege is unfounded.[1]

Affymetrix apparently claims that the document relates to patent prosecution and tries to protect it under both the work product doctrine and attorney-client privilege. First, Affymetrix provides absolutely no support for its work product claim. There is nothing in its letter or its supplemental privilege log to establish that the document was prepared in anticipation of litigation. And Affymetrix's claim of work product is undercut by its description of the e-mail

---

[1] It should be noted that Affymetrix's Chief IP Counsel Phil McGarrigle is a key witness and has submitted an important declaration in this case relating to his actions in prosecuting the '243 patent. Affymetrix is not in a position to contend that everything that Mr. McGarrigle has sent or received is somehow privileged, and the document in question in fact might indirectly relate to the prosecution of the '243 patent.

The Hon. Joseph J. Farnan, Jr.  
October 5, 2006  
Page 2

MORRIS, JAMES, HITCHENS & WILLIAMS LLP

**REDACTED**

**REDACTED**

*See Zenith Radio Corp. v. Radio Corp. of Amer.*, 121 F. Supp. 792, 794 (D. Del. 1952) (explaining that no privilege attaches to lawyers' communications when they are "largely concerned with technical aspects of a business or engineering character" or "even the general application of patent law to developments of their companies and competitors")

While Illumina has previously abided without objection to Affymetrix's claims of inadvertent production[3], this situation is different -- it is a case of Affymetrix attempting to bury a "bad document" with an improper claim of privilege. The document is highly relevant to, *inter alia*, Illumina's laches, invalidity, and inequitable conduct defenses, and also to its unfair

---

[2] Even if the document is related to patent prosecution, absent evidence that the document in question was prepared in anticipation of litigation, courts have repeatedly rejected blanket claims of work product protection over patent prosecution documents. *See e.g., In re Gabapentin Patent Litigation* 214 F.R.D. 178, 184 (D.N.J. 2003) ("Generally, work performed by an attorney to prepare and prosecute a patent does not fall within the parameters of the work product protection . . . since the prosecution of [a] patent is a non-adversarial, *ex-parte* proceeding.").

[3] Affymetrix has not even attempted to establish the inadvertence of the document's production, *providing yet* another reason why it should now be produced.

MORRIS, JAMES, HITCHENS & WILLIAMS LLP

The Hon. Joseph J. Farnan, Jr.
October 5, 2006
Page 3

competition counterclaims. For the foregoing reasons, Illumina respectfully requests that the Court order Affymetrix to produce (again) the document in question, or to conduct an *in camera* inspection to assess the non-privileged nature of the document for itself.

Respectfully,

Richard K. Herrmann, I.D. No. 405
rherrmann@morrisjames.com

cc: Dr. Peter T. Dalleo, Clerk of the Court (via electronic filing)
    MaryEllen Noreika, Esq. (via email and hand delivery)
    Michael J. Malecek, Esq. (via email and Federal Express)