# Morris, Nichols, Arsht & Tunnell

1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19899-1347

302 658 9200
302 658 3989 Fax

Maryellen Noreika
302 351 9278
302 425 3011 Fax
mnoreika@mnat.com

November 16, 2006
(REDACTED VERSION)

**VIA ELECTRONIC FILING**

The Honorable Joseph J. Farnan, Jr.
United States District Court
844 King Street
Wilmington, DE  19801

   Re: Affymetrix, Inc. v. Illumina Inc., C.A. No. 04-901 JJF

Dear Judge Farnan:

   I am writing on behalf of Affymetrix in response to Illumina's letter to Your Honor yesterday. Although we disagree with Illumina's accusations, we agree that it would be useful to clarify the rules of conduct for the rest of the expert depositions. Specifically, we are very concerned about the frequent coaching objections by Illumina's counsel at our depositions of their experts.

   For example, the following are examples from the rough transcript of the deposition of Illumina's expert, Aldons Lusis. Illumina's counsel made numerous objections of the kind they contend are improper when made by Affymetrix's counsel, including directing Dr. Lusis to specific paragraphs of his report when other paragraphs were the focus of the questioning. Dr. Lusis' testimony was also affected repeatedly by the coaching objections (emphasis added):

REDACTED

The Honorable Joseph J. Farnan, Jr.
November 16, 2006
Page 2

REDACTED

The Honorable Joseph J. Farnan, Jr.
November 16, 2006
Page 3

REDACTED

The Honorable Joseph J. Farnan, Jr.
November 16, 2006
Page 4

REDACTED

Similar coaching occurred in other depositions as well. For brevity's sake, we include just a few more examples from the deposition of Dr. Winkler.

REDACTED

The Honorable Joseph J. Farnan, Jr.
November 16, 2006
Page 5

With respect to the defense of the deposition of Dr. Lynde, the purported "coaching" was simply a clarification of the record with respect to the instruction given to Dr. Lynde as to the accused products. Dr. Lynde is a damages expert, not a technical expert. He is not offering any opinion as to which of Illumina's products infringe the patents and which do not. He has to rely on the instruction of counsel on that point. Thus, in connection with his report, he was told which Illumina products are being accused of infringement, and he used that information to calculate damages. At the deposition, Dr. Lynde got one of the product types confused and testified that he did not think it been accused of direct infringement. There is no question, however, that that product has been accused, and the clarification of the record was simply to point out that mistake. Dr. Lynde did not change his expert opinions, and was never "coached" to do so.

With respect to the deposition of Dr. Struhl, counsel for Affymetrix reminded the witness that he could look at his expert report – the same thing Illumina's counsel did on numerous occasions during the depositions of Illumina's expert witnesses. Counsel did not suggest what the witness should answer. Nor did the witness "change his answer" as suggested in Illumina's letter – Dr. Struhl was consistent that, in the context of the '243 patent, Illumina's products contain wells (and neither Illumina nor its experts contend otherwise).

Finally, Affymetrix agrees that the Court's guidance would be helpful to maintain appropriate deposition conduct for both sides. Illumina's request for unilateral sanctions and additional deposition time, however, should be denied. As noted above, the conduct of Illumina's counsel during depositions has been similar to that Illumina complains of when on the receiving end. Moreover, Illumina's request for additional time has little to do with the complained of conduct and more to do with its inability to utilize the 7 hour agreed upon limits to finish the depositions. Illumina is not seeking additional time to ask questions related to the complained of conduct, but rather carte blanche freedom in questioning. Indeed, Illumina has been seeking additional time with Dr. Lynde since before his deposition began. And with respect to Dr. Struhl, Illumina points only to two supposed instances of coaching in a deposition that lasted 7 hours. The vast majority of objections were simple, straight-forward objections that Illumina does not and cannot challenge as inappropriate. (Affymetrix would be happy to provide the Court with the entire transcript should the Court desire to review it.) There is simply no justification for additional deposition time with Dr. Struhl or Dr. Lynde.[1]

Respectfully,

/s/ Maryellen Noreika (#3208)

Maryellen Noreika (#3208)

---

[1]    There are 14 experts to be deposed in this case, and the seven hour deposition limit is needed to keep expert discovery manageable. To the extent, however, that the Court feels that additional deposition time is warranted, the additional time should be mutual – not unilateral.

The Honorable Joseph J. Farnan, Jr.
November 16, 2006
Page 6

cc:    Dr. Peter T. Dalleo, Clerk (By e-filing and by Hand)
         Richard K. Herrmann, Esquire (By e-filing and by Hand)
         Marcus E. Sernel, Esquire (By Email)