# MORRIS, JAMES, HITCHENS & WILLIAMS LLP

222 Delaware Avenue, 10th Floor
Wilmington, Delaware 19801-1621
(302) 888-6800
Facsimile (302) 571-1750
www.morrisjames.com

Richard K. Herrmann
(302) 888-6816
rherrmann@morrisjames.com

Mailing Address
P.O. Box 2306
Wilmington, DE 19899-2306

November 15, 2006
Public version filed: November 21, 2006

**VIA ELECTRONIC FILING**
The Honorable Joseph J. Farnan, Jr.          **PUBLIC VERSION**
USDC for the District of Delaware
844 King Street
Wilmington, DE 19801

Re:    *Affymetrix, Inc. v. Illumina, Inc.,* D. Del., C.A. No. 04-901-JJF

Your Honor:

I write to bring to the Court's attention the conduct of Affymetrix's counsel in expert depositions taken late last week. While we are reluctant to burden the Court with a letter of this type, the nature of the conduct has led to an unlevel playing field for purposes of completing expert discovery. Additional expert depositions are scheduled for later this week and then in the weeks following Thanksgiving, and it is our hope that the Court can address this issue and provide its guidance on the norms of acceptable conduct in depositions so that these remaining depositions of Affymetrix's experts will not be plagued like the ones to date.

Affymetrix's Litigation Unit attorneys have defended three expert depositions in the last two weeks, and in all three of these depositions have engaged in conduct extending well beyond what Illumina understands to be the accepted practice in this Court. This misconduct has ranged from wasting time with excessive objections and speeches on the record,[1] to seeking to blatantly coach witnesses, either in discussions during breaks or with specific instructions while questions were pending to direct the witness to the answer apparently preferred by Affymetrix. Two representative examples illustrate the nature of this behavior:

**REDACTED**

---

[1]          **REDACTED**

MORRIS, JAMES, HITCHENS & WILLIAMS LLP

The Hon. Joseph J. Farnan, Jr.
November 15, 2006
Public version filed:  November 21, 2006
Page 2

**REDACTED**

[2].  Case law from this Court has specifically outlawed such coaching of witnesses during breaks in their depositions. *See, e.g., In re ML-Lee Acquisition Fund II, L.P. and ML-Lee Acquisition Fund (Retirement Accounts) II, L.P. Securities Litigation*, 848 F. Supp. 527, 567 (D. Del. 1994) (Farnan, J.) ("all parties are instructed that counsel are not to consult with their clients regarding the subject of their testimony while questions are pending and while deponents remain under oath")

2) A second example of the improper tactics of Affymetrix's counsel occurred in the deposition of Affymetrix expert Dr. Kevin Struhl, which took place this past Friday.

**REDACTED**

---

[2]      Due to the time-sensitive nature of these issues, Illumina has only been able to provide the Court with the rough transcripts generated during the course of these depositions.  Illumina can provide the final transcripts when they become available, but wanted to bring this motion now in the hope that future depositions can be conducted according to the rules.

MORRIS, JAMES, HITCHENS & WILLIAMS LLP

The Hon. Joseph J. Farnan, Jr.
November 15, 2006
Public version filed:  November 21, 2006
Page 3

## REDACTED

Affymetrix's coaching objections do not comply with the rules of Delaware or anyplace else.  *See, e.g, Tuerkes-Beckers, Inc. v. New Castle Assoc.*, 158 F.R.D. 573, 575 (D. Del. 1993) ("objection should be concise … and should not suggest an answer or otherwise coach the deponent").

And these examples are merely representative, as there were several other instances of the same sort of misconduct. This misconduct, coupled with the fact that Drs. Struhl and Lynde submitted expert reports covering a number of disparate issues[3], prevented Illumina from completing its examination of these witnesses.

Illumina believes that the nature of the misconduct by Affymetrix's Litigation Unit attorneys should result in serious sanctions, including the possible preclusion or limitation of trial testimony of Drs. Struhl and Lynde.  In the meantime, Illumina requests that Drs. Struhl and Lynde be made available for additional deposition time, and that the fees and expenses for this additional deposition time be borne by Affymetrix.  Finally, Illumina would request a telephone conference with the Court this week to address these issues and clarify the rules of conduct that will govern the remainder of the expert depositions.

Respectfully,

Richard K. Herrmann, I.D. No. 405
rherrmann@morrisjames.com

cc: Dr. Peter T. Dalleo, Clerk of the Court (via electronic filing)
    MaryEllen Noreika, Esq. (via email and hand delivery)
    Michael J. Malecek, Esq. (via email and Federal Express)

---

[3]    Dr. Lynde submitted two expert reports, one on damages and one on Illumina's unfair competition claims, that corresponded to reports from two different experts serving reports on behalf of Illumina.  Meanwhile, Dr. Struhl opined on infringement issues with respect to four of the five patents-in-suit.

# EXHIBIT   A

# EXHIBIT REDACTED
# IN ITS ENTIRETY

# EXHIBIT   B

# EXHIBIT   REDACTED
# IN   ITS   ENTIRETY