IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AFFYMETRIX, INC., | ) |
| Plaintiff/Counter-Defendant, | ) |
| v. | ) C. A. No. 04-901 (JJF) |
| ILLUMINA, INC., | ) |
| Defendant/Counter-Plaintiff. | ) |

## JOINT PRE-TRIAL ORDER

On February 8, 2007, at 11:30 a.m., counsel for Affymetrix, Inc. ("Affymetrix") and counsel for Illumina, Inc. ("Illumina") shall participate in a pre-trial conference before the Court pursuant to Rule 16 of the Federal Rules of Civil Procedure and Rule 16.4 of this Court. The following matters as to trial of this action commencing on March 5, 2007, are hereby ordered by the Court.

### I. NATURE OF THE ACTION AND PLEADINGS

1. On July 26, 2004, Affymetrix filed suit against Illumina, alleging that Illumina willfully infringes Affymetrix's U.S. Patent Nos. 5,545,531 (the "'531 patent"), 5,795,716 (the "'716 patent"), 6,355,432 (the "'432 patent"), 6,399,365 (the "'365 patent"), 6,607,887 (the "'887 patent), and 6,646,243 (the "'243 patent"). D.I. 1. On June 30, 2006, the Court granted the parties' request to dismiss with prejudice the '887 patent from the suit. The '531, '716, '432, '365, and '243 patents will hereinafter be referred to as the "patents-in-suit."

2. On September 15, 2004, Illumina filed an Answer and Counterclaims, alleging the affirmative defenses of non-infringement, prosecution history estoppel, invalidity (under 35 U.S.C. §§ 102, 103, and 112), laches/prosecution laches/estoppel, failure to mark, and adequate

remedy at law. D.I. 10. Illumina's Answer and Counterclaims also sought declaratory judgment of non-infringement and invalidity and asserted counterclaims for unfair competition under Cal. Bus. & Prof. Code §§ 17200 *et seq.* and intentional interference with actual and prospective economic advantage.

3. On October 5, 2004, Affymetrix filed a Reply to Illumina's Counterclaims. D.I. 15. The Reply raised the affirmative defenses of failure to plead a cause of action, laches, estoppel, waiver, unclean hands, adequate remedy at law, conduct not unfair, conduct not unlawful, privilege of competition, privilege of free competition, mootness, completed acts, no immediate or irreparable harm, and assignor estoppel.

4. On January 7, 2006, Illumina sought leave to file its First Amended Answer and Counterclaims. D.I. 163. The First Amended Answer and Counterclaims added a request for a declaration of unenforceability of each of the patents-in-suit, alleged a violation of Section 2 of the Sherman Act, and asserted that Affymetrix should be barred from enforcing its patents due to unclean hands. On February 17, 2006, the Court granted Illumina leave to file its First Amended Answer and Counterclaims but stayed the claim for a violation of Section 2 of the Sherman Act. D.I. 217.

5. On March 14, 2006, Affymetrix filed a Reply to Illumina's Amended Answer and Counterclaims. D.I. 232.

## II. **BASES FOR FEDERAL JURISDICTION**

1. Affymetrix is a corporation organized under the laws of the State of Delaware and has its principal place of business in Santa Clara, California.

2. Illumina is a corporation organized under the laws of the State of Delaware and has its principal place of business in San Diego, California.

3. Affymetrix's action for patent infringement arises under the Patent Laws of the United States, Title 35, United States Code. Subject matter jurisdiction over this action is proper under 28 U.S.C. §§ 1331 and 1338(a).[1] Subject matter jurisdiction over Illumina's counterclaims is proper under 28 U.S.C. §§ 1331, 1367, 1338(a), 2201, and 2202.

4. Venue is proper under 28 U.S.C. §§ 1391(b), (c) and 1400(b).

## III. STATEMENT OF ADMITTED FACTS

The facts which are admitted and require no proof at trial are attached as Exhibit 1.

## IV. STATEMENT OF ISSUES OF FACT REMAINING TO BE LITIGATED

1. Affymetrix's statement of the issues of fact that remain to be litigated is attached as Exhibit 2.

2. Illumina's statement of the issues of fact that remain to be litigated is attached as Exhibit 3.

## V. STATEMENT OF ISSUES OF LAW REMAINING TO BE LITIGATED

1. Affymetrix's statement of the issues of law that remain to be litigated, and citation of authorities relied upon, is attached as Exhibit 4.

2. Illumina's statement of the issues of law that remain to be litigated, and citation of authorities relied upon, is attached as Exhibit 5.

---

[1] Illumina contends that Affymetrix does not own the '716 patent and therefore lacks standing to assert it against Illumina in this litigation. In response to Illumina's Motion to Dismiss Count II for Lack of Standing, the Court ruled that "Affymetrix held legal title to the '716 patent during the period of alleged infringement and, therefore, that Affymetrix has standing to sue for infringement of the '716 patent." D.I. 326. Illumina disagrees with the Court's ruling on the Motion to Dismiss and intends to defend Affymetrix's infringement allegations by establishing, *inter alia*, that Affymetrix does not own the '716 patent.

