IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| AFFYMETRIX, INC., | ) | |
| | ) | |
| Plaintiff/Counter-Defendant | ) | C.A. No. 04-901-JJF |
| | ) | |
| v. | ) | |
| | ) | |
| ILLUMINA, INC., | ) | |
| | ) | |
| Defendant/Counter-Plaintiff | ) | |

## JOINT PROPOSED PRELIMINARY JURY INSTRUCTIONS

Pursuant to D. Del. L.R. 51.1(a), Affymetrix, Inc. submits the attached Joint

Proposed Preliminary Jury Instructions, in triplicate. The parties have reached agreement with

respect to instructions 1.4, 1.5, 1.7 and 1.8, and have agreed to continue to confer and attempt to

reach agreement on additional instructions once it is determined what issues in the case will be

tried together. These instructions are also being submitted on disk in WordPerfect format.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Derek J. Fahnestock (#4705)*
Jack B. Blumenfeld (#1014)
Maryellen Noreika (#3208)
Derek J. Fahnestock (#4705)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
djfahnestock@mnat.com
*Attorneys for Affymetrix, Inc.*

MORRIS JAMES LLP

*/s/ Richard K. Herrmann (#405)*
Richard K. Herrmann (#405)
500 Delaware Avenue, Suite 1500
P.O. Box 2306
Wilmington, DE 19801-1494
(302) 888-6800
rherrman@morrisjames.com
*Attorneys for Illumina, Inc*

.

OF COUNSEL:

Michael J. Malecek
Daniel R. Reed
Andrea L. Gross
Stephen C. Holmes
AFFYMETRIX, INC.
6550 Vallejo Street, Suite 100
Emeryville, CA  94608
(510) 428-8500

February 5, 2007

OF COUNSEL:

Mark A. Pals, P.C.
Marcus E. Sernel
KIRKLAND & ELLIS, LLP
200 East Randolph Drive
Chicago, Illinois 60601
(312) 861-2000

## Table of Contents

1.1. The Parties ........................................................................................................ 2

1.2. Patent System..................................................................................................... 3

1.3. Summary of the Issues to be Tried .................................................................... 4

1.4. Duty of Jurors .................................................................................................... 5

1.5. Evidence ............................................................................................................. 6

1.6. Burden of Proof ................................................................................................. 7

1.7. Conduct of the Jury............................................................................................ 8

1.8. Course of the Trial ............................................................................................. 9

Members of the jury:[1]

Now that you have been sworn, I have the following preliminary instructions for guidance

on your role as jurors in this case.  You will receive detailed instructions after all witnesses

have testified.

---

[1]    Source:  Adapted from ABA 2005 Model Jury Instructions for Patent Litigation, 2003 Draft Uniform Jury Instructions For Patent Cases in the U.S. District for the District of Delaware (2003), and Preliminary Jury Instructions in *Power Integrations, Inc. v. Fairchild Semiconductor Internat'l Inc.*, C.A. No. 04-1371-JJF (October 6, 2006) (hereinafter "Power Integrations Preliminary Instructions").

## 1.1.    The Parties

To be submitted separately by each party.

## 1.2.    Patent System

To be submitted separately by each party.

### 1.3.    Summary of the Issues to be Tried

To be submitted separately by each party.

### 1.4.    Duty of Jurors

It will be your duty to find what the facts are from the evidence as presented at the trial. You, and you alone, are the judges of the facts. You will have to apply those facts to the law as I will instruct you at the close of the evidence. You must follow that law whether you agree with it or not.

You are the judges of the facts. I will decide which rules of law apply to this case.

Nothing I say or do during the course of the trial is intended to indicate what your verdict should be.

### 1.5. <u>Evidence</u>

The evidence from which you will find the facts will consist of the testimony of witnesses, and documents and other things admitted into evidence. In addition, the evidence may include certain facts as agreed to by the parties or as I instruct you.

Certain things are not evidence.

1.    Statements, arguments and questions by lawyers are not evidence.

2.    Objections to questions are not evidence. Lawyers have an obligation to their clients to make an objection when they believe testimony or exhibits being offered into evidence are not admissible under the rules of evidence. You should not be influenced by a lawyer's objection or by my ruling on the objection. If I sustain or uphold the objection, and find the matter is not admissible, you should ignore the question or documents. If I overrule an objection and allow the matter to be entered into evidence, you should treat the testimony or document like any evidence. If I instruct you during the trial that some item of evidence is admitted for a limited purpose, you must follow that instruction and consider that evidence for that limited purpose only. If this does occur during the trial, I will try to clarify this for you at the time.

3.    Anything you see or hear outside the Courtroom is not evidence and must be disregarded. You are to decide this case solely on the evidence presented here in the Courtroom.

In judging the facts, it will be up to you to decide which witnesses to believe, which witnesses not to believe and how much of any witness's testimony to accept or reject.

6

### 1.6.    <u>Burden of Proof</u>

To be submitted separately by each party.

## 1.7.    Conduct of the Jury

Now, a few words about your conduct as jurors.

First, during the trial and until you have heard all the evidence and retired to the jury room to deliberate, you are not to discuss the case with anyone, not even among yourselves. If anyone should try to talk to you about the case, bring it to my attention promptly. Once you have started deliberations at the end of trial do not talk to anyone but a fellow juror or myself.

Second, do not read or listen to anything touching on this case that is not admitted into evidence. By that I mean, if there might be a newspaper article or radio or television report relating to this case, do not read the article or watch or listen to the report. In addition, do not try to do any independent research or investigation on your own on matters relating to the case.

Finally, do not reach any conclusion as to the allegations of either party until all the evidence is in. Keep an open mind until you start your deliberations at the end of the case.

If you wish, you may take notes. My Courtroom deputy will arrange for pens, pencils and paper. If you do take notes, leave them in the jury room when you leave at night. And remember that they are for your own personal use — they are not to be given or read to anyone else.

8

## 1.8.    Course of the Trial

The trial will now begin.  First, each side may make an opening statement.  An opening statement is neither evidence nor argument.  It is an outline of what that party intends to prove, and is presented to help you follow the evidence as it is later offered.

After the opening statements, Affymetrix will present its witnesses, and Illumina may cross-examine them.  Then Illumina will present its witnesses, and Affymetrix may cross-examine them.

After all the evidence is presented, the attorneys will make their closing arguments to summarize and interpret the evidence for you, and I will give you instructions on the law and describe for you the matters you must resolve.

You will then retire to the jury room to deliberate on your verdict.

At the end of this trial and before you begin your deliberations, I will read a copy of written instructions on the law.

CERTIFICATE OF SERVICE

I hereby certify that on February 5, 2007, I electronically filed the foregoing document using CM/ECF which will send notification of such filing(s) to the following:

Richard K. Herrmann
Morris James LLP

I also certify that copies were caused to be served on February 5, 2007 upon the following in the manner indicated:

**BY HAND**

Richard K. Herrmann
Morris James LLP
500 Delaware Avenue, Suite 1500
P.O. Box 2306
Wilmington, DE  19801-1494

**BY FEDERAL EXPRESS  (as of February 6, 2007)**

Marcus E. Sernel
Kirkland & Ellis LLP
200 East Randolph Drive
Chicago, IL  60601

                                          */s/Derek J. Fahnestock (#4705)*
                                          Derek J. Fahnestock (#4705)
                                          dfahnestock@mnat.com