IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| AFFYMETRIX, INC., | ) | |
| | ) | |
| Plaintiff/Counter-Defendant | ) | C.A. No. 04-901-JJF |
| | ) | |
| v. | ) | |
| | ) | |
| ILLUMINA, INC., | ) | |
| | ) | |
| Defendant/Counter-Plaintiff | ) | |

**AFFYMETRIX'S PROPOSED PRELIMINARY JURY INSTRUCTIONS**

Pursuant to D. Del. L.R. 51.1(a), Affymetrix, Inc. submits the attached Proposed Preliminary Jury Instructions, in triplicate. The proposed instructions that the parties have agreed upon (nos. 1.4, 1.5, 1.7 and 1.8) have been submitted separately. Thus, attached are Affymetrix's proposals with respect to instruction nos. 1.1, 1.2, 1.3 and 1.6, on which the parties have not yet reached agreement. These instructions are also being submitted on disk in WordPerfect format.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Derek J. Fahnestock (#4705)*
Jack B. Blumenfeld (#1014)
Maryellen Noreika (#3208)
Derek J. Fahnestock (#4705)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
  *Attorneys for Plaintiff*
  *Affymetrix, Inc.*

OF COUNSEL:

Michael J. Malecek
Daniel R. Reed
Andrea L. Gross
Stephen C. Holmes
AFFYMETRIX, INC.
6550 Vallejo Street, Suite 100
Emeryville, CA 94608
(510) 428-8500

February 5, 2007

# **TABLE OF CONTENTS**

1.1. The Parties [Plaintiff's Proposed Instruction] ............................................................... 2

1.2. Patent System [Plaintiff's Proposed Instruction] .......................................................... 3

1.3. Summary of the Issues to be Tried [Plaintiff's Proposed Instruction] ......................... 4

1.4. Duty of Jurors .............................................................................................................. 5

1.5. Evidence ....................................................................................................................... 6

1.6. Burden of Proof [Plaintiff's Proposed Instruction] ...................................................... 7

1.7. Conduct of the Jury ..................................................................................................... 8

1.8. Course of the Trial ....................................................................................................... 9

Members of the jury:[1]

Now that you have been sworn, I have the following preliminary instructions for guidance on your role as jurors in this case. You will receive detailed instructions after all witnesses have testified.

---

[1] Source: Adapted from ABA 2005 Model Jury Instructions for Patent Litigation, 2003 Draft Uniform Jury Instructions For Patent Cases in the U.S. District for the District of Delaware (2003), and Preliminary Jury Instructions in *Power Integrations, Inc. v. Fairchild Semiconductor International Inc.*, C.A. No. 04-1371-JJF (October 6, 2006) (hereinafter "Power Integrations Preliminary Instructions").

1

### 1.1. <u>The Parties</u> [Plaintiff's Proposed Instruction]

This case is an action for patent infringement arising under the patent laws of the United States. The parties are Affymetrix, Inc., the plaintiff, and Illumina, Inc., the defendant. Plaintiff may be called "Affymetrix" and defendant may be called "Illumina" by the lawyers and witnesses in the case.

Plaintiff, Affymetrix, is the owner of the five asserted United States Patents – patent nos. 5,545,531, 5,795,716, 6,355,432, 6,399,365, and 6,646,243. During this trial, the patents may be called collectively the "patents-in-suit" by the lawyers and witnesses in this case. The patents may also be referred to individually by the last three digits of their patent numbers. For example, United States patent no. 5,545,531 may be referred to as the '531 patent. Affymetrix contends that a number of Illumina's products and services infringe the patents-in-suit. In this action, Illumina denies Affymetrix's infringement allegations. Illumina also does not believe it willfully infringed the asserted patents because it believes the patents are not infringed or invalid, but you are not determining the validity of the patents in this case.

**1.2.    Patent System** [Plaintiff's Proposed Instruction]

We will now watch a short video that provides some background information on United States patents, which will help you perform your duties in this case.

### 1.3. Summary of the Issues to be Tried [Plaintiff's Proposed Instruction]

In this case, you must decide several issues according to the instructions that I shall give you at the end of the trial. Those instructions will repeat this summary and will provide more detail. In essence, you must decide the following issues:

Affymetrix filed this suit in this court seeking money damages from Illumina for allegedly infringing the patents-in-suit by selling products and services that Affymetrix argues are covered by certain claims of the patents-in-suit. Illumina denies that it has infringed these claims of the patents.

Affymetrix contends that Illumina is infringing claims [list asserted claims]. Your job will be to decide whether Illumina has infringed these claims. If you decide that the patents-in-suit are infringed by Illumina, you will then need to decide the amount of any money damages to be awarded to Affymetrix. You will also need to make a finding as to whether Illumina's infringement was willful. If you decide that any infringement was willful, that decision should not affect any damage award you give. I separately decide what effect, if any, your determination of willfulness has on the amount of damages that you might award Affymetrix.

### 1.4. Duty of Jurors

To be submitted jointly as agreed upon by the parties.

### 1.5. Evidence

To be submitted jointly as agreed upon by the parties.

**1.6.    Burden of Proof** [Plaintiff's Proposed Instruction]

This is a civil case. The plaintiff, Affymetrix, has the burden of proving infringement and damages by what is called a preponderance of the evidence. That means Affymetrix has to produce evidence which, when considered in light of all the facts, leads you to believe that what Affymetrix claims is more likely than not. To put it differently, if you were to put Affymetrix's and Illumina's evidence on the opposite sides of a scale, and the evidence supporting Affymetrix's claims makes the scales tip somewhat on its side, then your verdict on infringement must be for Affymetrix. If Affymetrix fails to meet this burden, your verdict on infringement must be for Illumina.

Affymetrix also alleges that Illumina willfully infringed the patents-in-suit. If Affymetrix meets its burden on infringement, Affymetrix then must prove by clear and convincing evidence that Illumina's infringement was willful. Clear and convincing evidence is evidence that produces an abiding conviction that the truth of a factual contention is highly probable. Proof by clear and convincing evidence is thus a higher burden of proof then proof by a preponderance of the evidence. You are not determining the validity of the patents in this case and you are to presume the patents-in-suit are valid.

Those of you who are familiar with criminal cases will likely have heard the term "proof beyond a reasonable doubt." That burden does not apply to this case. Clear and convincing evidence is a lesser burden of proof than "beyond a reasonable doubt." You should therefore put the concept of "beyond a reasonable doubt" out of your mind in considering whether either party has met their burden of proof in this case.

I will give you more detailed instructions on the law at the end of the case.

1.7. **Conduct of the Jury**

To be submitted jointly as agreed upon by the parties.

### 1.8. Course of the Trial

To be submitted jointly as agreed upon by the parties.

CERTIFICATE OF SERVICE

I hereby certify that on February 5, 2007, I electronically filed the foregoing document using CM/ECF which will send notification of such filing(s) to the following:

Richard K. Herrmann
Morris James LLP

I also certify that copies were caused to be served on February 5, 2007 upon the following in the manner indicated:

**BY HAND**

Richard K. Herrmann
Morris James LLP
500 Delaware Avenue, Suite 1500
P.O. Box 2306
Wilmington, DE  19801-1494


**BY FEDERAL EXPRESS (as of February 6, 2007)**

Marcus E. Sernel
Kirkland & Ellis LLP
200 East Randolph Drive
Chicago, IL  60601


/s/ Derek J. Fahnestock (#4705)
Derek J. Fahnestock (#4705)
dfahnestock@mnat.com