**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| **AFFYMETRIX, INC.**, | ) |
| | ) |
| Plaintiff/Counter-Defendant, | ) |
| | ) |
| v. | ) Civil Action No.:  04-901-JJF |
| | ) |
| **ILLUMINA, INC.**, | ) |
| | ) |
| Defendant/Counter-Plaintiff. | ) |
| | ) |

## ILLUMINA, INC.'S PROPOSED PRELIMINARY JURY INSTRUCTIONS

Pursuant to D. Del. L.R. 51.1(a), Illumina, Inc. submits the attached Proposed Preliminary Jury Instructions in triplicate. The parties have reached agreement with respect to Jury Instruction Nos. 1.4, 1.5, 1.7 and 1.8. Illumina will submit these instructions electronically in WordPerfect format at an appropriate time to be determined by the Court.

## 1.  INTRODUCTION [AGREED]

Members of the jury:

  Now that you have been sworn, I have the following preliminary instructions for guidance on your role as jurors in this case.  You will receive detailed instructions after all witnesses have testified.

**1.1 The Parties [DISPUTED]**[1]

This case involves an action for patent infringement arising under the patent laws of the United States, and an action for unfair competition and intentional interference with contractual and prospective business relations.

In the patent infringement action, the plaintiff is Affymetrix, Inc. and the defendant is Illumina, Inc. In the actions for unfair competition and intentional interference with contractual and prospective business relations, the plaintiff is Illumina, Inc. and the defendant is Affymetrix, Inc. I will refer to Affymetrix, Inc. as "Affymetrix" and to Illumina, Inc. as "Illumina."

Affymetrix is the alleged owner of the five asserted United States Patents – patent nos. 5,545,531, 5,795,716, 6,355,432, 6,399,365, and 6,646,243. During this trial, the patents may be called collectively the "patents-in-suit" by the lawyers and witnesses in this case. The patents may also be referred to individually by the last three digits of their patent numbers. For example, United States patent number 5,545,531 may be referred to as the '531 patent. Affymetrix contends that a number of Illumina's products and services infringe the patents-in-suit.

Illumina denies that its products and services infringe, literally or under the doctrine of equivalents, any of the asserted claims of the patents-in-suit. Illumina also denies that it either contributed to, or induced, infringement of any claim. Illumina further contends that the claims of the patents-in-suit are invalid and unenforceable.

In addition, Illumina contends that Affymetrix has engaged in unfair competition and intentionally interfered with prospective and contractual business relations in a manner that has caused Illumina to suffer damages.

---

[1] Adapted from the Uniform Jury Instructions For Patent Cases In The United States District Court For The District Of Delaware 2004 (hereinafter 2004 Draft Delaware Uniform Instructions"). Affymetrix's proposed instruction does not address Illumina's counterclaims in this litigation.

**1.2 "Patent System" Instructions [DISPUTED][2]**

**1.2.1 The Patent System -- Generally**

Now let me tell you a little bit about patent law. Patent law comes from the United States Constitution. The Constitution grants Congress the power to enact laws "to promote the progress of science and useful arts, by securing for limited times to authors and inventors the exclusive right to their respective writings and discoveries." With this power, Congress enacted the patent laws.

Tangible goods, processes and methods may be patented. For a good, process or method to be patentable, it must be new and useful. In addition, the good, process or method must not have been obvious to a person having ordinary skill in the art of the invention. A patent cannot legally take away from people their right to use that which was known, or that which was obvious from what was known, before the invention was made. Thus, a patent will not be valid if it deprives people of the right to use old or known products, processes or methods, or of their right to use products, processes or methods that were obvious at the time the invention was made. That which was already known at the time of the invention is called the "prior art". You will hear about the prior art relating to the patents-in-suit during the trial and I will give you more instructions about what constitutes prior art at the end of the case.

---

[2] Affymetrix proposes an instruction for providing an overview of the patent system -- *i.e.*, "1.2 Patent System" -- that replaces verbal instructions with a video. Illumina needs to review this video, and therefore cannot accept this instruction at this time. Affymetrix identified the video to Illumina for the first time during the parties' teleconference on February 2, 2006. Accordingly, Illumina reserves the right to obtain and review this video and to supplement these instructions based upon the content therein and the scope of trial as determined during the pretrial conference.

