# Morris, Nichols, Arsht & Tunnell LLP

1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19899-1347

302 658 9200
302 658 3989 Fax

Maryellen Noreika
302 351 9278
302 425 3011 Fax
mnoreika@mnat.com

Original Filing Date: February 13, 2007
Redacted Filing Date: February 19, 2007

**BY E-FILING (cover letter only)**
**& BY HAND (cover letter and enclosure)**

The Honorable Joseph J. Farnan, Jr.                **PUBLIC VERSION**
United States District Court
844 King Street
Wilmington, DE 19801

    Re:    <u>Affymetrix, Inc. v. Illumina Inc., C.A. No. 04-CV-901 JJF</u>

Dear Judge Farnan:

    For the Court's *in camera* review, enclosed is a copy of the inadvertently produced Affymetrix document that was the subject of discussion at the pretrial conference last week. The document is an email chain between Phil McGarrigle (Affymetrix's chief patent counsel) and other Affymetrix employees regarding patent prosecution strategy and is thus privileged.[1] *In re Spalding Sports Worldwide, Inc.*, 203 F.3d 800, 806 (Fed. Cir. 2000) ("It is enough that the overall tenor of the document indicates that it is a request for legal advice or services. Moreover, it is not necessary to expressly request confidential legal assistance when that request is implied.").

                                      Respectfully,

                                      /s/ *Maryellen Noreika*

                                      Maryellen Noreika (#3208)

Enclosure (document for *in camera* review)
cc:    Dr. Peter T. Dalleo, Clerk (By Hand w/o enclosure)
        Richard K. Herrmann, Esquire (By Hand w/o enclosure)
        Marcus E. Sernel, Esquire (By Fax w/o enclosure)

---

[1]     The document is also irrelevant to the infringement and damages issues to be tried in phase I of this case. As this Court has previously held, "[i]t is not improper for a patent applicant to broaden his claims during prosecution based on information that the applicant's attorney has learned about during the prosecution of a patent application, as long as the disclosure supports the broadened claims." *Lucent Extreme Techs., Inc. v. Extreme Networks, Inc.*, 367 F. Supp. 2d 649, 655 (D. Del. 2005). "Any such amendment or insertion must comply with all statutes and regulations, of course, but, if it does, its genesis in the marketplace is simply irrelevant . . .." *Kingsdown Medical Consultants, Ltd. v. Hollister Inc.*, 863 F.2d 867, 874 (Fed.Cir.1988).