# Morris James LLP

Richard K. Herrmann
302.888.6816
rherrmann@morrisjames.com

February 19, 2007

VIA ELECTRONIC FILING
AND HAND DELIVERY
The Honorable Joseph J. Farnan, Jr.
USDC for the District of Delaware
844 King Street
Wilmington, DE 19801

Re: *Affymetrix, Inc. v. Illumina, Inc.*, D. Del., C.A. No. 04-901-JJF

Your Honor:

This letter addresses the continuing dispute between the parties regarding the number of patents and claims in the case. Your Honor provided the following guidance during the February 8, 2007 pretrial conference:

> Now, I don't think you ought to be limited, as the defendant suggests, to one claim per each of the five patents, but there's going to have to be some reduction from the 22. I'll give you the first chance at doing that, and then if it can't be pared down by the plaintiff, then I'll listen to both sides and I'll reduce it to a number per patent. Not all patents will be equal if I have to do it, because my view is that there is a difference. An assertion of multiple claims under one or two of the patents is more appropriate than maybe under another patent. But I'll reserve my judgment on it unless I have to exercise it.

One full week after the pretrial conference, Affymetrix finally responded to the Court's direction, persisting in keeping all 5 patents and now 13 claims in the case. Among the 13 remaining claims, 9 of them are based on different independent claims (*i.e.* they are themselves independent claims, or they depend from independent claims that are not asserted). Moreover, and most concerning to Illumina, is that Affymetrix persists in asserting a claim (claim 53 of the '243 patent) that it only identified as being asserted a month *after* the close of fact discovery such that no fact discovery was taken with respect to this claim, and full expert discovery was not conducted as well. No matter what else is decided, it goes without saying that Illumina will be severely prejudiced if Affymetrix is permitted to assert claim 53 at trial. (*See* D.I. 237[1]).

---

[1]    While Illumina initially raised the issue of Affymetrix's new claims back when they were first asserted after the close of fact discovery, and again raised this issue in the joint pretrial order

500 Delaware Avenue, Suite 1500 | Wilmington, DE 19801-1494   T 302.888.6800   F 302.571.1750
Mailing Address   P.O. Box 2306 | Wilmington, DE 19899-2306   www.morrisjames.com

Morris James LLP

The Honorable Joseph J. Farnan, Jr.
February 19, 2007
Page 2

      In response to Affymetrix's proposal, Illumina offered on February 15 what it believed to be a reasonable counterproposal. Illumina suggested that Affymetrix choose as many as 9 representative claims with the following two restrictions: (1) newly-asserted claim 53 could not be included, and (2) no more than one independent claim could be chosen for each patent. After taking the weekend to consider it, Affymetrix refused this compromise proposal. Thus, Illumina would ask the Court to adopt this reasonable proposal and order Affymetrix to limit their claims accordingly. While a five-patent, nine-claim case will still pose great challenges to the jury to understand, it will alleviate some of the risk of confusion and prejudice posed by Affymetrix's current proposal.

      Respectfully,

      Richard K. Herrmann, I.D. No. 405
      rherrmann@morrisjames.com

cc: MaryEllen Noreika, Esq. (via email and hand delivery)
    Daniel Reed, Esq. (via email)

---

materials, Affymetrix's continuing refusal to simply pick a reasonable number of representative claims from the 50-odd claims it asserted during the fact discovery period has necessitated Illumina to raise this issue (and point out the extreme prejudice Illumina would suffer if forced to defend against a claim on which it had no discovery) once again.