IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AFFYMETRIX, INC., | : |
| Plaintiff, | : |
| v. | : Civil Action No. 04-901 JJF |
| ILLUMINA, INC., | : |
| Defendant. | : |

### MEMORANDUM ORDER

Pending before the Court is a letter request by Plaintiff asking the Court to find a document protected by the attorney-client privilege (D.I. 339). For the reasons discussed, the Court will grant Plaintiff's request.

I.  BACKGROUND

The document in question is an e-mail chain between Plaintiff's chief patent counsel, Phil McGarrigle, and other employees of Plaintiff regarding one of Defendant's products. Plaintiff first discovered that the document was inadvertently produced at a deposition when Defendant sought to question the deponent about the document. Plaintiff thereafter notified Defendant of the inadvertent disclosure, asserted the document was privileged, and requested that Defendant return or destroy all copies of the document.[1] Defendant complied with Plaintiff's

---

[1] With respect to Plaintiff's contention that the document was inadvertently produced, Defendant does not appear to contend that Plaintiff waived its privilege as a result of the disclosure. Rather, both parties followed the procedures set forth in the Protective Order (D.I. 57) regarding inadvertent disclosure. Thus, the Court will not address whether the privilege was waived by the disclosure.

request but disputed Plaintiff's assertion of privilege. (D.I. 342). Pursuant to section 15.2 of the Protective Order (D.I. 57), Plaintiff brought the dispute to the Court. At the pretrial conference held on February 8, 2007, the Court agreed to review the document *in camera*.

Plaintiff contends the document in question is protected by the attorney-client privilege because it concerns patent prosecution strategy discussions between its chief patent counsel and other employees. In response, Defendant contends that the document is discoverable because it does not seek or convey legal advice, but rather, concerns information about its products. (D.I. 342).

## II. DISCUSSION

The attorney-client privilege protects communications made by a client to his attorney in order to obtain legal advice or services. In re Spalding Sports Worldwide, Inc., 203 F.3d 800, 805 (Fed. Cir. 2000).[2] While courts have held that, generally, the communication of technical information is non-privileged where the attorney is acting as a mere "conduit" between the client and the Patent and Trademark Office ("PTO"), the Federal

---

[2] In In re Spalding, the Federal Circuit applied Federal Circuit law to determine whether the attorney-client privilege applied to a patentee's invention records because the court determined that the question related to the substantive issue of inequitable conduct. 203 F.3d at 802. As Defendant acknowledges, the document in question here is relevant to the issue of inequitable conduct, and therefore, the Court will apply Federal Circuit law.

Circuit has recognized an exception where the technical information was provided in order to obtain legal services. Id. at 805-806.

Upon review of the document, the Court concludes that it is protected by the attorney-client privilege because it relates to a request for legal services. Through the e-mail chain, Plaintiff's chief patent counsel sought information from Plaintiff's employees regarding one of Defendant's products in order to draft patent claims. The Court concludes that the overall tone of the document concerns a provision of legal services, and therefore, the attorney was not acting as a mere "conduit" between the client and the PTO. See Id. at 806. Accordingly, the Court concludes that the document is privileged, and therefore, the Court will grant Plaintiff's request.[3]

### ORDER

NOW THEREFORE, IT IS HEREBY ORDERED that Plaintiff's letter request (D.I. 339) asking the Court to find the e-mail chain (D.I. 368, sealed attachment) protected by the attorney-client privilege is **GRANTED**.

February 22, 2007

*[signature]*
UNITED STATES DISTRICT JUDGE

---

[3] Defendant has represented to the Court that it complied with the Court's Protective Order and returned and/or destroyed the document and any copies it had in its possession. Therefore, further action by the Court on this issue is unnecessary.

3