# Tab 1

## AFFYMETRIX'S MOTION *IN LIMINE* NO. 1

## ILLUMINA SHOULD BE PRECLUDED FROM OFFERING EVIDENCE OR ARGUMENT DURING THE FIRST PHASE OF THE TRIAL THAT IS RELATED ONLY TO ISSUES TO BE LITIGATED IN LATER PHASES OF THE TRIAL

The Court has trifurcated the trial in this case and ruled that the first trial will address only infringement and damages. (See Minute Entry for Final Pretrial Conference held on 2/8/07). Affymetrix, Inc. hereby moves for an Order to preclude defendant Illumina, Inc. from presenting during the first trial evidence or argument relating to issues of validity, unenforceability, allegedly "unfair" competitive practices, or other of Illumina's affirmative defenses and counterclaims to be tried in later trial phases.

---

[1]    It is currently unclear which witnesses Illumina intends to call and which exhibits it intends to use during the first trial and thus Affymetrix cannot at this point in time be more specific.

# Tab 2

**AFFYMETRIX'S MOTION *IN LIMINE* NO. 2**

**ILLUMINA SHOULD BE PRECLUDED FROM
OFFERING EVIDENCE AND ARGUMENT COMPARING
ILLUMINA'S ACCUSED PRODUCTS AND METHODS WITH
AFFYMETRIX'S COMMERCIAL PRODUCTS AND METHODS**

Affymetrix moves *in limine* to preclude Illumina from offering evidence and argument during the first phase of trial comparing Illumina's accused products with Affymetrix's commercial products. Such comparisons are irrelevant to whether Illumina's products infringe the patents-in-suit and will only confuse the jury. Fed. R. Evid. 402 and 403.

It is a "cardinal principle" of patent law that "the accused device must be compared to the claims rather than to a . . . commercial embodiment." *Amgen Inc. v. HoeschtMarion Roussel, Inc.*, 314 F.3d 1313, 1347 (Fed. Cir. 2003). Indeed, "it is error for a court to compare in its infringement analysis the accused product or process with the patentee's commercial embodiment or other version of the product or process; the only proper comparison is with the claims of the patent." *Zenith Labs., Inc. v. Bristol-Myers Squibb Co.*, 19 F.3d 1418, 1423 (Fed. Cir. 1994). Thus, courts have precluded introduction of the evidence of a patentee's commercial embodiment at trial. *See Praxair, Inc. v. ATMI, Inc., C.A. No.* 03-1158-SLR, 2005 WL 3159054, at *2 (D. Del. Nov. 28, 2005); *C.R. Bard, Inc. C.R. Bard, Inc. v. Medtronic, Inc.*, C.A. No. 96-589-SLR, 1998 WL 1992470, at *1 (D. Del. May 7, 1998)).





Illumina's other infringement expert, Dr. Quackenbush, ███████



Similarly, comparisons of Illumina and Affymetrix products are irrelevant to the damages portion of Phase One. With respect to damages, what is relevant about Affymetrix's products is certain financial information (such as profit margins) and whether but for the sale of certain Illumina products, Affymetrix would have made the sale.[2] ███████

███████████████████████████████████

███████████████████████ To the extent the substitutability of Affymetrix's commercial products and Illumina's accused products is relevant, that topic does not require a comparison of the operation and structure of Affymetrix's arrays, nor a demonstration of an Affymetrix array. Comparing the operation and structure of

_____

[2]     Furthermore, it is unnecessary to demonstrate Affymetrix's products with regard to whether or not they are or were marked. Unobjectionable documents can be used to establish or challenge the marking.

Affymetrix's commercial products to Illumina's accused products is irrelevant and would be confusing to the jury and highly prejudicial. Fed. R. Evid. 402 and 403.

The reason for precluding evidence of the patentee's products (whether commercial embodiments of the patents-in-suit or not) is clear -- any marginal relevance of the patentee's products is substantially outweighed by the danger of jury confusion and the possibility that the jury will be misled into comparing the accused products with patentee's products, rather than with the asserted claims. Accordingly, such evidence and argument should be excluded. Fed. R. Evid. 402 and 403.

4

A

# REDACTED

B

REDACTED

# Tab 3

**AFFYMETRIX'S MOTION *IN LIMINE* NO. 3**

**ILLUMINA SHOULD BE PRECLUDED FROM OFFERING
EVIDENCE AND ARGUMENT RELATING TO ILLUMINA'S PATENTS AND
ANY INDEPENDENT DEVELOPMENT OF ITS MICROARRAYS**

Illumina should be precluded from offering evidence or argument of Illumina's

patents and of independent development of Illumina's technology. These matters are irrelevant

to whether Illumina infringes the patents-in-suit and should be excluded under Fed.R. Evid. 402

and 403.

    A.    **Evidence And Argument Of Illumina's Patents And
Patent Applications And References To Ilumina's
"Novel" Technology Should Be Excluded**

Illumina has indicated that it intends to use the fact that Illumina has patents

covering some aspects of its technology in presenting its noninfringement position to the jury.[1]

For example, ███████████████████████████████████████████

███████████████████████ Moreover, Dr. Lusis, one of Illumina's infringement

experts, states in his expert report:

███████████████████████████████████████████████████████
███████████████████████████████████████████████████████
███████████████████████████████████████████████████████
███████████████████████████████████████████████████████
███████████████████████████████████████████████████████
███████████████████████████████████████████████████████

---

[1]    Illumina apparently intends to use its patents to argue that its technology is "novel,"
"innovative" and "revolutionary" in arguing that it does not infringe. Whether Illumina's
technology is any of these things is irrelevant in Phase 1 of this trial.

