# Morris, Nichols, Arsht & Tunnell LLP

1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19899-1347

302 658 9200
302 658 3989 Fax

Maryellen Noreika
302 351 9278
302 425 3011 Fax
mnoreika@mnat.com

March 1, 2007

**BY E-FILING**

The Honorable Joseph J. Farnan, Jr.
United States District Court
844 King Street
Wilmington, DE  19801

      Re:    <u>Affymetrix, Inc. v. Illumina Inc., C.A. No. 04-CV-901 JJF</u>

Dear Judge Farnan:

    We write in response to Illumina's March 1 letter concerning 2006 damages.

    Given that Illumina's 2006 sales more than doubled its total sales from 2002 to 2005 combined, Illumina now seeks to preclude Affymetrix from seeking damages covering 2006. There is no basis to do so.  Affymetrix's damages theory has been "long and well known." Affymetrix has always claimed damages (lost profits and reasonable royalty) for 2006.

    In his original report, filed on September 15, 2006, Affymetrix's economics expert asserted that Affymetrix was entitled to lost profits and reasonable royalty damages for the entirety of 2006.  Because Illumina had only produced data through 2005 at that point, the expert's 2006 damages numbers were based on estimates of Illumina's 2006 sales.  Affymetrix repeatedly requested updated sales information.  Affymetrix updated its report within one week of receiving Illumina's 2006 sales data on February 20, 2007.  Now Illumina seeks to preclude Affymetrix from claiming any damages for 2006.  This would severely prejudice Affymetrix.

    A brief history of the events leading up to the current dispute is helpful:

    \*    **December 7, 2005** – At a hearing in this matter, Illumina requested that Affymetrix be denied discovery on products "that are in the pipeline, the R&D pipeline and may be coming out throughout the litigation."  The Court granted the request, stating "you're going to have to understand that at some point, they're going to be exposed.  And we can do some quick catch up on those products."

The Honorable Joseph J. Farnan, Jr.
March 1, 2007
Page 2

 * **December 23, 2005** – Less than three weeks after the hearing, Ilumina started selling an array using an assay not previously offered for sale, the Infinium II assay. Thereafter, during 2006, Illumina offered for sale "new" array products. No pertinent characteristic of these products was "new" to this lawsuit. For example:

 1) Illumina introduced new content – i.e., new oligo sequences – on Sentrix ArrayMatrix products and BeadChips. The new oligos content – oligo sequences – are irrelevant to the infringement analysis.

 2) Illumina introduced whole genome genotyping products on BeadChips using both Infinium I and Infinium II chemistry. The differences between Infinium I and Infinium II chemistry are irrelevant to the infringement analysis as to the asserted claims from the '432, '365 and '531 patents.[1]

 3) Illumina has not made any changes to its software or instruments that are relevant to infringement of the asserted claims.

 * **September 15, 2006** – Affymetrix submitted expert reports from its technical and economics experts. Affymetrix's technical experts opined that the products offered for sale in 2006 (as discussed above) infringe the asserted claims of the relevant patents.[2] Affymetrix's economics expert included those products in his 2006 estimates.

 * **October 30, 2006** – Affymetrix requested Illumina provide updated 2006 sales information to "catch up" with the actual sales. Illumina ignored this request.

 * **December 8, 2006** – Affymetrix followed up on its October 30 letter via email. Illumina did not respond.

 * **February 5, 2007** – In the pretrial order, Affymetrix stated that "[b]oth Illumina and Affymetrix close their FY 2006 books in the first week of February" and that "Affymetrix will produce its updated financial sufficient for the damages experts to update their reports through calendar year 2006 by February 16, 2007." Affymetrix requested that the Court order Illumina to update its sales as well.

 * **February 8, 2007** – The Court ordered Illumina to update its sales through 2006, noting that it is "not an uncommon practice to update the damages expert report."

 * **February 15, 2007** – Affymetrix provided Illumina with updated data for 2006.

---

[1] The '243 patent was not asserted against Infinium I or Infinium II products. The '716 patent is only being asserted against Infinium I.

[2] Affymetrix's expert opined to the best of his ability as to products known at the time of his report in September of 2006.

The Honorable Joseph J. Farnan, Jr.
March 1, 2007
Page 3

    \*    **February 20, 2007** – Illumina provided 2006 sales data for products released prior to December 7, 2005. That same night Affymetrix asked Illumina, given the late production of voluminous, disaggregated sales data, when it would accept the updated report. Relying on the Court's statement that discovery on those products would not go forward immediately Illumina refused to provide any sales data for products first offered for sale after December 7, 2005. Illumina however ignored the Court's statements that the parties would later have to "catch up" on those products.

    \*    **February 21, 2007** – Illumina responded that no date would be acceptable, stating that it was "highly inappropriate" to be updating damages, despite the Court's recent order to do so.

    \*    **February 27, 2007** – Affymetrix provided an updated damages numbers. Because Illumina's "updated" numbers included only data for products first sold before December 7, 2005 (less than 50% of its 2006 sales), Affymetrix's expert provided two sets of updated numbers. One set included the actual sales for the products included in Illumina's recent production. The second set included those sales plus an estimate of the remaining infringing sales for 2006 based on Illumina's public disclosures.

Obviously, Illumina would prefer that damages be limited to 2005 and earlier. There is, however, no basis to limit the damages in this trial. Illumina has long been aware of Affymetrix's damages theories.[3] Affymetrix's updated expert report numbers were timely given the late and incomplete production of 2006 data from Illumina. Thus, Affymetrix requests that the Court deny Illumina's request to limit Affymetrix's damages presentation at trial.

Respectfully,

*/s/ Maryellen Noreika*
Maryellen Noreika (#3208)

cc:    Dr. Peter T. Dalleo, Clerk (by hand)
       Richard K. Herrmann, Esquire (by hand)
       Marcus E. Sernel, Esquire (by e-mail)

---

[3] Affymetrix understands the Court's Order of February 8, 2007 to preclude Affymetrix from seeking price erosion damages in this case. Affymetrix is not seeking such damages either for 2006 or earlier.