# Morris, Nichols, Arsht & Tunnell LLP

1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19899-1347

302 658 9200
302 658 3989 Fax

Maryellen Noreika
302 351 9278
302 425 3011 Fax
mnoreika@mnat.com

March 2, 2007

**BY E-FILING & BY HAND**

The Honorable Joseph J. Farnan, Jr.
United States District Court
844 King Street
Wilmington, DE 19801

      Re:    <u>Affymetrix, Inc. v. Illumina Inc., C.A. No. 04-CV-901 JJF</u>

Dear Judge Farnan:

      As directed by the Court at the Pretrial Conference, attached are the Illumina slides to which Affymetrix objects. While there are a number of slides, Affymetrix's objections can be grouped by issue, and some of the issues may be resolved in connection with the Court's rulings on the motions *in limine* currently pending.

      1.    <u>Demonstratives Improperly Construing Claims Before The Jury</u>

      Affymetrix objects to Illumina's slides nos. 3, 5, 6, 9, 17, 18, 21, 22, 23, 24, 25, 28, 29, 33, 40, 41, 42, 43, 47, 72, 73, 74, 75, 81, 82, 84, 85, 88, 89, 92, 102, 104 on the basis that they put claim construction arguments in front of the jury. For example:

      **Slide 47** – Illumina purports to construe the Court's construction of the term substrate. It highlights the words "a" and "surface" in the Court's definition to argue to the jury that the substrate is limited to a single surface – a position the Court rejected during claim construction.

      **Slide 3** – Illumina includes the Court's construction for one of the terms (in yellow) and then argues a construction of two other terms (one in pink and one in green). Illumina's slide nos. 21, 22, 23, 24, 25, 40, 88 are similar.

**Slide 6** – Illumina presents snippets from the file wrapper to argue that the patent does not cover enzyme-based assays or tags, notwithstanding the lack of any such limiting language in the claims.

**Slide 9** – Illumina asserts that the term "biological chip plate" in the preamble is a limitation and defines it for the jury.

**Slide 29** – Illumina purports to present the jury with a slide from **Affymetrix's Markman presentation** entitled "Deposition of Arrays Defined By Affymetrix."

**Slide 74** – Illumina compares two claims of the '716 patent, purportedly making a claim differentiation argument to the jury.

**Slide 84** – Illumina quotes from a declaration by Affymetrix's validity expert, Robin Felder" to argue what "attaching" means in the '531 patent.

Illumina's attempts to construe the claims in front of the jury and its constructions of the Court's constructions is addressed in Affymetrix's motion *in limine* no. 7.

2. Demonstratives Improperly Referring to Prior Art

Affymetrix objects to Illumina's slide nos. 15, 16, 49, 50, 84, 85, 119, 120 and 165 to the extent they reference prior art. Slides 49, 50, 81 and 82 in Illumina's "infringement" slides include figures taken from prior art references. Slides 119 and 120 are time lines that include references to technology prior to Affymetrix's priority application. This issue is addressed in Affymetrix's motion *in limine* no. 1.

Slide 120 is also objectionable to the extent it suggests that Illumina cannot infringe because the application that issued as the '243 patent was filed after Illumina launched its products. Affymetrix is entitled to the priority date of its earlier application and thus, that whether the application that ultimately issued was filed before or after Illumina began selling its products is irrelevant.

3. Demonstratives Cutting Off Damages Prior To 2006.

Affymetrix objects to Illumina's damages demonstrative slides (including nos. 126, 196, 215, 217, 219, 221, 222, 241, 242 and 243), which portray to the jury Illumina's damages calculations only through November of 2005 and omit damages for 2006. This issue is the subject of March 1, 2007 correspondence with the Court.

4. Demonstratives Containing Information
   Not Produced In Discovery

Affymetrix objects to Illumina's demonstrative slides nos. 14, 30, 48 and 63, all of which appear to portray a bead floating in well. Illumina produced no discovery supporting

its current theory that the beads "float" in wells. Instead, its expert Dr. Lusis simply opined at his deposition that he was told that by an Illumina employee. Affymetrix has had no ability to take discovery on this issue and would be prejudiced if the slides were to be shown to the jury.

