# Morris James LLP

Richard K. Herrmann
302.888.6816
rherrmann@morrisjames.com

March 2, 2007

**VIA ELECTRONIC FILING**
**AND HAND DELIVERY**
The Honorable Joseph J. Farnan, Jr.
USDC for the District of Delaware
844 King Street
Wilmington, DE  19801

Re:     *Affymetrix, Inc. v. Illumina, Inc.,* D. Del., C.A. No. 04-901-JJF

Your Honor:

Enclosed please find a floppy disk with Illumina's proposed changes to Affymetrix's most recent Preliminary Jury Instructions.  The disk includes both a redline version and a clean version.

Respectfully,

Richard K. Herrmann, I.D. No. 405
rherrmann@morrisjames.com

cc: Maryellen Noreika, Esq. (via email w/ copy of instructions)
    Daniel Reed, Esq. (via email w/ copy of instructions)

# REDLINE

Members of the jury:[1]

Now that you have been sworn, I have the following preliminary instructions for guidance on your role as jurors in this case.  You will receive detailed instructions after all witnesses have testified.

---

[1] Source:  Adapted from ABA 2005 Model Jury Instructions for Patent Litigation, 2003 Draft Uniform Jury Instructions For Patent Cases in the U.S. District for the District of Delaware (2003), and Preliminary Jury Instructions in *Power Integrations, Inc. v. Fairchild Semiconductor International Inc.*, C.A. No. 04-1371-JJF (October 6, 2006) (hereinafter "Power Integrations Preliminary Instructions").

1.1.    **The Parties** [Defendant's Proposed Instruction]

This case is an action for patent infringement arising under the patent laws of the United States. The parties are Affymetrix, Inc., the plaintiff, and Illumina, Inc., the defendant. Plaintiff may be called "Affymetrix" and defendant may be called "Illumina" by the lawyers and witnesses in the case.

Plaintiff, Affymetrix, is the owner of the five asserted United States Patents – patent nos. 5,545,531, 5,795,716, 6,355,432, 6,399,365, and 6,646,243. During this trial, the patents may be called collectively the "patents-in-suit" by the lawyers and witnesses in this case. The patents may also be referred to individually by the last three digits of their patent numbers. For example, United States patent no. 5,545,531 may be referred to as the '531 patent. Affymetrix contends that a number of Illumina's products and services infringe the patents-in-suit. In this action, Illumina denies Affymetrix's infringement allegations. In this action, Illumina denies Affymetrix's infringement allegations, and contends that the patents-in-suit are invalid and unenforceable. This trial will only deal with infringement. You are not to consider whether or not the patents-in-suit are valid and enforceable. This issue will be addressed at a later time.

1.2.    **Patent System [Defendant's Proposed Instruction]**

Now let me tell you a little bit about patent law. Patent law comes from the United States Constitution. The Constitution grants Congress the power to enact laws "to promote the progress of science and useful arts, by securing for limited times to authors and inventors the exclusive right to their respective writings and discoveries." With this power, Congress enacted the patent laws.

Under the patent laws, the United States Patent and Trademark Office in the Washington, D.C. area, which we refer to as the PTO, examines patent applications and determines whether an invention should be granted a United States patent. A patent application <u>must</u> includes a written description of the invention, called a "specification," and may include drawings that illustrate the invention. A patent specification ends with one or more patent claims that particularly and distinctly define the subject matter that the inventor regards as his or her invention.

<u>When the USPTO receives a patent application, it is assigned to an examiner, who examines the application, including the claims, to determine whether the application complies with the requirements of the patent laws. The examiner reviews files of prior art in the form of voluminous files of patents and publications. Documents found in the search of prior art are called "references." In conducting the search of prior art, the examiner notes in writing on the file the classes or subclasses of art searched. All of the papers concerning the examination of a patent application before the USPTO are called the "prosecution history" or "file wrapper." If, after reviewing the prior sart maintained at the USPTO, the examiner concludes that the claims presented by the applicant defined the applicant's claimed invention (over the most relevant known prior art), the application is granted as a U.S. patent.</u>

A patent gives its owner the right to exclude others from making, using or selling the patented invention throughout the United States for a specific period of time, usually 20 years from the date the application was filed with the PTO.  A person who, without the patent owner's permission, makes, uses, sells, offers to sell or imports into the United States a patented invention is infringing that patent.

