**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| **AFFYMETRIX, INC.**, a Delaware corporation, | ) ) ) | |
| Plaintiff/Counter-Defendant, | ) ) | |
| v. | ) ) | Civil Action No.:  04-901 JJF |
| **ILLUMINA, INC.**, a Delaware corporation, | ) ) | |
| Defendant/Counter-Plaintiff. | ) ) | |

**ILLUMINA, INC.'S RESPONSE TO AFFYMETRIX'S OBJECTIONS TO
ILLUMINA'S PROPOSED PRELIMINARY JURY INSTRUCTIONS**

Richard K. Herrmann (#405)
MORRIS JAMES LLP
500 Delaware Avenue – Suite 1500
Wilmington, Delaware 19801
(302) 888-6800
rherrmann@morrisjames.com

Robert G. Krupka, P.C.
KIRKLAND & ELLIS LLP
777 South Figueroa Street
Los Angeles, California 90017
(213) 680-8400

Mark A. Pals, P.C.
Marcus E. Sernel
KIRKLAND & ELLIS LLP
200 East Randolph Drive
Chicago, Illinois 60601
(312) 861-2000

*Counsel for Illumina, Inc.*

Dated:  March 4, 2007

Affymetrix's objections to two of Illumina's proposed modifications to the preliminary jury instructions should be overruled.

**Instruction 1.1:**  Illumina has requested that in addition to referencing its denial of Affymetrix's infringement allegations, the Court merely note that Illumina also contends that the patents-in-suit are invalid and unenforceable, but that those issues are not to be considered by this jury.

Patents, and their validity and infringement, have become front page news, and the recent highly publicized RIM case and its mega-settlement are familiar to most adults. Without the clarification Illumina has requested, the jury may believe that validity or enforceability is an issue that must be considered, or that Illumina has conceded validity and enforceability.  In either case, the jury will be confused and Illumina will be prejudiced.

The clarification Illumina proposes is very brief and very clear, and will avoid any risk of confusion by the jury.

**Instruction 1.2:**  Illumina has requested that the Court re-insert a paragraph from the same model instructions from which Affymetrix excerpted the rest of the language for this Instruction.  The proposed language merely provides basic information on the concepts of "prosecution" and a "prosecution history."  This insertion is necessary to avoid jury confusion about the information set forth on the face of the patents-in-suit, which will be front and center throughout the trial, and to put in context evidence regarding subject matter that was disclaimed during prosecution of the patents-in-suit.  Without this basic information, the jury will be confused about the evidence that will be presented.

Illumina respectfully requests that this Court overrule Affymetrix's objections and use the version Illumina has proposed. (Both a redline and clean copy of the instructions with typographical corrections are attached.)

Dated: March 4, 2007

        */s/ Richard K. Herrmann*
Richard K. Herrmann (#405)
MORRIS JAMES LLP
500 Delaware Avenue, Suite 1500
Wilmington, Delaware 19801
(302) 888-6800
rherrmann@morrisjames.com

Robert G. Krupka, P.C.
KIRKLAND & ELLIS LLP
777 South Figueroa Street
Los Angeles, California 90017
(213) 680-8400

Mark A. Pals, P.C.
Marcus E. Sernel
KIRKLAND & ELLIS LLP
200 East Randolph Drive
Chicago, Illinois 60601
(312) 861-2000

*Counsel for Illumina, Inc.*

# ILLUMINA'S PROPOSED PRELIMINARY JURY INSTRUCTIONS

Members of the jury:[1]

Now that you have been sworn, I have the following preliminary instructions for guidance on your role as jurors in this case.  You will receive detailed instructions after all witnesses have testified.

---

[1]    Source:  Adapted from ABA 2005 Model Jury Instructions for Patent Litigation, 2003 Draft Uniform Jury Instructions For Patent Cases in the U.S. District for the District of Delaware (2003), and Preliminary Jury Instructions in *Power Integrations, Inc. v. Fairchild Semiconductor International Inc.*, C.A. No. 04-1371-JJF (October 6, 2006) (hereinafter "Power Integrations Preliminary Instructions").

