IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **AFFYMETRIX, INC.**, a Delaware corporation,<br><br>Plaintiff/Counter-Defendant,<br><br>v.<br><br>**ILLUMINA, INC.**, a Delaware corporation,<br><br>Defendant/Counter-Plaintiff. | )<br>)<br>)<br>)<br>)<br>) Civil Action No.: 04-901 JJF<br>)<br>)<br>)<br>)<br>) |

## ILLUMINA'S MOTION FOR
## JUDGMENT AS A MATTER OF LAW PURSUANT TO RULE 50(a)

Richard K. Herrmann #405
MORRIS JAMES LLP
500 Delaware Avenue, Suite 1500
Wilmington, DE  19801
302.888.6800
rherrmann@morrisjames.com

Robert G. Krupka, P.C.
KIRKLAND & ELLIS LLP
777 South Figueroa Street
Los Angeles, California 90017
(213) 680-8400

Mark A. Pals, P.C.
Marcus E. Sernel
KIRKLAND & ELLIS LLP
200 East Randolph Drive
Chicago, Illinois 60601
(312) 861-2000

Dated: March 8, 2007                                           *Attorneys for Illumina, Inc.*

## INTRODUCTION

In this case, Affymetrix alleges Illumina directly and indirectly infringes the patents-in-suit, and seeks damages for lost profits and/or a reasonable royalty.

At the conclusion of Affymetrix's case in chief, no reasonable jury could find that Illumina infringed any of the asserted claims of the patents-in-suit, or that if it did Affymetrix is entitled to any lost profits or the 12% royalty it seeks.

Specifically, Affymetrix failed to present sufficient evidence to show that Illumina's products infringe any of the asserted claims of the patents-in-suit, or that Illumina's customers use Illumina products in an infringing manner. Additionally, Affymetrix did not meet its burden to prove Illumina acted with a specific intent to induce infringement. Further, Affymetrix did not present any evidence to establish that Illumina's products do not have a substantial noninfringing use.

Accordingly, there is not a legally sufficient basis for the jury to find Illumina has infringed, directly or indirectly, any of the patents-in-suit. Therefore, Illumina respectfully requests that the Court enter judgment as a matter of law on these claims pursuant to Federal Rule of Civil Procedure 50(a).

In addition, even if this Court were to conclude that Affymetrix had made a prima facie case sufficient to proceed at this juncture, Affymetrix has failed to prove its entitlement to any lost profits including, *inter alia*, because it has failed to identify any sales it would have made but for infringement by Illumina, or that it had sufficient capacity to make any such sales, or that an award of lost profits would not be speculative. Accordingly, Affymetrix had failed to make a prima facie case for lost profits and that issue should not be submitted to the jury. Furthermore, Affymetrix, to the extent it established a prima facie showing of entitlement to an award of a reasonable royalty, failed to establish that its proposed 12% royalty rate is reasonable under the

*Georgia Pacific* factors and other controlling law, or that the royalty base it proposes is the correct base against which a reasonable royalty should be assessed. In addition, Affymetrix has failed to prove compliance with the requirements of 35 U.S.C. § 287(a).

Judgment as a matter of law should be granted when "there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue. . . ." FED. R. CIV. P. 50(a). The sufficiency of the evidence is determined by "the record as presented to the jury." *Advanced Medical Optics, Inc. v. Alcon Laboratories, Inc.*, No. Civ. A. 03-1095-KAJ, 2005 WL 3454283, at *2 (D. Del. Dec. 16, 2005) (citing *Lightning Lube, Inc. v. Witco Corp.*, 4 F.3d 1153, 1199 (3d Cir. 1993)). The proper analysis is "'whether the record contains the minimum quantum of evidence from which a jury might reasonably afford relief.'" *Espeed, Inc. v. Brokertec USA, L.L.C.*, 404 F.Supp.2d 575, 578 (D. Del. 2005) (quoting *Keith v. Truck Stops Corp. of America*, 909 F.2d 743, 745 (3d Cir. 1990)).

For the foregoing reasons, Illumina respectfully requests that this Court grant its Motion for Judgment of Matter of Law regarding Affymetrix's claims of infringement and damages pursuant to Federal Rule of Civil Procedure 50(b).

Dated: March 8, 2007

Richard K. Herrmann #405
MORRIS JAMES LLP
500 Delaware Avenue, Suite 1500
Wilmington, DE 19801
302.888.6800
rherrmann@morrisjames.com

Mark A. Pals, P.C.
Marcus E. Sernel
KIRKLAND & ELLIS LLP
200 East Randolph Drive
Chicago, Illinois 60601
(312) 861 2000
*Attorneys for Illumina, Inc.*