IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

AFFYMETRIX, INC.,                )
                                 )
        Plaintiff,               )       C.A.  No.  04-901-JJF
                                 )
                v.               )
                                 )
ILLUMINA, INC.,                  )
                                 )
        Defendant.               )

## AFFYMETRIX'S PROPOSED FINAL JURY INSTRUCTIONS

Pursuant to D. Del. L.R. 51.1(a), Affymetrix, Inc. submits the attached Proposed Final

Jury Instructions, in triplicate, for Phase 1 of the trial.  The parties have reached agreement with

respect to certain additional instructions, which have been submitted jointly in a separate

document.  These instructions are also being submitted on disk in WordPerfect format.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Derek J. Fahnestock (#4705)*
Jack B. Blumenfeld (#1014)
Maryellen Noreika (#3208)
Derek J. Fahnestock (#4705)
1201 N. Market Street
P.O. Box 1347
  Wilmington, DE 19899 (302) 658-9200
  Attorneys for Plaintiff Affymetrix, Inc.

# TABLE OF CONTENTS

1 GENERAL INSTRUCTIONS ............................................................ 1
   1.1 INTRODUCTION (SEE JOINT INSTRUCTIONS) ...................................... 1
   1.2 JUROR'S DUTIES (SEE JOINT INSTRUCTIONS) ................................... 2
   1.3 BURDEN OF PROOF ................................................................... 3
   1.4 EVIDENCE DEFINED (SEE JOINT INSTRUCTIONS) ............................... 4
   1.5 CONSIDERATION OF EVIDENCE (SEE JOINT INSTRUCTIONS) .......... 5
       1.5.1  SEE JOINT INSTRUCTIONS ........................................... 6
   1.6 DIRECT AND CIRCUMSTANTIAL EVIDENCE
       (SEE JOINT INSTRUCTIONS) ...................................................... 7
   1.7 CREDIBILITY OF WITNESSES (SEE JOINT INSTRUCTIONS) .............. 8
   1.8 NUMBER OF WITNESSES (SEE JOINT INSTRUCTIONS) ...................... 9
   1.9 EXPERT WITNESSES (SEE JOINT INSTRUCTIONS) ........................... 10
   1.10 DEPOSITION TESTIMONY (SEE JOINT INSTRUCTIONS) ................. 11
   1.11 DEMONSTRATIVE EXHIBITS (SEE JOINT INSTRUCTIONS) ........... 12

2 THE PARTIES AND THEIR CONTENTIONS ........................................... 13
   2.1 THE PARTIES (SEE JOINT INSTRUCTIONS) ................................... 13
   2.2 AFFYMETRIX'S CONTENTIONS ................................................ 14
   2.3 ILLUMINA'S CONTENTIONS ................................................... 15

3 THE PATENT CLAIMS ............................................................... 16
   3.1 PATENT CLAIMS GENERALLY (SEE JOINT INSTRUCTIONS) ........... 16
   3.2 INDEPENDENT AND DEPENDENT CLAIMS
       (SEE JOINT INSTRUCTIONS) ................................................. 17
   3.3 OPEN ENDED OR "COMPRISING/COMPRISES" CLAIMS .................. 18
   3.4 CONSTRUCTION OF CLAIMS (SEE JOINT INSTRUCTIONS) ............. 19

4 PATENT INFRINGEMENT ........................................................... 20
   4.1 PATENT INFRINGEMENT GENERALLY ...................................... 20
   4.2 DIRECT INFRINGEMENT - KNOWLEDGE OF PATENT OR
       INTENT TO INFRINGE IS IMMATERIAL
       (SEE JOINT INSTRUCTIONS) ................................................. 21
       4.2.1 DIRECT INFRINGEMENT - INDEPENDENT
          DEVELOPMENT IRRELEVANT ...................................... 22
       4.2.2 DIRECT INFRINGEMENT - ILLUMINA'S OWNERSHIP OF
          PATENTS IS NOT A DEFENSE ..................................... 23
   4.3 LITERAL INFRINGEMENT (SEE JOINT INSTRUCTIONS) .................... 24
   4.4 DOCTRINE OF EQUIVALENTS ................................................ 25
   4.5 INDIRECT INFRINGEMENT - GENERALLY ................................... 27
   4.6 INDUCING PATENT INFRINGEMENT ........................................ 28
   4.7 CONTRIBUTORY INFRINGEMENT (SEE JOINT INSTRUCTIONS) ..... 29

