# Morris James LLP

Richard K. Herrmann
302.888.6816
rherrmann@morrisjames.com

Originally filed: March 1, 2007
Public version filed:  March 9, 2007

**VIA ELECTRONIC FILING**

The Honorable Joseph J. Farnan, Jr.          **PUBLIC VERSION**
USDC for the District of Delaware
844 King Street
Wilmington, DE  19801

Re:     *Affymetrix, Inc. v. Illumina, Inc.,* D. Del., C.A. No. 04-901-JJF

Your Honor:

Illumina seeks the Court's assistance with an important and time sensitive matter that has arisen on the eve of trial.  Long after the close of business on Tuesday, February 27, Affymetrix served a new expert report for patent damages that purports to update its damages claim for sales through 2006.  Illumina objects to this purported update and seeks to exclude any reference to it at the trial starting next Monday because this new damages report prejudices Illumina for at least three reasons:

> (1)     it seeks damages for products never previously accused in this case and which the Court specifically excluded from this case (*i.e.*, products commercially released after December 7, 2005);
>
> (2)     it seeks lost profits for the entirety of 2006 despite Affymetrix's failure to provide any discovery to Illumina into the requisite factors that govern lost profits for much of 2006; and
>
> (3)     it is presented three business days before the start of trial and includes new theories as well as new products never covered in any expert report previously produced and for which no discovery has or could be conducted.

For the reasons discussed below, Illumina will suffer severe prejudice if Affymetrix is allowed, on the very eve of trial, to totally recast and substantially expand its damages theories.  Accordingly, Illumina respectfully requests that the Court preclude Affymetrix from relying on any opinions or theories proffered in its new expert report and that Affymetrix be limited to the positions and theories presented in the expert reports produced during discovery.  To the extent necessary and feasible depending on what, if any, of Illumina's accused products are found to

Morris James LLP

The Honorable Joseph J. Farnan, Jr.
March 1, 2007
Page 2

infringe, Illumina proposes that the parties conduct an accounting after trial to account for the 2006 sales.

On December 21, 2005, the Court granted a Joint Agreed Proposed Order that precluded further discovery into products that had not been commercialized as of December 7, 2005. (*See* D.I. 133; Ex. A (Joint Agreed Proposed Order, at 39-40)). No discovery regarding those products has been taken, and none of Affymetrix's experts opine that any of those products infringe any asserted patent claims. Thus, any products that Illumina commercially released after December 7, 2005, are not at issue in this litigation. Despite this, and in contravention of the Court's Order, Affymetrix's putative "supplemental" report seeks damages for revenue generated from these products, even though none of them have ever been properly charged with infringement in this case. Because discovery has not been taken on these products, and Affymetrix's experts do not proffer any infringement opinions regarding them. Illumina will be severely and unduly prejudiced, and jury confusion will undoubtedly result, if Affymetrix is permitted to claim damages at trial for products that have never been subject to discovery or proper assertions of infringement. (*See* Ex. B (2/27/07 Letter from Gross to Collier), at 1). Finally, there is simply not sufficient time for Illumina to address new damages theories that Affymetrix proffers three days before trial.

Affymetrix's so-called "supplemental" expert report also claims lost profit damages for 2006. Because discovery ended in this case in March 2006, Illumina had no opportunity to take discovery on issues critical to a lost profits claim, such as whether Affymetrix had sufficient manufacturing capacity to make the sales that it purportedly lost, and whether consumers would consider the myriad Affymetrix products to be suitable substitutes for the newly accused Illumina products. *See Crystal Semiconductor Corp. v. Tritech Microelectronics, Int'l, Inc.*, 246 F. 3d 1336, 1353 (Fed. Cir. 2001). Affymetrix previously has been unable to meet consumer demand because of manufacturing problems, capacity constraints, and product quality difficulties. (*See* Ex. C (DTX885), at 1 ("Affymetrix, Inc. today announced that due to low initial-production yields of its most advanced commercial product, the 500K Mapping Array Set, shipment volumes have been constrained. Based on preliminary financial data, the Company expects that for the third quarter ending September 30, 2005, its product and product related revenue will be $10-12 million below previous guidance."); *see* Ex. D (DTX1850) ("Affymetrix, still shaken from a series of forecasting and manufacturing missteps, last week offered additional insight into the problems that have made its genotyping business difficult to forecast in recent quarters."). Without discovery for 2006, Illumina cannot cross examine Affymetrix's experts about Affymetrix's new 2006 lost profits claims. Fundamental Due Process and fairness precludes Affymetrix from claiming lost profits for a period for which Illumina was not permitted to obtain discovery so that it could challenge that claim.

