IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| AFFYMETRIX, INC., | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 04-901-JJF |
| v. | ) | |
| | ) | |
| ILLUMINA, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**AFFYMETRIX, INC.'S MOTION TO PRECLUDE ILLUMINA FROM RECONSTRUING CLAIM TERM DURING CLOSING ARGUMENT**

Affymetrix hereby moves to preclude Illumina from reconstruing the Court's claim construction of "biological polymers immobilized on a surface" in U.S. Patent No. 6,399,365 (the "'365 patent") during closing arguments, and making a new non-infringement argument based on that reconstruction. Illumina's new position is directly contrary to the Court's claim construction and should be precluded.

At the close of evidence, Illumina's counsel said that Illumina would file a Rule 50(a) motion for non-infringement on the '365 patent because of "total failure to establish proof of the element biological polymers immobilized on a substrate." (Trial Transcript at 1497:4-5.) Earlier in the trial, Illumina's counsel made clear its completely new position that the Court's construction of that term – "two or more surface-immobilized biological polymers that are recognized by a particular target" – requires two probes (*i.e.*, biological polymers) of different sequence that are recognized by the *same* target. In fact, the Court held a brief discussion with counsel and Affymetrix's infringement expert, Dr. Kevin Struhl, regarding this point. (Trial

Transcript at 679:16-684:24.) This reconstruction of the Court's claim construction is wrong and not supported by either side's expert witness.

In construing the term "biological polymers immobilized on a surface" in the '365 patent, the Court adopted *Affymetrix's* proposed construction, which was based directly on the patent. The patent defines a "probe" as a "surface-immobilized molecule that is recognized by a particular target." ('365 patent, col. 4:4-5.) A probe in a DNA microarray is an oligonucleotide of a particular A, C, G, T sequence, which means that a particular probe is specific for, or is recognized by, a particular target (*i.e.*, the complementary sequence). A "target" is defined as a "molecule that has an affinity for *a given probe*." (*Id.* at col. 4:15-16 (emphasis added).) The claims of the '365 patent (including claims 36 and 41, at issue in this case) discuss a "probe array" or an "array of probes" comprising "biological polymers immobilized on a surface." Thus, that claim element refers to the probes in the array. The Court's claim construction made this clear – the "probe array" must have "two or more surface-immobilized biological polymers that are recognized by a particular target." Given the definition of "probe" and "target," it is clear that the "two or more surface-immobilized biological polymers" are recognized (or complementary to) different targets, each one specific for the given probe. That is how DNA microarrays work. The Court did *not* say that different probes are recognized by – or complementary to – the *same* target. That would make no sense – DNA microarrays do not work that way.

Illumina apparently intends to argue that the Court's construction requires two different probes to be complementary to the same target because the Court's definition says "a particular target." This is yet another example of Illumina improperly using the term "a" to mean "one and only one." *KCJ Corp. v. Kinetic Concepts, Inc.*, 223 F.3d 1351, 1356 (Fed. Cir. 2000).

Illumina's interpretation would also make the claim pointless – because that is simply not the way DNA microarrays work.

Illumina itself never advanced this theory of non-infringement in interrogatories or otherwise prior to trial. Tellingly, Illumina's own expert, Dr. Lusis, has never interpreted the Court's construction in the manner now suggested by Illumina's counsel. In his expert report, Dr. Lusis never suggested that the construction required two different probes to recognize the same target, and did not even suggest that as a basis for non-infringement. Similarly, at trial, Dr. Lusis did not testify that that is how he understood the Court's construction or that it was a basis for non-infringement. This is simply a new theory created at the last minute by Illumina's counsel that has no support in the Court's *Markman* opinion or the expert testimony.

Affymetrix respectfully requests that the Court preclude Illumina from reconstruing the Court's construction of "biological polymers immobilized on a surface" during closing arguments and making a new non-infringement argument based on that reconstruction. The prejudice to Affymetrix of such an argument would be immense – Illumina never disclosed this reconstruction or non-infringement position prior to the trial, it is directly contrary to the Court's construction, it is not supported by anything, and there would be a significant risk of jury confusion as a result. Illumina should not be allowed to argue for the first time that the Court's construction means something entirely different than what everyone – the parties, the experts, and the Court – knew that it meant prior to the trial.

3

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Jack B. Blumenfeld*

---
Jack B. Blumenfeld (#1014)
Maryellen Noreika (#3208)
Derek J. Fahnestock (#4705)
1201 N. Market Street
Wilmington, DE 19899-1347
(302) 658-9200
jblumenfeld@mnat.com
Attorneys for Plaintiff Affymetrix, Inc.

OF COUNSEL:

Michael J. Malecek
Daniel R. Reed
Andrea L. Gross
Stephen C. Holmes
AFFYMETRIX, INC.
6550 Vallejo Street, Suite 100
Emeryville, CA 94608
(510) 428-8500

March 12, 2007
761476.1

4

## RULE 7.1.1 CERTIFICATE

I hereby certify that the subject of the foregoing motion has been discussed with counsel for the defendant and that we have not reached agreement.

　　　　　　　　　　　　　　　　　　　　/s/ Jack B. Blumenfeld
　　　　　　　　　　　　　　　　　　　　Jack B. Blumenfeld (#1014)

March 12, 2007

CERTIFICATE OF SERVICE

I hereby certify that on March 12, 2007, I electronically filed the foregoing document using CM/ECF which will send notification of such filing(s) to the following:

>Richard K. Herrmann
>Morris James LLP

I also certify that copies were caused to be served on March 12, 2007 upon the following in the manner indicated:

### BY HAND

>Richard K. Herrmann
>Morris James LLP
>500 Delaware Avenue, Suite 1500
>P.O. Box 2306
>Wilmington, DE  19801-1494

### BY EMAIL

>Marcus E. Sernel
>Kirkland & Ellis LLP
>200 East Randolph Drive
>Chicago, IL  60601

>*/s/ Jack B. Blumenfeld*
>Jack B. Blumenfeld (#1014)
>jblumenfeld@mnat.com