IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| AFFYMETRIX, INC, <br><br> Plaintiff, <br><br> v. <br><br> ILLUMINA, INC. <br><br> Defendant. | ) ) ) ) ) ) ) C.A. No. 04-901 (JJF) ) ) ) ) ) |

**AFFYMETRIX'S NOTICE OF INTENT TO WITHDRAW ITS MOTION TO PRECLUDE ILLUMINA FROM RECONSTRUING CLAIM TERM DURING CLOSING ARGUMENT (D.I. 420)**

Plaintiff Affymetrix, Inc. hereby respectfully provides notice of its intent to withdraw Affymetrix's Motion to Preclude Illumina from Reconstruing Claim Term during Closing Argument (D.I. 420) ("the Motion"), filed March 12, 2007, as premature, with leave to re-file as appropriate.

On March 12, 2007, after the close of evidence and prior to closing arguments, Affymetrix filed its Motion to preclude Illumina's counsel from raising an argument regarding the meaning of the term "biological polymers immobilized on a surface" in the asserted claims of United States Patent No. 6,399,365.  The term had been construed previously by the Court to mean "two or more surface-immobilized biological polymers that are recognized by a particular target."  Illumina's new argument regarding the meaning of this term was not made at the *Markman* stage, had not been disclosed in interrogatory responses, and was contrary to the Court's construction.

When Affymetrix's counsel raised the issue with the Court prior to closing arguments, the Court stated that the Motion was premature and would be properly filed post-trial, depending on arguments offered by Illumina:

> THE COURT: When the witness was asked a question and we had a recess, the transcript will reflect that I questioned the witness a little bit, and specifically, had gone before my questions back to the memorandum opinion in support of the claim construction order.
>
> **My reading of the memorandum opinion provides the contentions of both parties with regard to that interpretation. It also provides my rationale and explanation of the construction.**
>
> **And your objection is duly noted. Let's see what Illumina does – and your present objection is noted – with the evidence that was adduced.**
>
> **And as I've said once or twice, post-trial if it's determined that they have improperly applied or reargued my claim construction, I think the record is very clear from what I've just said, as well as previously, what's been argued and what the parties have said, that there will be a post-trial motion about it.**
>
> **But you've got to do it on the complete record. So until we have closing arguments, I think it's premature and they're aware of my prior orders about not rearguing claim construction.**
>
> But I refer both parties, as I did, to go back and look at the memorandum opinion and what I said there, and then measure it against, as I did, the witness' testimony and reflect on the questions I asked the witness, and you know, we'll see what happens.

(Tr. at 1551:18-1553:3) (emphasis added).

In accordance with the Court's directive that the Motion was filed prematurely, Affymetrix respectfully requests that it be withdrawn at this time, with leave to re-file as appropriate post-trial.[1]

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Derek J. Fahnestock*

Jack B. Blumenfeld (#1014)
Maryellen Noreika (#3208)
Derek J. Fahnestock (#4705)
1201 N. Market Street
Wilmington, DE 19899-1347
(302) 658-9200
dfahnestock@mnat.com
Attorneys for Plaintiff Affymetrix, Inc.

OF COUNSEL:

Michael J. Malecek
Daniel R. Reed
Andrea L. Gross
Stephen C. Holmes
AFFYMETRIX, INC.
6550 Vallejo Street, Suite 100
Emeryville, CA 94608
(510) 428-8500

March 15, 2007

---

[1] Indeed, during his closing argument, counsel for Illumina proceeded to make the very argument that Affymetrix moved to preclude. (Tr. at 1692:5-1694:1) Affymetrix objected to the argument. (Tr. at 1772:15-20).

CERTIFICATE OF SERVICE

I hereby certify that on March 15, 2007, I electronically filed the foregoing document using CM/ECF which will send notification of such filing(s) to the following:

Richard K. Herrmann
Morris James LLP

I also certify that copies were caused to be served on March 15, 2007 upon the following in the manner indicated:

**BY HAND & EMAIL**

Richard K. Herrmann
Morris James LLP
500 Delaware Avenue, Suite 1500
Wilmington, DE  19801

**BY EMAIL**

Marcus E. Sernel
Kirkland & Ellis LLP
200 East Randolph Drive
Chicago, IL  60601

*/s/Derek J. Fahnestock (#4705)*
Derek J. Fahnestock (#4705)
dfahnestock@mnat.com