IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AFFYMETRIX, INC., | : |
| Plaintiff, | : |
| v. | : Civil Action No. 04-901 JJF |
| ILLUMINA, INC., | : |
| Defendant. | : |

**MEMORANDUM ORDER**

Pending before the Court are: 1) Plaintiff's Motion For Summary Judgment On Illumina's Counterclaim Of Intentional Interference With Actual And Prospective Economic Advantage (Count IX) And Summary Adjudication Of Portions Of Illumina's Counterclaim For Unfair Business Practices (Count VIII); Or In The Alternative, Bifurcation Of These Counterclaims (D.I. 277); 2) Defendant's Motion For Summary Judgement Of Invalidity Of The Asserted Claims of the '531 Patent (D.I. 275); 3) Defendant's Motion For Summary Judgment Of Invalidity Of The Asserted Claims Of The '432 Patent (D.I. 279); and 4) Defendant's Motion For Summary Judgment Of Inequitable Conduct And Unenforceability Of The '243 Patent (D.I. 281). For the reasons discussed, the Court will deny Defendant's Motions (D.I. 275, 279, 281). With respect to Plaintiff's Motion, the Court will deny in part and grant in part the Motion (D.I. 277).

I.  BACKGROUND

on July 27, 2004, Plaintiff Affymetrix, Inc. ("Affymetrix") brought this action against Defendant Illumina, Inc.

("Illumina"), alleging infringement of six U.S. patents: U.S. Patent Nos. 5,545,531 (the "'531 patent"), 5,795,716 (the "'716 patent"), 6,355,432 (the "'432 patent"), 6,399,365 (the "'365 patent"), 6,607,887 (the "'887 patent"), and 6,646,243 (the "'243 patent"). (D.I. 1.) On June 30, 2006, the Court granted the parties' request to dismiss with prejudice the '887 patent from the suit.

On September 16, 2004, Defendant Illumina filed its Answer And Counterclaims (D.I. 10). Defendant's counterclaims seek declaratory judgment for non-infringement and invalidity and raise claims for unfair competition and intentional interference with actual and prospective economic advantage in violation of California law. On February 17, 2006, the Court granted Defendant leave to file its First Amended Answer And Counterclaims which added a request for a declaration of unenforceability for each patent and alleged violations of antitrust laws. (D.I. 217). The Court stayed the antitrust counterclaim, Count VII, for later consideration. (D.I. 217).

II. **LEGAL STANDARD**

Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, a party is entitled to summary judgment if a court determines from its examination of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," that there are no genuine issues of

material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). In determining whether there are triable issues of material fact, a court must review all of the evidence and construe all inferences in the light most favorable to the non-moving party. Goodman v. Mead Johnson & Co., 534 F.2d 566, 573 (3d Cir. 1976). However, a court should not make credibility determinations or weigh the evidence. Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 150 (2000).

To defeat a motion for summary judgment, the non-moving party must "do more than simply show that there is some metaphysical doubt as to the material facts. In the language of the Rule, the non-moving party must come forward with 'specific facts showing that there is a genuine issue for trial.'" Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986) (citations omitted). However, the mere existence of some evidence in support of the nonmovant will not be sufficient to support a denial of a motion for summary judgment; there must be enough evidence to enable a jury to reasonably find for the nonmovant on that issue. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).

3

## III. DISCUSSION

    A.    <u>Plaintiff's Motion For Summary Judgment on Illumina's Counterclaim of Intentional Interference with Actual and Prospective Economic Advantage (Count IX) and Summary Adjudication of Portions of Illumina's Counterclaim for Unfair Business Practices (Count VIII); or in the Alternative, Bifurcation of These Counterclaims (D.I. 277)</u>

By its Motion, Plaintiff contends that summary judgment is warranted because Defendant does not present sufficient evidence to support its allegations that: 1) Plaintiff made false and misleading statements to customers; 2) Defendant lost sales due to Plaintiff's wrongful conduct; and 3) Plaintiff published confidential Illumina information.  Additionally, Plaintiff requests that those portions of Defendant's counterclaim on unfair business practices related to violations of antitrust laws be stayed in accordance with the Court's Order which stayed Illumina's counterclaim alleging violations of antitrust laws (D.I. 217).  Plaintiff further requests, in the alternative, that the Court order bifurcation of Defendant's counterclaims for interference with actual and prospective economic advantage and unfair business practices from the patent infringement trial.

