# Morris James LLP

Richard K. Herrmann
302.888.6816
rherrmann@morrisjames.com

September 13, 2007

**VIA ELECTRONIC FILING
AND HAND DELIVERY**
The Honorable Joseph J. Farnan, Jr.
USDC for the District of Delaware
844 King Street
Wilmington, DE 19801

      Re:    *Affymetrix, Inc. v. Illumina, Inc.*, D. Del., C.A. No. 04-901-JJF

Your Honor:

      I write to apprise the Court that we are filing today Illumina's Motion to Vacate as a Matter of Law the Jury's Verdict of Infringement of the '716 Patent under the Doctrine of Equivalents on the Basis of Prosecution History Estoppel (" '716 Prosecution History Estoppel Motion"). The Court will recall that the jury's verdict of infringement with respect to the '716 patent, in contrast to the other patents-in-suit, was only pursuant to the Doctrine of Equivalents. As set forth in Illumina's motion, the file history for the '716 patent reveals a clear-cut case of prosecution history estoppel that precludes the jury's finding of equivalents in the phase one trial. In short, Affymetrix's amendments and arguments during prosecution necessitate a finding of estoppel, and thus vacating of the equivalents verdict, under the alternative theories of amendment-based or argument-based estoppel.

      Illumina proposes that the Court consider Illumina's '716 Prosecution History Estoppel Motion as soon as practicable, and in any event before the next phase(s) of the trial. Consideration of this motion at this time is likely to result in substantial efficiencies in seeking to bring this case to a conclusion. First, if this motion is granted, elimination of the '716 patent from the next phase(s) of the trial will help significantly streamline these phase(s), as the separate software and assay issues implicated by the '716 patent involve separate experts and evidence than the other patents-in-suit. Moreover, there is another pending (although not fully briefed) motion -- Affymetrix's Motion for Summary Adjudication on Illumina's Third and Seventh Affirmative Defenses and Second Counterclaim ("Affymetrix's Assignor Estoppel Motion") -- that has been previously stayed by the Court, and this other motion can be rendered moot if the Court grants Illumina's '716 Prosecution History Estoppel Motion. Accordingly, Illumina believes that it is sensible to consider the '716 Prosecution History Estoppel Motion now.[1]

---

[1]    This motion with respect to the '716 patent should not be mistaken as an intention to file all motions for judgment as a matter of law ("JMOL") at this time; the parties and the Court have

The Honorable Joseph J. Farnan, Jr.
September 13, 2007
Page 2

MorrisJames<sub>LLP</sub>

      If convenient, Illumina would propose that the Court entertain oral argument on Illumina's Prosecution History Estoppel Motion at the previously-scheduled status conference on October 10, 2007. Illumina is, of course, further available at the Court's convenience should the Court wish to discuss any of these issues in more detail.

                                            Respectfully,

                                            Richard K. Herrmann, I.D. No. 405
                                            rherrmann@morrisjames.com

cc: MaryEllen Noreika, Esq. (via email and hand delivery)
    Daniel Reed, Esq. (via email)

---

agreed that these motions for all of the patents would be filed after final judgment is entered by the Court following all phases of the trial.