## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **AFFYMETRIX, INC.**, a Delaware corporation, | ) | |
| | ) | |
| Plaintiff/Counter-Defendant, | ) | |
| | ) | |
| v. | ) | Civil Action No.: 04-901 JJF |
| | ) | |
| **ILLUMINA, INC.**, a Delaware corporation, | ) | |
| | ) | **PUBLIC VERSION** |
| Defendant/Counter-Plaintiff. | ) | |
| | ) | |

---

## ILLUMINA, INC.'S ANSWERING BRIEF TO AFFYMETRIX, INC.'S MOTION FOR SUMMARY ADJUDICATION ON ILLUMINA, INC.'S THIRD AND SEVENTH AFFIRMATIVE DEFENSES AND SECOND COUNTERCLAIM

---

Richard K. Herrmann (#405)
MORRIS JAMES LLP
500 Delaware Avenue, Suite 1500
Wilmington, Delaware 19801
(302) 888-6800
rherrmann@morrisjames.com

Robert G. Krupka, P.C.
KIRKLAND & ELLIS LLP
777 South Figueroa Street
Los Angeles, California 90017
(213) 680-8400

Mark A. Pals, P.C.
Marcus E. Sernel
KIRKLAND & ELLIS LLP
200 East Randolph Drive
Chicago, Illinois 60601
(312) 861-2000

*Attorneys for Illumina, Inc.*

Originally filed: November 2, 2007
Public version filed: November 14, 2007

## TABLE OF CONTENTS

**Page**

INTRODUCTION ..................................................................................................1

I.   LEGAL STANDARDS ..................................................................................4

  A.   Legal Standards Regarding Summary Judgment........................................4

  B.   Legal Standards Regarding Assignor Estoppel and Privity.........................5

II.  ARGUMENT..................................................................................................6

  A.   A Genuine Issue of Material Fact Exists Regarding Whether Dr.
       Chee Was an Inventor of the Asserted Claims of the '716 Patent,
       and This Factual Dispute Defeats Affymetrix's Motion..............................6

    1.   **REDACTED**
               This  Court  Has  Ruled  that  the
         Asserted Claims Were Conceived by Dr. Robert Lipshutz
         in "The Summer of 1992.".................................................................6

    2.   **REDACTED**
                                               ...................................7

  B.   There Are Genuine Issues of Material Fact as to Whether Illumina
       Is in Privity with Dr. Chee. ........................................................................9

  C.   Based on the Balance of the Equities, Affymetrix's Motion Should
       Be Denied...................................................................................................12

  D.   In Any Event, Illumina Cannot Be Precluded from Presenting an
       Unenforceability Defense that Has Nothing to do with Dr. Chee. ............15

CONCLUSION.........................................................................................................17

**TABLE OF AUTHORITIES**

**Page**

**Cases**

*Acushnet Co. v. Dunlop Maxfli Sports Corp.*,
    No. CIV. A. 98-717-SLR, 2000 WL 987979 (D. Del. June 29, 2000) ............... 5, 6, 10, 15

*Anderson v. Liberty Lobby, Inc.*,
    477 U.S. 242 (1986) ..................................................................................................... 4, 5

*Carroll Touch, Inc. v. Electro Mech. Sys., Inc.*,
    15 F.3d 1573 (Fed. Cir. 1993) ........................................................................................ 5

*Cedarapids, Inc. v. Johnson Crushers Int'l, Inc.*,
    No. 3:02-1243, 2005 WL 2086755 (M.D.Tenn. Aug. 26, 2005) ..................................... 16

*Celotex Corp. v. Catrett*,
    477 U.S. 317 (1986) ........................................................................................................ 4

*Checkpoint Sys., Inc. v. All-Tag Sec. S.A.*,
    412 F.3d 1331 (Fed. Cir. 2005) ................................................................................... 4, 5

*Diamond Scientific Co. v. Ambico, Inc.*,
    848 F.2d 1220 (Fed. Cir. 1988) ................................................................................. 5, 14

*Ethicon Inc. v. U.S. Surgical Corp.*,
    135 F.3d 1456 (Fed. Cir. 1998) ..................................................................................... 9

*Intel Corp. v. U.S. Int'l Trade Comm'n*,
    946 F.2d 821 (Fed. Cir. 1991) ....................................................................................... 6

*KB Int'l, LLC v. Holmes*,
    No. Civ.A. H042518, 2005 WL 1562420 (S.D.Tex. July 1, 2005) ........................... 13, 14

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*,
    475 U.S. 574 (1986) ........................................................................................................ 4

*Nisus Corp. v. Perma-Chink Sys., Inc.*,
    No. 3:03-CV-120, 2005 WL 5164856 (E.D. Tenn. Mar. 31, 2005) ............................... 4, 5

*Pandrol USA, LP v. Airboss Ry. Prods., Inc.*,
    424 F.3d 1161 (Fed. Cir. 2005) ..................................................................................... 5

*S.C. Johnson & Son, Inc. v. DowBrands, Inc.*,
    294 F.Supp.2d 568 (D.Del. 2003) ................................................................................ 13

*Shamrock Techs., Inc. v. Med. Sterilization, Inc.*,
   903 F.2d 789 (Fed. Cir. 1990)................................................................................. 6, 10, 16

*SmithKline Beecham Corp. v. Apotex Corp.*,
   403 F.3d 1331 (Fed. Cir. 2005)...................................................................................... 15