## VI. **EXHIBITS**

1. The parties will offer at trial one or more of the exhibits set forth on their respective lists. These exhibit lists include potential rebuttal exhibits that may not necessarily be introduced as evidence. The exhibit lists may also include certain documents relied upon by experts in rendering opinions, which will not necessarily be introduced into evidence. (Rules 703 and 1006 of the Federal Rules of Evidence.) The parties may supplement their exhibit lists to add documents newly produced by the opposing party.

2. Affymetrix's list of pre-marked exhibits, including designations of interrogatories and answers thereto, that it may offer at trial is attached as Exhibit 6.

3. Illumina's list of pre-marked exhibits, including designations of interrogatories and answers thereto, that it may offer at trial is attached as Exhibit 7.

4. Affymetrix's objections to Illumina's list of pre-marked exhibits are attached as Exhibit 8.

5. Illumina's objections to Affymetrix's list of pre-marked exhibits are attached as Exhibit 9.

6. The parties shall identify the exhibits to be used on direct examination at least 48 hours before using those exhibits (except for adverse witnesses being called in the party's case-in-chief) and the other party shall assert any objections to those exhibits within 24 hours thereafter.

7. Demonstrative exhibits need not be included in the parties' respective exhibit lists. The parties shall exchange final drafts (subject only to addressing evidentiary objections or rulings) of demonstrative exhibits that they intend to use at trial by no later than 5:00 p.m. EST two calendar days before the use of that demonstrative exhibit at trial. The parties shall

exchange copies (using best efforts to exchange color copies) of demonstrative exhibits and shall make available for inspection physical exhibits to be used at trial, labeled with exhibit number. Exchange of large boards or transparencies is not required and these exhibits may be exchanged on 8½ x 11 inch white paper as long as the content of the exhibit is still legible. The parties' objections to the demonstrative exhibits, if any, shall be exchanged no later than 5:00 p.m. EST one calendar day before the proposed use of that demonstrative exhibit at trial. The notice provisions of this paragraph shall not apply to demonstrative exhibits created in the courtroom during testimony or opening or closing statements at trial or to the enlargement, highlighting, ballooning, excerption, etc. of trial exhibits or of testimony.

8. Any document not offered into evidence may still be used at trial for the purpose of cross examination, impeachment, or rehabilitation, if otherwise competent for such purposes.

9. Any document not specifically identified on an exhibit list or not offered into evidence may still be used at trial for the purpose of impeachment, if otherwise competent for such purposes.

## VII. WITNESSES TO BE CALLED IN PERSON OR BY DEPOSITION

1. Affymetrix intends to call the witnesses identified in Exhibit 10 to testify in person. Affymetrix intends to call the witnesses listed in Exhibit 12 to testify by deposition at trial.

2. Illumina intends to call the witnesses identified in Exhibit 11 to testify in person. Illumina intends to call the witnesses listed in Exhibit 13 to testify by deposition at trial.

3. No witness called by a party shall be permitted to testify at trial unless: (a) the witness is identified pursuant to this Order, or (b) the Court shall determine that in the interests of justice such witness should be called.

4.  Affymetrix shall provide to Illumina a list identifying the specific witnesses that it intends to call in its cases-in-chief by 5:00 p.m. EST on March 1, 2007, in the order that it intends to call those witnesses at trial. Illumina shall provide to Affymetrix a list identifying the specific witnesses that it intends to call in its cases-in-chief by 5:00 p.m. EST on March 4, 2007, in the order that it intends to call those witnesses at trial. Each party shall identify which witness will be called live and which will be offered by deposition. Except for good cause shown, each party shall be bound to call the witnesses identified in its list in the manner identified (*i.e.*, live or by deposition).

5.  Each party shall provide the other party with notice at 5:00 p.m. EST the night before each trial day of the witnesses that the party presenting its case expects to call during the next two trial days, with an update for the following days' witnesses to be given at the end of each trial day. As part of this notice, each party will provide specific deposition excerpts that it intends to play at least 48 hours in advance.

6.  Subject to the requirements adopted by the Court, the listing of a witness on a party's pretrial witness list does not require the party to call that witness to testify, and does not necessarily mean that the listing party has the power to compel the live testimony of that witness.

7.  The parties may offer at trial some or all of the deposition testimony set forth herein. A party's decision not to introduce any deposition testimony appearing herein shall not be commented on during trial.

8.  Any deposition testimony not specifically identified on a party's deposition designation list still may be used at trial for the purpose of impeachment, if otherwise competent for such purposes.

## VIII. BRIEF STATEMENT OF INTENDED PROOFS

1. A brief statement of what Affymetrix intends to prove in support of its claims, in addition to the facts not in dispute, including the damages claimed, or other relief sought, is set forth in Exhibit 14.

2. A brief statement of what Illumina intends to prove in support of its defenses and counterclaims, in addition to the facts not in dispute, including the damages claimed, or other relief sought, is set forth in Exhibit 15.