In the event that the video is unacceptable in whole or in part, Illumina proposes alternative verbal instructions in place of the proposed video. The source for the alternative verbal instructions that Illumina proposes is the 2004 Draft Delaware Model Instructions, pages 5-7, and the Federal Circuit Bar Association Model Patent Jury Instructions, §§ 2.2 and 3.2.5.

Under the patent laws, the United States Patent and Trademark Office in the Washington, D.C. area, which we refer to as the "USPTO", examines patent applications and determines whether an invention should be granted a United States patent. A patent application must include a number of things, including a detailed description of the invention that is sufficiently full, clear, concise and exact to enable any person skilled in the art of the invention to make and use the invention and a disclosure of the best mode of carrying out the invention known to the inventor at the time the application is filed. The application includes a written description of the invention, called a "specification" and may include drawings that illustrate the invention. A patent specification ends with one or more numbered sentences that are called the patent's claims and that particularly and distinctly define the subject matter that the inventor regards as his or her invention.

When the USPTO receives a patent application, it is assigned to an examiner, who examines the application, including the claims, to determine whether the application complies with the requirements of the patent laws. The examiner reviews files of prior art in the form of voluminous files of patents and publications. Documents found in the search of prior art are called "references." In conducting the search of prior art, the examiner notes in writing on the file the classes or subclasses of art searched. All of the papers concerning the examination of a patent application before the USPTO are called the "prosecution history" or "file wrapper."

If, after reviewing the prior art maintained at the USPTO, the examiner concludes that the claims presented by the applicant defined the applicant's claimed invention (over the most relevant known prior art), the application is granted as a U.S. patent.

A patent gives its owner the right to exclude others from making, using or selling the patented invention throughout the United States for a specific period of time, usually 20 years

from the date the application was filed with the USPTO. A person who, without the patent owner's permission, makes, uses, sells or offers to sell in the United States a patented invention, is infringing that patent.

In this case, you will be asked to decide about the validity and enforceability of the patents-in-suit. Validity refers to whether the patents should have been allowed at all by the USPTO. A party accused of infringing a patent is entitled to challenge whether the asserted patent claims are sufficiently new or non-obvious in light of the prior art or whether other requirements of patentability have been met. In other words, if the patent in question is invalid it is a defense to an infringement lawsuit.

Unenforceability resulting from inequitable conduct relates to the patentee's conduct before the USPTO. A party accused of infringing a patent is also entitled to challenge whether the asserted patent claims were obtained as a result of the patentee intentionally withholding or misrepresenting material information with an intent to mislead or deceive the patent office.

You may wonder why it is that you would be asked to consider such things when a patent has already been reviewed by a government examiner. There are several reasons for this. For example, there may be facts or arguments that the examiner did not consider, such as prior art that was not located by the USPTO or provided by the applicant. Also because the patent application process is private, other interested people do not have the opportunity to present materials to the examiner. There is, of course, also the possibility that mistakes were made or important information overlooked. Examiners have a lot of work to do, and no process is perfect.

You will hear many of the terms I used in this description during the trial. They are summarized in the "Glossary of Patent Terms" which will be given to you along with these instructions. Please feel free to refer to this glossary throughout the trial.

### 1.2.1  Glossary of Patent Terms[3]

I will now read to you the terms and their meaning as identified in the "Glossary of Patent Terms":

Claims:  The numbered sentences appearing at the end of the patent that define the invention.  The words of the claims define the scope of the patent owner's exclusive rights during the life of the patent.

Disclosure of Description:  That part of the patent specification which explains how the invention works and usually includes a drawing.

File Wrapper (also called "prosecution history"):  The written record of proceedings in the Patent and Trademark Office, including the original patent application and subsequent communications between the Patent and Trademark Office and the applicant.

License:  Permission to use a patented invention, which may be granted by a patent owner in exchange for a fee called a "royalty" or other consideration.

Patent Application:  The initial papers filed in the United States Patent and Trademark Office by an applicant.

Patent Examiners:  Personnel employed by the Patent and Trademark Office who review or examine patent applications to determine whether the claims of a patent application are patentable and whether the disclosure adequately describes the invention.

Prior Art:  Knowledge that is available to the public either prior to the invention by applicant or more than one year prior to the filing date of the application.

References:  Any item of prior art used to determine patentability.

---

[3] The source for this instruction is 1993 Delaware Uniform Jury Instructions and AIPLA Model Patent Jury Instructions (2005).

Specification:  That part of the patent application or patent which describes the invention and concludes with one or more claims.