[2]    If Illumina attempts to use some of these documents at trial, Affymetrix will also object
on the separate ground that many of them were not produced in discovery.

████████████████████████████

████████████████████████████

*Id.* (emphasis added).

Evidence regarding the nature and extent of Illumina's patent portfolio, as well as evidence regarding any of Illumina's individual patents and the alleged novelty, inventiveness or "revolutionary" nature of certain aspects of Illumina's technology, is entirely irrelevant to the question of whether Illumina's products meet the limitations of the asserted claims and thus should be excluded. Fed. R. Evid. 402. Further, even if there were some marginal relevance (which there is not), this would be substantially outweighed by the danger of unfair prejudice, confusion of the jury and a waste of time because Illumina's patents and the alleged novelty of their technology are not at issue in this litigation. Fed. R. Evid. 403.

Based on the same reasoning, this Court previously excluded Affymetrix's patents and all references to them when Affymetrix was the defendant in *Oxford Gene Technology Ltd. v. Affymetrix, Inc.,* (Civil Action No. 00-348-JJF) (Exh. B, Trial Transcript, November 6, 2000 at pages 60-64); *see also Cameco Industries, Inc. v. Louisiana Cane Manufacturing, Inc.,* 1995 WL 468234, at *6 (E.D. La., Jul. 27, 1995) (granting plaintiff's motion *in limine* to exclude defendant's patent for reasons including unfair prejudice and jury confusion), *and, Arachnid, Inc. v. Valley Recreation Prod., Inc.,* 1992 WL 188421 (N.D. Ill., Mar. 18, 1992) (affirming motion

---

3    Affymetrix objects to the "product-to-product" or "approach-to-approach" comparison
     made in this and other sections of Illumina's expert reports and has filed a separate
     motion *in limine* to address that specifically (Affymetrix Motion *in limine* No. 2).

████████████████████████████

*in limine* excluding evidence relating to defendant's patent, which was not the patent charged in the underlying infringement litigation, because of confusion to the jury and prejudice). The jury might be led to believe that, just because Illumina has patents on some of its products or processes or because they are referred to, for example, as "novel," "innovative" or "revolutionary," they cannot infringe Affymetrix's patents, which is clearly contrary to the law. Thus, such evidence and argument should be excluded. Fed. R. Evid. 403.

### B.    Illumina Should Be Precluded From Putting Before The Jury Evidence Of Any Independent Development Of Its Microarrays.

███████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████ Independent development is not a defense to patent infringement and is irrelevant to whether Illumina infringes the asserted claims.

"[B]ecause intent is not an element of infringement, independent development does not excuse infringement of the patent owner's right to exclude. ... An independently developed product or process that falls within the patent claims still infringes." *Hilton Davis Chem. Co. v. Warner-Jenkinson*, 62 F.3d 1512, 1520 (Fed. Cir. 1995) *reversed on other grounds*, 520 U.S. 17 (1997); *see also Queen's University at Kingston v. Kinedyne Corp.*, 910 F.Supp. 527, 533 (D. Kan., 1995) (relying on *Hilton-Davis* and holding "evidence of independent development is not relevant to an infringement determination"); *Kewanee Oil Co., v. Bicron*

---

████████████████████████████████████████████

*Corp.*, 416 U.S. 470, 478 (1974) ("[patent] protection goes not only to copying the subject matter

… but also to independent creation.")

      As noted in Affymetrix's Motion *in limine* No. 2, "the only proper comparison [of

the accused products] is with the claims of the patent." *Zenith Laboratories, Inc. v. Bristol-*

*Myers Squibb Co.*, 19 F.3d 1418, 1423 (Fed. Cir.1994).  Even if evidence or argument regarding

█████████████████ and the development of Illumina's accused products were arguably

relevant (and it is not), any relevance is outweighed by a substantial risk of jury confusion.

There is a substantial risk that, were such evidence admitted, the jury would apply the wrong

standard for patent infringement and would equate evidence of alleged independent development

with non-infringement of the patents-in-suit.  Fed. R. Evid. 402 and 403.

      Whether Illumina developed its bead array products independently or not is

irrelevant to infringement of the patents-in-suit and evidence or argument regarding any such

development, including ██████████████████████████ should be excluded

during Phase 1.

A

REDACTED

B

00001

1     IN THE UNITED STATES DISTRICT COURT

2     IN AND FOR THE DISTRICT OF DELAWARE

3

4 OXFORD GENE TECHNOLOGY, LTD.,  ) VOLUME 1an English limited liability   )

5 company,          )          )

6     Plaintiff,   )         ) Civil Action

7 v.         ) No. 99-348 (JJF)      )

8 AFFYMETRIX, INC.,     )a Delaware corporation,   )

9          )    Defendant.   )

10

11

12     Wilmington, Delaware

13     Monday, November 6, 2000      9:12 a.m.

14

15 BEFORE: HONORABLE JOSEPH J. FARNAN, JR.,

16     United States District Court Judge

17

18 APPEARANCES:

19     RICHARD K. HERRMANN, ESQ.     Blank Rome Comisky & McCauley, LLP

20     - and -    ROBERT G. KRUPKA, ESQ. (Los Angeles, CA),

21     MARK A. PALS, ESQ.    BRYAN S. HALES, ESQ., and

22     KENNETH H. BRIDGES, ESQ.    Kirkland & Ellis

23     (Chicago, Illinois)

24     Counsel for Plaintiff

00060

1  Honor.  I just want to check those numbers.  I

2  know the document and we'll agree on one pro/con

3  document.