Similarly, Affymetrix objects to Illumina's demonstratives 11, 12, 13, 129, 130, 150-156 and 200, all of which refer to purported "design alternatives" which were not disclosed during discovery. This issue is the subject of Affymetrix's motion *in limine* no. 6.

5.  Argumentative Demonstratives

Affymetrix has objected to Illumina's slide nos. 1, 2, 4, 5, 6, 7, 10, 14, 15, 16, 17, 18, 19, 20, 28, 31, 32, 34, 35, 36, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 75, 72, 73, 78, 79, 80, 81, 82, 83, 89, 90, 91, 92, 93, 113, 115, 116, 117, 118 and various of Illumina's damages slides to the extent they are argumentative. For example:

**Slide 4** – This slide is entitled "Illumina's Assays and GenCall Are Substantially Different From '716 Patent Claims" and goes on to characterize the '716 patent as *inter alia* resulting in "inaccurate base calls."

**Slide 89** – This slide is argues "The Accused Spatial Location "Map" Is Not A Property Of The Bead." (A position directly contrary to the Court's memorandum opinion.)

**Slides 90-91** – These slides argue that "Illumina's Beads Have No 'Encoding System' Separate From The Binding Polymer."

**Slide 92** – This slide argues that "'432 Patent Claims 2 and 9 Not Infringed Because No 'Encoding System.'"

Consistent with the Court's Trial Management Order, Affymetrix asked Illumina to agree not to use argumentative slides in opening. Illumina declined to agree.

6.  Other Issues

Affymetrix objects to Illumina's demonstrative nos. 133, 134, 138, 140, 141, 144, 145 and 146 to the extent they refer to "Illumina's Patents" and its independent development of its arrays. This issue is addressed in Affymetrix's motion *in limine* no. 3.

Affymetrix objects to Illumina's demonstrative nos. 12 and 46 as unduly prejudicial. Slide no. 12 purports to show a non-covalent attachment of an oligonucleotide to a bead in solution. The bead is not on an array and is not the type of beads on products accused of infringement in this case. Slide no. 46 similarly refers to beads that are not in an array.

Affymetrix objects to Illumina's demonstrative nos. 182, 183, 231, 232 and 233, which include hearsay statements from third parties. Three of the slides including statements

The Honorable Joseph J. Farnan
March 2, 2007
Page 4

from parties during license negotiations and are the subject of Affymetrix's motion *in limine* no. 5(c).

Affymetrix objects to Illumina's demonstrative no. 204, which contains one sentence from a deposition devoid of the question and the remaining part of the answer. Affymetrix requests that Illumina include the question and entire answer to put the sentence into context.

Affymetrix objects to Illumina's demonstrative nos. 58 through 64 on the grounds of relevance and prejudice. Slides 58 and 64 address making "in situ" arrays (like some of Affymetrix's arrays) and the slides in between appear to be part of a comparison of Illumina's arrays with "in situ" arrays. The patents, however, are not limited "in situ" arrays and thus such a comparison is inappropriate and irrelevant. This issue is addressed to some extent in Affymetrix's motion *in limine* no. 2.

Finally, one additional issue Affymetrix would like to address with the Court is disclosure of Illumina's actual witness list. Affymetrix provided its list of witnesses (three fact witnesses and three experts) last night at 5 p.m.[1] Prior to the Court's determination that trial would last five days, the parties had agreed that Illumina would provide its witness list on Sunday March 4 based on the expectation that Illumina's witnesses would not testify until the end of the week or the beginning of the following week. In light of the trial time, Illumina's witnesses will testify earlier than that. Affymetrix has asked Illumina to move its disclosure up one day in order to facilitate our preparation of cross examinations. Illumina has refused. Illumina has currently listed 17 live witnesses for trial, 10 of whom are potentially relevant to infringement and damages issues. Affymetrix should not be put to the task of unnecessarily preparing to cross all of those witnesses when Illumina knows who it will be calling. Thus, Affymetrix requests some assistance from the Court.

Respectfully,

Maryellen Noreika (#3208)

Enclosures
cc:   Dr. Peter T. Dalleo, Clerk (By electronic filing)
      Richard K. Herrmann, Esquire (By Hand and electronic filing)
      Marcus E. Sernel, Esquire (By email)

---

[1] Affymetrix received the Court's trial management Order shortly before sending the email. We are checking with our client regarding the witness list.