1.3.    **Summary of the Issues to be Tried** [Plaintiff's Proposed Instruction]

In this case, you must decide several issues according to the instructions that I shall give you at the end of the trial. Those instructions will repeat this summary and will provide more detail. In essence, you must decide the following issues:

Affymetrix filed this suit in this court seeking money damages from Illumina for allegedly infringing the patents-in-suit by selling products and services that Affymetrix argues are covered by certain claims of the patents-in-suit. Illumina denies that it has infringed these claims of the patents.

Affymetrix contends that Illumina is infringing the following patent claims:

- ▸ claims 1 and 2 of the '531 patent;
- ▸ claims 1, 5, and 9 of the '716 patent;
- ▸ claims 2 and 9 of the '432 patent;
- ▸ claims 36 and 41 of the '365 patent; and,
- ▸ claims 14, 15 and 35 of the '243 patent.

Your job will be to decide whether Illumina has infringed these claims. If you decide that the patents-in-suit are infringed by Illumina, you will then need to decide the amount of any money damages to be awarded to Affymetrix.

1.4.    **Duty of Jurors**

Submitted jointly as agreed upon by the parties.

1.5.    **Evidence**

Submitted jointly as agreed upon by the parties.

1.6.   **Burden of Proof** [~~Plaintiff's~~ Defendant's Proposed Instruction]

This is a civil case. The plaintiff, Affymetrix, has the burden of proving infringement and damages by what is called a preponderance of the evidence. That means Affymetrix has to produce evidence which, when considered in light of all the facts, leads you to believe that what Affymetrix claims is more likely <u>true</u> than not. To put it differently, if you were to put Affymetrix's and Illumina's evidence on the opposite sides of a scale, and the evidence supporting Affymetrix's claims <u>would have to</u> make~~s~~ the scales tip somewhat on its side~~, then~~ <u>for</u> your verdict ~~on~~<u>to</u> ~~infringement must~~ be for Affymetrix. If Affymetrix fails to meet this burden, your verdict on infringement must be for Illumina.

Those of you who are familiar with criminal cases will likely have heard the term "proof beyond a reasonable doubt." That burden does not apply to this case. Preponderance of the evidence is a lesser burden of proof than "beyond a reasonable doubt." You should therefore put the concept of "beyond a reasonable doubt" out of your mind in considering whether Affymetrix has met its burden of proof in this case.

I will give you more detailed instructions on the law at the end of the case.

1.7.    **<u>Conduct of the Jury</u>**

Submitted jointly as agreed upon by the parties.

**1.8.**    **<u>Course of the Trial</u>**

Submitted jointly as agreed upon by the parties.

**CLEAN COPY**

Members of the jury:[1]

Now that you have been sworn, I have the following preliminary instructions for guidance on your role as jurors in this case.  You will receive detailed instructions after all witnesses have testified.

---

[1] Source:  Adapted from ABA 2005 Model Jury Instructions for Patent Litigation, 2003 Draft Uniform Jury Instructions For Patent Cases in the U.S. District for the District of Delaware (2003), and Preliminary Jury Instructions in *Power Integrations, Inc. v. Fairchild Semiconductor International Inc.*, C.A. No. 04-1371-JJF (October 6, 2006) (hereinafter "Power Integrations Preliminary Instructions").

## 1.1. **The Parties** [Defendant's Proposed Instruction]

This case is an action for patent infringement arising under the patent laws of the United States. The parties are Affymetrix, Inc., the plaintiff, and Illumina, Inc., the defendant. Plaintiff may be called "Affymetrix" and defendant may be called "Illumina" by the lawyers and witnesses in the case.

Plaintiff, Affymetrix, is the owner of the five asserted United States Patents – patent nos. 5,545,531, 5,795,716, 6,355,432, 6,399,365, and 6,646,243. During this trial, the patents may be called collectively the "patents-in-suit" by the lawyers and witnesses in this case. The patents may also be referred to individually by the last three digits of their patent numbers. For example, United States patent no. 5,545,531 may be referred to as the '531 patent. Affymetrix contends that a number of Illumina's products and services infringe the patents-in-suit. In this action, Illumina denies Affymetrix's infringement allegations. In this action, Illumina denies Affymetrix's infringement allegations, and contends that the patents-in-suit are invalid and unenforceable. This trial will only deal with infringement. You are not to consider whether or not the patents-in-suit are valid and enforceable. This issue will be addressed at a later time.