### 1.1.    __The Parties__ [Defendant's Proposed Instruction]

This case is an action for patent infringement arising under the patent laws of the United States.  The parties are Affymetrix, Inc., the plaintiff, and Illumina, Inc., the defendant.  Plaintiff may be called "Affymetrix" and defendant may be called "Illumina" by the lawyers and witnesses in the case.

Plaintiff, Affymetrix, is the owner of the five asserted United States Patents – patent nos. 5,545,531, 5,795,716, 6,355,432, 6,399,365, and 6,646,243.  During this trial, the patents may be called collectively the "patents-in-suit" by the lawyers and witnesses in this case.  The patents may also be referred to individually by the last three digits of their patent numbers.  For example, United States patent no. 5,545,531 may be referred to as the '531 patent.  Affymetrix contends that a number of Illumina's products and services infringe the patents-in-suit.  In this action, Illumina denies Affymetrix's infringement allegations and contends that the patents-in-suit are invalid and unenforceable.  This trial will only deal with infringement.  You are not to consider whether or not the patents-in-suit are valid and enforceable.  This issue will be addressed at a later time.

### 1.2.    <u>Patent System</u> [Defendant's Proposed Instruction]

Now let me tell you a little bit about patent law.  Patent law comes from the United States Constitution.  The Constitution grants Congress the power to enact laws "to promote the progress of science and useful arts, by securing for limited times to authors and inventors the exclusive right to their respective writings and discoveries."  With this power, Congress enacted the patent laws.

Under the patent laws, the United States Patent and Trademark Office in the Washington, D.C. area, which we refer to as the PTO, examines patent applications and determines whether an invention should be granted a United States patent.  A patent application must include a written description of the invention, called a "specification," and may include drawings that illustrate the invention.  A patent specification ends with one or more patent claims that particularly and distinctly define the subject matter that the inventor regards as his or her invention.

When the PTO receives a patent application, it is assigned to an examiner, who examines the application, including the claims, to determine whether the application complies with the requirements of the patent laws.  The examiner reviews files of prior art in the form of voluminous files of patents and publications.  Documents found in the search of prior art are called "references."  In conducting the search of prior art, the examiner notes in writing on the file the classes or subclasses of art searched.  All of the papers concerning the examination of a patent application before the PTO are called the "prosecution history" or "file wrapper."

If, after reviewing the prior art maintained at the PTO, the examiner concludes that the claims presented by the applicant defined the applicant's claimed invention (over the most relevant known prior art), the application is granted as a U.S. patent.

A patent gives its owner the right to exclude others from making, using or selling the patented invention throughout the United States for a specific period of time, usually 20 years from the date the application was filed with the PTO.  A person who, without the patent owner's permission, makes, uses, sells, offers to sell or imports into the United States a patented invention is infringing that patent.

**1.3.    <u>Summary of the Issues to be Tried</u>** [Plaintiff's Proposed Instruction]

In this case, you must decide several issues according to the instructions that I shall give you at the end of the trial.  Those instructions will repeat this summary and will provide more detail.  In essence, you must decide the following issues:

Affymetrix filed this suit in this court seeking money damages from Illumina for allegedly infringing the patents-in-suit by selling products and services that Affymetrix argues are covered by certain claims of the patents-in-suit.  Illumina denies that it has infringed these claims of the patents.

Affymetrix contends that Illumina is infringing the following patent claims:

> ►    claims 1 and 2 of the '531 patent;
>
> ►    claims 1, 5, and 9 of the '716 patent;
>
> ►    claims 2 and 9 of the '432 patent;
>
> ►    claims 36 and 41 of the '365 patent; and,
>
> ►    claims 14, 15 and 35 of the '243 patent.