5 DAMAGES ......................................................................... 30
   5.1 COMPENSATORY DAMAGES IN GENERAL ................................. 30
   5.2 BURDEN OF PROOF - REASONABLE CERTAINTY .......................... 31
       5.2.1 DATE DAMAGES BEGIN ........................................... 32

5.3 METHODS FOR COMPUTING DAMAGES  ................................................. 34
5.4 LOST PROFITS - LOST SALES  ................................................................ 35
5.5 REASONABLE ROYALTY  ..................................................................... 37
5.6 FACTORS FOR DETERMINING REASONABLE ROYALTY
       (SEE JOINT INSTRUCTIONS)  ............................................................. 39
5.7 INTEREST (SEE JOINT INSTRUCTIONS)  .................................................. 40
5.8 CLOSING STATEMENT - DAMAGES (SEE JOINT INSTRUCTIONS) .. 41
5.9 CURATIVE INSTRUCTION (SEE JOINT INSTRUCTIONS)  ................... 42

6 DELIBERATION AND VERDICT .................................................................... 43
6.1 INTRODUCTION (SEE JOINT INSTRUCTIONS)  ..................................... 43
6.2 UNANIMOUS VERDICT (SEE JOINT INSTRUCTIONS)  ........................ 44
6.3 DUTY TO DELIBERATE (SEE JOINT INSTRUCTIONS)  ....................... 45
6.4 COURT HAS NO OPINION (SEE JOINT INSTRUCTIONS)  .................... 46

# 1. GENERAL INSTRUCTIONS

## 1.1     INTRODUCTION[1]

SEE JOINT PROPOSED INSTRUCTION NO. 1.1[2]

---

[1] Source:  Final Jury Instructions *Power Integrations, Inc. v. Fairchild Semiconductor Internat'l Inc.*, C.A. No. 04-1371-JJF (October 6, 2006) (hereinafter "*Power Integrations* Final Instructions");  Uniform Jury Instructions For Patent Cases In The United States District Court For The District Of Delaware (March 1993) (hereinafter "Delaware Uniform Instructions").

[2] The parties joint proposed jury instructions are being submitted as a separate document contemporaneously herewith.

## 1.2     JURORS' DUTIES[3]

SEE JOINT PROPOSED INSTRUCTION 1.2

---

[3]
    Source:  *Power Integrations* Final Instructions; Delaware Uniform Instructions.

### 1.3     BURDEN OF PROOF[4]

This is a civil case in which Affymetrix, Inc. is charging Illumina, Inc. with infringement of five Affymetrix patents.  Affymetrix has the burden of proving patent infringement and its claim of damages by what is called a preponderance of the evidence.  That means Affymetrix has to produce evidence which, when considered in light of all of the facts, leads you to believe that what Affymetrix claims is more likely true than not.  To put it differently, if you were to put Affymetrix's evidence and Illumina's evidence on the opposite sides of a scale, the evidence supporting Affymetrix's claims would have to make the scales tip somewhat on Affymetrix's side.  If Affymetrix fails to meet its burden for a particular claim, your verdict must be for Illumina on that claim.

Those of you who are familiar with criminal cases will have heard the term "proof beyond a reasonable doubt."  That burden does not apply in a civil case and does not play any part in this case.  Therefore, you should not consider it at all in your deliberations.

---

[4]

Source: *Power Integrations* Final Instructions; Delaware Uniform Instructions.

**1.4    EVIDENCE DEFINED[5]**

SEE JOINT PROPOSED INSTRUCTION 1.4

---

[5]    Source: *Power Integrations* Final Instructions; Delaware Uniform Instructions.

**1.5    CONSIDERATION OF EVIDENCE[6]**

SEE JOINT PROPOSED INSTRUCTION 1.5

---

[6]

Source: *Power Integrations* Final Instructions; Delaware Uniform Instructions.

### 1.5.1   USE OF NOTES[7]

SEE JOINT PROPOSED INSTRUCTION 1.5.1

---

[7]
    Source:  *Power Integrations* Final Instructions.