This is not a situation where an expert has simply updated a damages claim based on a reasonable royalty analysis applied to additional sales. Here, Affymetrix's expert seeks to inject an entirely new theory for sales that he hypothesizes were made during a period for which no

MorrisJames LLP

The Honorable Joseph J. Farnan, Jr.
March 1, 2007
Page 3


discovery was allowed, and includes yet another new damages theory for products for which no infringement charge has been properly made and for which no discovery was allowed pursuant to this Court's prior Order.

Affymetrix's new expert report should be stricken, or at least limited to updating the reasonable royalty calculation for actual sales of products properly at issue in this case. Illumina will be prepared to discuss this issue with the Court during the scheduled hearing for Friday, March 2, 2007.


Respectfully,

Richard K. Herrmann I.D. No. 405
rherrmann@morrisjames.com


cc: MaryEllen Noreika, Esq. (via email and hand delivery)
    Daniel Reed, Esq. (via email)

# EXHIBIT A

**Hadley, Susan C.**

| | |
|---|---|
| **From:** | Herrmann, Richard K. |
| **Sent:** | Wednesday, December 21, 2005 3:59 PM |
| **To:** | Hadley, Susan C. |
| **Subject:** | FW: Activity in Case 1:04-cv-00901-JJF Affymetrix Inc. v. Illumina Inc. "SO ORDERED" |

---------------------------------------

**From:** ded_nefreply@ded.uscourts.gov[SMTP:DED_NEFREPLY@DED.USCOURTS.GOV]
**Sent:** Wednesday, December 21, 2005 3:58:13 PM
**To:** ded_ecf@ded.uscourts.gov
**Subject:** Activity in Case 1:04-cv-00901-JJF Affymetrix Inc. v. Illumina Inc. "SO ORDERED"
**Auto forwarded by a Rule**


**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* You may view the filed documents once without charge. To avoid later charges, download a copy of each document during this first viewing.**

### U.S. District Court

### District of Delaware

Notice of Electronic Filing

The following transaction was received from afb, entered on 12/21/2005 at 3:58 PM EST and filed on 12/21/2005
**Case Name:**       Affymetrix Inc. v. Illumina Inc.
**Case Number:**     1:04-cv-901
**Filer:**
**Document Number:**

**Docket Text:**
SO ORDERED, re [133] Joint Agreed Proposed Order filed by Affymetrix, Inc., Illumina Inc.; Signed by Judge Joseph J. Farnan, Jr. on 12/21/05. (afb, )

The following document(s) are associated with this transaction:


**1:04-cv-901 Notice will be electronically mailed to:**

Jack B. Blumenfeld     jbbefiling@mnat.com

Andrea L. Gross     Andrea_Gross@Affymetrix.com,

Richard K. Herrmann     rherrmann@morrisjames.com,

Michael J. Malecek     Michael_Malecek@Affymetrix.com,

Maryellen Noreika     menefiling@mnat.com

Daniel R. Reed    Daniel_Reed@Affymetrix.com,

George Chih-Lun Yu    George_Yu@Affymetrix.com,

**1:04-cv-901 Notice will be delivered by other means to:**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| AFFYMETRIX, INC., | ) | |
| | ) | |
| Plaintiff/Counter-Defendant, | ) | |
| | ) | |
| v. | ) | |
| | ) | C.A. No. 04-901-JJF |
| ILLUMINA, INC., | ) | |
| | ) | |
| Defendant/Counter-Plaintiff. | ) | |
| | ) | |

## JOINT AGREED [PROPOSED] ORDER

On December 7, 2005, the parties appeared before the Court to discuss discovery disputes raised in letters from each party dated December 2, 2005. The following is the Court's ruling on the disputes:

Illumina shall produce all documents from the files of Dr. Mark Chee on or before December 15, 2005.