The Court concludes that summary judgment is not appropriate because there exist genuine disputes of material fact with respect the elements of Defendant's counterclaims.  The Court, however, agrees with Plaintiff that a bifurcation of claims is warranted due to the complexity of the issues presented.

4

Accordingly, the Court will deny the Motion to the extent Plaintiff seeks summary adjudication of Defendant's counterclaims and grant the Motion to the extent it seeks bifurcation of these counterclaims from the patent infringement trial. The accompanying Order sets forth the details of the bifurcation of claims.

    B.    <u>Defendant's Motion For Summary Judgement of Invalidity of the Asserted Claims of the '531 Patent (D.I. 275)</u>

By its Motion, Defendant contends that claims 1-4 of the '531 patent are invalid as anticipated by the prior art reference, the '126 PCT application. The Court concludes that, construing the evidence in the light most favorable to the non-movant, genuine issues of material fact exist as to whether the '126 PCT application anticipates the elements of the claims of the '531 patent. Accordingly, the Court will deny the Motion.

    C.    <u>Defendant's Motion For Summary Judgment of Invalidity of the Asserted Claims of the '432 Patent (D.I. 279)</u>

Defendant contends that claims 2, 5, 8, and 9 of the '432 patent are anticipated by the SBH abstract. The Court concludes that summary judgment is not appropriate at this time because genuine issues of material fact exist as to whether the SBH abstract discloses all the limitations of the asserted claims and whether it is a "printed publication." Accordingly, the Court will deny the Motion.

D.  Defendant's Motion For Summary Judgment of Inequitable Conduct and Unenforceability of the '243 Patent (D.I. 281)

Defendant contends that the evidence establishes that Affymetrix engaged in persistent and continuous efforts to mislead the USPTO by failing to disclose the existence of prior litigation of a related patent and failing to inform the USPTO with key documents regarding the patentability of the '243 patent. The Court concludes that, construing the evidence in the light most favorable to the non-movant, there are genuine disputes of material facts including: 1) whether the subject matter of the '243 patent was involved in the prior litigation; 2) whether Affymetrix failed to disclose relevant prior litigation; 3) whether the alleged non-disclosure was material; and 4) whether Affymetrix had the requisite intent to deceive. Thus, summary judgment is not warranted. Accordingly, the Court will deny the Motion.

In sum, the Court concludes that, with respect to the parties' requests for summary adjudication, genuine issues of material fact remain for trial. However, the Court concludes that bifurcation of claims is warranted. Accordingly, the Court will deny the parties' motions for summary judgment and grant Plaintiff's request for bifurcation of claims.

6

**ORDER**

NOW THEREFORE, IT IS HEREBY ORDERED that:

1. Defendant's Motion For Summary Judgement Of Invalidity Of The Asserted Claims Of The '531 Patent (D.I. 275) is **DENIED**;

2. Defendant's Motion For Summary Judgment Of Invalidity Of The Asserted Claims Of The '432 Patent (D.I. 279) is **DENIED**;

3. Defendant's Motion For Summary Judgment Of Inequitable Conduct And Unenforceability Of The '243 Patent (D.I. 281) is **DENIED**;

4. Plaintiff's Motion For Summary Judgment On Illumina's Counterclaim Of Intentional Interference With Actual And Prospective Economic Advantage (Count IX) And Summary Adjudication Of Portions Of Illumina's Counterclaim For Unfair Business Practices (Count VIII); Or In The Alternative, Bifurcation Of These Counterclaims (D.I. 277) is **DENIED in part** and **GRANTED in part**. The issues remaining in the suit shall be presented for trial according to the following schedule:

    a) issues of infringement and damages will be presented at a jury trial scheduled to commence on March 5, 2007;

    b) issues of invalidity will be presented at a trial to commence at a date to be determined in 2007;

      c)    issues of California state law and other equitable relief requested by the parties will be presented at a trial to commence immediately after the conclusion of the trial addressing issues of invalidity.

March 30, 2007                  _/s/ Joseph J. Farnan_
                                                  UNITED STATES DISTRICT JUDGE