*Stern v. Trustees of Columbia Univ. in City of New York*,
   434 F.3d 1375 (Fed. Cir. 2006)........................................................................................ 6

*Synopsis, Inc. v. Magma Design Automation, Inc.*,
   No. C-04-3923 MMC, 2006 WL 825277 (N.D. Cal. Mar. 30, 2006)................................. 9

*Transclean Corp. v. Jiffy Lube Int'l, Inc.*,
   474 F.3d 1298 (Fed. Cir. 2007)...................................................................................... 13

*Warrior Lacrosse, Inc. v. Brine, Inc.*,
   No. 04-71649, 2006 WL 763190 (E.D. Mich. Mar. 8, 2006) ......................................... 5, 9

## Rules

FED.R.CIV.P. 56(c)............................................................................................................. 4

FED.R.CIV.P. 56(e)............................................................................................................. 4

## INTRODUCTION

Affymetrix's assignor estoppel argument is based on the view that Dr. Mark Chee is properly considered an inventor of the asserted claims of the '716 patent. There is, however, a genuine issue of material fact regarding that assertion, as evidenced by a prior ruling of this Court on a related issue. Specifically, although Dr. Chee is listed as an inventor on the '716 patent, this Court already has ruled that "*the parties agree*" that Dr. Robert Lipshutz conceived of the invention claimed in the '716 patent "*in the summer of 1992.*"

## REDACTED

Based on Affymetrix's asserted conception date and the testimony of **REDACTED**, a genuine issue of material fact exists regarding Dr. Chee's actual involvement in the conception of the claimed invention. As a result, Affymetrix's assignor estoppel argument cannot be decided on summary judgment as a matter of law.

Moreover, there are genuine issues of material fact regarding whether Dr. Chee's alleged involvement as inventor can be imputed to Illumina based on privity. Affymetrix argues with a broad brush that Dr. Chee *is* Illumina for purposes of assignor estoppel, but the facts themselves do not support this conclusion, when viewed in the context of the Illumina products that were actually accused. Because the parties dispute whether Dr. Chee played a substantive role in the alleged infringement, Illumina cannot be estopped from challenging the validity of the '716 patent at the summary judgment stage.

1

Furthermore, in assessing assignor estoppel, a Court must "balance the equities between the parties." Here, the equities weigh against the application of the doctrine. First, Affymetrix has taken inconsistent positions with respect to who in fact conceived of the invention claimed in the '716 patent. In its arguments regarding the ownership and infringement of the '716 patent, which this Court relied upon, Affymetrix asserted that Dr. Lipshutz conceived of the '716 patent invention in "the summer of 1992." However, in its motion to strip Illumina of its invalidity defenses based on assignor estoppel, Affymetrix takes a different position and argues that Dr. Chee (and others) conceived of the '716 patent invention. Illumina submits that Affymetrix cannot have it both ways. Even if Affymetrix were not judicially estopped from taking inconsistent positions on two key factual issues (*i.e.*, the identity of the inventor and the conception date of the claimed invention), to Illumina's detriment, the inconsistencies in Affymetrix's own court filings create a genuine issue of material fact as to Dr. Chee's role.

Second, to prevent a patentee from obtaining an impermissibly broad patent scope without the counterbalance of an invalidity challenge, courts have cautioned that an alleged infringer should be permitted to use the prior art in the claim construction and/or non-infringement context if the assignor estoppel doctrine is invoked. However, Illumina was denied the opportunity to use prior art in the claim construction/non-infringement context by virtue of the trifurcated procedure by which this case was tried (*i.e.*, non-infringement first, followed by invalidity and unenforceability issues). As a result, Affymetrix argued for and received an impermissibly broad scope for the asserted '716 patent claims, which encompassed the prior art and was improperly expanded through the doctrine of equivalents (in phase one), and now seeks to avoid the necessary invalidation of those claims in view of the prior art based on assignor

2

estoppel (prior to phase two). Equity demands that Illumina not be rendered defenseless, on both the front and back ends, to Affymetrix's overbroad assertion of this patent.[1]

Third, the theory of applying assignor estoppel to those in privity with the inventor is premised on the notion that the inventor should not be able to benefit from assigning the patent to one entity and then benefit from the invention at another entity. Here, Dr. Chee has not worked in a full-time capacity at Illumina for over five years -- *i.e.*, he was effectively out of any formal role with Illumina by the time the alleged infringement started in 2002-- and he left the company's employment in 2004. It would be inequitable, and unprecedented, to apply the doctrine in this circumstance.

Finally, Affymetrix asserts that the Court should preclude Illumina from raising its inequitable conduct defense to the '716 patent. However, that defense has *nothing* to do with Dr. Chee. Rather, that defense is based on the fact that '716 patent

## REDACTED

Thus, setting aside the factual issues in dispute, because the issue of assignor estoppel turns on a balancing of equities, this Court should resolve that issue at the same time it resolves other equitable issues, such as Affymetrix's inequitable conduct/unclean hands in procuring the '716 patent.

---

[1] As the Court is aware, Illumina also has a pending Motion to Vacate as a Matter of Law the Jury's Verdict of Infringement of the '716 Patent Under the Doctrine of Equivalents on the Basis of Prosecution History Estoppel (D.I. 444), the granting of which would address this inequity.