## IX. AMENDMENT TO PLEADINGS

1. Affymetrix is not currently aware of any required amendments of the pleadings. Affymetrix has alleged infringement of claims 2, 5, 8-10, 21, and 22 of the '432 patent, claims 14-16, 19, 26, 35, 36, 39, 40, 43, 52, and 53 of the '243 patent, claims 1-4 of the '531 patent, claims 17, 18, 21, 22, 24, 27, 28, 35-37, 41, 43-45, 55, and 58 of the '365 patent, and claims 1, 2, 5, 6, 9, and 10 of the '716 patent. Without prejudice as to those claims, in an effort to streamline the infringement case, Affymetrix has elected to pursue infringement of the following claims:

| Patent | Claims |
|---|---|
| '531 Patent | 1, 2 |
| '716 Patent | 1, 5, 9, 10 |
| '432 Patent | 2, 9, 10, 21 |
| '365 Patent | 35, 36, 41, 44, 55 |
| '243 Patent | 14, 15, 16, 35, 39, 43, 53 |

2. Illumina is not currently aware of any required amendments of the pleadings. Illumina contends that Affymetrix should be required to select for trial one claim per asserted

patent (or a total of five claims) from those 49 claims that Affymetrix asserted in its infringement contention interrogatory response that it relied on during the fact discovery period. Illumina contends that Affymetrix should not be permitted to assert at trial any of those claims that it impermissibly sought to add after fact discovery closed, and which are the subject of a pending motion before the Court.

## X. CERTIFICATE OF ATTEMPTED RESOLUTION OF CONTROVERSY

The parties certify that they have discussed the resolution of this controversy by settlement and that no agreement has been reached.

## XI. MISCELLANEOUS ISSUES

1. By February 15, 2007, the parties shall serve and file any motions *in limine* and/or to strike, and any *Daubert* motions and opening briefs. By February 22, 2007, the parties will serve and file answering briefs. There shall be no replies to the motions. Except as otherwise agreed to in this Paragraph, the requirements of Local Rules 7.1.1 – 7.1.5 shall apply.

2. Affymetrix proposes that the trial be bifurcated as follows. The first phase of the trial shall include infringement of the patents-in-suit, willful infringement, and damages, with trial lasting 8 court days. A trial regarding validity of the patents-in-suit issues shall be set for a future date. Illumina's business tort counterclaims should be dismissed or stayed along with Illumina's antitrust counterclaim.

3. Illumina proposes that the trial be trifurcated as follows: The first phase of the trial shall constitute a trial of liability on the affirmative claims in the case[2], *i.e.*, Affymetrix's

---

[2] Illumina objects to trying the infringement and invalidity issues in separate trials as prejudicial because these issues are especially intertwined in this case and such a structure permits Affymetrix to continue to take inconsistent positions on these issues. In
(continued . . .)

patent infringement claims, and Illumina's counterclaims for unfair competition and intentional interference with contractual and prospective business relations. The first phase of the trial shall last eight court days. The second phase of the trial shall be tried in Summer 2007 and shall include a trial of the invalidity and unenforceability of the patents-in-suit. The third phase of the trial shall include damages and willful infringement, if necessary.

4.  A list of miscellaneous issues that Affymetrix wishes to address at the pre-trial conference is set forth in Exhibit 16.

5.  A list of miscellaneous issues that Illumina wishes to address at the pre-trial conference is set forth in Exhibit 17.

## XII. ORDER TO CONTROL COURSE OF ACTION

1.  This Order shall control the subsequent course of this action, unless modified by the Court to prevent manifest injustice. The parties reserve the right to supplement the pre-trial order as discussed herein.

| MORRIS, NICHOLS, ARSHT & TUNNELL LLP | MORRIS, JAMES, HITCHENS & WILLIAMS LLP |
|---|---|
| /s/ Maryellen Noreika | /s/ Richard K. Herrmann |
| Jack B. Blumenfeld (#1014) | Richard K. Herrmann (#405) |
| Maryellen Noreika (#3208) | 222 Delaware Avenue, 10th Floor |
| 1201 N. Market Street | P.O. Box 2306 |
| Wilmington, DE 19899-1347 | Wilmington, DE 19899-2306 |
| (302) 658-9200 | (302) 888-6800 |
| mnoreika@mnat.com | rherrman@morrisjames.com |
| *Attorneys for Affymetrix, Inc.* | *Attorneys for Illumina, Inc.* |

---

(. . . continued)
light of the Court's established practice to separate these issues, however, Illumina has proposed a structure that adopts the Court's practice.

| | |
|---|---|
| Michael J. Malecek<br>Daniel R. Reed<br>Andrea L. Gross<br>Stephen Holmes<br>Peter E. Root<br>AFFYMETRIX, INC.<br>6550 Vallejo Street, Suite 100<br>Emeryville, CA  94608<br>(510) 428-8500 | Robert G. Krupka, P.C.<br>Kirkland & Ellis LLP<br>777 South Figueroa Street<br>Los Angeles, CA 90017<br>(213) 680-8400<br><br>Mark A. Pals<br>Marcus E. Sernel<br>KIRKLAND & ELLIS LLP<br>200 East Randolph Drive<br>Chicago, IL  60601<br>(312) 861-2000 |

SO ORDERED this __ day of _____, 2007.

_____
United States District Court Judge