### 1.3  Summary of the Issues to be Tried[4]  [DISPUTED]

In this case, you must decide several issues according to the instructions that I shall give you at the end of the trial. Those instructions will repeat this summary and will provide more detail. In essence, you must decide the following issues:

Affymetrix contends that Illumina is allegedly infringing claims **[list the asserted claims of the patents-in-suit]** by selling products and services that Affymetrix argues are covered by certain claims of the patents-in-suit.

Your job will be to decide whether Illumina has infringed these claims.

Illumina denies that its products and services infringe any of the asserted claims of the patents-in-suit, and asserts that Affymetrix's patents-in-suit are both invalid and unenforceable. Illumina also contends that Affymetrix has engaged in unfair and unlawful business practices and intentionally interfered with Illumina's prospective and contractual business relations.

More specifically, Illumina contends that the claims of the patents-in-suit are invalid for a number of reasons, including that the inventions claimed were not new, but were instead previously made by others. Illumina contends that the claims are invalid as "anticipated" by the prior art and that Affymetrix derived the claims from the work and publications of others. Illumina also contends that the patents-in-suit are invalid because the claimed invention would have been obvious to a person of ordinary skill in the field of the invention at the time it was made. Illumina also contends that the patents-in-suit are invalid because the patents do not contain a description of each and every limitation of the patent claims, because the patents-in-suit do not contain enough information to teach a skilled person how to make and use the claimed invention without undue experimentation, and because the claims are not definite

---

[4] Affymetrix's proposed instruction does not address Illumina's counterclaims in this litigation.

enough that a skilled person reading them would know what is covered by the claims and what is not. It is your job to determine whether or not the legal requirements of patentability were met; that is, it is your job to determine whether or not the patents-in-suit are invalid.

Furthermore, Illumina contends that Affymetrix may not enforce the patents-in-suit against Illumina because Affymetrix engaged in inequitable conduct before the Patent and Trademark Office when it obtained the patents-in-suit. To prove that inequitable conduct occurred, Illumina must prove that it is highly probable that the patent applicant, or the applicant's attorney or representative, withheld or misrepresented material information, and did so with an intent to mislead or deceive the Patent and Trademark Office. I will provide you with more details about inequitable conduct at the end of this case.

If you decide that Illumina has infringed a valid and enforceable claim of the patents-in-suit, you will then need to decide the amount of any money damages to be awarded to Affymetrix and whether Illumina's infringement was willful. If you decide that any infringement was willful, that decision should not affect any damage award you give. I separately decide what effect, if any, your determination of willfulness has on the amount of damages that you might award Affymetrix.

Illumina contends that Affymetrix has engaged in unfair competition and intentionally interfered with prospective and contractual business relations in a manner that has caused Illumina to suffer monetary and irreparable damages, including injury to Illumina's good will and reputation in the marketplace. I will provide you with more details about each of these contentions at the end of this case.

**1.4  Duty of Jurors [AGREED]**

It will be your duty to find what the facts are from the evidence as presented at the trial. You, and you alone, are the judges of the facts. You will have to apply those facts to the law as I will instruct you at the close of the evidence. You must follow that law whether you agree with it or not.

You are the judges of the facts. I will decide which rules of law apply to this case.

Nothing I say or do during the course of the trial is intended to indicate what your verdict should be.

**1.5  Evidence [AGREED]**

The evidence from which you will find the facts will consist of the testimony of witnesses, and documents and other things admitted into evidence.  In addition, the evidence may include certain facts as agreed to by the parties or as I instruct you.

Certain things are not evidence.

1.      Statements, arguments and questions by lawyers are not evidence.

2.      Objections to questions are not evidence.  Lawyers have an obligation to their clients to make an objection when they believe testimony or exhibits being offered into evidence are not admissible under the rules of evidence.  You should not be influenced by a lawyer's objection or by my ruling on the objection.  If I sustain or uphold the objection, and find the matter is not admissible, you should ignore the question or documents.  If I overrule an objection and allow the matter to be entered into evidence, you should treat the testimony or document like any evidence.  If I instruct you during the trial that some item of evidence is admitted for a limited purpose, you must follow that instruction and consider that evidence for that limited purpose only.  If this does occur during the trial, I will try to clarify this for you at the time.

3.      Anything you see or hear outside the Courtroom is not evidence and must be disregarded.  You are to decide this case solely on the evidence presented here in the Courtroom.