4          MR. KRUPKA:  Then, Your Honor, there

5  were some trial matters we wanted to discuss, but

6  there was also some other issues.  I think we

7  filed this morning a motion in limine on view of

8  the Court's rulings on Friday afternoon with

9  regard to the issue of Affymetrix's patents.

10          Because of the Court's rulings with

11  regard to the motions in limine regarding the

12  reverse Doctrine of Equivalents and validity

13  issues, we don't think there is any basis upon

14  which Affymetrix should be able to affirmatively

15  come out and talk about how they have hundreds of

16  patents, and their process of infringement is

17  patented, because it has nothing to do with any of

18  the issues in this case.

19          The patenting of their product

20  doesn't prevent their product from being an

21  infringement of our patent.  The system, the

22  process in the way they use it, doesn't prevent it

23  from being an infringement of our process.

24          And the concern we have is they have

00061

1  this reverse Doctrine of Equivalents argument that

2  Your Honor has already ruled upon and our position

3  would be that they shouldn't be able to

4  affirmatively come out and talk about how their

5  product must be, or their process and the accused

6  process and what they're accused of must be better

7  or different, because it also has its own patent.

8         As a consequence, Your Honor, we

9  don't think that is appropriate for them to

10 introduce any evidence with regard to Affymetrix's

11 patents.

12        MS. CAULFIELD:  Your Honor, if I

13 could just be heard.  We don't disagree with that,

14 with one exception that the patents can't be

15 mentioned for any reason whatsoever, our patents.

16 So they cannot bring them up affirmatively for any

17 reason, content or otherwise, and we would not

18 bring them up affirmatively for any reason,

19 content or otherwise.

20        MR. KRUPKA:  The only exception I

21 would have to that, Your Honor, is if in an effort

22 to impeach a witness, if a witness on a stand says

23 I've never said such a thing and they've said it

24 in the patent, I ought to be able to impeach.  But

**OGT-Del Trial 11-06-2000**                         **Page 61**

00062

1  for that, we would be very happy with that.

2           MS. CAULFIELD:  Your Honor, we can't

3  agree for that, because if a patent can come in

4  for one purpose, it should come in for all

5  purposes, and we should be able to refer to it.

6  Also, I didn't know about the exception that

7  Mr. Krupka brought forward.

8           I think if we can use the patents --

9           MR. ANTHONY:  Your Honor, I might

10  mention Claim 4 is still in the case and Claim 4

11  is a means plus function case and one of the tests

12  to determine whether or not there are

13  insubstantial changes under Balmont to see whether

14  claims infringe, whether there are patents on

15  accused structures.  Particularly, one of the

16  things you look at is to see whether there are

17  insubstantial changes only.  If there are more

18  than insubstantial changes, there is no

19  infringement of a means plus function claim, a

20  patent is one of the prime indicators of a change.

21          THE COURT:  All right.  Anything

22  else on that issue?

23          MR. KRUPKA:  No, Your Honor.

24          THE COURT:  All right.

00063

1         MR. KRUPKA:  I haven't had a chance

2   to read the Markman memorandum or the order, so

3   therefore, I can't speak to whether or not the

4   Doctrine of Equivalents would be relevant to that

5   or not.

6         THE COURT:  The patents of the

7   defendant, Affymetrix, will be excluded.  If there

8   is a statement from a patent used in impeachment,

9   it's not affirmative evidence, it's used to

10  impeach, I would believe that any statement that

11  could be used to impeach in a patent prosecution

12  could be isolated, so it doesn't have to refer to

13  the patents.  It would have to be something

14  directly impeaching that witness's testimony.

15        So I'm not going to recognize the

16  plaintiff's exception.

17        MR. KRUPKA:  I understand that you

18  know --

19        THE COURT:  Unless there is a

20  proffer and the defendant is put on notice, and

21  then depending on that whole context, we'll see

22  what the ruling is and where we go with the

23  Affymetrix patents.  But for now they're excluded

24  or reference to them are excluded.

**OGT-Del Trial 11-06-2000**                    **Page 63**

00064
1          MR. KRUPKA:  I understand, Your

2  Honor.

3          MS. CAULFIELD:  Your Honor, I have a

4  motion that I've already served on opposition's

5  counsel that I would like to file, and it's in

6  light of the decision, Your Honor, the final

7  decision from England, which we gave you.  And

8  it's a motion for summary judgment that we've

9  licensed under the patent beginning June 1, 1999,

10  and I have the support for that here.

11          One of the reasons is that the

12  appellant court adopted Justice Jacobs' position

13  that the date of the commencement of the

14  proceedings, and that's in Paragraph 49, was the

15  date that the asset purchase agreement took

16  place.  The commencement of the proceedings in

17  England was June 1, 1999, and I would appreciate

18  that.

19          And we would add in here that there

20  was colloquy with the appellant court afterwards.

21  But in reading of the opinion, and we've set this

22  forward here, Your Honor, it's clear that the

23  appellant court adopted the commencement of the

24  date.  It's important that we have a ruling on

**OGT-Del Trial 11-06-2000**                    **Page 64**

# Tab 4

## AFFYMETRIX MOTION *IN LIMINE* NO. 4

### ILLUMINA SHOULD BE PRECLUDED FROM MAKING REFERENCE TO IRRELEVANT AND PREJUDICIAL MATTERS

Illumina should be precluded from making any reference in testimony, evidence, or argument to the matters listed below, on the ground that these matters are irrelevant to the issues in trial and any reference to them would be unfairly prejudicial to Affymetrix.