1.2.    **Patent System [Defendant's Proposed Instruction]**

Now let me tell you a little bit about patent law. Patent law comes from the United States Constitution. The Constitution grants Congress the power to enact laws "to promote the progress of science and useful arts, by securing for limited times to authors and inventors the exclusive right to their respective writings and discoveries." With this power, Congress enacted the patent laws.

Under the patent laws, the United States Patent and Trademark Office in the Washington, D.C. area, which we refer to as the PTO, examines patent applications and determines whether an invention should be granted a United States patent. A patent application must include a written description of the invention, called a "specification," and may include drawings that illustrate the invention. A patent specification ends with one or more patent claims that particularly and distinctly define the subject matter that the inventor regards as his or her invention.

When the USPTO receives a patent application, it is assigned to an examiner, who examines the application, including the claims, to determine whether the application complies with the requirements of the patent laws. The examiner reviews files of prior art in the form of voluminous files of patents and publications. Documents found in the search of prior art are called "references." In conducting the search of prior art, the examiner notes in writing on the file the classes or subclasses of art searched. All of the papers concerning the examination of a patent application before the USPTO are called the "prosecution history" or "file wrapper."

If, after reviewing the prior art maintained at the USPTO, the examiner concludes that the claims presented by the applicant defined the applicant's claimed invention (over the most relevant known prior art), the application is granted as a U.S. patent.

A patent gives its owner the right to exclude others from making, using or selling the patented invention throughout the United States for a specific period of time, usually 20 years from the date the application was filed with the PTO.  A person who, without the patent owner's permission, makes, uses, sells, offers to sell or imports into the United States a patented invention is infringing that patent.

1.3.    **Summary of the Issues to be Tried** [Plaintiff's Proposed Instruction]

In this case, you must decide several issues according to the instructions that I shall give you at the end of the trial. Those instructions will repeat this summary and will provide more detail. In essence, you must decide the following issues:

Affymetrix filed this suit in this court seeking money damages from Illumina for allegedly infringing the patents-in-suit by selling products and services that Affymetrix argues are covered by certain claims of the patents-in-suit. Illumina denies that it has infringed these claims of the patents.

Affymetrix contends that Illumina is infringing the following patent claims:

- ‣ claims 1 and 2 of the '531 patent;

- ‣ claims 1, 5, and 9 of the '716 patent;

- ‣ claims 2 and 9 of the '432 patent;

- ‣ claims 36 and 41 of the '365 patent; and,

- ‣ claims 14, 15 and 35 of the '243 patent.

Your job will be to decide whether Illumina has infringed these claims. If you decide that the patents-in-suit are infringed by Illumina, you will then need to decide the amount of any money damages to be awarded to Affymetrix.

1.4.    **<u>Duty of Jurors</u>**

Submitted jointly as agreed upon by the parties.

1.5.   **<u>Evidence</u>**

Submitted jointly as agreed upon by the parties.

1.6.    **Burden of Proof** [Defendant's Proposed Instruction]

This is a civil case.  The plaintiff, Affymetrix, has the burden of proving infringement and damages by what is called a preponderance of the evidence.  That means Affymetrix has to produce evidence which, when considered in light of all the facts, leads you to believe that what Affymetrix claims is more likely true than not.  To put it differently, if you were to put Affymetrix's and Illumina's evidence on the opposite sides of a scale, and the evidence supporting Affymetrix's claims would have to make the scales tip somewhat on its side for your verdict to be for Affymetrix.  If Affymetrix fails to meet this burden, your verdict on infringement must be for Illumina.

Those of you who are familiar with criminal cases will likely have heard the term "proof beyond a reasonable doubt."  That burden does not apply to this case.  Preponderance of the evidence is a lesser burden of proof than "beyond a reasonable doubt."  You should therefore put the concept of "beyond a reasonable doubt" out of your mind in considering whether Affymetrix has met its burden of proof in this case.

I will give you more detailed instructions on the law at the end of the case.

1.7.   **Conduct of the Jury**

Submitted jointly as agreed upon by the parties.

1.8.  **Course of the Trial**

Submitted jointly as agreed upon by the parties.