Your job will be to decide whether Illumina has infringed these claims.  If you decide that the patents-in-suit are infringed by Illumina, you will then need to decide the amount of any money damages to be awarded to Affymetrix.

### 1.4. __Duty of Jurors__

Submitted jointly as agreed upon by the parties.

**1.5.**    **<u>Evidence</u>**

Submitted jointly as agreed upon by the parties.

**1.6.**    **<u>Burden of Proof</u>** [Defendant's Proposed Instruction]

This is a civil case.  The plaintiff, Affymetrix, has the burden of proving infringement and damages by what is called a preponderance of the evidence.  That means Affymetrix has to produce evidence which, when considered in light of all the facts, leads you to believe that what Affymetrix claims is more likely true than not.  To put it differently, if you were to put Affymetrix's and Illumina's evidence on the opposite sides of a scale, the evidence supporting Affymetrix's claims would have to make the scales tip somewhat on its side for your verdict to be for Affymetrix.  If Affymetrix fails to meet this burden, your verdict on infringement must be for Illumina.

Those of you who are familiar with criminal cases will likely have heard the term "proof beyond a reasonable doubt."  That burden does not apply to this case.  Preponderance of the evidence is a lesser burden of proof than "beyond a reasonable doubt."  You should therefore put the concept of "beyond a reasonable doubt" out of your mind in considering whether Affymetrix has met its burden of proof in this case.

I will give you more detailed instructions on the law at the end of the case.

1.7.    **<u>Conduct of the Jury</u>**

Submitted jointly as agreed upon by the parties.

1.8.    **<u>Course of the Trial</u>**

Submitted jointly as agreed upon by the parties.

# REDLINE

Members of the jury:[1]

  Now that you have been sworn, I have the following preliminary instructions for guidance on your role as jurors in this case.  You will receive detailed instructions after all witnesses have testified.

---

[1]   Source:  Adapted from ABA 2005 Model Jury Instructions for Patent Litigation, 2003 Draft Uniform Jury Instructions For Patent Cases in the U.S. District for the District of Delaware (2003), and Preliminary Jury Instructions in *Power Integrations, Inc. v. Fairchild Semiconductor International Inc.*, C.A. No. 04-1371-JJF (October 6, 2006) (hereinafter "Power Integrations Preliminary Instructions").

**1.1.**    <u>**The Parties**</u> [Defendant's Proposed Instruction]

This case is an action for patent infringement arising under the patent laws of the United States.  The parties are Affymetrix, Inc., the plaintiff, and Illumina, Inc., the defendant.  Plaintiff may be called "Affymetrix" and defendant may be called "Illumina" by the lawyers and witnesses in the case.

Plaintiff, Affymetrix, is the owner of the five asserted United States Patents – patent nos. 5,545,531, 5,795,716, 6,355,432, 6,399,365, and 6,646,243.  During this trial, the patents may be called collectively the "patents-in-suit" by the lawyers and witnesses in this case.  The patents may also be referred to individually by the last three digits of their patent numbers.  For example, United States patent no. 5,545,531 may be referred to as the '531 patent.  Affymetrix contends that a number of Illumina's products and services infringe the patents-in-suit.  In this action, Illumina denies Affymetrix's infringement allegations and contends that the patents-in-suit are invalid and unenforceable.  This trial will only deal with infringement.  You are not to consider whether or not the patents-in-suit are valid and enforceable.  This issue will be addressed at a later time.

Deleted: .

**1.2.**   <u>**Patent System**</u> **[Defendant's Proposed Instruction]**

Now let me tell you a little bit about patent law.  Patent law comes from the United States Constitution.  The Constitution grants Congress the power to enact laws "to promote the progress of science and useful arts, by securing for limited times to authors and inventors the exclusive right to their respective writings and discoveries."  With this power, Congress enacted the patent laws.