## 1.6    DIRECT AND CIRCUMSTANTIAL EVIDENCE[8]

SEE JOINT PROPOSED INSTRUCTION 1.6

---

[8] Source: *Power Integrations* Final Instructions; Delaware Uniform Instructions.

## 1.7    CREDIBILITY OF WITNESSES[9]

SEE JOINT PROPOSED INSTRUCTION 1.7

---

[9]

Source: *Power Integrations* Final Instructions; Delaware Uniform Instructions.

**1.8     NUMBER OF WITNESSES**[10]

SEE JOINT PROPOSED INSTRUCTION 1.8

---

[10]

    Source:  *Power Integrations* Final Instructions; Delaware Uniform Instructions.

## 1.9    EXPERT WITNESSES[11]

When knowledge of technical subject matter may be helpful to the jury, a person who has special training or experience in that technical field – he is called an expert witness – is permitted to state his opinion on those technical matters.

You are not required, however, to accept that opinion.  As with any other witness, it is up to you to decide how much weight to give the opinion in light of all the evidence in the case.

---

[11]    Delaware Uniform Instructions.

**1.10    DEPOSITION TESTIMONY**[12]

SEE JOINT PROPOSED INSTRUCTION 1.10

---

[12]

Source: *Power Integrations* Final Instructions; Delaware Uniform Instructions.

## 1.11    DEMONSTRATIVE EXHIBITS[13]

SEE JOINT PROPOSED INSTRUCTION 1.11

---

[13]

      Source:  *Power Integrations* Final Instructions; Delaware Uniform Instructions.

## 2.  THE PARTIES AND THEIR CONTENTIONS

### 2.1     THE PARTIES

SEE JOINT PROPOSED INSTRUCTION 2.1.

## 2.2     AFFYMETRIX'S CONTENTIONS

Affymetrix contends that Illumina has directly infringed and continues to directly infringe various claims of Affymetrix's five patents. Affymetrix also contends that Illumina has indirectly infringed its patents. I will explain the elements of both direct and indirect infringement shortly. Specifically, Affymetrix charges that Illumina has infringed, and continues to infringe:

> claims 1 and 2 of the '531 patent;
>
> claims 1, 5, and 9 of the '716 patent;
>
> claims 2 and 9 of the '432 patent;
>
> claims 36 and 41 of the '365 patent; and,
>
> claims 14, 15 and 35 of the '243 patent.

I will refer to these five patents collectively as the patents-in-suit, or individually by the last three numbers of the patents.

Affymetrix also contends that it is entitled to damages for Illumina's infringement in the form of lost profits on some Illumina sales and a reasonable royalty on other Illumina sales.

14

## 2.3    ILLUMINA'S CONTENTIONS

Illumina contends that its products do not infringe literally or under the doctrine of equivalents any of the asserted claims of the patents-in-suit.

If Illumina is found to infringe, Illumina contends that Affymetrix is only entitled to a reasonable royalty on those accused products that Affymetrix has proven Illumina made, used, sold or offered for sale within the United States.

## 3.THE PATENT CLAIMS

### 3.1     PATENT CLAIMS GENERALLY[14]

SEE JOINT PROPOSED INSTRUCTION 3.1

---

[14]

Source: *Power Integrations* Final Instructions; Delaware Uniform Instructions.

## 3.2     INDEPENDENT AND DEPENDENT CLAIMS[15]

SEE JOINT PROPOSED INSTRUCTION 3.2

.

---

[15]     Source:  Delaware Uniform Instructions; *Power Integrations* Final Instructions (modified).

### 3.3    OPEN ENDED OR "COMPRISING/COMPRISES" CLAIMS[16]

The claims of the patents-in-suit use the transitional term "comprising" or "comprises." "Comprising" and "comprises" are interpreted the same as "including" or "containing." In patent claims, "comprising" or "comprises," mean that the claims are open ended. For example, a claim to a table comprising a tabletop, four legs and the glue, would be infringed by a table that includes those elements, even if the table also includes additional elements such as wheels on the table's legs. Thus, if you find that the accused Illumina products or services include all the elements in any asserted claim that uses the term "comprising" or "comprises," the fact that it may also include additional elements is irrelevant. The presence of additional elements does not mean that the Illumina product does not infringe a patent claim.17

---

[16]    Source:  Delaware Uniform Instructions (modified); Draft Uniform Jury Instructions For Patent Cases In The United States District Court For The District Of Delaware (June 2003) (hereinafter "2003 Draft Delaware Uniform Instructions") (modified).