Illumina shall produce a witness on Affymetrix's Second 30(b)(6) Notice before the end of 2005, unless a date is otherwise agreed by the parties.

Illumina and Affymetrix shall produce to a third party escrow service agreed by the parties the source code related to (1) the software used for decoding and (2) the software used for genotyping as soon as possible, but no later than December 23, 2005.

Illumina and Affymetrix shall produce the probe sequence information for the genotyping products in "live" format on or before January 6, 2005. The parties will agree on the appropriate "live" format.

The parties shall each produce to the other damages documents as those documents are formatted and circulated internally and in their native live version on or before January 6, 2006.

If there are barriers to producing such documents in their native format, the parties shall reach agreement prior to production on a suitable neutral live format such as a tab or comma delimited file.

The parties may also request further information be made available from the accounting database software used by each party to maintain such information. Each party shall submit to the other a request for any additional reports to be generated from existing database. Each party shall verify that such request has been reviewed with their respective damages experts prior to submission and determined to be reasonable and necessary to their damages analysis. The parties shall fulfill such requests within ten (10) business days.

Illumina's in-house counsel, Stephanie Valentini, Illumina's Chief Executive Officer, Jay Flatley, and Illumina's Chief Operating Officer, John Stuelpnagel, may review Affymetrix's Infringement Contentions. To avoid confusion about the scope of this disclosure, Affymetrix shall reproduce those documents to Illumina with a special identification thereon. The restrictions which would otherwise apply to employees entitled to see Confidential materials under the protective order will not be applied as to Ms. Valentini, Mr. Flatley's, and Mr. Stuelpnagel's review of this particular document. This exception to the protective order does not otherwise amend or modify the protective order as to those restrictions and their application to Confidential Information.

Illumina has until January 30, 2006, to announce whether it intends to waive attorney-client privilege as to any opinions regarding the patents-in-suit.

No discovery is permitted at this time with regard to products that have not been commercialized as of December 7, 2005.

2

Affymetrix's requests for production of documents related to (1) Illumina's past litigation with former employee, Dr. Czarnik, and (2) Illumina's past litigation with Applera are presently denied.

Illumina's requests for production of documents related to (1) Affymetrix's past litigation with OGT and (2) Affymetrix's past litigation with Incyte are presently denied.


MORRIS, NICHOLS, ARSHT & TUNNELL

*/s/ Melissa Myers*
_____
Maryellen Noreika (#3208)
Melissa Myers (#3985)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200
   Attorneys for Plaintiff/Counter-Defendant
   Affymetrix, Inc.


MORRIS, JAMES, HITCHENS & WILLIAMS LLP

*/s/ Mary B. Matterer*
_____
Richard K. Herrmann (#405)
Mary B. Matterer (#2696)
222 Delaware Avenue, 10th Floor
P.O. Box 2306
Wilmington, DE 19899-2306
 (302) 888-6800
   Attorneys for Defendant/Counter-Plaintiff
   Illumina, Inc.


**SO ORDERED** this _____ day of December, 2005.


_____
Judge Joseph J. Farnan, Jr.

3

## CERTIFICATE OF SERVICE

I hereby certify that on December 19, 2005, I electronically filed the foregoing

Joint Agreed [Proposed] Order using CM/ECF which will send notification of such filing(s) to

the following:

     Richard K. Herrmann
     Mary B. Matterer
     Morris, James, Hitchens & Williams LLP
     222 Delaware Avenue, 10th Floor
     P.O. Box 2306
     Wilmington, DE  19899-2306

     I hereby certify that on December 19, 2005, I have caused to be sent by Federal

Express, the above-mentioned document to the following non-registered participants:

     Marcus E. Sernel
     Kirkland & Ellis LLP
     200 East Randolph Drive
     Chicago, IL  60601

        MORRIS, NICHOLS, ARSHT & TUNNELL

        /s/ Melissa Myers (#3985)
        Maryellen Noreika (#3208)
        Melissa Myers (#3985)
        1201 N. Market Street
        P. O. Box 1347
        Wilmington, DE  19899-1347
        (302) 658-9200
         Attorneys for Plaintiff Affymetrix, Inc.