## I.    LEGAL STANDARDS

### A.    Legal Standards Regarding Summary Judgment

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is *no genuine issue as to any material fact* and that the moving party is entitled to a judgment as a matter of law." FED.R.CIV.P. 56(c) (emphasis added).  Material facts are those facts that may affect the outcome of the case.  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute about a material fact is "genuine" if there is sufficient evidence that a reasonable trier of fact could return a judgment for the nonmoving party.  *Id.*  At the summary judgment stage, a Court may not "weigh the evidence, judge the credibility of the witnesses, and determine the truth of the matter," as that is the function of the trier of fact at trial.  *Nisus Corp. v. Perma-Chink Sys., Inc.*, No. 3:03-CV-120, 2005 WL 5164856, at *4, *8 (E.D. Tenn. Mar. 31, 2005) (denying summary judgment where "the question of whether the equities in this case would be sufficient to permit the application of assignor estoppel involves material disputed facts").

Affymetrix, as the moving party, bears the initial burden of demonstrating the absence of a genuine issue of material fact.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  The burden then shifts to Illumina, the non-moving party, to set forth "specific facts showing that there is a genuine issue for trial."  *Id.* at 324 (quoting FED.R.CIV.P. 56(e)).  The Court must view all facts and inferences in a light most favorable to the non-moving party.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *see also Checkpoint Sys., Inc. v. All-Tag Sec. S.A.*, 412 F.3d 1331, 1336 (Fed. Cir. 2005) ("The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor.").  In all, Illumina must show that there is "sufficient evidence supporting the claimed factual dispute . . . to require a jury or

4

judge to resolve the parties' differing versions of the truth at trial." *Anderson*, 477 U.S. at 248-249.

## B.    Legal Standards Regarding Assignor Estoppel And Privity

"Assignor estoppel is an equitable doctrine that prevents one who has assigned the rights to a patent (or patent application) from later contending that what was assigned is a nullity." *Diamond Scientific Co. v. Ambico, Inc.*, 848 F.2d 1220, 1224 (Fed. Cir. 1988). The doctrine is "not so broad as to be applied automatically." *Nisus Corp.*, 2005 WL 5164856, at *6 (citing *Diamond Scientific*, 848 F.2d at 1225-26). Rather, the Court's analysis must focus on balancing the equities between the parties. *Diamond Scientific*, 848 F.2d at 1225.

The decision whether an assignor is estopped to challenge the validity of a patent is within the district court's discretion. *Checkpoint Sys., Inc.*, 412 F.3d at 1337; *Carroll Touch, Inc. v. Electro Mech. Sys., Inc.*, 15 F.3d 1573, 1579 (Fed. Cir. 1993). Courts often refer to four justifications for the doctrine of assignor estoppel: "(1) to prevent unfairness and injustice; (2) to prevent one from benefiting from his own wrong; (3) to adopt the analogy of . . . estoppel by deed in real estate; and (4) to adopt the analogy to a landlord-tenant relationship." *Pandrol USA, LP v. Airboss Ry. Prods., Inc.*, 424 F.3d 1161, 1166 (Fed. Cir. 2005) (citing *Diamond Scientific*, 848 F.2d at 1224); *see also Warrior Lacrosse, Inc. v. Brine, Inc.*, No. 04-71649, 2006 WL 763190, at *29 (E.D. Mich. Mar. 8, 2006) (application of assignor estoppel "would not serve its intended policy goal of discouraging 'unfairness and injustice' or preventing an individual from 'benefiting from his own wrong'").

Assignor estoppel can under certain circumstances also operate to limit challenges by those in privity with the assignor. *See Diamond Scientific*, 848 F.2d at 1224. Privity, for purposes of assignor estoppel, "is determined upon a balance of the equities" in light of the act of infringement. *Acushnet Co. v. Dunlop Maxfli Sports Corp.*, No. CIV. A. 98-717-SLR, 2000 WL

5

987979, at *3 (D. Del. June 29, 2000) (denying summary judgment motion seeking to preclude patent invalidity defense based on assignor estoppel where "the record as it stands reveals no real advantage that would accrue to Calabria from defendant's assertion of an invalidity defense"); *see also Shamrock Techs., Inc. v. Med. Sterilization, Inc.*, 903 F.2d 789, 793 (Fed. Cir. 1990) (same). The "significant inquiry" is "whether the ultimate infringer availed itself of the inventor's knowledge and assistance to conduct infringement." *Intel Corp. v. U.S. Int'l Trade Comm'n,* 946 F.2d 821, 839 (Fed. Cir. 1991).

## II.    ARGUMENT

### A.    A Genuine Issue of Material Fact Exists Regarding Whether Dr. Chee Was an Inventor of the Asserted Claims of the '716 Patent, and this Factual Dispute Defeats Affymetrix's Motion.

#### 1.    REDACTED this Court Has Ruled that the Asserted Claims Were Conceived by Dr. Robert Lipshutz in "The Summer of 1992."

The original briefing on Affymetrix's motion asserting the assignor estoppel doctrine was completed in July 2006. (D.I. 272-273, 290, 295). After that briefing was completed, the Court denied Illumina's Motion To Dismiss Count 2 For Lack of Standing and Subject Matter Jurisdiction, noting that:

> The *parties agree* that *Dr. Robert Lipshutz conceived of the invention claimed in the '716 patent* (the "invention") sometime *in the summer of 1992*. (D.I. 234 at 1; D.I. 246 at 2.)