In judging the facts, it will be up to you to decide which witnesses to believe, which witnesses not to believe and how much of any witness's testimony to accept or reject.

### 1.6  Burden of Proof  [DISPUTED][5]

Affymetrix has the burden of proving patent infringement and damages by what is called a preponderance of the evidence.  That means Affymetrix has to produce evidence which, when considered in light of all the facts, leads you to believe that what Affymetrix claims is more likely true than not.  To put it differently, if you were to put Affymetrix's and Illumina's evidence on the opposite sides of a scale, the evidence supporting Affymetrix's claims would have to make the scales tip somewhat on its side.  If Affymetrix fails to meet this burden, your verdict on infringement must be for Illumina.

Affymetrix also alleges that Illumina willfully infringed the patents-in-suit.  Affymetrix must prove its claims of willful infringement by clear and convincing evidence.  Clear and convincing evidence is evidence that produces an abiding conviction that the truth of a factual contention is highly probable.  Proof by clear and convincing evidence is thus a higher burden of proof then proof by a preponderance of the evidence.

In this case, Illumina is contending that Affymetrix's patents-in-suit are invalid.  Illumina has the burden of proving that the patent-in-suit is invalid by clear and convincing evidence.

Illumina also contends that Affymetrix's patents are unenforceable.  Illumina has the burden of proving by clear and convincing evidence that Affymetrix obtained certain of the patents-in-suit by intentionally withholding or misrepresenting material information with an intent to mislead or deceive the patent office.

With respect to the unfair competition claims, Illumina must prove its claims that Affymetrix engaged in unfair competition, intentionally interfered with contractual relations

---

[5] Source:  Adapted from the 2004 Draft Delaware Model Instructions.  Affymetrix's proposed instruction does not address Illumina's counterclaims in this litigation.

and/or intentionally interfered with prospective business relations by a preponderance of the evidence.

Some of you may have heard the term "proof beyond a reasonable doubt." That burden applies only in criminal cases and has nothing to do with a civil case like this one. You should therefore not consider it in this case.

**1.7  Conduct of the Jury [AGREED]**

Now, a few words about your conduct as jurors.

First, during the trial and until you have heard all the evidence and retired to the jury room to deliberate, you are not to discuss the case with anyone, not even among yourselves. If anyone should try to talk to you about the case, bring it to my attention promptly. Once you have started deliberations at the end of trial do not talk to anyone but a fellow juror or myself.

Second, do not read or listen to anything touching on this case that is not admitted into evidence. By that I mean, if there might be a newspaper article or radio or television report relating to this case, do not read the article or watch or listen to the report. In addition, do not try to do any independent research or investigation on your own on matters relating to the case.

Finally, do not reach any conclusion as to the allegations of either party until all the evidence is in. Keep an open mind until you start your deliberations at the end of the case.

If you wish, you may take notes. My Courtroom deputy will arrange for pens, pencils and paper. If you do take notes, leave them in the jury room when you leave at night. And remember that they are for your own personal use — they are not to be given or read to anyone else.

**1.8  Course of the Trial [AGREED]**

The trial will now begin.  First, each side may make an opening statement.  An opening statement is neither evidence nor argument.  It is an outline of what that party intends to prove, and is presented to help you follow the evidence as it is later offered.

After the opening statements, Affymetrix will present its witnesses, and Illumina may cross-examine them.  Then Illumina will present its witnesses, and Affymetrix may cross-examine them.

After all the evidence is presented, the attorneys will make their closing arguments to summarize and interpret the evidence for you, and I will give you instructions on the law and describe for you the matters you must resolve.

You will then retire to the jury room to deliberate on your verdict.

At the end of this trial and before you begin your deliberations, I will read a copy of written instructions on the law.

Dated: February 5, 2007

    */s/ Richard K. Herrmann*
Richard K. Herrmann (#405)
MORRIS JAMES LLP
500 Delaware Avenue, Suite 1500
Wilmington, Delaware 19801-1494
(302) 888 6800
rherrmann@morrisjames.com

Robert G. Krupka, P.C.
KIRKLAND & ELLIS LLP
777 South Figueroa Street
Los Angeles, CA 90017
(213) 680-8400

Mark A. Pals, P.C.
Marcus E. Sernel
KIRKLAND & ELLIS LLP
200 East Randolph Drive
Chicago, Illinois 60601
(312) 861 2000

*Attorneys for Illumina, Inc.*