Evidence that is not relevant is not admissible. Fed. R. Evid. 402. If an item of evidence "does not tend to prove a material fact, it is irrelevant." *Arlio v. Lively*, No. 05-5779-cv(L), 2007 WL 106163, at *4 (2nd Cir. Jan. 17, 2007) (*citing 2 Jack B. Weinstein & Margaret A. Berger, Weinstein's Federal Evidence* § 401.04[2][a], at 401-19 (2d ed. 2006)). "A material fact is one that would affect the outcome of the suit under the governing law." *Beth Israel Med. Ctr. v. Horizon Blue Cross & Blue Shield of N.J., Inc.*, 448 F.3d 573, 579 (2d Cir. 2006) (citation and internal quotation marks omitted). Even relevant evidence may be excluded if "its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury...." Fed. R. Evid. 403.

Illumina should be precluded from making any reference to the following matters:

### A.    Illumina Should Be Precluded From Referring To Prior Litigation Between *Oxford Gene Technology, Ltd. v. Affymetrix*

In 1999, Oxford Gene Technology Ltd. ("OGT"), a UK company, filed a patent infringement suit against Affymetrix in this Court, *Oxford Gene Technology Ltd. v. Affymetrix, Inc.* (No. 99-348-JJF) (the "OGT Litigation"). In that suit, OGT alleged that Affymetrix infringed a patent involving DNA array technology – U.S. Patent No. 5,700,637, issued to Dr. Edwin Southern. In phase one of the trial in that action, the jury returned a verdict finding no literal infringement and no willful infringement, but finding infringement under the doctrine of

equivalents. Both parties filed post-trial motions. Affymetrix moved for judgment as a matter of law with respect to the jury's finding of infringement under the doctrine of equivalents. Affymetrix argued, among other grounds, that OGT had not presented evidence or argument at trial on the doctrine of equivalents, as required by this Court and others in case law. While the post-trial motions were pending, however, OGT and Affymetrix reached a settlement, and the OGT Litigation was dismissed pursuant to that settlement.

Illumina is represented in this case by the same law firm (and many of the same attorneys) that represented OGT in the OGT Litigation. Illumina should be precluded from making any reference to the OGT Litigation, including any reference to the jury's verdict that Affymetrix infringed the '637 patent. Neither the OGT Litigation nor the jury verdict in that litigation is in any way relevant to the issues to be tried in this case. Moreover, there were no ultimate findings of fact in the OGT Litigation – the litigation outcome was negotiated, not based on findings of fact. Therefore, the jury's verdict cannot be used to prove infringement or any other "fact."

Beyond the lack of relevance, any reference to the OGT Litigation and the jury verdict would present a danger of unfair prejudice to Affymetrix and confusion of the issues. Fed. R. Evid. 403. Even when, unlike here, the previous litigation is relevant, such evidence is typically precluded under Rule 403. "Courts are reluctant to cloud the issues in the case at trial by admitting evidence relating to previous litigation involving one or both of the same parties." *Arlio*, 2007 WL 106163 at *5 (*quoting Weinstein's Federal Evidence*, § 403.05[3][b], at 403-66.2). "Admitting evidence about previous cases 'inevitably result[s] in trying those cases … before the jury,' and '[t]he merits of the … other cases would become inextricably intertwined

with the case at bar.'" *Id.* (*quoting Kinan v. City of Brockton*, 876 F.2d 1029, 1034 (1st Cir. 1989)).

For these reasons, Illumina should be precluded from making any reference in testimony, evidence, or argument to the OGT Litigation, including the jury verdict in that litigation, and any other prior litigation to which Affymetrix was a party.

**B.    Illumina Should Be Precluded From Referring
To Pending Litigation And Administrative Matters**

Affymetrix is a party to litigation in a number of cases currently pending. It is a plaintiff in an action for declaratory relief, *Affymetrix, Inc. v. Enzo Biochem, Inc.* (S.D.N.Y., 03 Civ. 8907), and a defendant in two cases involving patent claims: *Enzo Life Sciences, Inc. v. Affymetrix, Inc.* (S.D.N.Y., 04 Civ. 1555) and *Agilent Technologies, Inc. v. Affymetrix, Inc.* (N.D. Cal., C 06-05958). Affymetrix also is a defendant in two pending shareholder derivative proceedings: *In re Affymetrix Derivative Litigation* (N.D. Cal. C-06-5353), and *Horwich v. Fodor, et al.* (Cal. Superior Court 1-06-CV-073393). As Affymetrix has disclosed in its public filings, the Securities Exchange Commission ("SEC") is making an informal inquiry into Affymetrix's stock option practices. In addition, Affymetrix is a party to several administrative proceedings in foreign countries.

None of these litigations or administrative matters involves issues that are relevant to the issues in the present action, much less Phase One of the present action. Affymetrix is concerned that Illumina intends to make reference to these pending litigations to depict Affymetrix as a "bad actor," "poor corporate citizen," or "litigious." ███████

█████████████████████████████████████████████████

There is no basis for any such characterization. More to the point, Affymetrix's "character" has no relevance to any issue being tried. In addition to lack of relevance, any reference to other

litigation to which Affymetrix is a party presents the same dangers of unfair prejudice and confusion of the issues discussed above in Section A.