Under the patent laws, the United States Patent and Trademark Office in the Washington, D.C. area, which we refer to as the PTO, examines patent applications and determines whether an invention should be granted a United States patent.  A patent application <u>must</u> include a written description of the invention, called a "specification," and may include drawings that illustrate the invention.  A patent specification ends with one or more patent claims that particularly and distinctly define the subject matter that the inventor regards as his or her invention.

> Deleted: s

<u>When the PTO receives a patent application, it is assigned to an examiner, who examines the application, including the claims, to determine whether the application complies with the requirements of the patent laws.  The examiner reviews files of prior art in the form of voluminous files of patents and publications.  Documents found in the search of prior art are called "references."  In conducting the search of prior art, the examiner notes in writing on the file the classes or subclasses of art searched.  All of the papers concerning the examination of a patent application before the PTO are called the "prosecution history" or "file wrapper."</u>

<u>If, after reviewing the prior art maintained at the PTO, the examiner concludes that the claims presented by the applicant defined the applicant's claimed invention (over the most relevant known prior art), the application is granted as a U.S. patent.</u>

A patent gives its owner the right to exclude others from making, using or selling the patented invention throughout the United States for a specific period of time, usually 20 years from the date the application was filed with the PTO. A person who, without the patent owner's permission, makes, uses, sells, offers to sell or imports into the United States a patented invention is infringing that patent.

**1.3.**    <u>**Summary of the Issues to be Tried**</u> [Plaintiff's Proposed Instruction]

In this case, you must decide several issues according to the instructions that I shall give you at the end of the trial. Those instructions will repeat this summary and will provide more detail. In essence, you must decide the following issues:

Affymetrix filed this suit in this court seeking money damages from Illumina for allegedly infringing the patents-in-suit by selling products and services that Affymetrix argues are covered by certain claims of the patents-in-suit. Illumina denies that it has infringed these claims of the patents.

Affymetrix contends that Illumina is infringing the following patent claims:

- ► claims 1 and 2 of the '531 patent;

- ► claims 1, 5, and 9 of the '716 patent;

- ► claims 2 and 9 of the '432 patent;

- ► claims 36 and 41 of the '365 patent; and,

- ► claims 14, 15 and 35 of the '243 patent.

Your job will be to decide whether Illumina has infringed these claims. If you decide that the patents-in-suit are infringed by Illumina, you will then need to decide the amount of any money damages to be awarded to Affymetrix.

**1.4.**    **<u>Duty of Jurors</u>**

Submitted jointly as agreed upon by the parties.

**1.5.**   <u>**Evidence**</u>

Submitted jointly as agreed upon by the parties.

**1.6.    <u>Burden of Proof</u>** [Defendant's Proposed Instruction]

Deleted: Plaintiff's

This is a civil case.  The plaintiff, Affymetrix, has the burden of proving infringement and damages by what is called a preponderance of the evidence.  That means Affymetrix has to produce evidence which, when considered in light of all the facts, leads you to believe that what Affymetrix claims is more likely true than not.  To put it differently, if you were to put Affymetrix's and Illumina's evidence on the opposite sides of a scale, the evidence supporting Affymetrix's claims would have to make the scales tip somewhat on its side for your verdict to be for Affymetrix.  If Affymetrix fails to meet this burden, your verdict on infringement must be for Illumina.

Deleted: and

Deleted: s

Deleted: , then

Deleted: on

Deleted: infringement must

Those of you who are familiar with criminal cases will likely have heard the term "proof beyond a reasonable doubt."  That burden does not apply to this case.  Preponderance of the evidence is a lesser burden of proof than "beyond a reasonable doubt."  You should therefore put the concept of "beyond a reasonable doubt" out of your mind in considering whether Affymetrix has met its burden of proof in this case.

I will give you more detailed instructions on the law at the end of the case.

**1.7.** **<u>Conduct of the Jury</u>**

Submitted jointly as agreed upon by the parties.

**1.8.     Course of the Trial**

Submitted jointly as agreed upon by the parties.