[17]    Illumina's proposed instruction 3.4 regarding "consisting of" is unnecessary and misleading because none of the asserted claims is a "consisting of"-type claim

### 3.4    CONSTRUCTION OF CLAIMS[18]

SEE JOINT PROPOSED INSTRUCTION NO. 3.4

---

[18] Source:  2003 Draft Delaware Uniform Instructions (modified), *Power Integrations* Final Instructions; *Ncube v. Seachange*, CA 01-11, Final Jury Instructions

## 4. PATENT INFRINGEMENT

### 4.1 PATENT INFRINGEMENT GENERALLY[19]

A patent owner may enforce its right to stop others from making, using, selling, or offering to sell the patented invention in the United States by filing a lawsuit for patent infringement. Here, Affymetrix, the patent owner, has sued Illumina, the accused infringer, and has alleged that Illumina's products and services infringe one or more claims of Affymetrix's patents-in-suit.

Patent law provides that any person or business entity which makes, uses, sells or offers to sell, without the patent owner's permission, any product, apparatus or method legally protected by at least one claim of a patent within the United States before the patent expires, infringes the patent.

There are several ways to infringe a patent. One may directly infringe a patent, either literally or under the doctrine of equivalents. Alternatively, one may indirectly infringe a patent, either (1) by inducing others to infringe a patent, in which case both the inducer and the direct infringer are liable for infringement; or (2) by contributing to the infringement of a patent by another by supplying a component specially designed for the patented invention, in which case both the direct infringer and the contributory infringer would be liable for patent infringement.

---

[19]

Source: *Power Integrations* Final Instructions; Delaware Uniform Instructions.

**4.2    DIRECT INFRINGEMENT – KNOWLEDGE OF PATENT OR INTENT TO INFRINGE IS IMMATERIAL**[20]

SEE JOINT PROPOSED INSTRUCTION 4.2

---

[20]

Source:  Delaware Uniform Instructions.

### 4.2.1   DIRECT INFRINGEMENT - INDEPENDENT DEVELOPMENT IRRELEVANT[21]

Evidence that Illumina may have developed its products through independent research is not relevant to the question of infringement.  An independently developed product or process that falls within the scope of the asserted claims of the patents-in-suit nevertheless infringes.

---

[21]   Source: *Stambler v. RSA Sec., Inc.*, 123 Fed. Appx. 982, 986 (Fed. Cir. 2005) (district court properly provided jury instruction that "evidence that SSL may have been developed through independent research is not relevant to the question of literal infringement.  An independently developed product or process that falls within the scope of the asserted patent claims nevertheless infringes"); *see also Hilton Davis Chem Co. v. Warner-Jenkinson*, 62 F.3d 1512, 1520 (Fed. Cir. 1995) ("An independently developed product or process that falls within the patent claims still infringes"), *reversed on other grounds*, 520 U.S. 17 (1997); *Kewanee Oil Co. v. Bicron Corp.*, 416 U.S. 470, 478 (1974) ("[patent] protection goes not only to copying the subject matter ... but also to independent creation").

**4.2.2   DIRECT INFRINGEMENT - ILLUMINA'S OWNERSHIP OF PATENTS IS NOT A DEFENSE[22]**

You have heard evidence that Illumina has obtained some of its own patents that may cover the accused products.  I instruct you that the grant of a patent only gives the patent owner the right to exclude others from making, using or selling an invention.  It does not give the patent owner the right to make, use or sell an invention.  Therefore, even if one or more of the accused products may be covered by an Illumina patent, these products may still infringe Affymetrix's patents.  As long as an accused product includes all of the elements of at least one of Affymetrix's patent claims, or if the accused product is found to be equivalent under the doctrine of equivalents, then Affymetrix's patent claims are infringed by that accused product despite Illumina's patents.