OF COUNSEL:

Michael J. Malecek
Daniel R. Reed
George C. Yu
Andrea L. Gross
AFFYMETRIX, INC.
6550 Vallejo Street, Suite 100
Emeryville, CA  94608
(510) 428-8500

December 19, 2005

# EXHIBIT   B



Andrea Gross
Assistant General Counsel, Litigation
Direct Dial: 510-428-8573
E-Mail Address:  Andrea_Gross@affymetrix.com

February 27, 2007

*BY E-MAIL*

Paul Collier
Kirkland & Ellis LLP
200 East Randolph Drive
Chicago, Illinois 60601-6636

      Re:     Affymetrix Inc. v. Illumina, Inc.

Dear Paul:

      Enclosed please find two sets of errata and revised Exhibits 1 - 17, a list of product matching assumptions for 2006, and an Appendix of Documents considered.  These documents update Dr. Lynde's damages report.

      The first set of errata and revised exhibits includes Dr. Lynde's calculations of damages from 2002 through 2006, using both the actual sales data produced by Illumina on February 20, 2007 and estimated sales data for those products for which Illumina improperly withheld data. These are the calculations that Affymetrix intends to introduce at trial.

      Please note that, in accord with Affymetrix's motion in limine regarding 2006 damages calculations, Affymetrix will request that the Court preclude Illumina from suggesting to the jury in argument or cross exam that Dr. Lynde's estimated calculations are not accurate, since it is due to Illumina's failure to produce actual sales data the Dr. Lynde was required to estimate sales data for certain revenues.

      We understand that Illumina objects to Affymetrix's introducing infringement or damages evidence regarding products offered for sale after December 7, 2005.  Affymetrix disagrees.  We anticipate that the Court will rule with respect to this issue at the hearing on March 2, 2007.  In the event that the Court agrees with Illumina's position, Dr. Lynde has prepared a second set of errata and revised exhibits that include damages calculations only for Illumina products offered for sale before December 7, 2005.  Affymetrix will introduce these calculations if the Court rules that it is not entitled to present evidence about products introduced after December 7, 2005.

6550 Vallejo Street
Suite 100
Emeryville, CA 94608
Telephone 510 428 8500
Fax 510 428 8583
www.affymetrix.com

Paul Collier
February 27, 2007
Page 2

    In addition, once there is a final determination from the Court of which products Affymetrix may accuse of infringement in this litigation, we request that Illumina produce to Affymetrix an accounting of all sales of infringing products through the time of judgment in this matter, so that damages calculations can be updated accordingly.

                           Very truly yours,

                           Andrea Gross
                           Assistant General Counsel, Litigation

Attachments

# EXHIBIT   C

Affymetrix Investor Relations

home | login | register | your profile | contact

search site



**PRODUCTS & APPLICATIONS** | **SUPPORT** | **NETAFFX** | **SCIENTIFIC COMMUNITY** | **CORPORATE**

フフィメトリク

→ About the Company
→ Investors
→ Compliance
→ Newsroom
→ Events
→ Careers
→ Licensing
→ Outreach

□ RESOU
→ Corpora
→ Ethics &
→ Events
→ Scientifi

🖨 printable version

Affymetrix (ticker: AFFX, exchange: NASDAQ Stock Exchange (.O))
News Release - 9/27/05

**Affymetrix Updates Revenue Outlook for Third Quarter;
Manufacturing Yields Affect Shipment of High Demand Product**

■ Stock

Security
AFFX (C
36.31
-8.79

SANTA CLARA, Calif.--(BUSINESS WIRE)--Sept. 27, 2005--
Affymetrix, Inc., (Nasdaq:AFFX) today announced that due to low
initial-production yields of its most advanced commercial product,
the 500K Mapping Array Set, shipment volumes have been
constrained. Based on preliminary financial data, the Company
expects that for the third quarter ending September 30, 2005, its
product and product related revenue will be $10-12 million below
previous guidance.