(D.I. 324, at 1 (emphasis added); *compare Stern v. Trustees of Columbia Univ. in City of New York*, 434 F.3d 1375, 1378 (Fed. Cir. 2006) ("Because conception is the touchstone of inventorship, each joint inventor must generally contribute to the conception of the invention.") (quotations omitted)). This Court's finding — that Dr. Lipshutz conceived of the '716 patent invention "in the summer of 1992" — is consistent with:

(a)    Illumina's Counter-Statement of Facts In Opposition To Affymetrix's Motion (D.I. 290, at ¶ ¶ 2, 4-9, Exs. A, C);

(b)

**REDACTED**

(c)

**REDACTED**

2.    **Dr. Chee Did Not Participate in Any Conception of the Asserted Claims in "The Summer of 1992."**

Consistent with Dr. Lipshutz's testimony that

**REDACTED**

(11/1/07 Decl. of Mark Chee, at ¶ 4

(emphasis added)).

Both Drs. Lipshutz and Chee also testified about

**REDACTED**                    (*See* D.I. 290, at ¶ 7-8,

Ex. A, C; Ex. A (Lipshutz 30(b)(6) Dep.), at 177:10-178:19 (testifying that

**REDACTED**

**REDACTED**

Dr. Lipshutz also testified that,

**REDACTED**

Although

Affymetrix asserts that                    **REDACTED**                    this is

insufficient to support a claim of co-inventorship of the asserted claims. *See Stern*, 434 F.3d at

1378 (holding "Stern's contribution is insufficient to support a claim of co-inventorship" because

of the lack of collaboration between the co-inventors and whereby "Stern simply carried out an

experiment previously done by Bito on different animals - animals that Bito had already

determined would be good models for prostaglandins research").

Finally, Affymetrix asserts that

**REDACTED**

(*cf.* D.I. 295, at 8-9).  However, this argument is circular.

In order to invoke assignor estoppel, the threshold inquiry (*i.e.*, an element of the doctrine) is

whether the person whose actions are being estopped was an "assignor" of the patent in question.

Thus, if Illumina is correct that Dr. Chee did not conceive of the invention claimed in the '716

---

2

**REDACTED**

8

patent (*i.e.*, was not an assignor), then there is no basis to apply the assignor estoppel doctrine at all.[3]

In sum, the evidence developed in discovery creates a genuine issue of material fact regarding whether Dr. Chee is an inventor of the asserted claims of the '716 patent. Because that factual dispute must be resolved by the trier of fact, Affymetrix's request for summary adjudication of the assignor estoppel issue should be denied. *See Synopsis, Inc. v. Magma Design Automation, Inc.*, No. C-04-3923 MMC, 2006 WL 825277, at *9 (N.D. Cal. Mar. 30, 2006) (holding that determining whether co-inventor's alleged contributions "are significant," and required a trier of fact to choose between conflicting expert opinions, would "not be resolved on summary judgment").

### B.    There Are Genuine Issues Of Material Fact As To Whether Illumina Is In Privity With Dr. Chee.

Genuine issues of material fact also exist as to whether Dr. Chee's prior association with Illumina establishes privity for purposes of stripping Illumina of its invalidity defenses. *See Warrior Lacrosse, Inc.*, 2006 WL 763190, at *27 ("Privity, like the doctrine of assignor estoppel itself, is determined upon a balance of the equities.").

Affymetrix argues that Illumina and Dr. Chee are in privity because:

### REDACTED

(*Cf.* D.I. 273, at 13-15).   However,

---

[3] Of the ten claims of the '716 patent, only six were ever asserted in this case, and only three claims made it to the phase one trial. As a result, Illumina has not needed to attack, and the Court need not consider, the inventorship of the '716 patent as a whole. Since a contribution to the conception of one claim of a patent is sufficient to be named as a co-inventor, *see Ethicon Inc. v. U.S. Surgical Corp.*, 135 F.3d 1456, 1460 (Fed. Cir. 1998), the fact that the other claims of this patent have never been at issue means that the genuine issues of material fact regarding Dr. Chee's involvement with the asserted claims of the patent do not necessarily jeopardize his status as an inventor of the patent.

Affymetrix presents essentially no evidence that establishes Dr. Chee's relationship with Illumina in view of the alleged infringement (*see Acushnet*, 2000 WL 987979, at *2), or that Illumina availed itself of Dr. Chee's "knowledge and assistance to conduct infringement," as is required by the law. *See Shamrock Techs.*, 903 F.2d at 790. As with the issue of inventorship, there are genuine issues of material fact with respect to the privity issue.

Illumina is, and always has been, substantially more than one individual. (D.I. 290, at ¶¶ 14-15, Ex. I). Illumina's technology was founded on the work of Dr. David Walt of Tufts University. (*Id.* at ¶ 16, Exs. C, H).

**REDACTED**

Privity cannot be established on titles alone. *See Acushnet*, 2000 WL 987979, at *3 (holding on summary judgment that no privity exists because, *inter alia*, "the record reveals that there are

twenty-six 'Vice Presidents' in defendant's organizational structure and, far from being second in command as the title suggests"). And to be clear,

**REDACTED**

---

[4]

**REDACTED**

**REDACTED**

The "privity" analysis requires a factual inquiry into the contacts between the assignor and the alleged infringer, and a finding that the alleged infringer relied on the assignor's knowledge and assistance to conduct infringement. Consideration of these facts, in the light most favorable to Illumina, shows that Affymetrix's request to address this issue on summary judgment should be denied.