For the foregoing reasons, Illumina should be precluded from making any reference in testimony, evidence, or argument to any aspect of the litigation matters identified above and any other pending litigation and administrative matters to which Affymetrix is a party.

**C.    Preclude Illumina From Referring To Affymetrix As "Litigious" Or Anticompetitive**



██████████████████████████████

████████████████████████████ Illumina's allegations as to

Affymetrix's "anticompetitive" character and conduct have no place in Phase One of the trial,

which is limited to infringement and damages. If Illumina is not precluded from including its

allegations of anticompetitive conduct in Phase One, there is a real danger of confusion of the

issues and unfair prejudice to Affymetrix. It is precisely for these reasons that the issues for trial

have been separated into distinct phases. Affymetrix should not be put in the position of having

to rebut Illumina's allegations in this phase of the trial.

      For these reasons, Illumina should be precluded from making any reference in

testimony, evidence, or argument to Affymetrix being "litigious" or anticompetitive.

     **D.**    **Illumina Should Be Precluded From Referring To Affymetrix's Stock Price, Stock Price History, And Market Capitalization**

      Market capitalization (or "market cap") is a measurement of the size of

corporations – the company's current price per share of stock, multiplied by the number of

outstanding shares. Affymetrix's market capitalization is not relevant to any issue set for trial in

Phase One. Affymetrix's current stock price and its stock price history are similarly not relevant

to any issues in Phase One. In addition to a lack of relevance, evidence of stock price, stock

price history or market cap presents a danger of unfair prejudice to Affymetrix. Affymetrix

would be unfairly prejudiced if Illumina made reference to Affymetrix's market capitalization to

portray Affymetrix as a large corporation.

      It is also likely that Illumina would attempt to make reference to the fact that

Affymetrix's stock price (and, consequently, market capitalization) declined in 2006. Illumina's

purpose in making reference to Affymetrix's stock price decline would be to suggest to the jury

5

that Affymetrix's fortunes are on the decline, or that customers prefer Illumina's products over Affymetrix's products. Affymetrix would be unfairly prejudiced if Illumina were allowed to make any such suggestion to the jury.

For these reasons, Illumina should be precluded from making any reference in testimony, evidence, or argument to Affymetrix's stock price, stock price history, and market capitalization.

**E.    Illumina Should Be Precluded From Referring To Dismissal Of The '887 Patent**

Affymetrix voluntarily dismissed from this action its claim for infringement of U.S. Patent No. 6,607,887. To effect this dismissal, the parties submitted a proposed order to the Court dismissing Affymetrix's claim for infringement of the '887 patent, as well as Illumina's counterclaim for a judicial declaration of non-infringement, invalidity, and unenforceability of the '887 patent. The Court signed the dismissal order on June 29, 2006.

The stipulated dismissal of the '887 patent is entirely irrelevant to infringement of the remaining patents-in-suit and damages. Any reference by Illumina to the dismissal of the '887 patent would unfairly prejudice Affymetrix because it might cause the jury to believe that its claims of infringement of the patents-in-suit might be related, or are in some way weak or tenuous.

For these reasons, Illumina should be precluded from making any reference in testimony, evidence, or argument to the dismissal of the '887 patent.

**F.    Illumina Should Be Precluded From Referring To The Narrowing Of Claims**

Both before and after the Final Pretrial Conference, Affymetrix narrowed the number of the claims in the patents-in-suit that it will present for trial in this action. The

6

narrowing of patent claims is done to accommodate logistical concerns at trial, and is certainly not any acknowledgment of non-infringement of the dropped claims. The fact that Affymetrix has narrowed the number of claims it is asserting is not relevant to the determination of whether Illumina has infringed and is infringing the claims that remain for trial. In addition, any reference by Illumina to the fact that Affymetrix has narrowed the number of claims it is asserting would be unfairly prejudicial to Affymetrix because it might cause the jury to infer some purpose behind narrowing, or to believe that Affymetrix's allegations of infringement of the remaining patent claims are in some way weak or tenuous.

For these reasons, Illumina should be precluded from making any reference in testimony, evidence, or argument to the narrowing of the number of patent claims that Affymetrix is asserting.

### G. Illumina Should Be Precluded From Referring To The Possibility Of Injunctive Relief For Affymetrix

As one of its remedies for Illumina's infringement of its claims, Affymetrix seeks to enjoin Illumina from further infringement. Injunction is an equitable remedy for the Court, not the jury, to decide. The fact that the law provides for injunctive relief is not relevant to any issues that the jury will decide in this action. In addition to the absence of relevance, any reference by Illumina to the potential for an injunction, to its arrays being taken off the market, or to its being "shut down" if found liable for patent infringement would unfairly prejudice Affymetrix. The jury may perceive an injunction to be a harsh remedy, which may affect the jury's willingness to find liability or unduly influence its damages analysis.

For these reasons, Illumina should be precluded from making any reference in testimony, evidence, or argument to the potential for an injunction in this action.

7

A

REDACTED

B

REDACTED

# Tab 5

## AFFYMETRIX'S MOTION *IN LIMINE* NO. 5

### ILLUMINA SHOULD BE PRECLUDED FROM OFFERING CERTAIN TESTIMONY OF ILLUMINA'S DAMAGES EXPERT, RAYMOND S. SIMS

Illumina should be precluded from offering testimony of Raymond S. Sims, its

damages expert, regarding three specific areas[1]:



---

[1]    In Affymetrix's Motion *in Limine* No. 6, Affymetrix also requests that both Mr. Sims and other Illumina witnesses be precluded from testifying regarding alleged "design arounds" that were never disclosed during discovery.