---

[22]

Source:  Adaptation of instructions given in *ABB Automation, Inc. v. Schlumberger Resource Mgmt. Srvs., Inc.*, C.A. 01-077-SLR (D. Del. May 20, 2003) and *Advanced Cardiovascular Sys., Inc. v. Medtronic Vascular, Inc.*, C.A. 98-080-SLR (D. Del. February 17, 2005); Delaware Uniform Instructions, No. 3.16 (adapted).

## 4.3     LITERAL INFRINGEMENT[23]

SEE JOINT PROPOSED INSTRUCTION 4.3

---

[23]

Source:  *Power Integrations* Final Instructions; Delaware Uniform Instructions.

## 4.4    DOCTRINE OF EQUIVALENTS[24]

If you do not find literal infringement, you may consider infringement under the doctrine of equivalents.  I have referred to the "doctrine of equivalents" before.  Now it is time to explain this term.

As I have noted, to infringe a patent, every claim element must be present in the accused product.  A claim element may be present in an accused product in one of two ways, either literally or under the doctrine of equivalents.  A claim element is literally present if it exists in the accused product just as it is described in the claim, either as I have explained that language to you or, if I did not explain it, as you understand it from the evidence presented during trial.

A claim element is present in an accused product under the doctrine of equivalents if the differences between the claim element and a corresponding aspect of the accused product are insubstantial.  One way to determine this is to look at whether or not the accused structure performs substantially the same function, in substantially the same way, to achieve substantially the same result as the element in the claimed invention.

Application of the doctrine of equivalents in on an element-by-element basis, meaning that for Illumina's products or use of its products to infringe any one of Affymetrix's asserted claims under the doctrine of equivalents, the element of a patent claim which is not literally present in the accused product must be present by

---

[24]

Source: *Power Integrations* Final Instructions;  2003 draft Delaware Uniform Instructions (modified).

equivalence. Therefore, the question is whether the accused product contains an equivalent for each element of the claim that is not literally present in the accused product. The question is not whether the accused product or method as a whole is equivalent to the claimed invention as a whole.

It is not a requirement under doctrine of equivalents infringement that those of ordinary skill in the art knew of the equivalent when the patent application was filed or when the patent issued. The question of whether Illumina's products or services are equivalent to what is defined in Affymetrix's claims is to be determined as of the time of the alleged infringement.

## 4.5    INDIRECT INFRINGEMENT – GENERALLY[25]

In addition to stopping infringement by those who are directly infringing, a patent owner also has the right to stop those who are known as "indirect infringers." There are two types of indirect infringers. First, there are those who encourage or induce others to infringe a patent; this is known as "inducing infringement." Second, there are those who contribute to infringement by, for example, supplying them with components used in the patented invention. I will explain to you in a moment the precise requirements for finding someone has induced or contributed to infringement by another person.

In this case, Affymetrix accuses Illumina of inducing and contributing to the infringement of the patents-in-suit. It is your job to determine whether Affymetrix has proven inducement and/or contributory infringement by a preponderance of the evidence. Keep in mind that there can be no indirect infringement unless someone is directly infringing the patent. Thus, to prove that Illumina is inducing another person to infringe or contributing to the infringement of another, Affymetrix must prove by a preponderance of the evidence that Illumina or another person is directly infringing a claim of the patents. Such proof may be based on circumstantial evidence you have heard in this case, rather than direct evidence of infringement.

---

[25]

Source: *Power Integrations* Final Instructions; 2003 draft Delaware Uniform Instructions (modified).

### 4.6    INDUCING PATENT INFRINGEMENT[26]

Inducement to infringe requires someone purposefully urging or encouraging another to infringe a patent – inducement to infringe cannot occur unintentionally. This is different from direct infringement, which, as I have told you, can occur without any intent to infringe. To be liable for inducement to infringe, the accused inducer must have known of the patent and actively encouraged or instructed another person how to use a product in a manner that you, the jury find infringes the asserted patent claims. Merely having knowledge of the underlying acts of direct infringement by itself is not enough to prove active inducement. For example, an accused inducer may be liable for inducing infringement if it provided instructions or directions to perform the infringing act through user manuals or other materials.