Current I
37.47
Current I
36.33
Current I
1,716,83
Last Tra
02/06/20
Stock Ex
HASDAC

"During the third quarter, we experienced unusually low
manufacturing yields on our new 500K Mapping Array Set,"
stated Stephen P.A. Fodor, Ph.D. Founder, Chairman and CEO
of Affymetrix. "While we have recently seen improving yields,
these improvements occurred late in the quarter and we now
project that we will be unable to manufacture enough product to
meet our revenue target."

* The stoc
perform
quote ab
necessa
future pr

Investors may listen to Affymetrix' management expand on this
announcement and its financial implications by dialing domestic:
800-299-0148, international: 617-801-9711 on September 27,
2005 from 2:00-3:00 p.m. PT. A replay of this call will be available
from 4:00 p.m. PT on September 27, 2005 until 5:00 p.m. PT on
October 4, 2005 at the following numbers: domestic: 888-286-
8010 international: 617-801-6888. The passcode for both is
43009590. A live webcast of the conference call can be accessed
by visiting the Investor Relations section of the Company's
website at www.affymetrix.com.

Affymetrix' management team will host a conference call on
October 20, 2005 at 2:00 p.m. PT to review its operating results
for the third quarter and full-year 2005 and to provide financial guidance for
the fourth quarter and full-year 2005. A live webcast can be
accessed by visiting the Investor Relations section of the
Company's website at www.affymetrix.com. In addition, investors
and other interested parties can listen by dialing domestic: (800)
399-7505, international: (706) 643-3963. A replay of this call will
be available from 5:00 p.m. PT on October 20, 2005 until 5:00
p.m. PT on October 27, 2005 at the following numbers: domestic:
(800) 642-1687; international: (706) 645-9291. The passcode for

Affymetrix v. Illumina
C.A. No 04-901 JFF
**Trial Exhibit**
**DX 885**



both is 9918940. An archived webcast of the conference call will be available under the Investor Relations section of the Company's website at www.affymetrix.com.

About Affymetrix

Affymetrix scientists invented the world's first high-density microarray in 1989 and began selling the first commercial microarray in 1994. Since then, Affymetrix GeneChip(R) technology has become the industry standard in molecular biology research. Affymetrix technology is used by the world's top pharmaceutical, diagnostic and biotechnology companies as well as leading academic, government and not-for-profit research institutes. More than 1,200 systems have been shipped around the world and nearly 3,000 peer-reviewed papers have been published using the technology. Affymetrix' patented photolithographic manufacturing process provides the most information capacity available today on an array, enabling researchers to use a whole-genome approach to analyze the relationship between genetics and health. Affymetrix is headquartered in Santa Clara, Calif., with manufacturing facilities in Sacramento, Calif., and Bedford, Mass. The company maintains important sales and marketing operations in Europe and Asia and has about 900 employees worldwide.

All statements in this press release that are not historical are "forward-looking statements" within the meaning of Section 21E of the Securities Exchange Act as amended, including statements regarding Affymetrix' "expectations," "beliefs," "hopes," "intentions," "strategies," or the like. Such statements, including Affymetrix' financial outlook for the third quarter of 2005, are subject to risks and uncertainties that could cause actual results to differ materially for Affymetrix from those projected, including, but not limited to: events related to completion of operations for the third quarter and the preparation of related financial statements; risks related to the Company's ability to achieve hoped-for manufacturing yields for the 500K Mapping Array Set and other products, including the ability to identify and resolve manufacturing problems; risks of the Company's ability to achieve and sustain higher levels of revenue, higher gross margins, reduced operating expenses, market acceptance and personnel retention; global economic conditions; the fluctuations in overall capital spending in the academic and biotechnology sectors; changes in government funding policies; unpredictable fluctuations in quarterly revenues; uncertainties related to cost and pricing of Affymetrix products; dependence on collaborative partners; uncertainties relating to sole source suppliers; uncertainties relating to FDA, and other regulatory approvals; risks relating to intellectual property of others; and the uncertainties of patent protection and litigation. These and other risk factors are discussed in Affymetrix' Form 10-K for the year ended December 31, 2004 and other SEC reports, including its Quarterly Reports on Form 10-Q for subsequent quarterly periods as well as Affymetrix' registration statement on Form S-4 filed with the SEC containing a prospectus in connection with its proposed acquisition of ParAllele BioScience. Affymetrix expressly disclaims any obligation or undertaking to release publicly any updates or revisions to any forward-looking statements contained herein to reflect any change in Affymetrix' expectations with regard thereto or any change in events, conditions, or circumstances on which any such statements are based.