C.    **Based on the Balance of the Equities, Affymetrix's Motion Should Be Denied.**

As noted at the outset, assignor estoppel is an equitable doctrine. Thus, even if there were a basis to assert that Dr. Chee was an inventor of the '716 patent (which there is not), and even if the facts regarding privity were not in dispute (which they are), the balance of equities do not favor application of the doctrine. Moreover, this balance must consider *all* of the equities, and thus assignor estoppel should be addressed in the context of Illumina's equitable defenses, including inequitable conduct and unclean hands, in the phase three trial.

12

First, Affymetrix has taken inconsistent positions with respect to who in fact conceived of the invention claimed in the '716 patent. In its arguments regarding the ownership and infringement of the '716 patent, which this Court relied upon, Affymetrix asserted that Dr. Lipshutz conceived of the '716 patent invention "in the summer of 1992." However, in its motion to strip Illumina of its invalidity defenses based on assignor estoppel, Affymetrix takes a different position and argues that Dr. Chee (and others) conceived of the '716 patent invention. Because this Court, in denying Illumina's motion to dismiss, has adopted Affymetrix's position regarding the identity of the inventor (Dr. Lipshutz) and the conception date of that invention ("the summer of 1992"), Affymetrix should be judicially estopped from taking a different position now. *See, e.g., Transclean Corp. v. Jiffy Lube Int'l, Inc.*, 474 F.3d 1298, 1307 (Fed. Cir. 2007) (invoking judicial estoppel when the position advocated before the trial court and on appeal were "clearly inconsistent"); *S.C. Johnson & Son, Inc. v. DowBrands, Inc.*, 294 F.Supp.2d 568, 590 n.13 (D. Del. 2003) (Farnan, J.), *rev'd on other grounds*, 111 Fed.Appx. 100 (3rd Cir. 2004) (invoking judicial estoppel where defendant argued "for its own position after it already obtained a judgment in its favor with an inconsistent argument").

Second, in order to prevent a patentee from obtaining an impermissibly broad patent scope without the counterbalance of an invalidity challenge, courts have cautioned that an alleged infringer be permitted to use the prior art in the claim construction and/or non-infringement context if the assignor estoppel doctrine is invoked. *See KB Int'l, LLC v. Holmes*, No. Civ.A. H042518, 2005 WL 1562420, at *2 n.4 (S.D. Tex. July 1, 2005) (applying assignor estoppel, but holding that the alleged infringer "can present evidence regarding any prior art for the sole purpose of construing and narrowing the claims of the patents-in-suit in order to show

that his conduct falls outside the proper scope of the claims and, therefore, his conduct is non-infringing"); *see also Diamond Scientific,* 848 F.2d at 1222.

Here, Affymetrix already has argued for and received an impermissibly broad scope for the '716 patent. Specifically, Affymetrix obtained a claim construction that encompasses the prior art, and also obtained a further extension of the claimed scope under the doctrine of equivalents. Illumina was not afforded the opportunity to use the prior art to limit the claimed scope in claim construction, however, and given the trifurcated trial structure was unable to use the prior art at trial to limit Affymetrix's infringement arguments.[5] Affymetrix thus was able to pursue an untenably broad application for the '716 patent claims, and now seeks to avoid the necessary invalidation of those claims in view of the prior art under the assignor estoppel doctrine. Equity demands that Illumina not be rendered effectively defenseless throughout all phases of the trial to Affymetrix's overbroad assertion of this patent.

Third, it is unfair to apply the assignor estoppel doctrine to Illumina where Dr. Chee is not receiving any benefit from the alleged infringement, and left Illumina's employment long ago.

### REDACTED

None of the stated objectives for the assignor estoppel doctrine are met here: Dr. Chee is not benefiting from any wrong; and there is no injustice or unfairness in permitting Illumina to challenge the validity of

---

[5] *See, e.g.,* Trial Tr. 353:6-12 (Affymetrix: "...before it comes up in front of the jury that the Court has ruled out any mention of prior art in the case and I think that's where we're headed with this. The Court: All right. Well, I did rule it out, so if it -- "). In the phase one trial, the Court also excluded demonstratives establishing that Affymetrix was seeking to apply the '716 patent in a way that read it back on the prior art. *See, e.g.,* 3/2/07 Hearing Tr. at 13:16-20, 81:14-19 (excluding demonstratives 49 and 50 that showed that "this aspect of what Illumina's doing . . . was in the prior art prior to the filing for the patent"); *id.* at 83:17-24 (The Court: "So anything under that mantra [demonstratives on the prior art] is out.").

the '716 patent.[6]  None of the cases cited by Affymetrix apply assignor estoppel to an accused infringer based on the acts of a *former* employee.  Overbroad application of the doctrine in this case will merely punish Illumina for hiring a handful of its employees from a competitor, which is not a legitimate justification for its application.  *See Acushnet*, 2000 WL 987979, at *3 ("Assignor estoppel was not designed to prevent companies from competing for talented employees.").

Finally, because the application of assignor estoppel is based on the balancing of equities, the Court should consider the estoppel argument in the context of other equitable issues, including Affymetrix's inequitable conduct and unclean hands, if not its unfair competition.  As discussed in greater detail below, Illumina has alleged that Affymetrix (and **REDACTED** ) withheld material prior art from the PTO.  Because a party (Affymetrix) who "seeks equity" must first "do equity,"[7] the assignor estoppel issue and Illumina's equitable defenses should be decided together during the phase three bench trial, in light of the genuine issues of material fact discussed above.