Federal Rule of Evidence 703 permits experts to rely on evidence that would be otherwise inadmissible, but states that "[f]acts and data that are otherwise inadmissible shall not be disclosed to the jury by the proponent of the opinion . . . unless the court determines that their probative value in assisting the jury to evaluate the expert's opinions substantially outweighs their prejudicial effect."



A

REDACTED

B

REDACTED

C

REDACTED

D

# REDACTED

E

REDACTED

F

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AFFYMETRIX, INC., ) | |
| ) | |
| Plaintiff/Counter-Defendant, ) | |
| ) | |
| v. ) | |
| ) | C.A. No.  04-901-JJF |
| ILLUMINA, INC., ) | |
| ) | |
| Defendant/Counter-Plaintiff. ) | |
| ) | |
| ) | |

## JOINT AGREED [PROPOSED] ORDER

On December 7, 2005, the parties appeared before the Court to discuss discovery disputes raised in letters from each party dated December 2, 2005.  The following is the Court's ruling on the disputes:

Illumina shall produce all documents from the files of Dr. Mark Chee on or before December 15, 2005.

Illumina shall produce a witness on Affymetrix's Second 30(b)(6) Notice before the end of 2005, unless a date is otherwise agreed by the parties.

Illumina and Affymetrix shall produce to a third party escrow service agreed by the parties the source code related to (1) the software used for decoding and (2) the software used for genotyping as soon as possible, but no later than December 23, 2005.

Illumina and Affymetrix shall produce the probe sequence information for the genotyping products in "live" format on or before January 6, 2005.  The parties will agree on the appropriate "live" format.

The parties shall each produce to the other damages documents as those documents are formatted and circulated internally and in their native live version on or before January 6, 2006.

If there are barriers to producing such documents in their native format, the parties shall reach agreement prior to production on a suitable neutral live format such as a tab or comma delimited file.

The parties may also request further information be made available from the accounting database software used by each party to maintain such information. Each party shall submit to the other a request for any additional reports to be generated from existing database. Each party shall verify that such request has been reviewed with their respective damages experts prior to submission and determined to be reasonable and necessary to their damages analysis. The parties shall fulfill such requests within ten (10) business days.

Illumina's in-house counsel, Stephanie Valentini, Illumina's Chief Executive Officer, Jay Flatley, and Illumina's Chief Operating Officer, John Stuelpnagel, may review Affymetrix's Infringement Contentions. To avoid confusion about the scope of this disclosure, Affymetrix shall reproduce those documents to Illumina with a special identification thereon. The restrictions which would otherwise apply to employees entitled to see Confidential materials under the protective order will not be applied as to Ms. Valentini, Mr. Flatley's, and Mr. Stuelpnagel's review of this particular document. This exception to the protective order does not otherwise amend or modify the protective order as to those restrictions and their application to Confidential Information.

Illumina has until January 30, 2006, to announce whether it intends to waive attorney-client privilege as to any opinions regarding the patents-in-suit.

No discovery is permitted at this time with regard to products that have not been commercialized as of December 7, 2005.

Affymetrix's requests for production of documents related to (1) Illumina's past litigation with former employee, Dr. Czarnik, and (2) Illumina's past litigation with Applera are presently denied.

Illumina's requests for production of documents related to (1) Affymetrix's past litigation with OGT and (2) Affymetrix's past litigation with Incyte are presently denied.

MORRIS, NICHOLS, ARSHT & TUNNELL

/s/ Melissa Myers
_____
Maryellen Noreika (#3208)
Melissa Myers (#3985)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200
  Attorneys for Plaintiff/Counter-Defendant
  Affymetrix, Inc.

MORRIS, JAMES, HITCHENS & WILLIAMS LLP

/s/ Mary B. Matterer
_____
Richard K. Herrmann (#405)
Mary B. Matterer (#2696)
222 Delaware Avenue, 10th Floor
P.O. Box 2306
Wilmington, DE 19899-2306
 (302) 888-6800
  Attorneys for Defendant/Counter-Plaintiff
  Illumina, Inc.

**SO ORDERED** this _____ day of December, 2005.

_____
Judge Joseph J. Farnan, Jr.

3

## CERTIFICATE OF SERVICE

I hereby certify that on December 19, 2005, I electronically filed the foregoing

Joint Agreed [Proposed] Order using CM/ECF which will send notification of such filing(s) to

the following:

> Richard K. Herrmann
> Mary B. Matterer
> Morris, James, Hitchens & Williams LLP
> 222 Delaware Avenue, 10th Floor
> P.O. Box 2306
> Wilmington, DE  19899-2306

I hereby certify that on December 19, 2005, I have caused to be sent by Federal

Express, the above-mentioned document to the following non-registered participants:

> Marcus E. Sernel
> Kirkland & Ellis LLP
> 200 East Randolph Drive
> Chicago, IL  60601

MORRIS, NICHOLS, ARSHT & TUNNELL

/s/ Melissa Myers (#3985)
Maryellen Noreika (#3208)
Melissa Myers (#3985)
1201 N. Market Street
P. O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200
 Attorneys for Plaintiff Affymetrix, Inc.