Thus, to prove that Illumina induced infringement of a patent-in-suit, Affymetrix must prove by a preponderance of the evidence the following three things:

1.    Illumina actively encouraged or instructed another person how to use a product in a way you, the jury, find infringes the patent claims;

2.    Illumina knew of the patent-in-suit;

3.    The other person infringed an asserted claim of the patent-in-suit.

All three of these things must be proven by either direct or circumstantial evidence before you may find that Illumina induced patent infringement.

---

[26]

Source: *Power Integrations* Final Instructions (modified); 2003 Draft Delaware Uniform Instructions (modified).

### 4.7    CONTRIBUTORY INFRINGEMENT[27]

SEE JOINT PROPOSED INSTRUCTIONS (AFFYMETRIX PROPOSED

INSTRUCTION NO. 4.7, ILLUMINA PROPOSED INSTRUCTION NO. 4.9)

---

[27]

Source:  *Power Integrations* Final Instructions;  2003 draft Delaware Uniform
Instructions (modified).

## 5.    DAMAGES

### 5.1    COMPENSATORY DAMAGES IN GENERAL[28]

If, after considering all of the evidence and the law as I have stated it, you have determined that all of the asserted claims are not infringed, your verdict should be for Illumina and you need go no further in your deliberations.  On the other hand, if you decide that Illumina has infringed one or more of the patent claims, you must then turn to the issue of damages.

The patent laws provide that in the case of infringement of a patent claim, the owner of the patent shall be awarded damages adequate to compensate for the infringement, but in no event less than a reasonable royalty for the use made of the invention by the infringer.  Damages are compensation for all losses suffered as a result of the infringement.

The only relevant issue to the question of damages is the amount necessary to adequately compensate Affymetrix for infringement by Illumina.  Adequate compensation should return Affymetrix to the position it would have occupied had there been no infringement.

---

[28]

Source: *Power Integrations* Final Instructions;  Uniform Delaware Instructions(modified);  2003 Draft Delaware Uniform Instructions (modified).

## 5.2    BURDEN OF PROOF - REASONABLE CERTAINTY[29]

Affymetrix has the burden of proving damages by what is called a preponderance of the evidence. As you recall, that means that Affymetrix has to produce evidence that, when considered in the light of all the facts, leads you to believe that what Affymetrix claims is more likely true than not. To put it differently, if you were to put Affymetrix's and Illumina's evidence concerning damages on the opposite sides of a scale, the evidence supporting Affymetrix's claims would have to make the scales tip somewhat on its side. Affymetrix is entitled to all damages that can be proven with reasonable certainty. On the one hand, reasonable certainty does not require proof of damages with mathematical precision. Mere difficulty in ascertaining damages is not fatal to Affymetrix. On the other hand, Affymetrix is not entitled to speculative damages; that is, you should not award any amount of loss that, although possible, is wholly remote or left to conjecture. You may base your evaluation of reasonable certainty on opinion evidence. Any doubts regarding the computation of the amount of damages should be resolved against Illumina and in favor of Affymetrix.

---

[29]

Source: *Power Integrations* Final Instructions; 2003 Draft Delaware Uniform Instructions.

### 5.2.1. DATE DAMAGES BEGIN[30]

In this case, you should begin calculating damages as of the date the infringement began with respect to the asserted claims of the '243 patent, the '432 patent, and the '531 patent.

With respect to the asserted claims of the '365 patent and the '716 patent, the date that Affymetrix first gave notice to Illumina of its claim of patent infringement is the date at which patent damages begin to be calculated. That date of notice is in dispute here, and it is up to you to determine what the date is. Affymetrix has the burden to prove by a preponderance of the evidence the date it gave notice.

Affymetrix can give notice in two ways. The first way is to give notice to the public in general. Affymetrix can do this by placing the word "patent" or the abbreviation "pat." with the number of the patent on substantially all of the products it sold that included the patent invention. Affymetrix can so mark the product either by marking the product itself with the patent number or by affixing to or inserting in the package containing one or more of the products a label containing the patent number. This type of notice is effective from the date Affymetrix began to mark substantially all of its products with the patent number. If Affymetrix did not mark substantially all of its products with the patent number, then Affymetrix did not provide notice in this way.