Affymetrix Investor Relations

NOTE:

Affymetrix, the Affymetrix logo, Powered by Affymetrix, and
GeneChip are trademarks owned or used by Affymetrix, Inc.

CONTACT:
Affymetrix, Inc.
Doug Farrell, 408-731-5285

SOURCE:
Affymetrix, Inc.

888 DNA CHIP (888 362 2447) | +44 (0) 1628 552550        feedback | terms of use | privacy p

# EXHIBIT  D



Bioarray News - View Article

Page

Article Date: 5/9/2006

## Affy CFO Sheds New Light on Genotyping Woes, Introduces New Products at Investor Conference

Affymetrix, still shaken from a series of forecasting and manufacturing missteps, last week offered additional insight into the problems that have made its genotyping business difficult to forecast in recent quarters.

Specifically, Affymetrix's Chief Financial Officer Greg Schiffman for the first time identified a problem with the firm's software for its 500K Mapping Array Set genotyping product as a reason for scale-up issues for customers that affected reorders.

Schiffman, who spoke at the Deutsche Bank Health Care Conference in Boston last week, said that Affy is now distributing a new algorithm to 500K users, and divulged for the first time that Affy will launch two new genotyping products this quarter. During his talk, Schiffman also conceded that Affy is facing more competition in the genotyping market, noting that it is likely to increase.

Explaining Affy's lackluster Q1 performance, Schiffman reiterated the company's position that its weak first quarter in genotyping had little to do with its technology, and more to do with the effectiveness of its organization.

"Where we've struggled over the last nine months — and this has been something new to the company — is getting the products we've developed cleanly through manufacturing into the customer's hand and then sort of the post-sale and customer support," Schiffman said.

> "One of your competitors has obviously enjoyed some nice success. I think some people in the Wall Street community would suggest that it is almost a zero-sum game."

Schiffman added that this structural weakness, which depressed revenue for the first three months of the year to miss expectations by $5 million, was exacerbated by the scale of the company's initial launch of the 500K product. He explained that Affy usually has between five and 10 early-access customers, but in the case of the 500K product, Affy released it to 50 early-access customers.

"This really strained our ability to [deliver the 500K arrays to customers] in the early phase of the release," he said. Schiffman said Affy has a "relatively small number of important customers that are pursuing experiments that do equate to the [genotyping] revenue stream."

"As they had challenges ramping up, the reorder rate and the speed of them being unable to complete their research has been one where we overestimated — and they themselves overestimated where they are at," he said.

http://www.bioarraynews.com/articles/view-article.asp?Article=200659141450


Beyond Genome

June 19-21, 2006

Fairmont Hotel
San Francisco, CA

www.DrugDiscGenome.com

5/11/2006

Affymetrix v. Illumina
C.A. No 04-901 JFF
**Trial Exhibit**

**DX 1850**

IAFP00644770



BioArray News - View Article

Page 4

5/11/2006

## Algorithms and Assays

When problems with the 500K first arose at the end of September 2005, Affy attributed its inability to meet guidance to manufacturing constraints — constraints that led Affy to expand its Sacramento facility's capacity by 80 percent over the past six months, and to invest $5.5 million in a new plant in Singapore (see *BAN 10/5/2005, BAN 1/31/2006*).

However, as Schiffman said at the Deutsche Bank conference, Affy's performance in genotyping last quarter was due to the timing of reorders for the 500K product, which in turn was slowed by the complexity of the assay for the 500K.

Part of that problem was Affy's original data-analysis algorithm for the 500K, which Schiffman said "wasn't fully optimized" upon release. "[It] didn't allow the power of the array to be fully realized and as a result we saw customers experiencing delays in scaling up to their 500K product," he said.