### D.  In Any Event, Illumina Cannot Be Precluded from Presenting an Unforceability Defense that Has     **REDACTED**

Although not discussed in its motion, and only cursorily requested by Affymetrix in its conclusion (*see* D.I. 273, at 17), Illumina should not be precluded from challenging unenforceability of the '716 patent, even if this court finds that assignor estoppel applies to validity.  Illumina's inequitable conduct defense on the '716 patent has     **REDACTED**

---

[6] Indeed, public policy strongly favors the broad ability to challenge the validity of invalid patents.  *See, e.g.*, *SmithKline Beecham Corp. v. Apotex Corp.*, 403 F.3d 1331, 1354-55 (Fed. Cir. 2005) (citing a host of Supreme Court and Federal Circuit cases confirming this policy interest).

[7] *See Taylor v. Secor*, 92 U.S. 575, 616 (1875) ("It is the universal rule which requires that he who seeks equity at the hand of the court must first do equity.").

**REDACTED** and it would be the height of unfairness for Illumina to lose this defense as well based on Dr. Chee's prior employment with Illumina.

While some courts have applied assignor estoppel to preclude inequitable conduct arguments in addition to validity defenses, these cases are distinguishable from the situation here. In none of these other cases was the inequitable conduct argument exclusively involving knowledge and misdeeds of a different inventor, separate and apart from the inventor upon which the assignor estoppel argument was based. *See Cedarapids, Inc. v. Johnson Crushers Int'l, Inc.*, No. 3:02-1243, 2005 WL 2086755, at *7 (M.D.Tenn. Aug. 26, 2005) (defendants estopped from asserting defense of unenforceability because each inventor admitted to withholding material prior art); *Shamrock Techs.*, 903 F.2d at 795 (doctrine of assignor estoppel barred inequitable conduct defense where "defense [was] directly contradicted by the assignor-inventor's statements made in his declaration").

In this case, Illumina's inequitable conduct defense to the '716 patent is solely predicated on the actions        **REDACTED**                                (D.I. 290, at ¶¶ 53, 58, Ex. C).

**REDACTED**

## REDACTED

As a result, the

assignor estoppel doctrine cannot affect Illumina's ability to present evidence of **REDACTED**

for this Court's consideration.

### CONCLUSION

For the foregoing reasons, Affymetrix's motion should be denied.

Dated:  November 2, 2007

         */s/ Richard K. Herrmann*

Richard K. Herrmann (#405)
MORRIS JAMES LLP
500 Delaware Avenue, Suite 1500
Wilmington, Delaware 19801
(302) 888-6800
rherrmann@morrisjames.com

Robert G. Krupka, P.C.
KIRKLAND & ELLIS LLP
777 South Figueroa Street
Los Angeles, California 90017
(213) 680-8400

Mark A. Pals, P.C.
Marcus E. Sernel
KIRKLAND & ELLIS LLP
200 East Randolph Drive
Chicago, Illinois 60601
(312) 861-2000

*Counsel for Illumina, Inc.*

17

# EXHIBIT U

# EXHIBIT REDACTED
# IN ITS ENTIRETY

# CHEE   DECLARATION

# EXHIBIT REDACTED IN ITS ENTIRETY

# D.I. 290

# COUNTER-STATEMENT

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| **AFFYMETRIX, INC.,** a Delaware corporation, ) | |
| ) | |
| Plaintiff/Counter-Defendant, ) | |
| ) | |
| v. ) | Civil Action No.: 04-901 JJF |
| ) | |
| **ILLUMINA, INC.,** a Delaware corporation, ) | |
| ) | **PUBLIC VERSION** |
| Defendant/Counter-Plaintiff. ) | |
| ) | |

**COUNTER-STATEMENT OF FACTS IN OPPOSITION TO AFFYMETRIX, INC.'S
MOTION FOR SUMMARY ADJUDICATION ON ILLUMINA, INC.'S THIRD AND
SEVENTH AFFIRMATIVE DEFENSES AND SECOND COUNTERCLAIM**

Richard K. Herrmann (#405)
MORRIS, JAMES, HITCHENS &
WILLIAMS LLP
222 Delaware Avenue, 10th Floor
Wilmington, Delaware 19801
(302) 888-6800
rherrmann@morrisjames.com

Robert G. Krupka, P.C.
KIRKLAND & ELLIS LLP
777 South Figueroa Street
Los Angeles, California 90017
(213) 680-8400

Mark A. Pals, P.C.
Marcus E. Sernel
KIRKLAND & ELLIS LLP
200 East Randolph Drive
Chicago, Illinois 60601
(312) 861-2000

*Attorneys for Illumina, Inc.*

Original Date: July 21, 2006
Redacted Date: August 17, 2006

# TABLE OF CONTENTS

I.    Affymetrix Does Not Own The '716 Patent. ........................................................................1

II.   Dr. Chee Is Not A Properly-Named Inventor Of The Claimed Invention Of The
      '716 Patent. .......................................................................................................................2

      A.    Dr. Chee did not conceive of the claimed invention of the '716 patent. ................3

      B.    Dr. Chee signed an inventor declaration for the '716 patent application
            before the '716 patent claims changed.....................................................................4

III.  Dr. Chee's Role At Illumina Diminished Over Time And Ceased To Exist As Of
      September 2004. .................................................................................................................5

      A.    Illumina is, and always has been, substantially more than one individual. .............5

      B.    Illumina's technology finds its genesis in the work and intellectual
            property of Dr. David Walt of Tufts University. .....................................................5