OF COUNSEL:

Michael J. Malecek
Daniel R. Reed
George C. Yu
Andrea L. Gross
AFFYMETRIX, INC.
6550 Vallejo Street, Suite 100
Emeryville, CA  94608
(510) 428-8500

December 19, 2005

G

REDACTED

# H

REDACTED

# Tab 6

## AFFYMETRIX'S MOTION *IN LIMINE* NO. 6

### ILLUMINA SHOULD BE PRECLUDED FROM OFFERING EVIDENCE OR ARGUMENT RELATED TO ALLEGED NONINFRINGING ALTERNATIVES TO ACCUSED PRODUCTS AND METHODS

Illumina should be precluded from (1) presenting evidence or argument relating to allegedly non-infringing alternative designs for its products or methods ("design arounds") that were not properly disclosed in discovery, and (2) relying on speculative and unsupported opinions regarding potential design arounds.

**A.    References To Design Around Alternatives To The Patented Technology Should Be Precluded**





Untimely disclosure of evidence or defenses can result in their preclusion from trial. See Fed. R. Civ. P. 37(c)(1). In determining whether to preclude evidence disclosed in an untimely manner, this Court considers: "(1) The prejudice or surprise arising from untimely evidence; (2) The ability to cure the prejudice; (3) The extent to which allowing the violation of the scheduling order would disrupt the trial process; and (4) The proponent's bad faith or willfulness. . ." *Praxair, Inc. v. ATMI, Inc.*, 445 F. Supp. 2d 460, 469 (D. Del. 2006) (*citing Meyers v. Pennypack Woods Home Ownership Ass'n,* 559 F.2d 894, 904-05 (3d Cir.1977)).

2



Not only were Illumina's purported design arounds untimely, but they also fail to meet the standards enunciated by Federal Circuit, which has made clear that for a design around to be properly considered for purposes of a lost profits analysis, it must either have been on the market at the time of infringement or otherwise "available." *See Micro Chem., Inc. v. Lextron, Inc.*, 318 F.3d 1119, 1123 (Fed. Cir. 2003). Courts consider a number of factors to determine whether an alternative not on the market is "available," including whether "the infringer 'had all of the necessary equipment, know-how, and experience' to make the substitution at that time," the costs of substitute parts, and whether "an infringer had to design or invent around the patented technology to develop an alleged substitute." *Id.* (*quoting Grain Processing Corp. v. Am. Maize Products Co.*, 185 F.3d 1341, 1346, 1354 (Fed. Cir. 1999)).



4











Illumina should be precluded from discussing prior art references during the damages phase as a proxy for its validity arguments.

A

REDACTED

B

REDACTED

C

# REDACTED

D

# REDACTED

E

REDACTED

F

REDACTED

G

00001

```
 1        IN THE UNITED STATES DISTRICT COURT
            FOR THE DISTRICT OF DELAWARE
 2  AFFYMETRIX, INC.,        )
                             )
 3        Plaintiff,    )
                        ) C.A. No. 04-901-JJF
 4  v.                  )
                        )
 5                      )

 6  ILLUMINA, INC.,          )

 7                      )

 8        Defendant.    )

 9            Thursday, February 8, 2007

10            a.m.

11            Courtroom 4B

12            844 King Street

13            Wilmington, Delaware

14  BEFORE:  THE HONORABLE JOSEPH J. FARNAN, JR.

15        United States District Court Judge

16  APPEARANCES:

17        MORRIS, NICHOLS, ARSHT & TUNNELL

18        BY:  MARYELLEN NOREIKA, ESQ.

19        BY:  JACK B. BLUMENFELD, ESQ.

20              -and-

21        AFFYMETRIX

22        BY:  MICHAEL J. MALECEK, ESQ.

23        BY:  DANIEL REED, ESQ.

24              Counsel for the Plaintiff
```

**Pretrial Conference 02/08/07**                    **Page 1**

00052

1  want to be clear that all we are asking for is

2  there's a set of financial documents that are the

3  basis, they just get plugged into the models that

4  exist already in the damages report.

5          THE COURT:  Except it's not out.

6  Today is February the 8th.

7          MR. MALACEK:  Correct.

8          THE COURT:  The trial starts March

9  5th.  Can't do it.

10          So go ahead.

11          MR. PALS:  Okay.  And as we sit

12  today with a reasonable royalty analysis or a

13  lost profits analysis, alternative technologies,

14  design amounts, what we could have done but for

15  the alleged infringement is relevant, and that

16  brings in -- brings many -- some of these prior

17  art considerations, what other technologies were

18  already out there, what were other people already

19  doing that would have been available to us?

20          So there's that kind of overlap that

21  could come in or will come in through a damages

22  presentation in the infringement phase.  So

23  because we have five patents that cover all these

24  technologies, we're talking about now a five day

**Pretrial Conference 02/08/07**                    **Page 52**

# Tab 7

**AFFYMETRIX MOTION *IN LIMINE* NO. 7**

**ILLUMINA SHOULD BE PRECLUDED FROM REFERRING TO
CLAIM PREAMBLES AS LIMITATIONS, REFERRING TO AFFYMETRIX'S
VALIDITY EXPERT'S INTERPRETATION OF CLAIM TERMS, AND
REARGUING THE COURT'S CLAIM CONSTRUCTION**



"Whether the preamble of a claim is 'necessary to give life, meaning, and vitality'

to the claim and is thus a limitation of that claim is a question of law…" *Intirtool, Ltd. v. Texar*

*Corp.*, 369 F.3d 1289, 1293-94 (Fed. Cir. 2004).  The time for Illumina to raise the issue of

whether preambles should be considered claim limitations was during the *Markman* hearing.