A second way Affymetrix can provide notice of its patents is to communicate to Illumina a specific charge that the accused product infringed the '365 patent or '716

---

[30]
Source: 2003 draft Delaware Uniform Instructions (modified); AIPLA's Model Patent Jury Instructions (modified).

patent.  This type of notice is effective from the time it is given.  In any event, the date

Affymetrix first gave notice to Illumina of its claim of patent infringement can be no

later than July 26, 2004, the filing date of this lawsuit.  If you find that Affymetrix,

before filing this lawsuit, did not properly mark its products, and did not notify Illumina

by communicating a specific charge that the accused product infringed, then Affymetrix

can only recover damages for infringement that occurred after it sued Illumina on July

26, 2004.

## 5.3    METHODS FOR COMPUTING DAMAGES[31]

There are two common methods for computing damages in a patent infringement case. Once is called "lost profits," and the other is called "reasonable royalty." These are alternative methods for computing damages; you must award either lost profits or a reasonable royalty for each infringing sale made by the accused infringer. You cannot, however, award both lost profits and a reasonably royalty for the same sale.

In this case, Affymetrix is seeking lost profits in connection with some of Illumina's sales. In connection with the remaining sales accused of infringement, Affymetrix is seeking only a reasonable royalty. For those remaining sales, you will only need to determine the damages based on a reasonable royalty. For the sales on which Affymetrix seeks lost profits, however, you must first determine if Affymetrix has proven its entitlement to lost profits for the sales on which it claims entitlement to lost profits. Only if you find that Affymetrix is not entitled to lost profits on some sales will you then determine Affymetrix's damages for those sales based upon a reasonable royalty.

Lost profit damages are the profits Affymetrix lost because of the infringement. They are not profits that Illumina actually made. Affymetrix must show that "but for" Illumina's infringement, Affymetrix would have made the sales or profits it claims were lost.

---

[31]
Source: *Power Integrations* Final Instructions; 2003 Draft Delaware Uniform Instructions.

## 5.4  LOST PROFITS - LOST SALES[32]

Affymetrix is claiming that it lost sales because of Illumina's infringement.  In order to recover lost profits damages for lost sales, Affymetrix must show that "but for" Illumina's infringement, Affymetrix would have made the sales or profits that it claims were lost.  One way Affymetrix can prove this is to show:

(1) there was a demand for the patented product;

(2) Affymetrix had the ability to meet the market demand;

(3) no acceptable non-infringing substitutes were available; and

(4) the amount of the profit it would have made.

If proposed competitive substitutes were available for some sales, Affymetrix can prove lost profits for those sales by showing (1) demand for the patented product; (2) that Affymetrix had the ability to meet the market demand for those sales; (3) proof of its market share; and (4) the amount of the profit it would have made.

Affymetrix need not negate every possibility that purchasers of Illumina's products might have bought another product.  To be an acceptable non-infringing substitute, a proposed competitive substitute must have been acceptable to the actual purchasers of the infringing products.

In proving its damages, Affymetrix's burden of proof is not an absolute one, but rather a burden of reasonable probability.  If it is reasonably probable that Affymetrix would have made some of the infringing sales, and it is reasonably probable what

---

[32]    Source: *Power Integrations* Final Instructions;  2003 Draft Delaware Uniform Instructions; State Indus., Inc. v. Mor-Flo Indus., Inc. 883 F.2d 1573 (Fed. Cir. 1989).

amount Affymetrix would have profited from the denied sales, then Illumina is liable for

the lost profits on those infringing sales.  The infringer is not liable, however, for

speculative profits.

## 5.5    REASONABLE ROYALTY[33]

If you find that Affymetrix is not entitled to lost profits on some infringing sales, then Affymetrix is entitled to a reasonable royalty on those sales. A reasonable royalty is the minimum permissible measure of damages set by the patent laws and is not necessarily the actual measure of damages. Rather, it is the floor below which damages should not fall. Accordingly, you may find damages in excess of a reasonable royalty if you find that the facts so warrant.

A reasonable royalty in this case is the amount of money that would be agreed to in a hypothetical arm's-length negotiation between Affymetrix and Illumina, with both operating under the assumption that the negotiated patents are valid and are being infringed by Illumina's products or methods of using its products.

The reasonable royalty must be calculated as of the point in time just prior to when infringement began.