Schiffman said that to address this challenge, Affy has taken two steps: The company has invested more in training for its sales and support team and has introduced a newer algorithm for the 500K that will be in the hands of all Affy 500K customers by the end of this month.

"[With the older software] there was a larger degree of disparity between heterozygote calls and homozygote calls," Schiffman told investors. "The new software algorithm takes the same information from the chip that we've already processed but enables them to extract all the information off the chip. It really has corrected the challenges we've seen in terms of the software," he said.

In addition to rolling out the new algorithm, Affy will also launch two new SNP assays to supplement its 500K product, Schiffman said.

"We've got two that we are releasing this quarter," Schiffman said. One of the products is a targeted 60,000 SNP assay that uses SNPs from the HapMap project to "extend the coverage" of Affy's 500K product to 550,000 features. Affy's chief genotyping rival Illumina's latest array, the HumanHap550, offers customers 550,000 SNPs, although both companies deny the existence of a numbers game.

Affy's other new product is a different 50,000 SNP array that offers genetic HapMap coverage and includes 20,000 of the non-synonymous SNPs from that project.

The new products are just the beginning of a suite of genotyping products that Affy has promised to release this year. In April, Affy CEO Stephen Fodor said that the company was entering a "phase now where [it is] going to increase dramatically the number of new products in genotyping and clinical applications as well as diagnostic applications."

"Over the next year and a half expect to see a large number of products roll out," Schiffman said last week. "Some will expand the breadth of the 500K and others [will target] very specific subsets in application and development processes," he added.

During that time, the company also plans to shrink its feature size from 5 micron to 1 micron, which he said will help bring the

http://www.bioarraynews.com/articles/view-article.asp?Article=200659141450

IAFP00644771

# BioArray News - View Article

Page 4

5/11/2006

cost of Affy's chips down while providing the same, if not more, content. "This will allow Affy to penetrate new markets that are more price sensitive, including emerging areas such as pathogen detection, biodefense, and water purity [testing]," Schiffman said.

At the conference both Schiffman said that the bulk of Affy's challenges are behind it. Still, he said that the company will not resume forecasting its performance in the near future. The company suspended providing guidances following the release of its Q1 results.

"I don't think we are at a point where we feel there is accurate clarity to provide a range to the market over the next quarter or two that is reasonable for specific revenue guidance," Schiffman said.

## Not a 'Zero-Sum Game'

Although Schiffman assured investors at the conference that Affy's problems were in its execution, not its science, the company's worse-than-expected performance last quarter, compared to Illumina's better-than-expected performance, prompted one investor to ask whether Affy is losing genotyping business to its rival in San Diego (see *BAN 4/25/2006*).

"One of your competitors has obviously enjoyed some nice success. I think some people in the Wall Street community would suggest that it is almost a zero-sum game," the investor commented.

"We don't believe it's a zero-sum game," Schiffman responded. "We placed twice as many instruments in Q1 as the nearest competitor did. We sold more consumables than anybody in the marketplace did. We feel that we are making great progress in this space. I don't know if we've necessarily conveyed effectively that we still did see good growth in the genotyping business," he added.

Schiffman said that in "the academic arena the majority of customers have always used both products and from that standpoint they continue to use both products."

"Traditionally Illumina has been used in targeted SNP studies and Affy has been used in whole-genome association studies. We are introducing products in the targeted subset space. Illumina is introducing products that are going after our space. From that standpoint, we are starting to see each other in competitive fields that we didn't use to see [each other in]. But we haven't heard from customers that [they] are moving from the platform," Schiffman said.

Schiffman added that Affy expects the genotyping market to become increasingly competitive and predicted that it could swell to a $1 billion market in the future.

Illumina spokesperson Bill Craumer declined to comment on Schiffman's remarks.

— *Justin Petrone (jpetrone@genomeweb.com)*

*Copyright © 2006 GenomeWeb LLC. All Rights Reserved.*

http://www.bioarraynews.com/articles/view-article.asp?Article=20065914150


IAFP00644772