      C.    Dr. Chee is one of several individuals who contributed to the formation of
            Illumina....................................................................................................................6

      D.    In his entire tenure at Illumina, Dr. Chee never had responsibilities
            regarding development of Illumina's commercial products. ....................................7

      E.    As a Research Fellow, Dr. Chee had no responsibilities regarding
            Illumina's business operations or commercial products..........................................9

IV.   Dr. Chee Was Not Involved In The Development Of The GenCall Software That
      Affymetrix Alleges To Infringe The '716 Patent. ............................................................10

      A.    Dr. Chee testified that he had no direct involvement with development of
            GenCall...................................................................................................................10

      B.    Others confirm that Dr. Chee had no involvement in GenCall's
            development.............................................................................................................11

V.    Dr. Chee Never Used, Nor Shared With Others, Any Affymetrix Information
      While At Illumina. ...........................................................................................................12

VI.   Illumina's Allegation That The '716 Patent Is Unenforceable For Inequitable
      Conduct (Counterclaim Count II) Does Not Implicate Dr. Chee At All. ..........................13

In accordance with the Court's Memorandum Order, Illumina hereby submits a Counter-Statement of Facts in opposition to Affymetrix, Inc.'s Motion For Summary Adjudication On Illumina, Inc.'s Third And Seventh Affirmative Defenses And Second Counterclaim. As an initial matter, the Court has been previously presented with facts that prove that Affymetrix does not even own the '716 patent, and that Dr. Chee is not properly named as an inventor on the '716 patent. In addition, the following Counter-Statement sets forth material facts that support denial of Affymetrix' motion. This Court need not even entertain full briefing on this motion because genuine issues of material fact exist with respect to:

- Whether Dr. Chee contributed at all to the products alleged to infringe the '716 patent in this case;

- Whether Dr. Chee controlled, to any degree, the development of the products alleged to infringe;

- Whether Dr. Chee's exit from Illumina, which began in 2002 and was complete as of 2004, extinguished any privity he might have had with Illumina; and

- Whether Dr. Chee was ever involved in any of the facts alleged with respect to Illumina's Counterclaim Count II asserting inequitable conduct with respect to the '716 patent.

In light of the facts, Illumina respectfully requests that the Court deny Affymetrix' motion in lieu of requesting further briefing on the motion.

## COUNTER-STATEMENT OF FACTS

### I. Affymetrix Does Not Own The '716 Patent.

1. As Illumina presents more fully in its pending motion to dismiss, Affymetrix does not own U.S. Patent No. 5,795,716 ("the '716 patent"). (*See* D.I. 234) Without ownership rights in the '716 patent, Affymetrix' motion is moot because it lacks standing to assert this patent against Illumina. *See Fieldturf, Inc. v. Sw. Recreational Indus., Inc.*, 357 F.3d

1266, 1268 (Fed. Cir. 2004) ("To bring an action for patent infringement, a party must be either the patentee, a successor in title to the patentee, or an exclusive licensee of the patent at issue.").

2.

REDACTED

3.

REDACTED

## II.    Dr. Chee Is Not A Properly-Named Inventor Of The Claimed Invention Of The '716 Patent.

4.    Dr. Chee did not contribute to the alleged conception of the claimed invention of the '716 patent, and thus Dr. Chee is not a joint inventor of this patent. *See Stern v. Trustees of Columbia Univ. City of New York*, 434 F.3d 1375, 1378 (Fed. Cir. 2006) ("[E]ach joint inventor must generally contribute to the conception of the invention."). Because Dr. Chee is not an inventor of the claimed invention of the '716 patent, the doctrine of assignor estoppel does not apply against him, and certainly does not apply against Illumina as a party that is merely alleged to be in privity with Dr. Chee. *See Shamrock Techs., Inc. v. Med. Sterilization, Inc.*, 903 F.2d 789, 793 (Fed. Cir. 1990).

2

A.    *Dr. Chee did not conceive of the claimed invention of the '716 patent.*

5.

REDACTED

6.

REDACTED

7.

REDACTED

8.

REDACTED

¹ _____

REDACTED

9.

# REDACTED

*B.      Dr. Chee signed an inventor declaration for the '716 patent application before the '716 patent claims changed.*

10.      Dr. Chee signed a declaration early on in prosecution of the '716 patent application in which he attested that he was a joint inventor of the inventions disclosed in the patent application. (Affymetrix Br., at Ex. 5) Dr. Chee, however, signed this declaration on February 24, 1995, more than three years before the application issued as the '716 patent on August 18, 1998. (*Id.*)

11.      After Dr. Chee signed this declaration, the resulting claims changed from those that were originally submitted in the application. For instance, at least twenty-three (23) claims were dropped, and those claims that remained went through several amendments. (*See* Ex. D (App. No. 08/327,525, 9/19/95 Election/Restriction), at 1; Ex. E (App. No. 08/327,525, 10/23/95 Preliminary Amendment), at 1; Ex. F (App. No. 08/327,525, 4/29/97 Supp.

# REDACTED

12.      Three other individuals -- Ms. Wang, Mr. Jevons and Mr. Bernhart -- also executed inventor declarations for the '716 patent application at the same time as Drs. Chee and Lipshutz. (*See* Affymetrix Br., at Ex. 5) These three individuals were subsequently dropped as named inventors on the '716 patent after the claims underwent substantial changes in prosecution. (*See* Ex. G (App. No. 08/327,525, 7/14/98 Petition to Correct Inventorship Under 37 C.F.R. § 1.48(b)), at 1)

4

13.