Illumina did not select any claim preambles – ██████████████████████

██████████████████ – for construction.  ████████████████████

████████████████████████████████████









A

REDACTED

# Tab 8

## AFFYMETRIX'S MOTION *IN LIMINE* NO. 8

## ILLUMINA SHOULD BE PRECLUDED FROM OFFERING EVIDENCE OR ARGUMENT DURING THE FIRST PHASE OF THE TRIAL THAT AFFYMETRIX DOES NOT OWN THE PATENTS IN SUIT OR HAVE STANDING TO SUE FOR INFRINGEMENT OF THE PATENTS

There are five Affymetrix patents being asserted in this case. With respect to four of the patents (U.S. Patent Nos. 5,545,531, 6,355,432, 6,399,365 and 6,646,243), there has never been any dispute as to Affymetrix's ownership or its standing to sue. With respect to the fifth patent, Affymetrix's U.S. Patent No. 5,795,716, Illumina moved to dismiss Affymetrix's claims for lack of standing based on Illumina's contention that Affymetrix did not own the '716 patent. The Court denied the motion and held that "Affymetrix held legal title to the '716 patent during the period of alleged infringement and, therefore, that Affymetrix has standing to sue for infringement of the '716 patent." (D.I. 326 at 10).

In order to simplify issues for trial, Affymetrix asked Illumina to stipulate to Affymetrix's ownership of the '531, '432, '365 and '243 patents. Affymetrix has produced copies of the assignment documents for the patents, but to date, Illumina has not consented to stipulate to ownership. As to the '716 patent, Illumina noted in the Pre-Trial Order that it "disagrees with the Court's ruling on the Motion to Dismiss" and intends to press forward with its allegations that Affymetrix does not own the '716 patent. (D.I. 357 at 3, n.1).

Illumina should not be permitted to challenge Affymetrix's ownership of any of the patents during the first phase of trial. With respect to the '531, '432, '365 and '243 patents, Illumina never raised any issues during (or even after) discovery challenging Affymetrix's ownership or any bases for such a challenge. To allow Illumina to raise the issue at this late date would be unfair and prejudicial to Affymetrix.

Moreover, standing is an issue of law to be determined by the Court. It is not an issue for the jury. *Intellectual Property Development, Inc. v. TCI Cablevision of California, Inc.,* 248 F.3d 1333, 1339 (Fed. Cir. 2001) ("whether a party has standing to sue is a question of law"). Here, the Court has already ruled that Affymetrix has standing to sue Illumina for infringement of the '716 patent. To the extent that Illumina contends that any issue remains in connection with Affymetrix's ownership of the '716 patent, that issue should not be addressed before the jury. Instead, as suggested by the Court at the pre-trial conference, any remaining issues can be addressed by the Court in the later phases of trial.

## CONCLUSION

For the foregoing reasons, Illumina should be precluded from offering testimony, evidence, or argument related to the above-identified matters.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Derek J. Fahnestock*
Jack B. Blumenfeld (#1014)
Maryellen Noreika (#3208)
Derek J. Fahnestock (#4705)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
dfahnestock@mnat.com
   *Attorneys for Plaintiff Affymetrix, Inc.*

*Of Counsel*:

Michael J. Malecek
Daniel R. Reed
Andrea L. Gross
Stephen C. Holmes
AFFYMETRIX, INC.
6550 Vallejo Street, Suite 100
Emeryville, CA 94608
(510) 428-8500

February 15, 2007

2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| AFFYMETRIX, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C. A. No. 04-901 (JJF) |
| | ) | |
| ILLUMINA, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## RULE 7.1.1 CERTIFICATION IN CONNECTION WITH
## AFFYMETRIX, INC.'S MOTIONS *IN LIMINE*

Counsel for Affymetrix, Inc. hereby certifies, pursuant to Local Rule 7.1.1, that the parties conferred via telephone regarding the enclosed motions *in limine* and were unable to come to agreement concerning those attached herein.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Derek J. Fahnestock*
Jack B. Blumenfeld (#1014)
Maryellen Noreika (#3208)
Derek J. Fahnestock (#4705)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
dfahnestock@mnat.com
  *Attorneys for Plaintiff Affymetrix, Inc.*

*Of Counsel*:
Michael J. Malecek
Daniel R. Reed
Andrea L. Gross
Stephen C. Holmes
AFFYMETRIX, INC.
6550 Vallejo Street, Suite 100
Emeryville, CA 94608
(510) 428-8500

February 15, 2007

## CERTIFICATE OF SERVICE

I hereby certify that on February 15, 2007, I electronically filed the foregoing

document using CM/ECF which will send notification of such filing(s) to the following:

> Richard K. Herrmann
> Morris James LLP

I also certify that copies were caused to be served on February 15, 2007 upon the

following in the manner indicated:

### BY HAND AND EMAIL (on 2/15/07)

> Richard K. Herrmann
> Morris James LLP
> 500 Delaware Avenue, Suite 1500
> P.O. Box 2306
> Wilmington, DE 19801-1494

### BY EMAIL (on 2/15/07) AND FEDERAL EXPRESS (on 2/16/07)

> Marcus E. Sernel
> Kirkland & Ellis LLP
> 200 East Randolph Drive
> Chicago, IL 60601

*/s/ Derek J. Fahnestock*
Derek J. Fahnestock (#4705)
dfahnestock@mnat.com

**PLAINTIFF AFFYMETRIX, INC.'S RESPONSES TO
DEFENDANT ILLUMINA, INC.'S MOTIONS *IN LIMINE*
<u>RELATING TO PHASE ONE OF THE TRIAL</u>**

Affymetrix respectfully submits the following responses in opposition to the six

motions *in limine* filed by Illumina.