In the hypothetical arm's-length negotiation, you must assume that the person negotiating on behalf of Illumina, and who was willing to take a license, would have known that Affymetrix's patents were valid and infringed by Illumina. You should also assume that both Affymetrix and Illumina knew all pertinent information at the time of the hypothetical negotiations.

---

[33]

Source: *Power Integrations* Final Instructions; 2003 Draft Delaware Uniform Instructions.

Having that in mind, you may consider any relevant fact in determining the reasonable royalty for Illumina's use of the patented invention, including the opinion testimony of experts.

### 5.6    FACTORS FOR DETERMINING REASONABLE ROYALTY[34]

SEE JOINT PROPOSED INSTRUCTIONS (AFFYMETRIX PROPOSED

INSTRUCTION NO. 5.6, ILLUMINA PROPOSED INSTRUCTION NO. 7.12)

---

[34]    2003 Draft Delaware Uniform Instructions.

### 5.7    INTEREST[35]

SEE JOINT PROPOSED INSTRUCTIONS – AFFYMETRIX PROPOSED

INSTRUCTION NO. 5.7, ILLUMINA PROPOSED INSTRUCTION NO. 7.13

---

[35] Source:  *Power Integrations* Final Instructions;  2003 Draft Delaware Uniform Instructions.

### 5.8    CLOSING STATEMENT - DAMAGES[36]

SEE JOINT PROPOSED INSTRUCTIONS – AFFYMETRIX PROPOSED

INSTRUCTION NO. 5.8, ILLUMINA PROPOSED INSTRUCTION NO. 7.14

---

[36]

Source:  *Power Integrations* Final Instructions;  2003 Draft Delaware Uniform
Instructions.

### 5.9    CURATIVE INSTRUCTION[37]

SEE JOINT PROPOSED INSTRUCTIONS – AFFYMETRIX PROPOSED

INSTRUCTION NO. 5.9, ILLUMINA PROPOSED INSTRUCTION NO. 7.16

---

[37] Source:  *Power Integrations* Final Instructions;  2003 Draft Delaware Uniform Instructions.

## 6.DELIBERATION AND VERDICT

### 6.1     INTRODUCTION[38]

SEE JOINT PROPOSED INSTRUCTIONS – AFFYMETRIX PROPOSED

INSTRUCTION NO. 6.1, ILLUMINA PROPOSED INSTRUCTION NO. 9.1

---

[38]

Source:  *Power Integrations* Final Instructions; Delaware Uniform Instructions.

**6.2    UNANIMOUS VERDICT**[39]

SEE JOINT PROPOSED INSTRUCTIONS – AFFYMETRIX PROPOSED

INSTRUCTIOIN NO. 6.2, ILLUMINA PROPOSED INSTRUCTION NO. 9.2

---

[39]

Source:  *Power Integrations* Final Instructions; Delaware Uniform Instructions.

### 6.3      DUTY TO DELIBERATE[40]

SEE JOINT PROPOSED INSTRUCTIONS – AFFYMETRIX PROPOSED

INSTRUCTION NO. 6.3, ILLUMINA PROPOSED INSTRUCTION NO. 9.3

---

[40]

Source:  *Power Integrations* Final Instructions; Delaware Uniform Instructions.

### 6.4    COURT HAS NO OPINION[41]

SEE JOINT PROPOSED INSTRUCTIONS – AFFYMETRIX PROPOSED

INSTRUCTION NO. 6.4, ILLUMINA PROPOSED INSTRUCTION NO. 9.4

---

[41] Source:  *Power Integrations* Final Instructions; Delaware Uniform Instructions.

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 9, 2007, I electronically filed the foregoing

document using CM/ECF which will send notification of such filing(s) to the following:

Richard K. Herrmann
Morris James LLP

I also certify that copies were caused to be served on March 9, 2007 upon the

following in the manner indicated:

**BY E-MAIL AND HAND DELIVERY**

Richard K. Herrmann
Morris James LLP
500 Delaware Avenue, Suite 1500
P.O. Box 2306
Wilmington, DE  19801-1494

**BY E-MAIL**

Marcus E. Sernel
Kirkland & Ellis LLP
200 East Randolph Drive
Chicago, IL  60601


*/s/ Derek Fahnestock (#4705)*
Derek Fahnestock (#4705)
dfahnestock@mnat.com