REDACTED

## III.    Dr. Chee's Role At Illumina Diminished Over Time And Ceased To Exist As Of September 2004.

*A.      Illumina is, and always has been, substantially more than one individual.*

14.      Illumina is a public corporation with headquarters in San Diego. (*See* Ex.

I (3/6/06 Illumina, Inc. Form 10-K), at 25) It currently employs over 500 individuals in various

positions, ranging from high-performing scientists to engineers to administrative managers to

support staff. (*See id.*, at 14) As of January 1, 2006, Illumina employed 73 individuals who hold

Doctorate of Philosophy (Ph. D.) degrees, and 44 of those individuals were engaged in full-time

research and development. (*See id.*)

15.      Illumina offers a wide variety of arrays and related products for analysis of

genetic variation and function on a large-scale as well as full genotyping services. (*See id.*, at 8)

*B.      Illumina's technology finds its genesis in the work and intellectual property of Dr. David Walt of Tufts University.*

16.



17.



5

REDACTED

18.

REDACTED

C.    *Dr. Chee is one of several individuals who contributed to the formation of Illumina.*

    19.

REDACTED

    20.

REDACTED

6

21.

REDACTED

22.

REDACTED

23.

REDACTED

24.

REDACTED

25.

REDACTED

D.    *In his entire tenure at Illumina, Dr. Chee never had responsibilities regarding development of Illumina's commercial products.*

26.

REDACTED

27.    Dr. Chee is one of several individuals who have held the title of Vice President at Illumina. (*See* Ex. K (3/29/01 Illumina, Inc. Form 10-K), at 9-10 (identifying that, in March 2001, Illumina employed eight individuals who held the title of Vice President))

7

28.

REDACTED

29.

REDACTED

30.

REDACTED

31.     Numerous Illumina employees were involved in the development of the decoding process used in the commercial products. (*See* Ex. L (PX60), at IAFP00532400 (disclosing Illumina's decoding method and identifying twenty individuals as contributing to its development); REDACTED

8

REDACTED

32.    Illumina's senior management committee has control over, and continues to control, Illumina's business strategy. Since early in its infancy, Illumina's senior management has comprised ten to twelve individuals, including CEO Jay Flatley, all of Illumina's Vice Presidents, and certain other Senior Directors. (*See* Ex. R (10/25/04 Stuelpnagel Decl.), ¶13)

33.    Although Dr. Chee was a member of the senior management committee until 2002, he never had substantial control over Illumina's business strategy. (*See id.*)

34.    Dr. Chee has never served on Illumina's Board of Directors. (*See id.*)

E.    *As a Research Fellow, Dr. Chee had no responsibilities regarding Illumina's business operations or commercial products.*

35.

REDACTED

36.

REDACTED

37.

REDACTED

9

REDACTED

38.          REDACTED

**IV.    Dr. Chee Was Not Involved In The Development Of The GenCall Software That Affymetrix Alleges To Infringe The '716 Patent.**

39.    Affymetrix alleges that Illumina's GenCall software, which is software that makes calls of genotypes, infringes the '716 patent. (*See* Affymetrix' Br., at 5) Apart from being the organizational group supervisor of some of the individuals who did develop the GenCall software, however, Dr. Chee had no involvement in its development.

40.

REDACTED

*A.*

41.

REDACTED

10

REDACTED

42.

REDACTED

B.

43.

REDACTED

44.

REDACTED

45.

REDACTED

46.

REDACTED

11

REDACTED

47.

48.

REDACTED

**V.     Dr. Chee Never Used, Nor Shared With Others, Any Affymetrix Information While At Illumina.**

49.

REDACTED

50.

REDACTED

51.

REDACTED

52.

REDACTED

## VI.    Illumina's Allegation That The '716 Patent Is Unenforceable For Inequitable Conduct (Counterclaim Count II) Does Not Implicate Dr. Chee At All.

53.    Illumina alleges that the '716 patent is unenforceable because Dr. Lipshutz, a named inventor of the '716 patent, engaged in fraudulent conduct during its prosecution. *(See* D.I. 217 (Illumina, Inc.'s First Amended Answer and Counterclaims, ¶¶19-24)

54.

REDACTED

55.

REDACTED

56.

REDACTED

13

REDACTED

57.

REDACTED

58.

REDACTED

## CONCLUSION

Even if Affymetrix owns the '716 patent (which it does not), and even if Dr. Chee is properly named as a co-inventor (which he is not), genuine issues of material fact preclude any application of the doctrine of assignor estoppel with respect to the '716 patent. Dr. Chee simply did not control, or even contribute in any meaningful way, to the allegedly infringing aspects of the accused products. Given the many genuine issues of material fact, the Court need not entertain briefing to conclude that it must deny Affymetrix' summary judgment motion seeking to strike Illumina's invalidity and unenforceabilty defenses.

14

Dated: July 21, 2006

Richard K. Herrmann (#405)
MORRIS, JAMES, HITCHENS &
WILLIAMS LLP
222 Delaware Avenue, 10th Floor
Wilmington, Delaware 19801
(302) 888 6800
rherrmann@morrisjames.com

Mark A. Pals, P.C.
Marcus E. Sernel
KIRKLAND & ELLIS LLP
200 East Randolph Drive
Chicago, Illinois 60601
(312) 861 2000

*Attorneys for Illumina, Inc.*